**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 4433000 FAX (213) 4433100

WRITER'S DIRECT DIAL NO.
**(213) 443-3615**

WRITER'S EMAIL ADDRESS
**kristintahler@quinnemanuel.com**

February 25, 2025

<u>VIA ECF</u>

The Honorable Lewis Liman
United States District Judge
U.S. District Court for the
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

Re:   <u>Jones et al. v. Abel et al., No. 1:25-cv-00779-LJL (S.D.N.Y.)</u>

Dear Judge Liman:

We write on behalf of our clients, Stephanie Jones and Jonesworks LLC (collectively, the "Jonesworks Parties"), to move the Court for the entry of a protective order in the form of Exhibit A, attached to this letter. For the reasons stated below, the Jonesworks Parties' proposed protective order, which includes two levels of confidentiality designations, will advance the interests of efficiency in this litigation and serve the purposes of Federal Rule of Civil Procedure 26 in safeguarding the parties' disclosure of sensitive information in this case.

First, the Jonesworks Parties' proposed protective order is identical to the protective order proposed by the Lively Parties in the related consolidated cases of *Lively v. Wayfarer Studios LLC et al.*, 1:24-cv-10049-LJL (S.D.N.Y.) and *Wayfarer Studios LLC et al. v. Lively et al.*, 1:25-cv-00449-LJL (S.D.N.Y.). *See* Proposed Protective Order, ECF No. 90, *Lively v. Wayfarer Studios LLC et al.*, 1:24-cv-10049-LJL (S.D.N.Y.) (Feb. 20, 2025). The entry of a protective order in the form of Exhibit A in this case is in the interests of justice for the same reasons described in the Lively Parties' letter to this Court in those related cases. *See* Joint Letter, ECF No. 89, *Lively v. Wayfarer Studios LLC et al.*, 1:24-cv-10049-LJL (S.D.N.Y.) (Feb. 20, 2025). Moreover, as this Court observed during the joint initial pretrial conference in all three cases, there is likely to be significant overlap between the discovery in the above-captioned case and the discovery in the consolidated Lively/Wayfarer cases. Based on this overlap, entering substantially similar protective orders will serve the interests of efficient discovery by ensuring that all parties and non-parties that produce information in response to subpoenas, will be able to mark documents pursuant

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

to a single confidentiality framework. This efficiency, and the corresponding reduction of the burdens caused by this litigation on all involved parties and non-parties will serve the purposes underlying the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 1 (Rules should be "employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

Second, to the extent the Jonesworks Parties' proposed protective order deviates from this Court's standard template protective order, those deviations are appropriate and justified in light of the circumstances of this case. Specifically, multiple other parties involved in this litigation—including Melissa Nathan and Jennifer Abel—and the litigation of the related case—including Leslie Sloane and Vision PR Inc.—are in the same (or similar) industry as Ms. Jones and Jonesworks. Our clients expect that the discovery in this case will include documents and testimony that are commercially and competitively sensitive, including with respect to each of these parties' tradecraft, commercial terms of their contracts, and business strategies. This competitive sensitivity necessitates the use of a two-level protective order that makes allowance for especially sensitive proprietary information to be designated Attorneys' Eyes Only ("AEO"), as Exhibit A does. *See In re the City of New York*, 607 F.3d 923, 935 (2d Cir. 2010) ("The disclosure of confidential information on an 'attorneys' eyes only' basis is a routine feature of civil litigation involving trade secrets."); *Jane St. Grp., LLC v. Millennium Mgmt. LLC*, No. 24 CIV. 2783 (PAE), 2024 WL 2833114, at *2 (S.D.N.Y. June 3, 2024) (granting protective order prohibiting former employees turned direct competitors access to "'highly confidential and sensitive information' to which they did not have access while employed . . ."). The designation of certain documents as AEO is even more important here, where the allegations in the complaint include the theft of Jonesworks' proprietary information and intentional interference with its business. *See* Compl. ECF 1-1, ¶¶ 107-66.

We have conferred with counsel for the Defendants regarding this request. Defendants' counsel stated that they oppose the entry of the Jonesworks Parties' proposed protective order and instead seek entry of the Court's standard template order for the reasons stated in their letter in the related cases. Response, ECF No. 96, *Lively v. Wayfarer Studios LLC et al.*, 1:24-cv-10049-LJL (S.D.N.Y.) (Feb. 25, 2025). For the reasons stated above, however, in the specific circumstances of this case, the deviations to provide heightened protections for the expected disclosure of "trade secret[s] or other confidential research, development or commercial information" are justified in the circumstances of this case.

For the foregoing reasons, the Jonesworks Parties respectfully request that the Court enter the protective order attached as Exhibit A to this letter.

Very truly yours,

*Kristin Tahler*

Kristin Tahler