**LINER FREEDMAN TAITELMAN + COOLEY, LLP**
ATTORNEYS AT LAW

**1801 CENTURY PARK WEST, 5TH FLOOR**
**LOS ANGELES, CALIFORNIA  90067-6007**
TEL: (310) 201-0005
FAX: (310) 201-0045
E-MAIL: egarofalo@lftcllp.com

ELLYN S. GAROFALO

June 24, 2025

<u>Via ECF</u>
Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

  **Re:** *Stephanie Jones and Jonesworks v. Jennifer Abel, et. al.,* **No. 1:25-cv-00779**

Dear Judge Liman:

Defendant and Counterclaimant Jennifer Abel ("Abel") respectfully moves, pursuant to Rules 1(C) and 4(C) of Your Honor's Individual Practices and Rule 45 of the Federal Rules of Civil Procedure, for an order compelling the production of documents from non-party Vanzan, Inc. ("Vanzan") in response to a document subpoena served by Jennifer Abel on April 21, 2025 (the "Subpoena"). Declaration of Ellyn S. Garofalo ("Garofalo Decl."), ¶ 2, Ex., A. This motion is brought following the written exchange of emails and a Zoom meeting in which Abel narrowed the Subpoena's document requests. However, disputes remain that require the Court's attention.

Abel's claims against Jonesworks LLC and its principal Stephanie Jones (collectively, "Jones") center on the allegation that in August 2024, just prior to Abel's scheduled departure from Jones' employ, Jones seized Abel's cell phone and accessed and downloaded the contents. In anticipation of litigation against Abel and other Wayfarer Parties, Jones collaborated with Blake Lively to contrive a mechanism for Lively to obtain the data that Jones had pirated from Abel's phone and cloud accounts including confidential and privileged text messages which are the centerpiece of this dispute. This was accomplished through a subpoena issued in a sham action, captioned *Vanzan v. Does 1-10,* Index No. 655130/2024, filed in the New York Supreme Court on September 27, 2024 (the "*Vanzan* Action"). Garofalo Decl., ¶ 3, Ex. B. Abel is informed and believes that Vanzan is a shell company owned or controlled by Lively and/or her husband, Ryan Reynolds.

The facts speak for themselves. The *Vanzan* complaint asserted only a barebones breach of contract claim, bereft of factual allegations, against ten Doe defendants who, although parties to an allegedly breached contract with Vanzan, were never named or served. There is no conceivable link between Abel and Vanzan or the unspecified contract that the Doe defendants allegedly breached. In other words, Vanzan had no discernable need for the information Jones obtained from Abel's cell phone. After the *Vanzan* Subpoena's return date, the *Vanzan* Action was dismissed without any other proceedings and without ever having requested the assignment of a judge. Garofalo Decl., ¶¶ 4-5, Exs. C, D.

430565.1

Hon. Lewis J. Liman
June 24, 2025
Page 2

The *Vanzan* Subpoena opened the door for Lively to obtain the documents Jones extracted from Abel's phone without notice to Abel or the Wayfarer Parties against whom Lively intended to use the information. Lively produced at least some of the information during discovery, confirming that the sham *Vanzan* Action was successful in facilitating the transfer of Abel's data to Lively prior to the filing of Lively's claims against Abel and the Wayfarer Parties. Lively's lawyers have publicly acknowledged and defended the sham *Vanzan* Action and Subpoena, declaring that "There is nothing untoward here—just conscientious and thorough investigation" and characterizing the *Vanzan* Action and Subpoena as "common tools ... that are entirely lawful and appropriate for pursuing claims and uncovering the identity of unknown perpetrators of unlawful activities." Garofalo Decl., ¶ 6, Ex. E, pp. 4-5.[1] Arguing the ends should justify the means, Lively's lawyers admitted the *Vanzan* Action and Subpoena enabled them to access Abel's "text messages." *Id*. at p. 5. Such tactics are hardly common or appropriate where, as here, the lawsuit is a sham, the subpoena is intended to obtain information irrelevant to the proceeding in which it issued and, most egregiously, the purpose of the Subpoena was either to obtain privileged and confidential information without notice to Abel or to cover up Jones' prior disclosure of Abel's confidential and privileged information to Lively before the Subpoena was even served. Abel remains in the dark as to whether Jones actually produced documents in response to the *Vanzan* Subpoena or whether the *Vanzan* Subpoena was merely a smokescreen to conceal Jones' prior disclosure of Abel's information – the conduct at the core of Abel's claims.

