

Jon Fetterolf
PARTNER
Zuckerman Spaeder LLP
jfetterolf@zuckerman.com
202-778-1800

June 26, 2025

**<u>VIA ECF</u>**

The Honorable Lewis J. Liman, U.S.D.J.
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

   Re: *Stephanie Jones and Jonesworks v. Jennifer Abel, et al., No. 1:25-cv-00779*

Dear Judge Liman:

   We write on behalf of non-party Vanzan, Inc. ("Vanzan") in response to the letter motion to compel (ECF No. 69) (the "Motion") filed by Defendant and Counterclaimant Jennifer Abel ("Defendant" or "Abel") seeking certain documents pursuant to a subpoena (the "Subpoena"). The Motion appears to be yet another attempt by Abel and the Wayfarer Parties to use these legal proceedings to continue their negative media campaign against Blake Lively and her associates—this time, by seeking documents from a third-party that Abel already possesses or are irrelevant to any of claims or counterclaims in this litigation. And the only justification Abel offers is the Wayfarer Parties' time-worn argument that there was something improper with respect to the *Doe* lawsuit Vanzan filed in New York state court which uncovered scathing evidence of Abel and the Wayfarer Parties' retaliation campaign against Ms. Lively. But Abel offers no legal or factual support for this argument—because there is none. What's more, Abel attempts to mislead the Court by suggesting that: (a) two of the subsets of documents she requests—the subpoena issued by Vanzan (the *"Doe* subpoena") and the corresponding produced documents—are not fully in her possession when she knows they are, *see* ECF No. 71 (Letter from Counsel for Ms. Lively); and (b) that Vanzan has somehow been uncooperative, when in truth Abel abandoned the meet and confer process and filed this Motion out of the blue after no communications for three weeks.

   This Motion should be denied for two principal reasons: (1) Abel has already received the only potentially relevant documents (the underlying materials produced in response to the *Doe* subpoena) (Request Nos. 10-11), and (2) the remaining requests have zero relevancy to any claim or counterclaim in this litigation, are moot and/or should be obtained from the parties (Request Nos. 1, 4, and 9). However, as set forth below, to expedite this litigation and reduce the burden on the Court caused by Abel's unnecessary motion practice and abandonment of the meet and confer process, Vanzan will voluntarily agree to produce documents responsive to Request Nos. 10-11 (even though Abel already has them), and to Request Nos. 1 and 4 based on Abel's narrowed

requests as articulated in the Motion to the extent described below. Thus, the Motion should be denied as moot as to Request Nos. 1, 4, 10 and 11. As to Request No. 9, which seeks communications between Vanzan and/or its counsel and Stephanie Jones and Jonesworks and/or their counsel concerning the *Doe* lawsuit, Abel should obtain those documents directly from Ms. Jones/Jonesworks before burdening third-party Vanzan.

As an initial matter, the Motion is notable for what Abel omits from it. Abel fails to inform the Court that she abandoned the meet and confer process. Counsel for Abel and non-party Vanzan conferred regarding the Subpoena on May 27, 2025.[1] *See* Declaration of Jon R. Fetterolf, dated June 26, 2025 ("Fetterolf Decl.") at ¶ 5. During that conference and in a follow-up email, Vanzan highlighted its various objections to the subpoena. *See* Fetterolf Decl., Ex. 1 at 1-2. Nevertheless, to resolve the dispute without the Court's involvement, Vanzan offered to produce two of the items that Abel now seeks, specifically the *Doe* subpoena served on Stephanie Jones in the New York litigation and the documents produced by Ms. Jones in response (Request Nos. 10 and 11).[2] Vanzan confirmed this proposed solution via email on May 30, 2025 and offered to further confer.  *See id*. Counsel for Vanzan did not receive a response to this email even though, by that time, Abel had already received production of the subpoena and responsive documents over a week before that. *See* ECF No. 71. Three weeks later, Abel filed the instant Motion without any notice to Vanzan, obscuring the fact that she already had the documents in her possession.[3] *See* Fetterolf Decl. at ¶¶ 7-8.

