# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHANIE JONES, et al.,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>JENNIFER ABEL, et al.,<br><br>    *Defendants*. | No. 1:25-cv-00779-LJL |

**NONPARTY VANZAN'S OBJECTIONS AND RESPONSES TO
DEFENDANT ABEL'S SUBPOENA TO PRODUCE DOCUMENTS**

Pursuant to Federal Rules of Civil Procedure 26 and 45, Nonparty Vanzan, Inc. ("Vanzan"), by and through its undersigned attorneys, states these objections and responses to the subpoena requests served on Vanzan in the above-captioned action (the "Action") by Defendant Jennifer Abel ("Defendant" or "Abel").

**PRELIMINARY STATEMENT**

1. Vanzan is not a party to the instant Action, nor to any related action, including without limitation the matters styled *Lively v. Wayfarer Studios LLC*, No. 1:24-cv-10049-LJL (S.D.N.Y.), and *Wayfarer Studios LLC v. Lively*, No. 1:25-cv-00449-LJL (S.D.N.Y.) (the "Related Matters").

2. Vanzan was the plaintiff in a New York state proceeding filed in 2024 (the subpoena defines this as the "Lawsuit"). Vanzan was represented in that lawsuit by the law firm Manatt, Phelps & Phillips, LLP ("Manatt"). Defendant Abel has now issued a subpoena to Vanzan. In Requests Nos. 1-7, Defendant Abel's subpoena seeks from Vanzan every conceivable corporate document, from lists of officers, directors, any and all articles of incorporation, bylaws,

organizational charts, operating agreements, shareholder agreements, joint venture agreements, filings with federal entities, corporate resolutions, corporate actions, minutes, and a variety of other broad requests. Vanzan's corporate structure and documents, however, are wholly irrelevant to the Action. In addition, Requests Nos. 8-11 seek all documents regarding the Lawsuit, including information relating to the identity of the Doe defendants, communications between Vanzan and third parties, as well as subpoenas issued and materials produced in the Lawsuit. Defendant Abel's requests extend to materials that are protected by the attorney-client privilege, work product doctrine, and other legal doctrines. Notably, Defendant Abel has also issued a similar subpoena to Vanzan's legal counsel, Manatt, seeking the same materials, including Manatt's internal files relating to its representation of Vanzan.

3. The vast majority of documents sought have no relevance to this Action. To the extent Defendant Abel seeks subpoenas issued and materials produced in the Lawsuit, namely Ms. Abel's own communications, she already possesses those and/or can access them through less intrusive means via discovery propounded to the parties to this Action and the Related Matters. As such, the Subpoena appears to be nothing more than an effort to deflect from the fact that Defendant's communications evidence her orchestration and aiding and abetting of a campaign to spread false information about Ms. Lively and to portray her in a false light in retaliation for raising concerns about sexual harassment on the set of the film *It Ends With Us* (the "Film").

4. Vanzan makes the following objections and responses based upon information and documents available to it as of the date hereof and reserves the right to supplement and/or amend these responses when and if necessary. The fact that Vanzan has responded to any part of any Request, or identified or produced any document or part thereof, should not be taken as an

2

admission that Vanzan accepts or admits the existence of any information set forth or assumed by the Request.

5. Vanzan makes the following objections and responses based upon documents within Vanzan's possession following a reasonable search.

6. Vanzan's responses do not imply any agreement or concession that the documents requested are relevant or admissible in this or any proceeding, and the responses are not to be construed as waiving any objection stated herein or as waiving any objection on any ground to the use of the information within them in this or any other proceeding.

7. Any inadvertent disclosure by Vanzan of documents or information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, or any other applicable privilege shall not constitute a waiver of that privilege or doctrine. Inadvertent disclosure of any information that is privileged or otherwise immune from discovery shall not constitute a waiver of any other ground for objecting to the discovery with respect to such information or the subject matter thereof during subsequent proceedings. Vanzan reserves the right to demand that Abel disregard, return, or destroy any information inadvertently disclosed.

8. A statement that Vanzan will produce nonprivileged documents that are responsive to a particular Request, if any are located after a reasonable search, is not an admission or statement that any such documents or communications exist, but instead reflects the intention of Vanzan, subject to its objections, to conduct a reasonable search for responsive documents.

## **GENERAL OBJECTIONS**

The following General Objections apply to each of the subpoena requests (the "Requests") propounded by Abel and, unless stated otherwise, shall have the same force and effect as if set forth in full in the Specific Objections and Responses section.

