**LINER FREEDMAN TAITELMAN + COOLEY, LLP**
ATTORNEYS AT LAW

**1801 CENTURY PARK WEST, 5TH FLOOR**
**LOS ANGELES, CALIFORNIA 90067-6007**
TEL: (310) 201-0005
FAX: (310) 201-0045
E-MAIL: egarofalo@lftcllp.com

ELLYN S. GAROFALO

June 28, 2025

*Via ECF*
Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

**Re:** ***Stephanie Jones and Jonesworks v. Jennifer Abel, et. al.,*** **No. 1:25-cv-00779 (the "*Jones* Action")**

Dear Judge Liman:

Defendant and Counterclaimant Jennifer Abel ("Abel") respectfully seeks leave to file a reply in response to non-party Vanzan, Inc. ("Vanzan") and non-party Blake Lively's ("Lively") responses to a document subpoena served by Jennifer Abel on April 21, 2025 (the "Subpoena"), pursuant to Rules 1(C) and 4(C) of Your Honor's Individual Practices and Rule 45 of the Federal Rules of Civil Procedures. This reply is necessary to address new issues raised by Vanzan and Lively including Vanzan's agreement to withdraw its objections to certain requests.

In her answer and counterclaim, Abel contends that Stephanie Jones and her company Jonesworks (collectively "Jones") collaborated with non-party Lively and her counsel to fabricate a sham lawsuit (the "*Vanzan* Action") for the sole purpose of obtaining documents that Jones pirated from Abel's phone and iCloud accounts, without waiting for discovery in anticipated litigation against Justin Baldoni and Wayfarer Studios (*Lively v. Wayfarer Studios LLC, et al.*, No. 1:24-cv-10049-LIL (the "*Wayfarer* Action")) and without notice to Abel or the Wayfarer Parties. Lively admits that the *Vanzan* Action was a sham, contrived for the sole purpose of obtaining Abel's text messages as part of "investigation" preceding Lively's filing of her claims against the Wayfarer Parties.

Abel has subpoenaed Vanzan for information relating to Vanzan's ownership (i.e., whether it is owned or controlled by Lively or her husband, Ryan Reynolds), a copy of the subpoena Vanzan served on Jones (the "*Vanzan* Subpoena") and the documents that Jones purportedly produced in response to the *Vanzan* Subpoena. Vanzan objected on the grounds that the information was irrelevant and that as a non-party, Vanzan should be required to produce documents that were available from parties to this litigation.

In its response to Abel's motion to compel, Vanzan agreed to produce documents responsive to Requests Nos. 1, 4, 10 and 11, as modified, implicitly conceding that Vanzan's ownership, the sham Vanzan complaint, the Vanzan subpoena and the documents Jones produced in response to

432927.1

the Vanzan are relevant and discoverable; in other words, Vanzan has withdrawn its objections to requests seeking documents concerning the *Vanzan* Subpoena which facilitated Jones' transfer of Abel's documents to Lively.[1] In light of this agreement, this letter focuses on the single remaining disputed item, Request No. 9 and why this Court should compel Vanzan to produce Vanzan's communications, including communications between and among Jones, Lively and Vanzan (or between their counsel), relating to the sham *Vanzan* Action and subpoena. This reply also addresses the objections that Lively, a non-party to the *Jones* Action has gratuitously asserted in her letter seeking to intervene or the Court's permission to file a response.

Vanzan continues to assert, and Lively now asserts, the same hollow objections to Request No. 9 which Vanzan originally asserted to all Abel's requests, namely, that communications relating to the Vanzan subpoena are irrelevant and not discoverable from non-party Vanzan because they are available from Jones. Vanzan does not explain why it continues to object on grounds it effectively waived for all other documents relating to the Vanzan Subpoena. Vanzan argues that Abel has already received the "only" relevant documents from Lively. The documents received from Lively included a purported copy of the Vanzan Subpoena and documents Lively maintains she received from Vanzan allegedly in response to the Vanzan Subpoena. Vanzan does not and cannot, allege that Lively produced the communications sought by Request No. 9. She has not. In any event, a non-party's protection against purportedly burdensome discovery requests is less robust where, as here, it is "closely allied" with a party. *See Securities and Exchange Commission v. Archer*, 2018 WL 3424499 (S.D.N.Y. July 2, 2018); *Schwartz v. New York City Off-Track Betting Corp.*, 1993 WL 42760, at *3 (S.D.N.Y. Feb. 11, 1993). Here, in the related action (24-cv-10049), Lively herself produced the documents Vanzan obtained from Jones pursuant to Vanzan's state court subpoena. In other words, Lively *is* Vanzan, and there can be no legitimate contention that it is unduly burdensome for Vanzan (*i.e.*, Lively) to produce the communications responsive to Request No. 9.

