UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
STEPHANIE JONES, JONESWORKS LLC,  :
:
Plaintiffs,  :
:
-v-  :
:
JENNIFER ABEL, MELISSA NATHAN, JUSTIN  :
BALDONI, WAYFARER STUDIOS LLC, JOHN DOES  :
1–10,  :
:
Defendants.  :
:
------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _07/07/2025_

25-cv-779 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

Defendant and Counterclaim Plaintiff Jennifer Abel moves, pursuant to Federal Rule of Civil Procedure 45 and Rules 1(C) and 4(C) of the Court's Individual Practices, for an order compelling the production of documents from non-party Vanzan, Inc. ("Vanzan") in response to Requests 1, 4, and 9–11 of a document subpoena served by Abel on April 21, 2025. Dkt. No. 69. Specifically, Abel moves to compel production of the following: (1) a copy of the *Vanzan* Subpoena served on Plaintiff and Counterclaim Defendant Stephanie Jones ("Jones") in the *Vanzan* action (the "*Vanzan* Subpoena"); (2) the documents produced by Jones in response to the *Vanzan* Subpoena; (3) communications between Vanzan and Jones (and/or their respective counsel) about the *Vanzan* action; (4) documents sufficient to show Vanzan's organizational structure; and (5) documents sufficient to identify Vanzan's shareholders. *Id.* at 2.

Vanzan has agreed to produced documents responsive to Requests 1, 4, 10 and 11. Dkt. No. 73 at 2. The motion is denied as moot as to those Requests.

Request 9 calls for communications between Vanzan and/or its counsel and Jones and Jonesworks and/or their counsel concerning the *Vanzan* lawsuit. Vanzan argues that the

requested documents are irrelevant and that, if they are relevant, the Court should require production of them from Jones or Jonesworks before burdening Vanzan.  Dkt. No. 73 at 2–3.  The motion to compel documents responsive to Request 9 is granted.

Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," considering, among other things, "the parties' relative access to relevant information," "the importance of the discovery in resolving the issues," and "whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).  Rule 26 further provides that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable."  *Id.*  "The party seeking discovery bears the initial burden of proving the discovery is relevant."  *In re Subpoena to Loeb & Loeb LLP*, 2019 WL 2428704, at *4 (S.D.N.Y. June 11, 2019).  Once that party has shown relevance, "it is up to the responding party to justify curtailing discovery."  *Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of N.Y.*, 284 F.R.D. 132, 135 (S.D.N.Y. 2012).

Abel argues that the documents are relevant because they go to whether "Jones and Lively conspired to obtain Abel's stolen information and sued the sham Vanzan lawsuit to provide a veneer of legitimacy for Jones' transfer of stolen information to Lively" and whether "Jones provided data taken from Abel's stolen phone to Lively before service of the *Vanzan* Subpoena."  Dkt. No. 75 at 2.  Vanzan argues that the documents are not relevant because Abel's claims arise from Jones obtaining Abel's cell phone when she was terminated, which took place weeks before the *Vanzan* action was initiated.  Dkt. No. 73 at 2–3.  "Relevancy" under Rule 26 is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in th[e] case."  *Oppenheimer Fund,*

*Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  Under this broad standard, the documents are relevant.  Abel claims that Jones "disclosed at least some of Abel's private communications to the Lively parties no later than August 21, 2024," Dkt. No. 50 ¶ 90, continued to access Abel's private text messages thereafter, *id.* ¶¶ 69–70, and at some point transmitted Abel's stolen communications to Sloane, Lively and Reynolds in order to harm Abel, *id.* ¶¶ 91–94.  The statutes under which she brings claims prohibit both obtaining and disclosing protected information.  *See id.* ¶¶ 105–153.  Communications between Vanzan and/or its counsel and Jones and Jonesworks and/or their counsel concerning the *Vanzan* lawsuit are likely to bear on or lead to further information regarding whether and when Jones obtained relevant communications and disclosed them to Vanzan or Lively.

Vanzan notes that Abel's claims are subject to a pending motion to dismiss which, if granted, would eliminate the issues in the motion to compel entirely.  Dkt. No. 73 at 2.  However, the motion to dismiss is still *sub judice* and unless and until it is granted, Abel is entitled to discovery to try to prove her case.  Abel has demonstrated the relevance of the proposed discovery.

The remaining objection is without merit.  Although a court may consider the availability of information from other sources when assessing undue burden on a third party, there is no per se rule that party sources must be exhausted before documents are subpoenaed from third parties.  *See Jam Indus. USA, LLC v. Gibson Brands, Inc.*, 2020 WL 4003280, at *4 (S.D.N.Y. July 15, 2020); *Amphenol Corp. v. Fractus, S.A.*, 2019 WL 2521300, at *11 (S.D.N.Y. June 19, 2019).  Aside from suggesting the information could be available from Jones, Vanzan has made no showing that it would be burdensome for it to respond to Request 9.

The motion to compel is GRANTED as to Request 9 and otherwise DENIED as moot.

The Clerk of Court is respectfully directed to close Dkt. No. 69.

SO ORDERED.

Dated: July 7, 2025
      New York, New York

                                            LEWIS J. LIMAN
                                     United States District Judge