**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

July 30, 2025

The Honorable Lewis J. Liman
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 1620
New York, NY 10007

Re:   *Jones et al. v. Abel et. al.*, **No. 1:25-cv-00779-LJL**

Dear Judge Liman:

Pursuant to Rules 1.C and 4.C of the Court's Individual Rules and Practices and Federal Rule of Civil Procedure 45, Plaintiffs Stephanie Jones and Jonesworks LLC (the "Jones Parties") respectfully request that this Court compel third parties Katie Case and Breanna Butler Koslow to produce relevant, non-privileged materials in response to the Rule 45 subpoenas duces tecum served on them, as voluntarily modified and narrowed by the Jones Parties on July 23, 2025, by August 30, in order to provide sufficient time within the case schedule for the Jones Parties to take Ms. Case's and Ms. Koslow's depositions with the benefit of these documents.[1] Exs. A–B, L.[2] Ms. Case and Ms. Koslow were directly involved in the events underlying the Jones Parties' claims yet have unreasonably refused to produce *any* documents in response to the subpoenas. After taking a similar position in response to different subpoenas in the *Lively* litigation, the Court compelled them to produce documents. The Court should do the same here.

***Background.*** Ms. Case is a former employee and Ms. Koslow is a current employee of The Agency Group PR LLC ("TAG"), the crisis PR firm founded by Defendant Melissa Nathan that covertly conspired to "bury" and "destroy" Blake Lively on behalf of Defendant Justin Baldoni along with Defendant Jennifer Abel, behind Ms. Jones's back and as part of Ms. Nathan's and Ms. Abel's scheme to attack Ms. Jones's reputation and "take" her clients and "be on accounts together and make really good money" upon Ms. Abel's planned departure from Jonesworks. ECF No. 1-1 ¶¶ 64–65. Ms. Case and Ms. Koslow were both employed by TAG during the events relevant to this case. On February 18, the Jones Parties served document subpoenas on Ms. Case and Ms. Koslow, each containing the same five requests for production (the "Requests"). Exs. A–B. On March 10, Ms. Case and Ms. Koslow served their responses and objections, in which they did not agree to produce documents in response to any of the Requests. Exs. G–H. During a subsequent meet and confer, counsel for Ms. Case and Ms. Koslow reiterated that they would not search for or produce any documents in response to the Requests.

After this Court granted Ms. Lively's motion to compel Ms. Case and Ms. Koslow to respond to Ms. Lively's Rule 45 subpoenas in *Lively v. Wayfarer Studios LLC et al.*, No. 24-cv-10049 (LJL), ECF No. 381, and Ms. Case and Ms. Koslow produced documents in that action that counsel for the Jones Parties were able to review, counsel for the Jones Parties determined that those documents were partially responsive to some, but not all, of the Requests and reengaged with Ms. Case and Ms. Koslow's counsel seeking productions in response to the remaining unique Requests. Ex. J. They refused. Ex. K. In an effort to negotiate in good faith and reach resolution

---

[1] The Jones Parties properly issued subpoenas for Ms. Case's and Ms. Koslow's depositions on July 21.
[2] All citations to "Ex." are to exhibits attached to the accompanying Declaration of Nicholas Inns.

without court intervention, the Jones Parties shortened the relevant time frame to May 1, 2024, through January 1, 2025, and narrowed the Requests (the "Narrowed Requests"), as follows:

- Request No. 1 seeking communications with Jonesworks officers or employees was narrowed to seek communications with or concerning such an employee's "employment or relationship with, or potential or actual termination of their employment or relationship with, Jonesworks or Stephanie Jones";
- Request No. 2 seeking communications related to the Jones Parties was narrowed to communications (a) with current or former Joneswork clients about their "potential or actual termination of their relationship with Jonesworks"; (b) "with any officer or employee of Sony," "any reporter, journalist, freelancer, social media personality, or influencer," or with fellow TAG employees related to Jonesworks or Stephanie Jones; and (c) related to or evidencing participation in the defamatory "Stephanie Jones Leaks" and "Stephanie Jones Lies" websites and associated social media pages; and
- Request No. 4 seeking documents with or about Mr. Baldoni, Ms. Abel, Wayfarer, and two of its executives was narrowed to documents or communications with other TAG employees related to Ms. Abel or to TAG's acquisition of Justin Baldoni and Wayfarer Studios as clients. Ex. L.[3]

The parties met and conferred on July 29. Counsel for Ms. Case and Ms. Koslow affirmed that they would not search for or produce any documents in response to the Narrowed Requests. Their position was clear: because they had produced documents in response to a different subpoena issued by a different party in a different action they would not produce any additional documents in response to the Jones Parties' unique Requests. Even though Ms. Case and Ms. Koslow already conducted a forensic collection for their production in *Lively*, they were not even amenable to running targeted additional searches on those already-collected documents. The Jones Parties are therefore required to move to compel compliance with these Narrowed Requests.

**The Court Should Compel Compliance.** The subpoenas seek relevant information that is proportional to the needs of the case and do not pose an undue burden on Ms. Case and Ms. Koslow. Fed. R. Civ. P. 45(d)(1); *Omnicare, Inc. v. Strategic Delivery Sols., LLC*, 2021 WL 321849, at *2 (S.D.N.Y. Feb. 1, 2021).

