UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHANIE JONES, JONESWORKS LLC,<br><br>Plaintiffs,<br><br>v.<br><br>JENNIFER ABEL, MELISSA NATHAN, JUSTIN BALDONI, WAYFARER STUDIOS LLC, AND JOHN DOES 1-10,<br><br>Defendants. | Case No: 1:25-cv-00779-LJL |

# DECLARATION OF NICHOLAS INNS IN SUPPORT OF STEPHANIE JONES AND JONESWORKS LLC'S MOTION TO COMPEL

I, Nicholas Inns, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an attorney admitted *pro hac vice* to practice before this Court, an associate in the law firm of Quinn Emanuel Urquhart and Sullivan LLP, 1300 I St NW #900, Washington, DC 20005, and counsel of record for Stephanie Jones and Jonesworks LLC (the "Jones Parties") in the above-captioned action.

2. I respectfully submit this declaration in support of the Jones Parties' Letter Motion to Compel third-party witnesses Katie Case's and Brianna Butler Koslow's production in response to the Rule 45 subpoenas duces tecum (respectively the "Case Subpoena," and "Koslow Subpoena") served on them, as modified on July 23, 2025.

3. True and correct copies of subpoenas the Jones Parties served on Ms. Case and Ms. Koslow on February 18, 2025 are attached hereto as **Exhibits A** and **B**.

4. A true and correct copy of the subpoena directed at Meta Platforms, Inc., dated March 7, 2025, is attached hereto as **Exhibit C.**

5. A true and correct copy of the subpoena directed at IPXO LLC, dated March 7,

1

2025, is attached hereto as **Exhibit D.**

6. A true and correct copy of the subpoena directed at Network Utilities Systems Ltd, dated March 7, 2025, is attached hereto as **Exhibit E.**

7. A true and correct copy of the subpoena directed at and M247 Europe S.R.L., dated March 7, 2025, is attached hereto as **Exhibit F.**

8. A true and correct copy of Ms. Case's responses and objections to the Case Subpoena, dated March 10, 2025, is attached hereto as **Exhibit G.**

9. A true and correct copy of Ms. Koslow's responses and objections to the Koslow Subpoena, dated March 10, 2025, is attached hereto as **Exhibit H.**

10. A true and correct copy of the correspondence I received from counsel for Ms. Case and M. Koslow regarding subpoenas directed to Meta Platforms Inc., Network Utilities Systems Ltd., IPXO LLC, and M247 Europe S.R.L, dated March 21, 2025, is attached as **Exhibit I.**

11. On March 21, 2025, I met and conferred with counsel for Ms. Case and Ms. Koslow. Ms. Case and Ms. Koslow's counsel represented that they would not search for or produce any documents in response to the subpoenas.

12. On July 17, 2025, Ms. Case and Ms. Koslow made document productions in *Lively* pursuant to this Court's order. *See Lively v. Wayfarer Studios LLC et al.*, No. 24-cv-10049 (LJL), ECF No. 381.

13. The documents produced by Ms. Case and Ms. Koslow do not satisfy all of the requests in the subpoenas issued to them by the Jones Parties.

14. A true and correct copy of the Jones Parties' letter to counsel for Ms. Case and Ms. Koslow, dated July 21, 2025, is attached as **Exhibit J.**

15. A true and correct copy of the letter received from counsel for Ms. Case and Ms.,

Koslow, dated July 22, 2025, is attached as **Exhibit K.**

16. A true and correct copy of the Jones Parties' letter to counsel for Ms. Case and Ms. Koslow, dated July 23, 2025, is attached as **Exhibit L.**

17. A true and correct copy of a document produced by Hostinger International Ltd. in response to a subpoena issued to that company, is attached as **Exhibit M.** The document reflects information related to the registration of the domain stephaniejonesleaks.com, including the IP addresses from which the creator of the website accessed Hostinger's domain registration service.

18. On July 29, 2025, my colleagues Danielle Lazarus and Morgan L. Anastasio conferred with counsel for Ms. Case and Ms. Koslow. During the conferral, counsel for Ms. Case and Ms. Koslow affirmed that they would not search for or produce any documents in response to the subpoenas, as narrowed. Even though Ms. Case and Ms. Koslow already conducted a forensic collection for their production in *Lively*, counsel was clear that they were not amenable to running additional searches on those already-collected documents, even to the extent the narrowed requests seek documents and communications that would not have been produced in the *Lively*.

19. A true and correct copy of correspondence between counsel for the Jones Parties and counsel for Ms. Case and Ms. Koslow dated July 21, 2025 to July 30, 2025, is attached as **Exhibit N.**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | |
|---|---|
| DATED:  July 30, 2025<br>Washington, DC | **QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br><br>By : _____<br>Nicholas Inns (*pro hac vice*)<br>1300 I Street NW<br>Suite 900<br>Washington, D.C. 20005<br>(202) 538-8000<br>nicholasinns@quinnemanuel.com<br><br>Kristin Tahler<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, California 90017<br>(213) 443-3000<br>kristintahler@quinnemanuel.com<br><br>Maaren A. Shah<br>Danielle Lazarus<br>295 5th Avenue<br>New York, New York 10016<br>(212) 849-7000<br>maarenshah@quinnemanuel.com<br>daniellelazarus@quinnemanuel.com<br><br>*Attorneys for Plaintiffs Stephanie Jones and Jonesworks, LLC* |