# EXHIBIT G

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEPHANIE JONES, JONESWORKS LLC,

                        *Plaintiffs*,

         -v–                                Case No. 1:25-CV-00779-UA

JENNIFER ABEL, MELISSA NATHAN,
JUSTIN BALDONI, WAYFARER STUDIOS
LLC, AND JOHN DOES 1-10,

                     *Defendants*,

## NONPARTY KATHERINE CASE'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SUBPOENA TO PRODUCE DOCUMENTS

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, and the Local Civil Rules of the United States District Court for the Southern District of New York, nonparty Katherine Case, through her attorneys, Pryor Cashman LLP, submits the following objections and responses to the to the production requests in the subpoena, dated February 17, 2025, issued by plaintiffs (the "Request[s]").

## GENERAL OBJECTIONS

The following General Objections apply to, and are hereby incorporated into, each Objection to each Request, and each Objection is made without waiver of these General Objections.

1.      Ms. Case objects to the Requests to the extent they purport to impose obligations of disclosure beyond those required by the Federal Rules of Civil Procedure or the Local Rules of this Court, or other applicable statute, regulation, rule, or court order.

2.      Ms. Case objects to the Requests to the extent that they seek the production of the following: (a) communications or other information protected by the attorney-client privilege, work product immunity doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery; (b) confidential financial, proprietary, or trade secret information, or any other information subject to a confidentiality agreement, protective order, or legal duty of non-disclosure; and (c) information that is protected from disclosure pursuant to confidentiality provisions, confidentiality agreements, or under any other pertinent evidentiary privilege or immunity.

3.      Ms. Case objects to the Requests on the grounds that they impose an undue burden on Ms. Case, who is not a party to this action. Ms. Case further objects to the Requests to the extent that they seek documents that are in the possession, custody, or control of a party to this action (or the related actions) or are equally available from another source that is more convenient, less burdensome, or less expensive than requiring Ms. Case to search for and produce such documents.

4.      Ms. Case objects to the Requests to the extent that they call for the production of documents that are not relevant, material, and/or necessary to any party's claims or defenses in this action or are not proportional to the needs of the case.

5.      Ms. Case objects to the Requests to the extent that they call for the production of documents that are not within Ms. Case's possession, custody, or control, and are instead in the custody of third parties.

6.      Ms. Case objects to the Requests to the extent that they call for the production of the same electronically stored information in more than one form, and to the extent they seek electronic materials that exist only in remote backup or archive files or that have been deleted prior to the reasonable anticipation of this dispute.

7.    In responding to the Request, Ms. Case neither waives, nor intends to waive, but expressly reserves:  (i) any and all objections to the relevance, competence, susceptibility to discovery, materiality, or admissibility of any documents produced; (ii)  all rights to object on any ground to the use of any documents or responses, or the subject matter thereof, in any subsequent proceedings; and/or (iii) all rights to object on any ground to any Request or other, further demand for documents or other responses involving or related to the subject matter of the Requests.

8.    Ms. Case makes these Responses and Objections based upon her knowledge as of the date of these responses.  Ms. Case will supplement these Responses and Objections only to the extent required by applicable law, regulation, rule, or court order.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST NO. 1**:

All communications with any officer, executive, employee or agent of Jonesworks LLC.

**RESPONSE TO REQUEST NO. 1:**

Ms. Case incorporates herein by reference the General Objections. Ms. Case further objects to this Request to the extent it seeks information that is not relevant to this action and is not reasonably calculated to lead to the discovery of admissible evidence. Ms. Case further objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it seeks "all" communications with "any" officer, executive, employee or agent of Jonesworks LLC over an undefined period of time, regardless of whether the communication is related to this action whatsoever. Ms. Case further objects to this Request because, taken literally, it calls for the production of every communication ever made with anyone at Jonesworks LLC.  Ms. Case further objects to this Request to the extent it seeks documents already in the possession of, known to, or otherwise equally available to plaintiffs, and/or which may be readily obtained by plaintiffs

through the normal course of party discovery.

Notwithstanding the foregoing, Ms. Case is willing to meet and confer regarding this Request.

**REQUEST NO. 2**:

All documents and communications related to Jonesworks LLC or Stephanie Jones.

