# EXHIBIT H

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STEPHANIE JONES, JONESWORKS LLC,

*Plaintiffs*,

-v-

JENNIFER ABEL, MELISSA NATHAN,
JUSTIN BALDONI, WAYFARER STUDIOS
LLC, AND JOHN DOES 1-10,

*Defendants*,

Case No. 1:25-CV-00779-UA

---

### NONPARTY BREANNA KOSLOW'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SUBPOENA TO PRODUCE DOCUMENTS

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, and the Local Civil Rules of the United States District Court for the Southern District of New York, nonparty Breanna Butler Koslow, through her attorneys, Pryor Cashman LLP, submits the following objections and responses to the production requests in the subpoena, dated February 17, 2025, issued by plaintiffs (the "Request[s]").

### GENERAL OBJECTIONS

The following General Objections apply to, and are hereby incorporated into, each Objection to each Request, and each Objection is made without waiver of these General Objections.

1.      Ms. Koslow objects to the Requests to the extent they purport to impose obligations of disclosure beyond those required by the Federal Rules of Civil Procedure or the Local Rules of this Court, or other applicable statute, regulation, rule, or court order.

2.      Ms. Koslow objects to the Requests to the extent that they seek the production of the following: (a) communications or other information protected by the attorney-client privilege, work product immunity doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery; (b) confidential financial, proprietary, or trade secret information, or any other information subject to a confidentiality agreement, protective order, or legal duty of non-disclosure; and (c) information that is protected from disclosure pursuant to confidentiality provisions, confidentiality agreements, or under any other pertinent evidentiary privilege or immunity.

3.      Ms. Koslow objects to the Requests on the grounds that they impose an undue burden on Ms. Koslow, who is not a party to this action. Ms. Koslow further objects to the Requests to the extent that they seek documents that are in the possession, custody, or control of a party to this action (or the related actions) or are equally available from another source that is more convenient, less burdensome, or less expensive than requiring Ms. Koslow to search for and produce such documents.

4.      Ms. Koslow objects to the Requests to the extent that they call for the production of documents that are not relevant, material, and/or necessary to any party's claims or defenses in this action or are not proportional to the needs of the case.

5.      Ms. Koslow objects to the Requests to the extent that they call for the production of documents that are not within Ms. Koslow's possession, custody, or control, and are instead in the custody of third parties.

6.      Ms. Koslow objects to the Requests to the extent that they call for the production of the same electronically stored information in more than one form, and to the extent they seek electronic materials that exist only in remote backup or archive files or that have been deleted prior

to the reasonable anticipation of this dispute.

7.      In responding to the Request, Ms. Koslow neither waives, nor intends to waive, but expressly reserves:  (i) any and all objections to the relevance, competence, susceptibility to discovery, materiality, or admissibility of any documents produced; (ii)  all rights to object on any ground to the use of any documents or responses, or the subject matter thereof, in any subsequent proceedings; and/or (iii) all rights to object on any ground to any Request or other, further demand for documents or other responses involving or related to the subject matter of the Requests.

8.      Ms. Koslow makes these Responses and Objections based upon her knowledge as of the date of these responses. Ms. Koslow will supplement these Responses and Objections only to the extent required by applicable law, regulation, rule, or court order.

**SPECIFIC OBJECTIONS AND RESPONSES**

**REQUEST NO. 1**:

All communications with any officer, executive, employee, or agent of Jonesworks LLC.

**RESPONSE TO REQUEST NO. 1:**

Ms. Koslow incorporates herein by reference the General Objections. Ms. Koslow further objects to this Request to the extent it seeks information that is not relevant to this action and is not reasonably calculated to lead to the discovery of admissible evidence. Ms. Koslow further objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it seeks "all" communications with "any" officer, executive, employee, or agent of Jonesworks LLC over an undefined period of time, regardless of whether the communication is related to this action whatsoever. Ms. Koslow further objects to this request because, taken literally, it calls for the production of every communication ever made with anyone at Jonesworks LLC. Ms. Koslow further objects to this Request to the extent it seeks documents already in the possession of, known

to, or otherwise equally available to plaintiffs, and/or which may be readily obtained by plaintiffs through the normal course of party discovery.

Notwithstanding the foregoing, Ms. Koslow is willing to meet and confer regarding this Request.

**REQUEST NO. 2**:

All documents and communications related to Jonesworks LLC or Stephanie Jones.

