# EXHIBIT L

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3615**

WRITER'S EMAIL ADDRESS
**kristintahler@quinnemanuel.com**

July 23, 2025

Daniel J. Pohlman
Pryor Cashman LLP
7 Times Square
New York, NY 10036

**VIA E-MAIL**

Re:    *Jones et al. v. Abel et al.*, No: 1:25-cv-00779-LJL (S.D.N.Y)

Dear Mr. Pohlman:

    We write to follow up on your letter dated July 22. Although we disagree that our subpoenas are improper, overbroad, or place an undue burden on your clients, in an effort to compromise and avoid an unnecessary dispute, we will agree to limit the subpoenas to the timeframe of May 1, 2024, to January 1, 2025, and to encompass only the below categories of documents:

- All communications with or concerning any current or former officer, executive, or employee of Jonesworks LLC ("Jonesworks") concerning that officer's, executive's, or employee's employment or relationship with, or potential or actual termination of their employment or relationship with, Jonesworks or Stephanie Jones;

- All communications with or concerning any current or former client of Jonesworks concerning that client's potential or actual termination of their relationship with Jonesworks;

- All documents and communications with any officer or employee of Sony related to Jonesworks or Stephanie Jones;

- All documents and communications with any reporter, journalist, freelancer, social media personality, or influencer related to Jonesworks or Stephanie Jones;

- All documents and communications between or among Ms. Case and/or Ms. Koslow and any employees, officers, or agents of The Agency Group PR ("TAG") related to Jennifer Abel, Stephanie Jones, Jonesworks, or to TAG's acquisition of Justin Baldoni and Wayfarer Studios as clients;

- All documents produced by Ms. Case and/or Ms. Koslow in *Lively v. Wayfarer Studios LLC, et al.*, Case No. 1:24-cv-10049-LJL (S.D.N.Y.); and

- All documents and communications related to or evidencing Ms. Case's, Ms. Koslow's, or anyone else's participation or involvement in or relating to the "Stephanie Jones Leaks" website(s), the "Stephanie Jones Lies" website(s), all related social media accounts, or any other similar website or social media account concerning or denigrating Stephanie Jones or Jonesworks.

These requests are all proper and within the scope of permissible discovery in light of Judge Liman's order compelling Ms. Case's and Ms. Koslow's production of documents in compliance with Ms. Lively's subpoena. During the June 24, 2025 hearing on Ms. Lively's motion to compel, Judge Liman agreed that the relevant time period encompassed the weeks before TAG was engaged and through continuing violations. Judge Liman also agreed that documents and communications from Ms. Case and Ms. Koslow are squarely relevant given their role in the smear campaign alleged in Ms. Lively's (as well as Plaintiffs') complaint, and he required your clients to produce documents that involve communications with Defendants.

If you object to any of the above requests as burdensome, please substantiate that position with, for example, hit reports, and propose a reasonable alternative to narrow them or otherwise alleviate the identified burden. *E.g.*, *Felder v. Warner Bros. Discovery, Inc.*, 2025 WL 1718098, at *10 (S.D.N.Y. June 20, 2025) ("WBD cannot object to searches on burden grounds without substantiating its burden claim with a hit report."). Please also explain the burden in light of the fact documents have already been collected and produced from your clients to respond to Ms. Lively's subpoena.

Please let us know when you are available to meet and confer tomorrow on the above issues, as well as the deposition subpoenas.

Sincerely,

*/s/ Kristin Tahler*

Kristin Tahler