

**Daniel J. Pohlman**

Direct Tel: 212-326-0823
Direct Fax: 212-326-0806
dpohlman@pryorcashman.com

August 1, 2025

BY ECF
Hon. Lewis J. Liman
United States District Court – Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

>    Re:   *Jones et al. v. Abel et al.*, No.: 1:25-cv-00779-LJL; Nonparties Katherine Case and Breanna Butler Koslow's Response in Opposition to Motion to Compel

Dear Judge Liman:

Nonparties Katherine Case and Breanna Butler Koslow respectfully submit this response to the motion to compel filed by Stephanie Jones and Jonesworks LLC (Dkt. 89).

***Introduction.*** The Jones parties request that Ms. Case and Ms. Butler Koslow—nonparties associated with The Agency Group PR LLC—re-review and produce materials in response to their subpoenas, notwithstanding that, for **four months**, the Jones parties sat idly knowing that Ms. Case and Ms. Butler Koslow (1) objected to the subpoenas due to the overbreadth of the requests and the burden compliance would entail and (2) negotiated and produced materials in response to subpoenas served by Ms. Lively in the *Lively* action.

Had the Jones parties pursued their subpoenas, Ms. Case and Ms. Butler Koslow could have reviewed materials in response to both sets of subpoenas at once. Instead, after months of intentional neglect, the Jones parties demand starting the document review and production process anew. In doing so, the Jones parties conceal their four-month neglect of their subpoenas, evidently hoping that both their neglect and their concealment of it will go unnoticed by the Court. Because this prejudicial conduct violates both the spirit and letter of Rule 45, the Jones parties' motion should be denied, the subpoenas should be quashed, and an award of costs should be considered.

***Background.*** On February 17, the Jones parties propounded document subpoenas on Ms. Case (Dkt. 90-1) and Ms. Butler Koslow (Dkt. 90-2). On March 10, Ms. Case and Ms. Butler Koslow provided the Jones parties with their responses and objections. (Dkt. 90-7; Dkt. 90-8.) On March 21, we met and conferred with counsel for the Jones parties (Ex. A). We stated that, although our clients were willing to produce responsive documents, the requests as served were overbroad and would impose an undue burden on nonparties. We requested that the subpoenas be withdrawn and reissued with considerably narrowed requests. (The Jones parties do not mention any of this.)



Hon. Lewis J. Liman
August 1, 2025
Page 2

In this same period, we met and conferred with counsel for Ms. Lively in connection with her subpoenas. Through that process, Ms. Case and Ms. Butler Koslow requested and received concessions from Ms. Lively's counsel (including narrowing and cost-shifting). Although negotiations broke down over an appropriate date range—resulting in motion practice before Your Honor (*Lively* Dkt. 381, June 24, 2025 Hr'g Tr. 25:11–22)—Ms. Lively paid for Ms. Case and Ms. Butler Koslow's costs and the parties negotiated review scope and process. Production of all materials responsive to Ms. Lively's requests was completed on July 20.

The Jones parties did none of this. They failed to raise their subpoenas despite conducting conferences on other issues (Ex. B.), waited until Ms. Case and Ms. Butler Koslow had completed their productions to Ms. Lively, and then **the day after those productions were complete** (July 21) demanded compliance with their subpoenas within four days. (Dkt. 90-10.)

On July 22, we advised that, given the prejudice caused by the delay, we would not produce materials in response to the subpoenas as propounded. (Dkt. 90-11.) On July 23, the Jones parties proffered minor limitations. (Dkt. 90-12.) On July 29, we conferred with the Jones parties and stated that the subpoenas were still overbroad, requested that the requests be further narrowed, and offered to produce the materials produced to Ms. Lively. We further advised that if the Jones parties stood on their requests, a motion to quash would follow. Counsel represented that they would respond to our request and proposal. Instead of doing so, they filed the motion (Dkt. 89).

In their motion, the Jones parties misrepresent multiple details:

*First*, the Jones parties omit their months of inaction—inaction that occurred despite knowing that Ms. Case and Ms. Butler Koslow were actively engaging with Ms. Lively about her subpoenas. The Jones parties evidently stalled prosecution of their subpoenas to secure a strategic advantage by first reviewing what was produced to Ms. Lively. (*See* Dkt. 89 at 1.)

