UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
 :
STEPHANIE JONES, JONESWORKS LLC, :
 :
                    Plaintiffs, :
 : 25-cv-779 (LJL)
     -v- :
 : ORDER
JENNIFER ABEL, MELISSA NATHAN, JUSTIN :
BALDONI, WAYFARER STUDIOS LLC, JOHN DOES :
1–10, :
 :
                    Defendants. :
 :
-------------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/04/2025
```

LEWIS J. LIMAN, United States District Judge:

       Plaintiffs Stephanie Jones and Jonesworks LLC ("Plaintiffs" or the "Jones Parties") move, pursuant to Federal Rule of Civil Procedure 45, to compel third parties Katie Case ("Case") and Breanna Butler Koslow ("Koslow") to produce relevant, non-privileged materials in response to Rule 45 subpoenas duces tecum served on them, as modified by the Jones Parties on July 23, 2025. Dkt. No. 89. The motion is granted.

       Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* "In general, the relevance standard that applies when seeking discovery from a party also applies to non-parties." *Citizens Union of City of New York v. Att'y Gen. of New York*, 269 F. Supp. 3d 124, 139 (S.D.N.Y. 2017); *see Malibu Media, LLC v. Doe*, 2016 WL 5478433, at *2 (S.D.N.Y. Sept. 29, 2016) ("[S]ubpoenas issued under Rule 45 are subject to the relevance requirement of Rule 26(b)(1).") (internal quotation marks and citation omitted).

Case and Koslow object to the subpoenas on the grounds that the Jones Parties waited for over four months to bring this motion to compel after receiving their objections, during which time Case and Koslow provided documents in response to a Court order in the related case of *Lively v. Wayfarer Parties, et. al.*, 24-cv-10049.  Dkt. No. 94.  The Jones Parties served their subpoenas in this case on February 17, 2025, and Case and Koslow served responses and objections on March 10, 2025.  Dkt. Nos. 90-1, 90-2, 90-7, 90-8.  On June 24, 2025, the Court ordered Case and Koslow to respond to a document subpoena in *Lively*; that document production was complete on July 20, 2025.  Dkt. No. 94 at 2; *see Lively*, Dkt. No. 157 at 24.  After the completion of Case and Koslow's document production in *Lively*, the Jones Parties demanded compliance with the subpoenas in this case, and Case and Koslow took the position that they would not produce any documents other than those produced in the *Lively* case.  Dkt. No. 94 at 2.  Case and Koslow argue that, had the Jones Parties prosecuted their subpoenas earlier, they would have been able to avoid the cost in reviewing documents twice.  Dkt. No. 94 at 2.  The Jones Parties claim that they refrained from pressing their requests until they had the opportunity to review the production in *Lively* and confirm it was not fully responsive to their requests.  Dkt. No. 89 at 3.

Case and Koslow have not established that the Jones Parties' document subpoenas impose an undue burden on them.  The documents requested by the Jones Parties are relevant and proportionate to the needs of the case.  The Jones Parties limit their request to the time frame May 1, 2024, to January 1, 2025, and have narrowed their requests to communications and documents that relate directly to the allegations in their complaint.  *See* Dkt. No. 89.  The requested documents are not duplicative of those produced in the *Lively* case.  There is no deadline under the Federal Rules of Civil Procedure for prosecuting a motion to compel

production of documents other than the deadline for the completion of fact discovery. *See Gucci Am., Inc. v. Guess?, Inc.*, 790 F. Supp. 2d 136, 139 (S.D.N.Y. 2011) ("Though Rule 37 does not establish time limits for such a motion, a party seeking to file a motion to compel after discovery has closed must similarly establish good cause."); *Eng-Hatcher v. Sprint Nextel Corp.*, 2008 WL 4104015, at *3 (S.D.N.Y. Aug. 28, 2008) (same). The deadline for completion of all document discovery by non-parties in this case is August 15, 2025, and the Court stated that motions to compel regarding that production should be filed by no later than August 22, 2025. Dkt. No. 425. Case and Koslow do not identify any conduct of the Jones Parties that could have led them to believe that the Jones Parties would not prosecute their document subpoena. If Case and Koslow wanted to avoid the possible inefficiencies of reviewing a production twice, they could have invited the Jones Parties to participate in their discussions with Lively on the production of documents responsive to her subpoena. It was not incumbent upon the Jones Parties to invite themselves into discussions between parties in a different case regarding how to respond to a document subpoena in that case.

Case and Koslow have identified no other burden in responding to the document subpoena as narrowed. Case and Koslow shall respond to the document subpoenas as narrowed by no later than August 30, 2025.

The motion to compel is GRANTED. The Clerk of Court is respectfully directed to close Dkt. No. 89.

SO ORDERED.

Dated: August 4, 2025
      New York, New York

                                                    LEWIS J. LIMAN
                                          United States District Judge