**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 4433000 FAX (213) 4433100

September 12, 2025

The Honorable Lewis J. Liman
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 1620
New York, NY 10007

Re:     ***Jones et al. v. Abel et. al.*, No. 1:25-cv-00779-LJL**

Dear Judge Liman:

Pursuant to Rules 1.C and 4.C of the Court's Individual Rules and Practices, Stephanie Jones and Jonesworks LLC (the "Jones Parties") respectfully submit this letter motion to de-designate the portions of Katherine Case's deposition testimony involving ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████[1] There is no legitimate basis under the Protective Order for this designation, which prevents counsel for the Jones Parties from even informing their client that they have learned ████████████████████████████████████████████████████████████████████████████. The Jones Parties therefore respectfully request that the Court order that this information cannot be designated as "Attorney's Eyes Only" and that it can be shared with the Jones Parties. For the avoidance of doubt, the Jones Parties do not object to maintaining this information as "Confidential" under the Protective Order, such that it continues to be protected from disclosure, as appropriate, from the general public.

Ms. Case was deposed on September 5, 2025. During Ms. Case's deposition, she testified that, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Ex. A at 374:23-375:23, 377:14-22, 384:16-18. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ *Id.* at 374:23-375:23, 504:4-10; *see also id.* at 381:10-13 (testifying that ██████████████████████████████

---

[1] For the Court's convenience, attached as Exhibit A to the Declaration of Kristin Tahler is an excerpt from the transcript showing, with read-through yellow highlighting, the portions of the transcript that Ms. Case's counsel seeks to designate as "Attorney's Eyes Only."

1

███████████ *id.* at 502:15-18 ████████████████████████████████
████████████████████████████████████████████████ Ms. Case testified
that ████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
███████████████████████████████████ *Id.* at 375:18-376:15. Ms. Case also
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
██ *Id.* at 387:11-19.

    Ms. Case's attorney designated this testimony as Attorneys' Eyes Only ("AEO") on the record during the deposition. *Id.* at 375:7-8. That day, the parties discussed the process for solidifying AEO designations and the undersigned cautioned Ms. Case's counsel that the applicable protective order does not apply to ████████████████████████████████
Then, during the deposition of Breanna Butler Koslow on September 9, the Jones Parties conferred with counsel for the Wayfarer Parties and Ms. Case and requested that they agree to remove the AEO designation over Ms. Case's testimony ████████████████████████
████████████████████████████ for the limited purpose of being able to verbally share that information with Ms. Jones. The Wayfarer Parties agreed to remove the AEO designation as to the ████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████ Ex. B. Ms. Case's counsel agreed. *Id.* This motion follows.

    The Court should order the de-designation of ████████████████████
████████████████████████████████████████████████████████████ The Protective Order (ECF No. 30 ¶ 1) limits the designation of Attorneys' Eyes Only to only material "of such a highly confidential and personal, sensitive, or proprietary nature that the revelation of such is highly likely to cause a significant competitive, business, commercial, financial, or privacy injury to the producing party," specifically:

    a. Trade secrets; confidential business plans, marketing plans, and strategies for clients other than the parties in this litigation; confidential business projects or leads on projects for clients other than the parties in this litigation; confidential creative projects or ideas other than those involved in this litigation;
    b. Security measures taken by parties or third parties;
    c. Medical information of parties or third parties; [and]
    d. Highly personal and intimate information about third parties, and highly personal and intimate information about parties other than information directly relevant to the truth or falsity of any allegation in the complaints in this case.

    Subsection (a) plainly does not apply here. To the extent that Ms. Case's attorneys contend that ████████████████ somehow falls within this section, Ms. Case was unequivocal that she

never knew ████████████████████████. Ex. A at 379:23-25, 497:11-16, 500:16-19. At most, Ms. Case considered ██████████████████████████████.[2] The identity of a ██████████ who █ ███████████████████████████████████████████ nowhere near the type of sensitive, proprietary information that qualifies as a "[t]rade secret" or "confidential business plan[]." Nor is it the type of substantive work, such as business plans or strategies, for *actual clients* the remainder of subsection (a) protects.

Further, the Protective Order explicitly carves out "parties in this litigation," and the Jones Parties' attorneys are now aware that ███████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████ This is for many reasons, including that ████████████████████████ must be discussed with the Jones Parties to consider ████████████████████████████████████████████████ ██████████████████████████████ Further, the Jones Parties do not object to maintaining this information and ████████████████████████████ as "Confidential" under the protective order.

████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████ is squarely relevant to Ms. Jones's defamation claim and the truth or falsity of, and malice behind, the allegations contained in ████ ████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ The protection of "[h]ighly personal and intimate information" cannot stretch to protect █████ ████████████████████████████████████████████████████████████████████████████ ██████████████████████████████████.

For all these reasons, the Jones Parties respectfully request that the Court order that ████ ████████████████████████████████████████████████████████████████████████████ including at a minimum pages 375:11-376:25, 379:19-25, 381:10-14, 496:16-24, 497:11-498:2, and 503:22-504:10 of Ms. Case's deposition transcript, shall be designated as only "Confidential" under the Protective Order.[3]

---

[2] Another current and then-employee of TAG, Breanna Butler Koslow, also testified in deposition that ████████████████████████████ Ex. C at 160:3-16.

[3] The parties will confer on the remaining designations and raise any further disputes if necessary at a future time.

Respectfully submitted,

*/s/ Kristin Tahler*

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Kristin Tahler
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
(213) 443-3000 kristintahler@quinnemanuel.com

Maaren A. Shah
Morgan L. Anastasio
295 5th Avenue
New York, New York 10016
(212) 849-7000
maarenshah@quinnemanuel.com
morgananastasio@quinnemanuel.com

Nicholas Inns (admitted pro hac vice)
1300 I Street NW
Suite 900
Washington, D.C. 20005
(202) 538-8000
nicholasinns@quinnemanuel.com

*Attorneys for Plaintiffs Stephanie Jones and Jonesworks LLC*