

Kevin Fritz<br>
*Partner*<br>
Direct (212) 655-3570<br>
kaf@msf-law.com

<u>Via ECF</u>

Hon. Lewis J. Liman                      September 15, 2025
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

Re:     *Jones et al. v. Abel et al.*, No. 1:25-cv-779-LJL

Dear Judge Liman:

As counsel for Jennifer Abel, Melissa Nathan, Justin Baldoni and Wayfarer Studios LLC (collectively, the "Wayfarer Parties") in the above-referenced action (the "Jones Case"), we write in response to plaintiffs Stephanie Jones and Jonesworks LLC's (collectively, the "Jones Parties") motion to de-designate certain portions of Katherine Case's deposition testimony from "Attorney's Eyes Only" to "Confidential" under the Protective Order (the "Motion"). (Dkt. 112).

In its Memorandum & Order dated March 13, 2025, issued in the related case of *Lively v. Wayfarer Studios LLC* (24-cv-10049) (the "Lively Case"), and adopted herein (Dkt. 29), the Court set forth its rationale for including an "Attorney's Eyes Only" ("AEO") provision in the Protective Order. (24-cv-10049, Dkt. 124). Specifically, the Court determined that "the disclosure to the parties of certain information that will invariably be exchanged during discovery, but which may not be necessary to the prosecution and defense of the case, presents an incremental risk of 'annoyance, embarrassment, [or] oppression,' that cannot be effectively controlled simply by the Court's model protective order." (*Id.*, p. 5) (quoting Fed. R. Civ. P. 26(c)). The Court reasoned that these cases involve "business competitors," that discovery "will necessarily include confidential and sensitive business … information," that "[s]everal individuals and corporations on each side are in the business of public relations" and the details of the litigation "have been closely followed in the media…." (*Id.*, p. 6). Moreover, the Court held that trade secret information, such as "a client list," is worthy of an AEO designation and that "[t]he same protection if justified with respect to business plans for and of non-party clients, confidential strategies…." (*Id.*, p. 7). In sum, the Court's justification for the inclusion of an AEO provision in the Protective Order demonstrates that the word "clients" in Section 1(a) therein should not be strictly construed to solely mean *actual* clients (as the Jones Parties contend) but rather also to *prospective* clients. (Dkt. 112, p. 3).

It is important to highlight the material difference between the Jones Parties' characterization of Ms. Case's testimony with respect to ███████████ and what Ms. Case said. Although the Jones Parties repeatedly allege that ███████████ "requested" the work at issue and that such person was "involve[d]" therein (Dkt. 112, p. 1, 2), Ms. Case testified that: (a) ███████████████████████████████████████████; (b) ███████████████████████████████████████████ (c) ███████████████████

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬; and (d) ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ (Dkt. 112-1, at 496:22 – 24, 497:11 – 498:2, 502:3 – 18)). Thus, the Motion is based upon hearsay and speculation, but nonetheless cavalierly accuses an unsuspecting non-party of being ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ and having ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ (Dkt. 112, p. 3).

The Memorandum & Order states:

> Before the parties make an AEO designation, the protective order places on them the burden of determining that the information is not directly relevant to an allegation in the pleadings. For the non-parties, no such burden is appropriate. They are entitled to designate all information in this category as Attorneys Eyes Only, placing the burden to demonstrate the importance of the information for the prosecution or the defense of a claim on the counsel seeking to disclose the information to her client.

(24-cv-10049, Dkt. 124, p. 9). The Jones Parties' pleading alleges that John Does 1-10 created and "published two false and defamatory websites" about the Jones Parties. (Dkt. 1-1, ¶¶ 23, 92). Putting aside Ms. Case's lack of personal knowledge as to who purportedly "requested" any such website, the Motion does not cite to any evidence that ▬▬▬▬▬▬▬▬▬▬ created or published anything, let alone in a manner that would subject him to liability for a defamation claim.

Additionally, the Memorandum & Order recognizes that there may be situations in which a disclosing party believes information which does not fit into a specified category in the Protective Order is nonetheless worthy of AEO treatment and, in such scenario, "such party may apply to the Court for modification of the protective order consistent with the principles set forth in this opinion." (*Id.*, p. 10).

Accordingly, the Motion should be denied. The Wayfarer Parties respectfully request that the Motion (Dkt. 112), the exhibits thereto (Dkt. 112-1, 112-2, 112-3) are permanently sealed given that they include the identity of a prospective client, (*alleged*) strategies undertaken in connection therewith, and unsupported allegations of wrongdoing. *See* Dkt. 688 (permanently sealing information that "contain[s] nonpublic and sensitive information regarding business plans and relationships, particularly undisclosed relationships with clients…").

Respectfully submitted,

*Kevin Fritz*

Kevin Fritz

cc: all counsel of record (via ECF)