

7 Times Square, New York, NY 10036-6569  Tel: 212-421-4100  Fax: 212-326-0806                           pryorcashman.com

**Maxwell Breed**

Direct Tel: (212) 326-0113
mbreed@pryorcashman.com

September 15, 2025

**BY ECF**

Hon. Lewis J. Liman
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:    *Jones et al. v. Abel et. al.*, No. 1:25-cv-00779-LJL

Dear Judge Liman:

    For nonparty Katherine Case, we respectfully respond, as directed (Dkt. 115), to plaintiffs' letter motion seeking to remove "Attorneys' Eyes Only" designations from certain portions of Ms. Case's deposition testimony (Dkt. 112). We respectfully submit that the designations should remain or, alternatively, that the Court should consider amending the governing Protective Order to provide another tier of protection for sensitive information like that at issue here.

    As shown by the relevant transcript excerpt (Dkt. 112-1), the requested de-designation would affect Ms. Case's testimony that her employer's principal had asked Ms. Case to draft copy that later appeared on the stephaniejonesleaks.com website (and in several tweets) and that Ms. Case had been told by her employer that her work was for a prospective high-profile client of The Agency Group PR LLC, namely ███████████████████████████████████. Ms. Case testified that she did not know whether the statements about which she testified were true.[1]

    This testimony was designated AEO because Ms. Case had testified as to statements made to her by her employer about work for a potential client of TAG (as Ms. Case then understood).

---

[1] Ms. Case also testified that she did not create the website and did not know who did. (Dkt. 112-1, 374:12-16.) Ms. Case explained that her involvement was limited to drafting copy, which she knew to be true, and which was based principally upon either her own direct personal experience from her time working for plaintiffs or the publicly available accounts of others. (*See* Exhibit A, 477:14–496:3.)



Hon. Lewis J. Liman
September 15, 2025
Page 2

This designation is proper under Paragraphs 1(a) and 1(d) of the governing Protective Order (Dkt. 30), as this was work for a then-contemplated client who is not a party to this litigation (this being a reasonable reading of the word "client" under the Protective Order), and because, at this point, the identity of who, allegedly, requested the website be made, does not bear on the truth or falsity of any allegations now in the operative complaint (Dkt. 1-1).

But other considerations strongly favor maintaining the designation over the subject testimony:

*First*, the testimony, if de-designated and revealed, would risk turning this case into a matter of public spectacle (or more of one than it already is). Injecting ▓▓▓▓▓▓▓▓▓▓—on the basis of untested, second-hand information—would be more inflammatory than probative, at least until directly related to any amended pleading (because after amendment such information would become "judicial" and subject to the presumption of public access under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d. Cir. 2006)). As a result, although plaintiffs' counsel indicates that plaintiffs *might* sue ▓▓▓▓▓▓ as one of the named Doe defendants, public disclosure ought not be risked at this time, given the embarrassment and harm posed to an individual whom plaintiffs might never involve in this action.

*Second*, plaintiffs' assertion that the testimony would remain "Confidential" is cold comfort. Under the Protective Order, there is no presumption (or expectation) that Confidential information will be filed under seal. As a result, such information can be publicly disseminated through judicial filings. And, while an interested party may move to seal such information, such post-hoc sealing is an incomplete remedy. Bells cannot be unrung.

To the extent that the Court is inclined to de-designate the challenged testimony so that plaintiffs' counsel are allowed to discuss it with their clients, we respectfully submit that potential revisions to the Protective Order should be considered.

Indeed, Ms. Case's testimony establishes that discovery in this case will implicate considerable information that may not meet the letter of Attorneys' Eyes Only-information under the Protective Order, but that is so sensitive and inflammatory that merely designating it as "Confidential" could be insufficient. For example, Ms. Case testified about specific instances involving other high-profile figures that establish that certain copy about which she testified was true and non-defamatory. (Ex. A, 477:14–496:3.)  Those AEO designations, tellingly, are not contested by this letter motion, but, if abided, would prevent plaintiffs' counsel from informing their clients of information disproving their pleaded claims.  Plaintiffs thus cannot legitimately argue for de-designation of the untested statements made to Ms. Case, while suppressing other material information detrimental to their clients' position.  But the Protective Order brokers this result.



Hon. Lewis J. Liman
September 15, 2025
Page 3

    Amendment of the Protective Order to add an intermediate "Highly Confidential" tier—covering information that a disclosing party affirmatively believes should be filed under seal under the Second Circuit's analysis in *Lugosch* and its progeny—could resolve this issue. Given that this is not presently before the Court, we respectfully submit that, if the Court is inclined to de-designate Ms. Case's testimony, the Court should consider requesting briefing from all affected parties on this issue.

    We thank the Court for its time and consideration.

                                         Respectfully,

                                         Maxwell Breed

cc.    All Counsel (by ECF)