```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
STEPHANIE JONES, et al.,                                         :
                                                                 :
                        Plaintiffs,                              :
                                                                 :
            -v-                                                  :
                                                                 :
JENNIFER ABEL, et al.,                                           :
                                                                 :
                        Defendants.                              :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/19/2025

25-cv-779 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

Stephanie Jones and Jonesworks LLC (the "Jones Parties") have moved to de-designate portions of the deposition of Katherine Case ("Case"), which Case's counsel designated as Attorneys' Eyes Only ("AEO") under the standing protective order (the "Protective Order") in this case. Dkt. Nos. 30, 112. The Wayfarer Parties[1] and Case both oppose the motion. Dkt. Nos. 117, 120. The motion to de-designate is granted.

The Protective Order establishes two types of Confidential Discovery Materials—those designated either Confidential or AEO—and corresponding restrictions on the disclosure of these materials. Dkt. No. 30 at 2. The AEO designation "shall only be utilized for Confidential Discovery Material of such a highly confidential and personal, sensitive, or proprietary nature that the revelation of such is highly likely to cause a significant competitive, business, commercial, financial, or privacy injury to the producing party." *Id.* This includes the following categories of information:

> a. Trade secrets; confidential business plans, marketing plans, and strategies for clients other than the parties in this litigation; confidential business projects or

---

[1] The Wayfarer Parties in this action are Jennifer Abel, Melissa Nathan, Justin Baldoni and Wayfarer Studios LLC.

> leads on projects for clients other than the parties in this litigation; confidential creative projects or ideas other than those involved in this litigation;
>
> b.  Security measures taken by parties or third parties;
>
> c.  Medical information of parties or third parties;
>
> d.  Highly personal and intimate information about third parties, and highly personal and intimate information about parties other than information directly relevant to the truth or falsity of any allegation in the complaints in this case.

*Id.*

In her deposition, Case testified that her employer's principal asked her to draft copy that later appeared on the stephaniejonesleaks.com website (the "Website"), and that Case was told by her employer that the work was for a prospective client. Dkt. No. 120 at 1. Case's counsel designated this testimony AEO on the record during the deposition. Dkt. No. 112 at 2. Counsel for the parties subsequently agreed to de-designate the portion of the deposition involving the creation of the Website, although they disagreed on whether the identity of the prospective client should be de-designated. *Id.* This motion followed.

Counsel for the Jones Parties assert that de-designation is warranted because the identity of the prospective client is not the kind of information that qualifies as AEO under the Protective Order, and because the current designation prevents counsel from informing their own clients that they have information regarding an individual who may now be identified as one of the "Doe" defendants in the Jones Parties' complaint. *Id.* at 1–3. The Wayfarer Parties and Case oppose the motion on the grounds that (1) work done for clients should be interpreted to include work done for prospective clients under the Protective Order's AEO provision; (2) the identity of the individual is not relevant to the allegations in the case; and (3) any post-hoc sealing of the information would be an incomplete remedy, as the information would already have been publicly disseminated and the individual would have been unnecessarily injected into the case.

Dkt. No. 117 at 1–2; Dkt. No. 120 at 1–3. Case argues that to the extent the Court determines that the information does not qualify as AEO, the Court should consider amending the Protective Order to add an intermediate "Highly Confidential" tier covering information that a disclosing party believes should be filed under seal under the Second Circuit's analysis in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d. Cir. 2006). Dkt. No. 120 at 3.

The Jones Parties have the better of the argument. Their eighth cause of action is pled against Defendants John Doe 1–10 and alleges defamation associated with the publishing of the Website. Dkt. No. 1-1 ¶¶ 156–66. The identity of an individual implicated in the creation of the Website is directly relevant to that claim, even if the information is second-hand and does not by itself conclusively establish the individual's involvement. This is especially true given that the relevant defendants are currently unidentified. Counsel for the Jones Parties should not be prohibited from discussing the information with their clients, who may wish to amend the complaint to add the individual as a named defendant.[2] Simply put, the Protective Order's AEO provisions are designed to shield sensitive information unrelated to the parties or claims in the case, and the information at issue here—even if in some sense sensitive—does not so qualify.

De-designating the information does not mean that it will necessarily be publicly disclosed or create public spectacle as the Wayfarer Parties and Case suggest. The Jones Parties concede that the information may still be deemed Confidential under the Protective Order. Dkt. No. 112 at 3. Furthermore, the Court hereby orders that all references to the individual and identifying information regarding the individual shall be filed at least preliminarily under seal going forward to allow interested parties time to move for continued sealing of the information.

---

[2] The Court expresses no view as to whether amending the complaint in this manner would be appropriate.

There will accordingly be no risk of having to move for continued sealing on a post-hoc basis only after the information has already been publicly disseminated.

Indeed, in conjunction with this very motion, the parties have filed documents containing the relevant information under preliminary seal and have filed redacted versions of the documents on the public docket. Dkt. Nos. 111–23. The Wayfarer Parties, moreover, have moved to permanently seal the Jones Parties' motion and its accompanying exhibits. *See* Dkt. No. 117 at 2. The Court now grants the Wayfarer Parties' request given the individual's privacy interests and the nature of the Jones' Parties non-dispositive motion for de-designation. *See Giuffre v. Maxwell*, 2025 WL 2055148, at *8 (2d Cir. July 23, 2025) ("For non-dispositive motions . . . 'the reasons [for sealing] usually need not be as compelling as those required to seal summary judgment filings,' trial evidence, or pleadings." (citation omitted)). The Court likewise grants permanent sealing of the Wayfarer Parties' and Case's responses in opposition to the Jones Parties' motion. *See* Dkt. Nos. 116, 119. The Court expresses no view as to whether permanent sealing of the information in conjunction with future motions will be warranted.

Given that the parties have had, and will continue to have, the opportunity to move for continued sealing, the Court declines Case's invitation to amend the Protective Order to add a new level of protection for certain documents.

The motions to de-designate and to permanently seal are GRANTED. The Clerk of Court is respectfully directed to seal Dkt. Nos. 112, 112-1, 112-2, 112-3, 117, 120, 121, and 121-1. The Clerk of Court is further directed to close Dkt. Nos. 111, 112, 113, 116, and 119.

SO ORDERED.

Dated: September 19, 2025
New York, New York

_____
LEWIS J. LIMAN
United States District Judge