**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEPHANIE JONES, JONESWORKS LLC, <br><br>                  Plaintiffs, <br><br> v. <br><br> JENNIFER ABEL, MELISSA NATHAN, JUSTIN BALDONI, WAYFARER STUDIOS LLC, and JOHN DOES 1-10, <br><br>                  Defendants. | Civ. Action No. 1:25-cv-00779-LJL <br> rel. 1:24-cv-10049-LJL <br><br> **DECLARATION OF KEVIN FRITZ IN SUPPORT OF MOTION TO COMPEL** |

I, Kevin Fritz, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.    I am a partner of Meister Seelig & Fein PLLC, attorneys for Jennifer Abel, Melissa Nathan, Justin Baldoni and Wayfarer Studios LLC (collectively, the "Wayfarer Parties") in the above-captioned matter.

2.    I submit this declaration in support of the Wayfarer Parties' motion to compel non-party Vanzan, Inc. ("Vanzan") to designate a witness prepared to testify at deposition about enumerated topics (the "Topics") set forth in a subpoena served by the Wayfarer Parties (as amended, the "Subpoena").

3.    The deposition of Vanzan's representative, who has not yet been identified by Vanzan, is scheduled for September 30, 2025 at 10:00 a.m. in New York.

4.    According to a Biennial Statement filed with the New York State Department of State, Division of Corporations, on June 30, 2025, the Chief Executive Officer of Vanzan is Ryan Reynolds.[1] A true copy of the Biennial Statement is attached as **Exhibit A**.

---
[1] Mr. Reynolds is the husband of Blake Lively.

1

5.      True excerpts from the transcript of the deposition of Blake Lively, conducted on July 31, 2025, are attached as **Exhibit B**.[2]

6.      A true copy of the Complaint filed by Vanzan and against Does 1 – 10 in the Supreme Court, New York County, on September 27, 2024 (the "Vanzan Lawsuit") is attached as **Exhibit C**.

7.      A true copy of a subpoena issued by Vanzan to Stephanie Jones and Jonesworks (collectively, the "Jones Parties") in the Vanzan Lawsuit is attached as **Exhibit D**.

8.      A true copy of a Notice of Discontinuance filed by Vanzan in the Vanzan Lawsuit on December 19, 2024 is attached as **Exhibit E**.

9.      According to the docket from the Vanzan Lawsuit, a true copy of which is attached as **Exhibit F**, Vanzan did not file a Request for Judicial Intervention, and no judge was assigned to the case.

10.     On September 9, 2025, the Wayfarer Parties issued the Subpoena to Vanzan, which commanded: (a) a representative of Vanzan to appear for a deposition on September 29, 2025; and (b) the production of documents.[3] A true copy of the Subpoena, dated September 9, 2025 is attached as **Exhibit G**.

11.     On September 11, 2025, Vanzan's counsel accepted service of the Subpoena.

12.     On September 18, 2025, the Wayfarer Parties' counsel and Vanzan's counsel agreed that the deposition would be held on September 30, 2025. Accordingly, on September 18, 2025, the Wayfarer Parties issued an amended Subpoena containing the September 30, 2025 date for the deposition. A true copy of the Subpoena, dated September 18, 2025 is attached as **Exhibit H**.

---

[2] The exhibit also includes the errata sheet applicable to the submitted portions of the transcript as well as Ms. Lively's signature.
[3] The Wayfarer Parties are not seeking to compel the production of documents.

