# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| VANZAN, INC.,<br><br>                Plaintiffs,<br><br>      -against-<br><br>DOES 1-10, inclusive,<br><br>                Defendants. | Index No.:<br><br>**SUMMONS**<br><br>The basis for venue is CPLR §§ 503(a) and (c) because Plaintiff's principal place of business is in New York County.<br><br>Plaintiff's address is 888 7th Avenue, New York, New York 10106. |

TO THE ABOVE NAMED DEFENDANTS:

      You are hereby summoned to answer the Complaint in this action and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York), and in case of your failure to appear or answer, judgment will be taken against you by default for relief demanded in the complaint.

//

//

//

//

The basis for venue designated in this action is CPLR §§ 503(a) and (c) because Plaintiff's principal place of business is in New York County. Plaintiff's address is 888 7th Avenue, New York 10106.

Dated: New York, New York
      September 27, 2024

Respectfully submitted,

MANATT, PHELPS & PHILLIPS, LLP

By: _____
Samantha J. Katze
7 Times Square
New York, New York 10036
Tel: (212) 790-4500
Fax: (212) 790-4545
Email: SKatze@manatt.com

*Attorneys for Plaintiff Vanzan, Inc.*

TO: DOES 1-10, inclusive

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------- X
VANZAN, INC.,

            Plaintiff,

   -against-

DOES 1-10, inclusive,

           Defendants.

---------------------------------------------------------- X

Index No.:

**COMPLAINT**

Plaintiff Vanzan, Inc. ("Plaintiff"), by and through its attorneys Manatt, Phelps & Phillips, LLP, for its complaint against the unnamed DOES 1-10 (the "DOE Defendants"), inclusive, hereby alleges as follows:

**NATURE OF THE ACTION**

1. This action arises out of an ongoing campaign to damage Plaintiff's business and Plaintiff's reputation.

2. Upon information and belief, the DOE Defendants have certain contractual and confidentiality obligations and obligations of good faith and loyalty to Plaintiff regarding Plaintiff's business and reputation, by way of oral promises and/or written agreements.

3. Despite these obligations, the DOE Defendants have undertaken direct efforts to contravene these agreements and instead have participated, and may continue to participate, in efforts to harm Plaintiff, including by: failing to act in Plaintiff's best interests, taking actions to their personal benefit at Plaintiff's expense, failing to freely communicate with Plaintiff regarding matters that impact Plaintiff's business and reputation, and disclosing to third parties and failing to keep strictly confidential Plaintiff's confidential and/or private information.

4. This conduct constitutes breach of the agreements and obligations owed by the DOE Defendants to Plaintiff, and has caused significant reputational and economic damages to Plaintiff.

5. This Complaint seeks to recover compensatory economic and noneconomic damages, as well as other appropriate remedies, against the DOE Defendants.

## THE PARTIES

6. Plaintiff is a New York corporation with its principal place of business located in New York, New York.

7. Upon information and belief, each of the DOE Defendants are individuals and/or companies that are domiciled, reside, have their principal places of business and/or are incorporated or organized, in New York. At this time, Plaintiff is not privy to the names or identities of the individual defendants, DOES 1-10, and therefore sues these defendants by such fictitious names. Upon information and belief, the DOE Defendants are employees, contractors, agents, or representatives of Plaintiff who have participated in, and possibly conspired with others, in a scheme to damage Plaintiff's business and reputation in breach of their oral and/or written promises to Plaintiff and their duties of good faith and loyalty to Plaintiff. Pursuant to New York's Civil Practice Law and Rules ("CPLR") § 1024, upon discovery of the actual name and identity of DOES 1-10, Plaintiff will substitute such information in the caption and in an amended pleading.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the parties and subject matter pursuant to CPLR §§ 301, 302(a)(1), 302(a)(2), 302(a)(3) and/or 302(a)(4).

9. This Court has personal jurisdiction over the DOE Defendants who, upon information and belief, carried out activities against Plaintiff in close connection with their contractual relationship with and related duties owed to Plaintiff, and are domiciled, reside, have their principal place of business and/or are incorporated or organized in New York. Alternatively, the Court has personal jurisdiction over the DOE Defendants who, upon information and belief, transact business within the state, contract to supply services in the state, have committed tortious acts within the state, have committed tortious acts without the state that have caused injury to Plaintiff in the state and regularly do or solicit business or engage in

another persistent course of conduct or derive substantial revenue from services rendered in the state or expect or should reasonably expect their tortious acts to have consequences in the state and derive substantial revenue from interstate commerce and/or own, use or possess real property situated within the state.

10. Venue in New York County is proper pursuant to CPLR §§ 503(a) and (c) because Plaintiff's principal place of business is in New York County.

## FACTUAL BACKGROUND

11. Upon information and belief, the DOE Defendants have certain confidentiality obligations to Plaintiff regarding Plaintiff's business and reputation, arising from, among other things, oral or written agreement(s), and/or duties of good faith and loyalty (collectively, the "DOE Duties").