Abel has now subpoenaed Vanzan for documents relating to the *Vanzan* Subpoena and release of Abel's stolen information to Lively. Abel's original Subpoena included eleven categories. During the meet and confer process, Abel agreed to withdraw six of the original requests (Nos. 2, 3, 5-8) and substantially narrow the remaining five requests (Nos. 1, 4 and 9-11). Garofalo Decl., ¶ 7. Vanzan has rebuffed this overture and refused to produce any of the requested documents. *Id*., ¶ 8. Abel now seeks an order compelling the production of documents responsive to five of the eleven requests set forth in the Subpoena. Of those five requests (request numbers 1, 4, and 9-11), Abel now moves to compel the following documents: (1) a copy of the *Vanzan* Subpoena served on Jones in the sham *Vanzan* Action (a subset of request 10); (2) the documents Jones produced in response to the *Vanzan* Subpoena (a subset of Subpoena request 11); (3) communications between Vanzan and Jones (and/or their respective counsel) about the *Vanzan* Action (a subset of request 9); (4) documents sufficient to show Vanzan's organizational structure (request 1); and (5) documents sufficient to identify Vanzan's shareholders (a subset of request 4).

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" "'Relevance' under Rule 26 is 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Est. of Tillman by Tillman v. City of N.Y.*, 345 F.R.D. 379, 384 (E.D.N.Y. 2024) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)); *Mandarin Oriental, Inc. v. HDI Global Ins.*, 2025 WL 1638071, at *3 (S.D.N.Y. June 10, 2025) ("'Although not unlimited, relevance, for purposes of discovery, is an extremely broad concept'." (citation omitted)).

The five requests at issue, as modified, are narrowly crafted to reach documents relevant to Abel's claims that Jones misappropriated confidential and privileged information from Abel's confiscated

---

[1] https://deadline.com/2025/04/justin-baldoni-blake-lively-lawsuit-sham-1236372699.

430565.1

Hon. Lewis J. Liman
June 24, 2025
Page 3

phone and accessed Abel's cloud accounts to monitor Abel's activities after Abel departed from Jones in violation of the federal wiretapping statutes. The requests are also relevant to Abel's allegation that Jones relayed the data she obtained from Abel's phone to Lively prior to service of the subpoena and that the sham *Vanzan* Action and Subpoena were devised to allow Jones to hide behind an allegedly "lawful" subpoena. Vanzan's organizational documents and documents identifying its owners are relevant to show whether, as Abel alleges, Lively and/or her proxies own or control Vanzan and were participants in a scheme for Jones to transfer the information through a sham complaint without notice to Abel or an opportunity to object.

Abel more than meets the low threshold necessary to establish relevance for purposes of discovery, "'it is up to the responding party [Vanzan] to justify curtailing discovery.'" *Mandarin Oriental*, 2025 WL 1638071, at *3 (citation omitted). Vanzan's refusal to produce any of the requested documents is based on an "undue burden" objection and that the documents can be obtained from a party to the action -- Jones.[2] First, Vanzan cannot establish the factual basis for its alleged undue burden objection with "competent evidence," *Fletcher v. Atex, Inc.*, 156 F.R.D. 45, 54 (S.D.N.Y. 1994), and its "conclusory assertion of. burdensomeness is entitled to no weight whatsoever," *Jackson v. Edwards*, 2000 WL 782947, at *3 (S.D.N.Y. June 16, 2000). *See Johnson v. McTigue*, 122 F.R.D. 9, 11 (S.D.N.Y. 1986) ("[m]ere allegations of burdensomeness cannot defeat a motion to compel production."); *Great Am. Ins. Co. v. Gemstone Prop. Mgmt., LLC*, 2025 WL 1166993, at *2 (S.D.N.Y. Mar. 17, 2025) (compelling responses where nonparty "made no showing that compliance would impose an undue burden"); *Lawson v. Rubin*, 2018 WL 11402166, at *1 (E.D.N.Y. Nov. 19, 2018 ("while the burden may be substantial, it is not 'undue.'")