Further, as a threshold issue, Abel's Motion should be denied because Abel fails to demonstrate how the documents are relevant to the claims or counterclaims in this litigation. "The burden of demonstrating relevance is on the party seeking discovery." *Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of New York*, 284 F.R.D. 132, 135 (S.D.N.Y. 2012). Abel has a far-fetched theory that the documents are relevant to her amended counterclaims. Abel's amended counterclaims of course, are currently subject to pending motions to dismiss, *see* ECF Nos. 55-56, which if granted, would eliminate the issues in the Motion entirely. But Abel's counterclaims are at heart an employment dispute with her former employer, Ms. Jones, and have nothing to do with Vanzan. The claims arise from events Abel says occurred when she was terminated, and her cell phone was obtained by her employer in August 2024; events in which Vanzan is not alleged to

---

[1] Ellyn Garofalo of Liner Freedman Taitelman + Cooley LLP submitted a declaration in support of the Motion in which she describes the May 27 Conference. *See* ECF No. 70 at ¶ 7. However, Ms. Garofalo did not attend this conference, nor has she had any interactions with counsel for Vanzan.

[2] In light of its non-party status, Vanzan requested that Abel first confirm whether she had already received these documents through party discovery, as during the meet-and-confer Abel's counsel refused to do so, citing potential violations of the Protective Order if they did. *See id*. at 1. To alleviate Abel's concern and facilitate discussions, counsel for Vanzan reviewed the Protective Order and offered to be subject to it.

[3] In light of this, Abel's assertion that she remains "in the dark about whether Jones actually produced documents in response to the Vanzan subpoena," Motion at 2, is both shocking and misleading.

have been involved in any way, and which took place weeks before the *Doe* lawsuit was initiated on September 27, 2024. *See* ECF No. 50 at 36-48, 58-73; ECF No. 70-2 at 11.

Moreover, the Requests also seek documents that are more appropriately sought from Plaintiff Jones or other parties to the litigation. "If documents are available from a party, it has been thought preferable to have them obtained pursuant to Rule 34 [which governs discovery between parties] rather than subpoenaing them from a non-party witness pursuant to Rule 45." *Fishon v. Peloton Interactive, Inc.*, 336 F.R.D. 67, 69 (S.D.N.Y. 2020) (internal citations omitted). Vanzan is not party to any litigation involving Ms. Lively and the Wayfarer Parties. Further, Abel already received the *Doe* subpoena and documents from Ms. Lively, a party to the related litigation with Abel. And any communications involving Ms. Jones, to the extent they exist, should be obtained from her through document requests Abel has made to Ms. Jones.

Ultimately, the Motion is consistent with Abel and her counsel's pattern of using the Court's docket to advance public relations narrative in the media. *See Lively v. Wayfarer Studios LLC*, No. 24-CV-10049, 2025 WL 1410702, at *1 (S.D.N.Y. May 15, 2025). If that were not their goal, Abel would have continued the meet and confer process—or at least responded to Vanzan's May 30 email—and informed the Court she in fact possesses the information she now seeks. To the extent Abel maintains that she should receive a second copy of these materials so that she can "confirm" information she already has, Motion at 3, then Vanzan agrees to re-produce those materials, as previously offered. Fetterolf Decl., Ex. 1 at 1-2.

In addition, to help resolve the dispute without further burdening the Court, Vanzan will produce its articles of incorporation (which are publicly available) and written consents of Vanzan's board of directors which reflect its officers and shareholders, to satisfy Request Nos. 1 and 4. As for Request No. 9, any responsive communications with Ms. Jones/Jonesworks (to the extent they exist) would be in the possession of Ms. Jones/Jonesworks and should be requested from and produced by Ms. Jones, the party to the lawsuit.

For the reasons stated above, we respectfully request that the Court deny Defendant's Motion in its entirety on the merits, or alternatively, because it is largely moot.

Respectfully submitted,

*/s/ Jon R. Fetterolf*

ZUCKERMAN SPAEDER LLP
Jon R. Fetterolf
Margarita K. O'Donnell*
2100 L Street NW, Suite 400
Washington, DC 20037
202.778.1800

jfetterolf@zuckerman.com
modonnell@zuckerman.com

*Attorneys for Non-Party Vanzan, Inc.*

*\*SDNY Admission Forthcoming*