1. Vanzan objects to each of the Definitions and Instructions in the Subpoena to the extent they purport to impose obligations beyond those established by the Federal Rules of Civil Procedure, Local Civil Rules, Orders of this Court, or any other applicable rule or law (the "Applicable Rules"). Vanzan responds to the Requests in accordance with the Applicable Rules, including the definitions set forth in Local Civil Rule 26.

2. Vanzan objects to the Requests, including the Definitions and Instructions contained therein, to the extent they seek or otherwise risk encountering information or documents protected from discovery by the attorney-client privilege, the common interest doctrine, the work product doctrine, and/or any other lawfully recognized privilege or immunity from disclosure which may be triggered by the Requests. This concern is particularly acute given that the Subpoena explicitly requests materials that are protected by various privileges. Nothing contained herein is intended to be a waiver of any such privileges or doctrines, and any responses to the Requests are not intended to include any information subject to such privileges or doctrines, and shall not constitute a waiver of any applicable privilege or doctrine providing immunity from disclosure.

3. Vanzan objects to the Requests to the extent that they seek information that could be obtained in a way that would not require Vanzan's participation. For example, Vanzan objects to the Requests to the extent they seek information that is in the possession, custody, or control of the parties to the Action or its related actions and thus equally available to Defendant.

4. Vanzan objects to the Requests to the extent they seek confidential information, business information, proprietary information, commercially sensitive information, competitively significant information, protected health information, information subject to confidentiality agreements and/or orders, personal information relating to Vanzan's employees, principals, or clients, and/or trade secrets of Vanzan, its employees, principals, or clients.

5. Vanzan objects to the extent the Requests were issued for an improper purpose, such as to annoy, embarrass, oppress, harass, abuse the discovery process, or interfere with Vanzan's protected and confidential attorney-client communications.

6. Vanzan objects to the Requests to the extent they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

7. Vanzan objects to the extent that any Request is overbroad, unduly burdensome, or not proportional to the needs of this Action. Vanzan reserves any and all objections to relevance and materiality.

8. Vanzan objects to the Subpoena and each of the Requests therein on the ground that Abel has failed to comply with her obligations under Federal Rule of Civil Procedure 45 ("Rule 45"), including the obligation to "avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Abel has improperly imposed an undue burden on Vanzan because, to the extent the Subpoena seeks documents that are relevant to the Action at all, it seeks documents that may be obtained and are available to Defendant through less intrusive means, including through the parties in this Action and its related actions, including Plaintiffs Stephanie Jones and Jonesworks, LLC.

9. Vanzan objects to the Subpoena and each of the Requests therein on the ground that any claim to which the Subpoena could have any conceivable relevance is subject to the Motions to Dismiss filed by Stephanie Jones and Jonesworks, LLC in this Action, which are currently pending before the Court. By serving the Subpoena on the law firm currently representing parties in related actions, while such Motions to Dismiss are pending that may render such discovery moot, Defendant Abel has further failed to comply with her obligations under Rule 45.

10. Vanzan objects to the Subpoena and the Requests to the extent they were issued for

an improper purpose, such as to annoy, embarrass, oppress, harass Vanzan, abuse the discovery process, or interfere with Vanzan's attorney-client privilege with its counsel Manatt.

## SPECIFIC OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. Vanzan objects to all Definitions to the extent they are inconsistent with the definitions of the same terms in the Southern District of New York Civil Local Rule 26.3, which the Subpoena incorporates by reference in Instruction 1.

2. Vanzan objects to the definition of "You" and "Your" in the Requests, which is overbroad because it includes present and former partners, members, agents, employees, attorneys, and any other person acting or purporting to act on Vanzan's behalf. Vanzan interprets the terms "You" and "Your" in the Requests so as to make the Requests reasonably intelligible.

3. Vanzan objects to the definitions of "entity" and "entities" which are overbroad and unknowable because the definition includes natural persons, partnership, firms, corporations, local, state, foreign, and United States governments and government agencies, groups, associations, organizations, political subdivisions, as well as any persons or entities acting on the behalf of these entities.

4. Vanzan objects to the definition of "third party," which is overbroad and unknowable because it includes every person and entity "acting on behalf of" any third party. Vanzan interprets "third party" in the Requests so as to make the Requests intelligible.

5. Vanzan objects to the Instructions to the extent they purport to unilaterally impose a protocol for the collection, review, and production of electronically stored information.

6. Vanzan objects to the Instructions as vague, ambiguous, and unintelligible in that they instruct the production of documents for multiple time periods. *Compare* Instruction 19 (instructing a time period beginning January 1, 2022) *with* Instruction 30 (instructing a time period

beginning January 1, 2019). Vanzan applies Instruction 30 given the definition of "Lawsuit" and in order to mitigate some of the undue burden Abel imposes on Vanzan through this Subpoena.