Nor can Vanzan argue with a straight face that communications relating to the coordination between Jones, Lively and Vanzan relating to the *Vanzan* Action and subpoena are irrelevant – particularly in light of Vanzan's implicit admission that all other documents relating to the subpoena are relevant and discoverable. In fact, communications concerning the *Vanzan* Action and subpoena go to the crux of Abel's claim that Jones and Lively conspired to obtain Abel's stolen information and used the sham Vanzan lawsuit to provide a veneer of legitimacy for Jones' transfer of stolen information to Lively. Such communications will also show whether, as Abel suspects, Jones provided data taken from Abel's stolen phone to Lively before service of the *Vanzan* Subpoena and the *Vanzan* Subpoena was a ruse contrived by Jones and Lively to cover up what they knew was a wrongful disclosure of Abel's communications.

Further, even assuming that Lively produced or has possession of the communication sought by Request No. 9, there is no rule that that party sources must be exhausted before calling upon third parties to produce relevant discovery. *Jam Indus. USA, LLC v. Gibson Brands, Inc*. 2020 WL 4003280, at *4 (S.D.N.Y. July 15, 2020); *see, also, State Farm Mut. Auto. Ins. Co. v. Accurate Med., P.C.*, No. 2007-cv-0051, 2007 WL 2993840, at *1 (E.D.N.Y. Oct. 10, 2007) ("nothing in the Federal Rules of Civil Procedure requires a litigant to rely solely on discovery obtained from an adversary instead of utilizing subpoenas."); *Ceuric v. Tier One, LLC*, 325 F.R.D. 558, 561 (W.D.

---

[1] Vanzan does not explain why it did not agree to produce this plainly relevant and discoverable material during the 'meet and confer' process, requiring Abel to file her motion to compel.

432927.1

Hon. Lewis J. Liman
June 28, 2025
Page 3

Pa. 2018) ("Rule 45 does not require a party demonstrate that information cannot be obtained from another party before subpoenaing it from a third party.").

For the foregoing reasons and those set forth in Abel's motion, Abel respectfully requests that the Court enter an order compelling Vanzan to produce all documents responsive to Request No. 9 in the subpoena directed to Vanzan.

                                        Respectfully submitted,

                                        */s/ Ellyn S. Garofalo*
                                        Ellyn S. Garofalo
                                        Bryan J. Freedman
                                        LINER FREEDMAN TAITELMAN + COOLEY, LLP
                                        Bryan J. Freedman (*pro hac vice*)
                                        Ellyn S. Garofalo (*pro hac vice*)
                                        1801 Century Park West, 5th Floor
                                        Los Angeles, CA 90067
                                        Tel: (310) 201-0005
                                        Email: bfreedman@lftcllp.com
                                               egarofalo@lftcllp.com

cc:    all counsel of record (via ECF)
        [See attached Certificate of Service as to additional counsel served]

432927.1

## CERTIFICATE OF SERVICE

      I, Rose Khatchikian, do hereby certify that I am not less than 18 years of age and that on this 28th day of June, 2025 I caused a copy of the within **REPLY RE RESPONSE TO JENNIFER ABEL'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA** to be served upon the following counsel for the parties via email:

**ZUCKERMAN SPAEDER LLP**  *Attorneys for Vanzan, Inc.*
Margarita K. O'Donnell
2100 L. Street NW
Suite 400
Washington, DC 20037-1525
Tel: (202) 778-1800
Fax: (202) 822-8106
Email: modonnell@zuckerman.com

**MANATT, PHELPS & PHILLIPS, LLP**  *Attorneys for Blake Lively*
Esra Hudson, Esq.  (In Related Action *Lively v. Wayfarer Studios*
Stephanie Anne Roeser  *LLC, et al.*, No. 1:24-cv-10049-LJL)
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
Tel: 310-312-4000
Email: ehudson@manatt.com
       sroeser@manatt.com

Matthew F. Bruno
7 Times Sq
New York, NY 10036
Tel: 212-790-4500
Email: mbruno@manatt.com

**WILKIE FARR & GALLAGHER LLP**  *Attorneys for Blake Lively*
Michael Gottlieb  (In Related Action *Lively v. Wayfarer Studios*
Kristin Bender  *LLC, et al.*, No. 1:24-cv-10049-LJL)
Meryl Conant Governski
1875 K. Street, N.W.
Suite 100
Washington, DC 20006-1238
Tel: 202-303-1000
Email: mgottlieb@willkie.com
      kbender@willkie.com
      mgovernski@willkie.com

Aaron E. Nathan, Esq.
787 7th Avenue
New York, NY 10019
Tel: 212-778-8000
Email: anathan@wilkie.com

432927.1

Hon. Lewis J. Liman
June 28, 2025
Page 5

    I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: June 28, 2025

    Los Angeles, CA

_____
Rose Khatchikian

432927.1