*First*, the subpoenas seek indisputably relevant information. *Delta Air Lines v. Lightstone Grp.*, 2021 WL 2117247, at *2 (S.D.N.Y. May 24, 2021). Ms. Case and Ms. Koslow were employed by TAG on the Baldoni and Wayfarer account while it was engaged in the smear campaign against Ms. Lively that their boss, Ms. Nathan, conspired with Ms. Abel to pin on Ms. Jones, to malign Ms. Jones's reputation and enable them to steal Ms. Jones's clients. Ms. Case and Ms. Koslow's production in *Lively* also confirms that they are in possession of documents related to Ms. Abel's efforts to poach Mr. Baldoni and Wayfarer from the Jones Parties. Moreover, the Jones Parties have good reason to believe that Ms. Case and Ms. Koslow are among the "Does 1– 10" alleged in the complaint that conspired with Ms. Abel and Ms. Nathan to publish the false and defamatory websites or related social media accounts about Ms. Jones and Jonesworks—for example, www.stephaniejonesleaks.com and www.stephaniejoneslies.com. Indeed, after the Jones Parties issued subpoenas to various companies seeking documents related to the specific IP addresses identified by Hostinger, the domain registrar as having created the websites, Ex. M, or

---

[3] Requests Nos. 3 and 5 were narrowed to all documents produced in the *Lively* action. Given the parties' Stipulation on the Use of Discovery in the Jones and Lively Related Actions, ECF No. 88, the Jones Parties withdraw that Request.

2

the defamatory "Stephanie Jones Leaks" Facebook page, Ms. Case and Ms. Koslow objected to those subpoenas on the ground the subpoenas "***solicit[ed] [their] private and personal identifying information***"—which could be true only if they were involved in creating these false and defamatory sites. Exs. C–F, I.

*Second*, the Narrowed Requests are proportionately tailored to seek documents and communications in Ms. Case's and Ms. Koslow's possession that are unique and essential to the Jones Parties' claims and that were not produced by other parties in this action or by Ms. Case and Ms. Koslow in the *Lively* action. The Jones Parties sought responsive documents to the appropriate Narrowed Requests from Ms. Case and Ms. Koslow only after they produced documents in *Lively*, and counsel confirmed that production did *not* include documents responsive to all the Jones Parties' Requests. *Gilead Sciences, Inc. v. Khaim*, 2025 WL 1151412, at *7 (E.D.N.Y. Apr. 21, 2025); *Delta Air Lines*, 2021 WL 2117247 at *2 n.1. It also appears that TAG—Ms. Case and Ms. Koslow's then-employer—and Ms. Nathan—Ms. Case and Ms. Koslow's then-boss and a defendant in this case—failed to produce any documents from Ms. Case or Ms. Koslow that should have been responsive to the Jones Parties' document requests. *See Amphenol Corp. v. Fractus, S.A.*, 2019 WL 2521300, at *11 (S.D.N.Y. June 19, 2019) (third-party discovery is "appropriate…to 'test the accuracy and completeness of the defendants' discovery responses'"). Moreover, in addition to narrowing the substance of the Requests, the Jones Parties further narrowed the relevant timeframe to May 2024 to January 2025, the specific period during which the acts leading to Ms. Jones's and Jonesworks' claims arose.

*Finally*, there is no undue burden. Ms. Case and Ms. Koslow have been aware of the Jones Parties' Requests since before producing documents in the *Lively* action, and indeed have already done the work of forensically collecting each of their documents from which responsive materials can be efficiently searched and produced. Having refused and been compelled to produce documents already in the *Lively* case is no answer or excuse not to produce uniquely responsive documents to the separate subpoena in this case. Further, the Jones Parties prudently refrained from pressing their Requests until after seeing the production in *Lively* and confirming that this production was not fully responsive to the Jones Parties' Requests, and then further narrowed these Requests in response to Ms. Case and Ms. Koslow's counsel's insistence. Counsel has articulated no substantive reason that the documents requested are irrelevant or unduly burdensome, other than preferring not to have to run independent searches responsive to the Requests and preferring to rely on their earlier compelled *Lively* production. *Aristocrat Leisure v. Deutsche Bank Tr. Co. Ams.*, 262 F.R.D. 293, 299 (S.D.N.Y. 2009) (party seeking to avoid subpoena must set "forth the manner and extent of the burden"); *see also Samsung Elecs. Co. v. Microchip Tech. Inc.*, 347 F.R.D. 252, 261 (S.D.N.Y. 2024). There is no undue delay or burden here, and production should be required. *In re Enron Corp.*, 349 B.R. 115, 125 (Bankr. S.D.N.Y. 2006) ("A motion to compel filed during the discovery period would rarely be considered untimely."); *Lawson v. Rubin*, 2018 WL 11402166, at *1 (E.D.N.Y. Nov. 19, 2018) (even "substantial" burden "is not 'undue'").[4]

For all these reasons, the Court should compel Ms. Case and Ms. Koslow to respond to the subpoenas, as narrowed by letter agreement on July 23, by August 30.

---

[4] Because Ms. Case and Ms. Koslow cannot meet their burden to show there is any significant burden, any request for cost-shifting should be denied. *Delta Air Lines*, 2021 WL 2117247 at *3 (denying request for cost-shifting where party resisting discovery "failed to demonstrate that there is an undue burden (or, indeed, specified any burden) involved in complying with the subpoena").

Respectfully submitted,

*/s/ Kristin Tahler*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Kristin Tahler
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
(213) 443-3000
kristintahler@quinnemanuel.com

Maaren A. Shah
Danielle Lazarus
295 5th Avenue
New York, New York 10016
(212) 849-7000
maarenshah@quinnemanuel.com
daniellelazarus@quinnemanuel.com

Nicholas Inns (*pro hac vice*)
1300 I Street NW
Suite 900
Washington, D.C. 20005
(202) 538-8000
nicholasinns@quinnemanuel.com

*Attorneys for Stephanie Jones and Jonesworks, LLC*