**RESPONSE TO REQUEST NO. 2:**

Ms. Case incorporates herein by reference the General Objections. Ms. Case further objects to this Request to the extent it seeks information that is not relevant to this action and is not reasonably calculated to lead to the discovery of admissible evidence. Ms. Case further objects to this request as vague, ambiguous, overbroad, and unduly burdensome. Devoid of constraints, read literally, this Request would encompass *every* communication Ms. Case has *ever* had with *anyone* referencing Jonesworks LLC or Stephanie Jones in *any way*, as well as *any* document Ms. Case has *ever* possessed that does the same. Ms. Case further objects to this Request to the extent it seeks documents already in the possession of, known to, or otherwise equally available to plaintiffs, and/or which may be readily obtained by plaintiffs through the normal course of party discovery. Ms. Case further objects to this Request to the extent it seeks confidential, proprietary information.

Notwithstanding the foregoing, Ms. Case is willing to meet and confer regarding this Request.

**REQUEST NO. 3:**

All communications and documents related to the marketing and publicity efforts, or press related to the 2024 film *It Ends With Us*.

**RESPONSE TO REQUEST NO. 3:**

Ms. Case incorporates herein by reference the General Objections. Ms. Case further objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it seeks "all" communications and documents related to the marketing, publicity, or press of the 2024 film *It Ends With Us*. Ms. Case further objects to this Request to the extent it seeks disclosure of documents not within her possession, custody, control, or personal knowledge. Ms. Case further objects to this Request to the extent it seeks documents already in the possession of, known to, or otherwise equally available to plaintiffs, and/or which may be readily obtained by plaintiffs through the normal course of party discovery. Ms. Case further objects to this Request to the extent it seeks confidential, proprietary information.

Notwithstanding the foregoing, Ms. Case is willing to meet and confer regarding this Request.

**REQUEST NO. 4**:

All communications and documents with or related to Justin Baldoni, Jamey Heath, Tera Hanks, Wayfarer Studios or Jennifer Abel between May 1, 2024, and the present.

**RESPONSE TO REQUEST NO. 4:**

Ms. Case incorporates herein by reference the General Objections. Ms. Case further objects to this Request to the extent it seeks information that is not relevant to this action and is not reasonably calculated to lead to the discovery of admissible evidence. Ms. Case further objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it seeks "all" communications and documents "with or related to" the listed persons—two of whom are nonparties and one of whom, Tera Hanks, is entirely absent from the operative Complaint. Ms. Case further objects to this Request to the extent it seeks disclosure of documents not within her

5

possession, custody, control, or personal knowledge.

Ms. Case further objects to this Request to the extent it seeks documents already in the possession of, known to, or otherwise equally available to plaintiffs, and/or which may be readily obtained by plaintiffs through the normal course of party discovery. Ms. Case further objects to this Request to the extent it seeks confidential, personal, or proprietary information.

Notwithstanding the foregoing, Ms. Case is willing to meet and confer regarding this Request.

**REQUEST NO. 5**:

All documents and communications with or relating to Jed Wallace or Street Relations LLC between May 1, 2024, and the present.

**RESPONSE TO REQUEST NO. 5:**

Ms. Case incorporates herein by reference the General Objections. Ms. Case objects to this Request on the grounds that it does not relate to claims or defenses in this action but is rather an improper attempt to obtain information for use in a separate proceeding, *Wallace v. Lively*, brought against Blake Lively by Mr. Wallace and Street Relations LCC in federal court on February 4, 2025. Neither Mr. Wallace nor Street Relations LLC is a party to this action, nor is either mentioned or otherwise identified in the operative Complaint.

Ms. Case further objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it seeks "all" communications and documents with or relating to the listed persons. Ms. Case further objects to this Request to the extent it seeks disclosure of documents not within her possession, custody, control, or personal knowledge. Ms. Case further objects to this Request to the extent it seeks documents already in the possession of, known to, or otherwise equally available to plaintiffs, and/or which may be readily obtained by plaintiffs through the

normal course of party discovery in the proper proceeding. Ms. Case further objects to this Request to the extent it seeks confidential, personal, or proprietary information.

Notwithstanding the foregoing, Ms. Case is willing to meet and confer regarding this Request.

Dated: New York, New York
        March 10, 2025

PRYOR CASHMAN LLP

By: _____
        Maxwell Breed
        Daniel J. Pohlman
        7 Times Square
        New York, New York 10036-6569
        (212) 326-0823
        mbreed@pryorcashman.com
        dpohlman@pryorcashman.com

*Attorneys for Nonparty Katherine Case*