**RESPONSE TO REQUEST NO. 2:**

Ms. Koslow incorporates herein by reference the General Objections. Ms. Koslow further objects to this Request to the extent it seeks information that is not relevant to this action and is not reasonably calculated to lead to the discovery of admissible evidence. Ms. Koslow further objects to this request as vague, ambiguous, overbroad, and unduly burdensome. Devoid of constraints, read literally, this Request would encompass every communication Ms. Koslow has ever had with anyone referencing Jonesworks LLC or Stephanie Jones in any way, as well as any document Ms. Koslow has ever possessed that does the same. Ms. Koslow further objects to this Request to the extent it seeks documents already in the possession of, known to, or otherwise equally available to plaintiffs, and/or which may be readily obtained by plaintiffs through the normal course of party discovery. Ms. Koslow further objects to this Request to the extent it seeks confidential, proprietary information.

Notwithstanding the foregoing, Ms. Koslow is willing to meet and confer regarding this Request.

**REQUEST NO. 3:**

All communications and documents related to the marketing and publicity efforts, or press related to the 2024 film *It Ends With Us*.

**RESPONSE TO REQUEST NO. 3:**

Ms. Koslow incorporates herein by reference the General Objections. Ms. Koslow further objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it seeks "all" communications and documents related to the marketing, publicity, or press of the 2024 film *It Ends With Us*. Ms. Koslow further objects to this Request to the extent it seeks disclosure of documents not within her possession, custody, control, or personal knowledge. Ms. Koslow further objects to this Request to the extent it seeks documents already in the possession of, known to, or otherwise equally available to plaintiffs, and/or which may be readily obtained by plaintiffs through the normal course of party discovery. Ms. Koslow further objects to this Request to the extent it seeks confidential, proprietary information.

Notwithstanding the foregoing, Ms. Koslow is willing to meet and confer regarding this Request.

**REQUEST NO. 4**:

All communications and documents with or related to Justin Baldoni, Jamey Heath, Tera Hanks, Wayfarer Studies or Jennifer Abel between May 1, 2024, and the present.

**RESPONSE TO REQUEST NO. 4:**

Ms. Koslow incorporates herein by reference the General Objections. Ms. Koslow further objects to this Request to the extent it seeks information that is not relevant to this action and is not reasonably calculated to lead to the discovery of admissible evidence. Ms. Koslow further objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it seeks "all" communications and documents "with or related to" the listed persons—two of whom are nonparties and one of whom, Tera Hanks, is entirely absent from the operative Complaint. Ms. Koslow further objects to this Request to the extent it seeks disclosure of documents not within her

5

possession, custody, control, or personal knowledge. Ms. Koslow further objects to this Request to the extent it seeks documents already in the possession of, known to, or otherwise equally available to plaintiffs, and/or which may be readily obtained by plaintiffs through the normal course of party discovery. Ms. Koslow further objects to this Request to the extent it seeks confidential, personal, or proprietary information.

Notwithstanding the foregoing, Ms. Koslow is willing to meet and confer regarding this Request.

**REQUEST NO. 5**:

All documents and communications with or relating to Jed Wallace or Street Relations LLC between May 1, 2024, and the present.

**RESPONSE TO REQUEST NO. 5:**

Ms. Koslow incorporates herein by reference the General Objections. Ms. Koslow objects to this Request on the grounds that it does not relate to claims or defenses in this action but is rather an improper attempt to obtain information for use in a separate proceeding, *Wallace v. Lively*, brought against Blake Lively by Mr. Wallace and Street Relations LCC in federal court on February 4, 2025. Neither Mr. Wallace nor Street Relations LLC is a party to this action, nor is either mentioned or otherwise identified in the operative Complaint.

Ms. Koslow further objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it seeks "all" communications and documents "with or relating to" the listed persons. Ms. Koslow further objects to this Request to the extent it seeks disclosure of documents not within her possession, custody, control, or personal knowledge. Ms. Koslow further objects to this Request to the extent it seeks documents already in the possession of, known to, or otherwise equally available to plaintiffs, and/or which may be readily obtained by plaintiffs

through the normal course of party discovery in the proper proceeding. Ms. Koslow further objects

to this Request to the extent it seeks confidential, proprietary, or personal information.

Notwithstanding the foregoing, Ms. Koslow is willing to meet and confer regarding this

Request.

Dated: New York, New York
       March 10, 2025

PRYOR CASHMAN LLP

By: _____
      Maxwell Breed
      Daniel J. Pohlman
      7 Times Square
      New York, New York 10036-6569
      (212) 326-0823
      mbreed@pryorcashman.com
      dpohlman@pryorcashman.com

*Attorneys for Nonparty Breanna Butler Koslow*