*Second*, the Jones parties' claim that Ms. Case and Ms. Butler Koslow "refused to produce **any** documents in response to the subpoenas" (Dkt. 89 at 1) is an outright misrepresentation. As the Jones parties themselves stated in a July 30 email, "[w]hile you are amenable to providing us the documents produced in the Lively action as well as the search terms you used, you are not amenable to producing additional documents responsive to our subpoenas." (Ex. C.)

*Third*, contrary to the Jones parties' assertions, Ms. Case and Ms. Butler Koslow explained how the Jones parties' delayed prosecution of their subpoenas imposed additional burden and caused undue prejudice: compliance requires, at a minimum, renegotiation of search terms; re-engagement of a vendor; rehiring and retraining a review team; and re-review of materials.

**The Court Should Deny the Motion.** The Jones parties' months of inaction—only to demand duplicative review and production now—is improper. Rule 26(b)(1) requires that discovery not only be relevant, but also proportionate. *E.g.*, *Chen v. SS & C Techs., Inc.*, No. 22CIV2190JPCSLC, 2023 WL 2387112, at *2 (S.D.N.Y. Mar. 7, 2023). Rule 45 imposes an affirmative duty on the subpoenaing party to take reasonable steps to avoid imposing undue burden or expense when the subpoena is issued to a nonparty. Fed. R. Civ. P. 45.

PRYOR CASHMAN LLP

Hon. Lewis J. Liman
August 1, 2025
Page 3

      Courts routinely quash or limit subpoenas that lack reasonable specificity or demand the production of documents not tailored to the issues in the underlying litigation. *E.g., Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 50 (S.D.N.Y. 1996) (quashing nonparty subpoena that demanded "all documents"). The subpoenas, both as propounded (Dkt. 90-1, Dkt. 90-2) and as "narrowed" (Dkt. 90-12), are facially overbroad. They request "all" documents across a range of topics without meaningful limitation as to time, subject matter, or relevance. Paradoxically, the "narrowed" subpoenas contain **more** requests than the originals and do not limit their scope.

      Dilatory and duplicative discovery that is available from other parties, or through less intrusive means—like that sought by the Jones parties—is unduly burdensome. *See, e.g., Angelo, Gordon & Co., L.P. v. MTE Holdings, LLC*, No. 20 MISC. 23, 2020 WL 4700910, at *2 (S.D.N.Y. Aug. 13, 2020) (quashing nonparty subpoena that demanded compliance on four days' notice, and emphasizing that the issuing party "had no excuse for waiting until the eleventh hour"); *Breaking Media, Inc. v. Jowers*, No. 21 MISC. 194 (KPF), 2021 WL 1299108, at *5 (S.D.N.Y. Apr. 7, 2021) (quashing nonparty subpoena and awarding costs where requesting party "failed to take any reasonable steps to obtain the information sought through other means").

      The Jones parties' strategic delay and failure to confer, only to demand re-review of personal documents—on an impossible timeline—is improper sharp practice, and is precisely the conduct Rule 45(d)(1) was designed to prevent. Their failure to engage in a timely and good-faith meet-and-confer process is sufficient grounds to deny a motion to compel alone. *Vaigasi v. Solow Mgmt. Corp.*, No. 11CIV5088RMBHBP, 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016) ("[F]ailure to meet and confer . . . in good faith is sufficient reason by itself to deny plaintiff's motion to compel.") (collecting cases); *see also, e.g., Baez Duran v. E L G Parking Inc.*, No. 18CIV6685GBDSLC, 2021 WL 1338982, at *2 (S.D.N.Y. Apr. 9, 2021); *Olin Corp. v. Lamorak Ins. Co.*, 517 F. Supp. 3d 161, 177 (S.D.N.Y. 2021); *Bailey v. New York L. Sch.*, No. 16 CIV. 4283 (ER), 2018 WL 11476375, at *1 (S.D.N.Y. Apr. 30, 2018).

      For the reasons set forth above—the Jones parties' strategic delay and gamesmanship, the burdensome and duplicative nature of the subpoenas, and the avoidable prejudice the Jones parties seek to impose on Ms. Case and Ms. Butler Koslow—we respectfully request that the Court deny the Jones parties' motion to compel and quash the subpoenas in their entirety. We further request that costs be awarded, under Rule 45 and the Court's inherent authority, given the Jones partes' misstatements to the Court and their strategic and improper attempt to weaponize delay.

                                                           Respectfully submitted,

                                                       Daniel J. Pohlman

cc:     Counsel of Record (by ECF)