13.    The Topics for which the Subpoena seeks deposition testimony are as follows:

- Lively's direct or indirect ownership interest in You. (Topic No. 1)

- Ownership interests in You. (Topic No. 2)

- Your managerial structure. (Topic No. 3)

- The Parties' claims, allegations, defenses, and counterclaims in this Action. (Topic No. 4)

- The Parties' claims, allegations, defenses, and counterclaims in the action *Lively v. Wayfarer Studios LLC et al.*, Case No. 1:24-cv-10049-LJL. (Topic No. 5)

- Your relationship and Communications with Jones. (Topic No. 6)

- Your relationship and Communications with Jonesworks. (Topic No. 7)

- The issuance of, and Communications Relating To, the Subpoena. (Topic No. 8)

- Your claims and allegations in *Vanzan, Inc. v. Does 1-10, inclusive*, Index No. 655130/2024 (N.Y. Sup. Ct.). (Topic No. 9)

- Your Communications with Lively Relating To the Subpoena. (Topic No. 10)

- Your document collection, document search, and document production in this Action. (Topic No. 11)

14.    On September 22, 2025, I met and conferred telephonically with Vanzan's counsel about its objections to the Subpoena, including the Topics on which the Wayfarer Parties seek deposition testimony. Vanzan's counsel claimed that the testimony sought could be obtained from a party. When I asked Vanzan's counsel to specify which party, Vanzan's attorney Jon Fetterolf, Esq. stated that his understanding was that Blake Lively testified about the Topics. In response, I asked Vanzan's counsel if they possess a copy of Ms. Lively's deposition transcript (which has

been designated Confidential under the Protective Order). Vanzan's other attorney on the call, Margarita O'Donnell, Esq., answered "we're not answering that" or similar words to that effect.

15.     Ms. Lively did not testify about Vanzan, except for one sentence. (Ex. B).

16.     On the evening of September 24, 2025, Vanzan served its Objections and Responses to the Subpoena (the "Objections"). A true copy of the Objections is attached as **<u>Exhibit I</u>**.

17.     In the Objections, Vanzan objected to all the Topics, alleging that the testimony sought is irrelevant to the claims, defenses, facts or circumstances related to this action. Furthermore, Vanzan stated that it will only provide information for each of the Topics "starting from on or about the filing date of the *Doe* lawsuit." (*i.e.*, the Vanzan Lawsuit filed on September 27, 2024). (Ex. I, p. 9 – 20). Subject to that (unreasonable) limitation, Vanzan stated that it would designate a Rule 30(b)(6) witness "reasonably prepared to testify about non-privileged information response to [these] Topic[s]." (*Id.*).

18.     Stated differently, even though the communications between Vanzan and the Jones Parties, or their respective representatives, concerning the contents of Jennifer Abel's electronic data seized by the Jones Parties and subsequently delivered to Blake Lively (through Vanzan) is highly relevant to Ms. Abel's counterclaims against the Jones Parties, and even though such communications surely occurred *before* the Vanzan Lawsuit was filed on September 27, 2025, Vanzan has refused to designate a witness prepared to testify about the foregoing.

19.     Upon receiving the Objections, the Wayfarer Parties agreed via email to: (a) narrow Topic No. 4 to Jennifer Abel's counterclaims in this action and the defenses thereto; and (b) narrow Topic No. 5 to Blake Lively's allegation, in paragraph 10 of her Second Amended Complaint, that she obtained the communications cited in her pleadings "in connection with a lawful subpoena…."

(Case No. 24-cv-10049, Dkt. 520, ¶ 29 n.10). A true copy of an email chain between counsel is attached as **Exhibit J**.

20.    Furthermore, and with respect to Vanzan's relevancy-based objection, the Wayfarer Parties reminded Vanzan that, in its Order dated July 7, 2025, the Court already determined that discovery from Vanzan was relevant to Jennifer Abel's counterclaims against the Jones Parties. (*Id.*).

21.    Given that the Vanzan deposition is scheduled for September 30, 2025, merely a few days from now, the Wayfarer Parties asked Vanzan to withdraw its objections to the Topics by noon EST on September 25, 2025. Vanzan has failed to do so.

I declare under penalty of perjury that the foregoing is true and correct.


Dated: New York, NY
      September 25, 2025             By:    */s/ Kevin Fritz*____
                                                KEVIN FRITZ