12. Specifically, Plaintiff provided consideration to the DOE Defendants in exchange for the DOE Defendants' agreement to act in Plaintiff's best interests, not take actions to their personal benefit at Plaintiff's expense, freely communicate with Plaintiff regarding matters that impacted Plaintiff's business and reputation, and keep strictly confidential, and not disclose to third parties, Plaintiff's confidential and/or private information.

13. Upon information and belief, in or around August 2024, the DOE Defendants breached the DOE Duties by acting in a manner that was inconsistent with, and damaging to, Plaintiff's business interests and reputation.

14. Upon information and belief, the DOE Defendants' conduct included, but was not limited to, failing to act in Plaintiff's best interests, taking actions to their personal benefit at Plaintiff's expense, failing to freely communicate with Plaintiff regarding matters that impacted Plaintiff's business and reputation, and disclosing to third parties and failing to keep strictly confidential Plaintiff's confidential and/or private information.

15. Upon information and belief, in or around August 2024, the DOE Defendants disclosed Plaintiff's confidential and private information to third parties.

16. Upon information and belief, in or around August 2024, the DOE Defendants

became aware of, and failed to inform Plaintiff about, conduct by third parties that had a reasonable likelihood of causing, was designed to cause, and did cause irreparable harm to Plaintiff, Plaintiff's business interests, and Plaintiff's reputation.

17. Upon information and belief, with regard to the foregoing, the DOE Defendants have acted with negligence and/or reckless disregard of the impact that their acts and omissions have had, and continue to cause monetary damages and irreparable harm to Plaintiff, Plaintiff's business interests, and Plaintiff's reputation.

18. Plaintiff has suffered significant monetary damages and irreparable harm as a direct result of the DOE Defendants' conduct.

**FIRST CAUSE OF ACTION**
**(Breach Of Contract Against DOES 1-10)**

19. Plaintiff repeats and realleges each and every part of paragraphs 1 through 18 above as if they were fully set forth herein.

20. Upon information and belief, Plaintiff and the DOE Defendants are parties to oral and/or written agreements which, impose certain confidentiality obligations regarding Plaintiff's business and reputation and require the DOE Defendants to act in Plaintiff's best interests, not take actions in bad faith or to their personal benefit at Plaintiff's expense, freely communicate with Plaintiff regarding matters that impact Plaintiff's business and/or reputation, and keep strictly confidential, and not disclose to third parties, Plaintiff's confidential and/or private information.

21. Plaintiff provided consideration to the DOE Defendants in exchange for the DOE Defendants' agreement to act in Plaintiff's best interests, not take actions in bad faith or to their personal benefit at Plaintiff's expense, freely communicate with Plaintiff regarding matters that impacted Plaintiff's business and/or reputation, and keep strictly confidential and not disclose to third parties Plaintiff's confidential and/or private information.

22. Plaintiff has either performed, or was prevented or excused from performing by the actions of the DOE Defendants or the DOE Defendants' agents and/or representatives, all of Plaintiff's contractual obligations.

23. Upon information and belief, in or around August 2024, the DOE Defendants breached the DOE Duties by acting in a manner that was inconsistent with, and damaging to, Plaintiff's business interests and reputation, including but not limited to by failing to act in Plaintiff's best interests, taking actions in bad faith or to their personal benefit at Plaintiff's expense, failing to freely communicate with Plaintiff regarding matters that impacted Plaintiff's business and/or reputation, and disclosing to third parties and failing to keep strictly confidential Plaintiff's confidential and/or private information.

24. In addition, upon information and belief, in or around August 2024, the DOE Defendants became aware of, and failed to inform Plaintiff about, conduct by third parties that had a reasonable likelihood of causing, was designed to cause, and did cause monetary damages and irreparable harm to Plaintiff, Plaintiff's business interests and to Plaintiff's business and reputation.

25. Accordingly, the DOE Defendants breached their duties and obligations to Plaintiff set forth in their respective written and/or oral agreements with Plaintiff.

26. Upon information and belief, with regard to the foregoing, the DOE Defendants have acted with negligence and/or reckless disregard of the impact that their acts and omissions have had, and continue to cause irreparable harm and/or monetary damages to Plaintiff, Plaintiff's business interests and to Plaintiff's business and reputation.

27. Plaintiff has suffered, and will continue to suffer, significant and irreparable harm to its business and goodwill as well as monetary damages as a result of the DOE Defendants' breaches in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Breach Of Covenant Of Good Faith And Fair Dealing Against DOES 1-10)

28. Plaintiff repeats and realleges each and every part of paragraphs 1 through 27 above as if they were fully set forth herein.

29. Upon information and belief, Plaintiff and the DOE Defendants are parties to oral and/or written agreements which, impose certain confidentiality obligations regarding Plaintiff's business and reputation and require the DOE Defendants to act in Plaintiff's best interests, not take actions in bad faith or to their personal benefit at Plaintiff's expense, freely communicate with Plaintiff regarding matters that impact Plaintiff's business and reputation, and keep strictly confidential, and not disclose to third parties, Plaintiff's confidential and/or private information.