Vanzan's second objection fails because there is no rule that party sources must be exhausted before calling upon third parties to produce relevant discovery. *Jam Indus. USA, LLC v. Gibson Brands, Inc.*, 2020 WL 4003280, at *4 (S.D.N.Y. July 15, 2020); *see also*, *State Farm Mut. Auto. Ins. Co. v. Accurate Med., P.C.*, 2007 WL 2993840, at *1 (E.D.N.Y. Oct. 10, 2007) ("nothing in the Federal Rules of Civil Procedure requires a litigant to rely solely on discovery obtained from an adversary instead of utilizing subpoenas."); *Ceuric v. Tier One, LLC*, 325 F.R.D. 558, 561 (W.D. Pa. 2018) ("Rule 45 does not require a party to demonstrate that information cannot be obtained from another party before subpoenaing it from a third party."). Here, Abel did request the bulk of the documents from Jones in March 2025, but Jones has "failed thus far to comply." *Volt Elec. NYC Corp. v. A.M.E., Inc.*, 2021 WL 185306, at *3 (S.D.N.Y. Jan. 19, 2021). Further still, as Abel is alleging a sham scheme, it is imperative that she obtain documents directly from both Vanzan and Jones to confirm what the actual subpoena requested, what was produced, and what communications Vanzan had with Jones about the *Vanzan* Action. Finally, Vanzan's organization and ownership documents are not available from Jones, but only from Vanzan. *Delta Air Lines, Inc. v. Lightstone Grp., LLC*, 2021 WL 2117247, at *2 n.1 (S.D.N.Y. May 24, 2021) (granting motion to compel subpoena for documents which would only be third party's possession.)

For the foregoing reasons, this Court should order Vanzan to comply and produce the requested documents without further objection or delay.

---

[2] Vanzan also objected on attorney-client privilege, work product and confidentiality grounds. The narrowing of the requests eliminates the application of those objections. To the extent confidentiality concerns remain, the documents can be marked pursuant to the protective order.

430565.1

Hon. Lewis J. Liman
June 24, 2025
Page 4

        Respectfully submitted,

        */s/ Ellyn S. Garofalo*
        Ellyn S. Garofalo
        Bryan J. Freedman
        LINER FREEDMAN TAITELMAN + COOLEY, LLP
        Bryan J. Freedman (*pro hac vice*)
        Ellyn S. Garofalo (*pro hac vice*)
        1801 Century Park West, 5th Floor
        Los Angeles, CA 90067
        Tel: (310) 201-0005
        Email: bfreedman@lftcllp.com
              egarofalo@lftcllp.com

cc:    all counsel of record (via ECF)
       [See attached Certificate of Service as to counsel for Vanzan only]

430565.1

## CERTIFICATE OF SERVICE

I, Rose Khatchikian, do hereby certify that I am not less than 18 years of age and that on this 24th day of June, 2025 I caused a copy of the within **Jennifer Abel's Letter Motion to Compel Compliance with Document Subpoena Served on Non-Party Vanzan, Inc.** to be served upon the following counsel for the parties via email:

| | |
|---|---|
| **Jon R. Fetterolf**<br>**ZUCKERMAN SPAEDER LLP**<br>**485 Madison Avenue, 19th Floor**<br>**New York, NY 10022-5862**<br>**Tel: (212) 704-9600**<br>**Fax: (212) 704-4256**<br>**Email: jfetterolf@zuckerman.com** | **Margarita K. O'Donnell**<br>**ZUCKERMAN SPAEDER LLP**<br>**2100 L. Street NW**<br>**Suite 400**<br>**Washington, DC 20037-1525**<br>**Tel: (202) 778-1800**<br>**Fax: (202) 822-8106**<br>**Email: modonnell@zuckerman.com** |

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: June 24, 2025

      Los Angeles, CA

                                                          Rose Khatchikian