7.     Vanzan objects to Instruction 33 to the extent it purports to dictate the manner in which privilege or other protections from disclosure are asserted.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST NO. 1**

DOCUMENTS sufficient to show YOUR organizational structure, including but not limited to: organizational charts; the identities of all current and former officers, directors, and management personnel; and the identities of any subsidiaries, parent corporations, and affiliates, as well as their relationship to YOU.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 1**

Vanzan hereby incorporates its General Objections and Specific Objections to the Definitions and Instructions. Vanzan objects to the Request as irrelevant, overly broad, not proportional to the needs of the case, because there are less burdensome alternatives for the information sought, and because the Request seeks confidential information, proprietary information, business information, personal information, or information that is otherwise protected. Vanzan is a non-party to this action and has no involvement in the underlying claims, defenses, or facts or circumstances related to this Action. Moreover, the specific corporate information sought by this Request, to the extent it exists, has no relevance to the underlying claims, defenses, or facts or circumstances related to this Action. Vanzan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence. Vanzan also objects to this Request on the ground that it is overly broad in that it does not contain sufficient limitations and

7

seeks a variety of documents and information and is also unintelligible given that it requests information about the "relationship" to "YOU," which is not defined in a reasonable manner. Vanzan further objects on the grounds that general corporate information about Vanzan is publicly available and therefore already available to Defendant Abel. Finally, Vanzan objects to the Requests to the extent the request for information regarding Vanzan's ownership and subsidiaries, parent corporations, and affiliates seeks information that is confidential, business information, proprietary information or commercially sensitive information, information subject to confidentiality agreements, or personal information relating to Vanzan's employees, principals, or clients.

**REQUEST NO. 2:**

YOUR bylaws, including all amendments, restatements, and revisions from inception to present.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 2:**

Vanzan hereby incorporates its General Objections and Specific Objections to the Definitions and Instructions. Vanzan objects to the Request as irrelevant, overly broad, not proportional to the needs of the case, and because there are less burdensome alternatives for the information sought. Vanzan is a non-party to this action and has no involvement in the underlying claims, defenses, or facts or circumstances related to this Action. Moreover, the specific corporate information about Vanzan's bylaws sought by this Request, to the extent it exists, has no relevance to the underlying claims, defenses, or facts or circumstances related to this Action. Vanzan further objects to this Request as unduly burdensome in that it seeks documents that predate the Lawsuit and are inconsistent with the (also inconsistent) time periods defined by the Subpoena. Vanzan further objects on the grounds that general corporate information about Vanzan is publicly available and therefore already available to Defendant Abel.

8

**REQUEST NO. 3:**

YOUR articles of incorporation, including original filings, amendments, and restatements.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 3:**

Vanzan hereby incorporates its General Objections and Specific Objections to the Definitions and Instructions. Vanzan objects to the Request as irrelevant, overly broad, not proportional to the needs of the case, and because there are less burdensome alternatives for the information sought. Moreover, the specific corporate information about Vanzan's articles of incorporation sought by this Request, to the extent it exists, has no relevance to the underlying claims, defenses, or facts or circumstances related to this Action. Vanzan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence. Vanzan further objects to this Request as unduly burdensome in that it seeks documents that predate the Lawsuit and are inconsistent with the (also inconsistent) time periods defined by the Subpoena. Vanzan further objects on the grounds that general corporate information about Vanzan is publicly available and therefore already available to Defendant Abel.

**REQUEST NO. 4:**

DOCUMENTS CONCERNING YOUR shareholders: including but not limited to: shareholder ledgers or registries; records of stock issuance and transfers; lists identifying YOUR current and former shareholders, including their ownership percentages or number of shares held; and records of shareholder meetings, resolutions, and votes.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 4:**

Vanzan hereby incorporates its General Objections and Specific Objections to the Definitions and Instructions. Vanzan objects to the Request as irrelevant, grossly overly broad, not

9

proportional to the needs of the case, seeks information subject to the attorney-client privilege and other legal protections, and because there are less burdensome alternatives for the information sought. Moreover, the specific corporate information sought by this Request, to the extent any such information exists, such as shareholders, stock, and "shareholder meetings, resolutions, and votes," has no relevance to the underlying claims, defenses, or facts or circumstances related to this Action. Vanzan also objects to this Request in that it seeks documents protected by the attorney-client privilege, the common interest privilege, the work product doctrine, and other applicable legal privileges and protections. Vanzan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence. Vanzan further objects on the grounds that general corporate information about Vanzan is publicly available and therefore already available to Defendant Abel.