30. Plaintiff provided consideration to the DOE Defendants in exchange for the DOE Defendants' agreement to act in Plaintiff's best interests, not take actions to their personal benefit at Plaintiff's expense, freely communicate with Plaintiff regarding matters that impacted Plaintiff's business and reputation, and keep strictly confidential and not disclose to third parties Plaintiff's confidential and/or private information.

31. Despite these obligations, Plaintiff is informed and believes that, the DOE Defendants deprived Plaintiff of the benefits of their agreement and thus breached their duty to deal fairly and in good faith by, among other things, acting in a manner that was inconsistent with, and damaging to, Plaintiff's interests and reputation by, among other things, disclosing confidential and private information about Plaintiff to third parties and failing to inform Plaintiff of information and conduct that had a reasonable likelihood of causing irreparable harm to Plaintiff and to Plaintiff's goodwill and reputation.

32. Plaintiff has suffered, and will continue to suffer, significant and irreparable harm to its business and goodwill as well as monetary damages, as a result of the DOE Defendants' breaches in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (Faithless Servant Liability Against DOES 1-10)

33. Plaintiff repeats and realleges each and every part of paragraphs 1 through 32 above as if they were fully set forth herein.

34. Upon information and belief, Plaintiff and the DOE Defendants are parties to oral and/or written agreements which, impose certain confidentiality obligations regarding Plaintiff's business and reputation and require the DOE Defendants to act in Plaintiff's best interests, not take actions in bad faith or to their personal benefit to the detriment of Plaintiff.

35. Notwithstanding these contractual obligations, the DOE Defendants engaged in misconduct and unfaithfulness by disclosing confidential and private information about Plaintiff to third parties and failing to inform Plaintiff of information and conduct that had a reasonable likelihood of causing irreparable harm to Plaintiff and to Plaintiff's goodwill and reputation.

36. The DOE Defendants' conduct substantially violated their contracts of service with Plaintiff and such violations permeated the DOE Defendants' service in their most material and substantial part, and were directly against Plaintiff's interests.

37. Further, as Plaintiff's employees, contractors, agents, or representatives, the DOE Defendants owed Plaintiff a duty of loyalty, which required them to exercise the utmost good faith and loyalty in the performance of their duties, prohibited them from acting in any manner inconsistent with the trust placed in them by Plaintiff, and required them to keep confidential Plaintiff's private and/or confidential information.

38. At the time that the DOE Defendants owed such duties to Plaintiff, they, solely for their own benefit, acted in a manner that was inconsistent with, and damaging to, Plaintiff's interests and Plaintiff's reputation by, among other things, disclosing confidential and private information about Plaintiff to third parties and failing to inform Plaintiff of information and conduct that had a reasonable likelihood of causing irreparable harm to Plaintiff and to Plaintiff's goodwill and reputation.

39. The DOE Defendants' foregoing actions, individually and collectively, were adverse to Plaintiff and constituted a breach of the duties of good faith and loyalty owed to Plaintiff.

40. Plaintiff has suffered, and will continue to suffer, damages as a result of the DOE Defendant's material violation of their contracts with Plaintiff and their breaches of their duties of good faith and loyalty, in an amount to be determined at trial.

41. As a result of their misconduct, unfaithfulness, contractual breaches, and violation of their duties of good faith and loyalty to Plaintiff, the DOE Defendants, at a minimum, forfeited the right to receive, and are obligated to return to Plaintiff, any and all income they received from Plaintiff from and after the commencement of the DOE Defendants' wrongdoing, including, without limitation, all fees, bonuses and profits received in connection with their work for Plaintiff in an amount to be determined at trial.

42. In addition to compensatory damages and/or disgorgement, Plaintiff is entitled to an award of punitive damages against the DOE Defendants in an amount to be determined at trial because the conduct underlying their breaches evinces a high degree of moral turpitude and demonstrates such wanton dishonesty as to imply a criminal indifference to their civil obligations.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment in its favor and against the DOE Defendants as follows:

1. For compensatory damages in an amount to be determined at trial;

2. For an order requiring the DOE Defendants to return to Plaintiff all monies of any kind they received from Plaintiff from and after the commencement of the DOE Defendants' wrongdoing in connection with the work they performed for Plaintiff;

3. For exemplary or punitive damages in an amount to be determined at trial;

4. Pre- and post-judgment interest as permitted by law;

5. For its costs of suit, disbursements and reasonable attorneys' fees; and

6. For such other relief as the Court deems just and proper.

Dated: New York, New York
September 27, 2024

Respectfully submitted,

MANATT, PHELPS & PHILLIPS, LLP

By: _____
Samantha J. Katze
7 Times Square
New York, New York 10036
Tel: (212) 790-4500
Fax: (212) 790-4545
Email: SKatze@manatt.com

*Attorneys for Plaintiff Vanzan, Inc.*