**REQUEST NO. 5:**

Copies of all corporate resolutions or consents and meeting minutes CONCERNING meetings of YOUR board of directors and officers.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 5:**

Vanzan hereby incorporates its General Objections and Specific Objections to the Definitions and Instructions. Vanzan objects to the Request as irrelevant, grossly overly broad, not proportional to the needs of the case, seeks information subject to the attorney-client privilege and other legal protections, and because the Request seeks confidential information, proprietary information, business information, personal information, or information that is otherwise protected. Moreover, the specific corporate information about Vanzan's meeting minutes and board actions sought by this Request, to the extent it exists, has no relevance to the underlying claims, defenses, or facts or circumstances related to this Action. Vanzan objects to this Request on the

10

ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence. Vanzan objects to this Request in that it seeks documents protected by the attorney-client privilege, the common interest privilege, the work product doctrine, and other applicable legal privileges and protections. Finally, Vanzan objects to the Requests to the extent the request for information regarding Vanzan's ownership and subsidiaries, parent corporations, and affiliates information seeks information that is confidential, business information, proprietary information or commercially sensitive information, information subject to confidentiality agreements, or personal information relating to Vanzan's employees, principals, or clients.

**REQUEST NO. 6:**

Any operating agreements, shareholder agreements, joint venture agreements, or similar governance DOCUMENTS CONCERNING YOUR operations.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 6:**

Vanzan hereby incorporates its General Objections and Specific Objections to the Definitions and Instructions. Vanzan objects to the Request as irrelevant, grossly overly broad, not proportional to the needs of the case, and because the Request seeks confidential information, proprietary information, business information, personal information, or information that is otherwise protected. Moreover, the specific corporate information about Vanzan's governance and business agreements sought by this Request, to the extent it exists, has no relevance to the underlying claims, defenses, or facts or circumstances related to this Action. Vanzan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence. Finally, Vanzan objects to the Requests to the extent the request for information regarding Vanzan's ownership

and subsidiaries, parent corporations, and affiliates information seeks information that is confidential, business information, proprietary information or commercially sensitive information, information subject to confidentiality agreements, or personal information relating to Vanzan's employees, principals, or clients.

**REQUEST NO. 7:**

Any filings with state or federal agencies reflecting corporate governance, structure, or ownership.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 7:**

Vanzan hereby incorporates its General Objections and Specific Objections to the Definitions and Instructions. Vanzan objects to the Request as irrelevant, grossly overly broad, not proportional to the needs of the case, duplicative, and because there are less burdensome alternatives for the information sought. Moreover, the specific corporate information relating to filings with state and federal agencies sought by this Request, to the extent it exists, has no relevance to the underlying claims, defenses, or facts or circumstances related to this Action. Vanzan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence. Vanzan objects on the ground that it seeks information duplicative of Request No. 1. Vanzan further objects on the grounds that public filings are publicly available and therefore already available to Defendant Abel.

**REQUEST NO. 8**

DOCUMENTS sufficient to identify the Doe Defendants against whom YOU filed the LAWSUIT.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 8:**

Vanzan hereby incorporates its General Objections and Specific Objections to the Definitions and Instructions. Vanzan objects to this Request in that it seeks documents protected by the attorney-client privilege, the common interest privilege, the work product doctrine, and other applicable legal privileges and protections. Vanzan filed a lawsuit against ten *Doe* defendants, as permitted by New York state law and procedure. Vanzan further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 9:**

All DOCUMENTS and COMMUNICATIONS CONCERNING the LAWSUIT, including but not limited to COMMUNICATIONS exchanged between YOU and Stephanie Jones, Jonesworks LLC, or anyone acting or purporting to act on their behalf.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 9:**

Vanzan hereby incorporates its General Objections and Specific Objections to the Definitions and Instructions. Vanzan objects to this Request in that it seeks documents, communications, and information protected by the attorney-client privilege, the common interest privilege, the work product doctrine, and other applicable legal privileges and protections. In particular, this Request, when read with the Definition for "You," explicitly seeks communications with legal counsel, including Manatt. Vanzan further objects to this Request as vague, ambiguous, and unduly burdensome in that it purports to request "all documents and communications concerning the Lawsuit," with no apparent limitation to the parties to the requested communications or the nature of the documents, making this Request extremely broad and subjecting Nonparty Vanzan to significant and undue burden and expense. Relatedly, Vanzan

13

objects to the extent this Request seeks documents and information outside of Vanzan's possession and/or control. Vanzan further objects to this Request as unnecessary and unduly burdensome as it asks Nonparty Vanzan to produce documents already in the possession of parties to this Action, namely Plaintiffs Stephanie Jones and Jonesworks, LLC, or equally available to Defendant Abel. Finally, Vanzan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 10:**

A copy of all subpoenas served by YOU in the LAWSUIT.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 10:**

Vanzan hereby incorporates its General Objections and Specific Objections to the Definitions and Instructions. Vanzan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence. Vanzan further objects to this Request on the ground that it is unduly burdensome to the extent it seeks documents unrelated to this Action. Finally, Vanzan objects to this Request as unnecessary and unduly burdensome as it asks Nonparty Vanzan to produce documents already in the possession of parties to this Action, namely Plaintiffs Stephanie Jones and Jonesworks, LLC, or equally available to Defendant Abel.

**REQUEST NO. 11:**

All DOCUMENTS produced in the LAWSUIT by third parties pursuant to any subpoena.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 11:**

Vanzan hereby incorporates its General Objections and Specific Objections to the Definitions and Instructions. Vanzan objects to this Request on the ground that it seeks information

not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence. Vanzan further objects to this Request because it seeks improper "cloned discovery" that attempts to piggyback on the work of other parties and litigants in another matter without regard to the claims, defenses, and issues in this matter. S*ee, e.g., Fontana v. Grove Sch.*, Inc., 2023 WL 5289557, at *1–2 (D. Conn. Aug. 17, 2023) ("Asking for all documents produced in another matter is not generally proper. The propounding party cannot meet its burden to establish relevance, as the propounding party is not in a position to even know what they are actually asking for." (citation omitted)); *TravelPass Grp., LLC v. Caesars Ent. Corp.*, 2020 WL 698538, at *6 (E.D. Tex. Jan. 16, 2020) ("[A]n informal request that seeks wholesale duplicates of discovery produced in other litigation is improper as failing to make the requisite showing of relevance."); *accord Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66, 75 (S.D.N.Y. 2010). Vanzan further objects to this Request on the ground that it is unduly burdensome to the extent it seeks documents unrelated to this Action. Finally, Vanzan objects to this Request as unnecessary and unduly burdensome as it asks Nonparty Vanzan to produce documents already in the possession of parties to this Action, namely Plaintiffs Stephanie Jones and Jonesworks, LLC, or equally available to Defendant Abel.

DATED: May 16, 2025

          */s/ Margarita K. O'Donnell*

ZUCKERMAN SPAEDER LLP
Margarita K. O'Donnell (SDNY admission pending)
Jon R. Fetterolf
2100 L Street NW, Suite 400
Washington, DC 20037
202.778.1800
modonnell@zuckerman.com
jfetterolf@zuckerman.com

*Counsel for Vanzan, Inc.*

15

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2025, I served a true and correct copy of the foregoing via electronic mail upon the following parties:

| Meister Seelig & Fein PLLC | Liner Freedman Taitelman + Cooley, LLP | Quinn Emanuel Urquhart & Sullivan, LLP |
|---|---|---|
| Mitchell Schuster<br>Kevin Fritz<br>ms@msf-law.com<br>kaf@msf-law.com<br><br>*Counsel for Jennifer Abel, Melissa Nathan, Justin Baldoni, and Wayfarer Studios LLC* | Bryan J. Freedman<br>Miles M. Cooley<br>Theresa M Troupson<br>Summer Benson<br>Jason Sunshine<br>bfreedman@lftcllp.com<br>mcooley@lftcllp.com<br>ttroupson@lftcllp.com<br>sbenson@lftcllp.com<br>jsunshine@lftcllp.com<br><br>*Counsel for Jennifer Abel, Melissa Nathan, Justin Baldoni, and Wayfarer Studios LLC* | Kristin Tahler<br>Maaren A. Shah<br>Danielle Lazarus<br>Nicholas Inns<br>kristintahler@quinnemanuel.com<br>maarenshah@quinnemanuel.com<br>daniellelazarus@quinnemanuel.com<br>nicholasinns@quinnemanuel.com<br><br>*Counsel for Stephanie Jones and Jonesworks, LLC*<br><br>Umhofer, Mitchell & King LLP<br><br>Anthony King<br>anthony@umklaw.com<br><br>*Counsel for Stephanie Jones and Jonesworks, LLC* |

<u>/s/ Margarita K. O'Donnell</u>

ZUCKERMAN SPAEDER LLP
Margarita K. O'Donnell
2100 L Street NW, Suite 400
Washington, DC 20037
202.778.1800
modonnell@zuckerman.com

*Counsel for Vanzan, Inc.*