# EXHIBIT H

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | | |
|---|---|---|
| Stephanie Jones, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  1:25-cv-00779-LJL |
| Jennifer Abel, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                      Vanzan Inc.

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See Attachment A.

| Place: Meister Seelig & Fein, LLP<br>125 Park Ave., 7th Floor<br>New York, NY 10017 | Date and Time:<br>09/30/2025 10:00 am ET |
|---|---|

The deposition will be recorded by this method:   audio, video, and court reporter

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See Attachment B.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   09/18/2025

|  | | |
|---|---|---|
| *CLERK OF COURT* | | |
| | OR | |
| | | /s/ Bryan J. Freedman |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants Wayfarer Studios LLC, et al. , who issues or requests this subpoena, are:

Bryan Freedman, Liner Freedman Taitelman + Cooley, LLP, 1801 Century Park West, 5th Floor, Los Angeles, CA 90067; (310) 201-0005; bfreedman@lftcllp.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.    1:25-cv-00779-LJL

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____    on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT "A"

## DEFINITIONS

Unless specifically indicated, or otherwise required by the context in which the terms and names are used, the following definitions and instructions apply:

1.      The full text of the definitions and rules of construction set forth in Local Civil Rule 26.3 is incorporated by reference hereinto.

2.      "Action" means *Stephanie Jones et al. v. Jennifer Abel et al.*, 1:25-cv-00779-LJL (S.D.N.Y.)

3.      "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), including, but not limited to, telephone calls, text messages, in-person conversations, emails, or otherwise, and, for avoidance of doubt, shall include group communications that may include third parties not named in or encompassed by the Request.

4.      "Lively" means Blake Lively and her agents, representatives, employees, attorneys, and public relations and media consultants or advisors.

5.      "Relating To" shall be interpreted broadly and includes, but is not limited to, the following meanings: containing, constituting, recording, discussing, mentioning, noting, evidencing, memorializing, analyzing, describing, commenting upon, pertaining to, concerning and/or referring to the matters set forth.

6.      The terms "Vanzan," "You" or "Your" shall mean Vanzan, Inc., its parents, subsidiaries, officers, directors, employees, agents, representatives, administrators and any person acting or purporting to act on its behalf.

7.      The term "Jonesworks" shall mean Jonesworks LLC, its parents, subsidiaries, officers, directors, employees, agents, representatives, administrators and any person acting or purporting to act on its behalf.

8.    The term "Subpoena" shall mean and refer to the subpoena serveed by You on Jonesworks on or about October 1, 2024 in *Vanzan, Inc. v. Does 1-10, inclusive*, Index No. 655130/2024 (N.Y. Sup. Ct.).

## **RELEVANT TIME PERIOD**

The relevant time period for the below Topics is January 1, 2022 through the present.

## **TOPICS**

1.      Lively's direct or indirect ownership interest in You.

2.      Ownership interests in You.

3.      Your managerial structure.

4.      The Parties' claims, allegations, defenses, and counterclaims in this Action.

5.      The Parties' claims, allegations, defenses, and counterclaims in the action *Lively v. Wayfarer Studios LLC et al.*, Case No. 1:24-cv-10049-LJL.

6.      Your relationship and Communications with Jones.

7.      Your relationship and Communications with Jonesworks.

8.      The issuance of, and Communications Relating To, the Subpoena.

9.      Your claims and allegations in *Vanzan, Inc. v. Does 1-10, inclusive*, Index No. 655130/2024 (N.Y. Sup. Ct.).

10.      Your Communications with Lively Relating To the Subpoena.

11.      Your document collection, document search, and document production in this Action.

## ATTACHMENT "B"

## DEFINITIONS

Unless specifically indicated, or otherwise required by the context in which the terms and names are used, the following definitions and instructions apply:

1.      The full text of the definitions and rules of construction set forth in Local Civil Rule 26.3 is incorporated by reference hereinto.

2.      "Action" means *Stephanie Jones et al. v. Jennifer Abel et al.*, 1:25-cv-00779-LJL (S.D.N.Y.)

3.      "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), including, but not limited to, telephone calls, text messages, in-person conversations, emails, or otherwise, and, for avoidance of doubt, shall include group communications that may include third parties not named in or encompassed by the Request.

4.      "Document" means any documents or electronically stored information—including but not limited to communications (as defined below) and any writing, drawing, graph, chart, photograph, sound recording, video or audio-video recording, image, or other data or data compilation—stored in any medium (including email, text messages, or chats) from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

5.      "Lively" means Blake Lively and her agents, representatives, employees, attorneys, and public relations and media consultants or advisors.

6.      "Relating To" shall be interpreted broadly and includes, but is not limited to, the following meanings: containing, constituting, recording, discussing, mentioning, noting, evidencing, memorializing, analyzing, describing, commenting upon, pertaining to, concerning and/or referring to the matters set forth.

7.    The terms "Vanzan," "You" or "Your" shall mean Vanzan, Inc., its parents, subsidiaries, officers, directors, employees, agents, representatives, administrators and any person acting or purporting to act on its behalf.

8.    The term "Jonesworks" shall mean Jonesworks LLC, its parents, subsidiaries, officers, directors, employees, agents, representatives, administrators and any person acting or purporting to act on its behalf.

9.    The term "Subpoena" shall mean and refer to the subpoena issued by You to Jonesworks on or about October 1, 2024 in *Vanzan, Inc. v. Does 1-10, inclusive*, Index No. 655130/2024 (N.Y. Sup. Ct.).

## INSTRUCTIONS

1.    Each document produced shall be segregated according to the numbered request to which it is responsive or shall be designated in some other manner sufficient to identify to which request it is responsive or shall be produced as it is kept in the usual course of business.

2.    If any document to be produced has been lost, discarded, transferred to another person or entity, destroyed, or otherwise disposed of, state in writing:

   a.    the date, name, and subject matter of the document;

   b.    the name, address, employment, and title of each person who prepared, received, reviewed, or had custody, possession, or control of the document;

   c.    all persons with knowledge of the contents or any portion of the contents of the document;

   d.    the previous location of the document;

   e.    the date of disposal or transfer of the document;

   f.    the reason for disposal or transfer of the document;

   g.    the manner of disposal of the document; and

h.      the names and addresses of the transferee of the document, if applicable.

3.      If any request is objected to or documents or things responsive to any request are withheld under a claim of privilege or otherwise, with respect to each such request, You shall, in the response or objection, identify the nature of the privilege (including work product) which is being claimed and, if the privilege is being asserted in connection with a claim or defense governed by state law, set forth the state privilege rule being invoked.  When any privilege is claimed, You shall indicate whether any such documents exist as to the information requested.

4.      If any document or thing responsive to this request is confidential, it shall only be marked so in accordance with the Protective Order in the Action, entered March 13, 2025 (Dkt. No. 74).  Any improper designations may be challenged before the Court.

5.      These requests are deemed to be continuing in nature, and You are under an obligation to supplement or amend Your responses promptly upon learning of additional information or information that renders Your existing responses inaccurate or incomplete.

6.      Unless otherwise specified, the below requests apply to the period between January 1, 2023 and the present.

## PRODUCTION OF ESI

1.      Format: ESI should be produced in load-ready standard format, including single-page, TIFF Group IV, 300 DPI TIFF images with the exception of spreadsheet and presentation type files, audio and video files, and Documents with tracked changes reflected in the metadata, which should be produced in native format.  If an original Document contains color, the Document should be produced as single-page, 300 DPI JPG images with JPG compression and a high-quality setting so as to not degrade the original image. Parties are under no obligation to enhance an image beyond how it was kept in the usual course of business. TIFFs/JPGs should show any and all text

and images that would be visible to the reader using the native software that created the Document. For example, TIFFs/JPGs of sent email messages should include the BCC line.

2.      Format – Native Files: Spreadsheets (*e.g.*, Excel, Lotus, Google Sheets, CSV) and Media files (*e.g.*, .WAV, .MP3, .MP4, .MOV, .WMV, .MPEG), shall be produced in Native Format, except where such files are redacted.  For Google Documents, production of an export in a comparable format will constitute native production (*e.g.*, Google Sheets Document exported in Microsoft Excel format).  A TIFF placeholder endorsed with the corresponding Bates number and confidentiality designation (if any) shall be produced for all ESI produced in Native Format.

3.      Word Documents and PowerPoint Documents shall be produced in both native and TIFF format, with track changes and speaker notes imaged.

4.      Metadata: Metadata produced will include the following fields of information, to the extent such information exists and can be readily provided through reasonable efforts: BegBates, EndBates, AttachRange, BegAttach, EndAttach, ParentID, ChildID(s), AllCustodian, FilePath, Subject, From, To, CC, BCC, DateSent, TimeSent, DateReceived, TimeReceived, FileType (*e.g.*, Email, Attachment, Loose File, Hard Copy), FileName, Author, DateCreated, DateModified, MD5 Hash (or SHA-1, whichever is used for deduplication), File Size, FileExtension, DocLink, and TextPath.

5.      Message Metadata: In addition to the fields listed in the prior paragraph, Metadata for text and chat messages produced will include the following fields of information, to the extent such information exists and can be readily provided through reasonable efforts: Message Thread ID, Message Participants, Message From, Message To, Message DateTime Sent, Message Application Name (*e.g.*, Signal, WhatsApp, etc.)., Message Deleted, Message Deleted on, Message Deleted By, Message Edited, Message Edited On, Message Edited By.

6.      Attachments: If any part of an email or its attachments is responsive, the entire email and attachments should be produced, except any information to be redacted on the basis of privilege.  The attachments should be produced sequentially after the parent email.

7.      Compressed File Types: Compressed file types (*e.g.*, .ZIP, .RAR, .CAB,.Z) should be decompressed so that the lowest level Document or file is extracted.

## REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All Documents reflecting Lively's direct ownership interest in You.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents reflecting Lively's indirect ownership interest in You.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents reflecting any ownership interests in You.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents Relating To Your managerial structure.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents Relating To The Parties' claims, allegations, defenses, and counterclaims in this Action.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents Relating To the Parties' claims, allegations, defenses, and counterclaims in the action *Lively v. Wayfarer Studios LLC et al.*, Case No. 1:24-cv-10049-LJL.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents Relating To Your relationship and Communications with Jones.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents Relating To Your relationship and Communications with Jonesworks.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents Relating To the issuance of, and Communications Relating To, the Subpoena.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents Relating To Your claims and allegations in *Vanzan, Inc. v. Does 1-10, inclusive*, Index No. 655130/2024 (N.Y. Sup. Ct.).

**REQUEST FOR PRODUCTION NO. 11:**

All Documents Relating To Your communications with Lively Relating To the Subpoena.

**REQUEST FOR PRODUCTION NO. 12:**

Your document collection, document search, and document production in this Action.

## **CERTIFICATE OF SERVICE**

I, Cortni' A. Davis, do hereby certify that I am not less than 18 years of age and that on this 18th day of September, 2025 I caused a copy of the within **NOTICE OF AMENDED SUBPOENA** to be served upon the following counsel for the parties via email:

**SEE ATTACHED SERVICE LIST**

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


Dated: September 18, 2025
　　　　Los Angeles, CA

*Cortni Davis*
Cortni' A. Davis

**<u>SERVICE LIST</u>**
**<u>Jones et al. v. Abel et al. (1:25-cv-00779-LJL</u>**

**QUINN EMANUEL URQUHART & SULLIVAN LLP**
Nicholas Inns
1300 I St NW
Suite 900
Washington, DC 20005
Tel: 202-774-6147
Email: nicholasinns@quinnemanuel.com

*Attorneys for Plaintiffs/Counter Defendants Stephanie Jones and Jonesworks LLC*

**QUINN EMANUEL URQUHART & SULLIVAN LLP**
Maaren Alia Shah
Morgan L. Anastasio
295 5th Avenue
New York, NY 10016
Tel: 212-849-7452
Email: maarenchoksi@quinnemanuel.com
Email: morgananastasio@quinnemanuel.com

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Kristin Tahler
865 S. Figueroa Street
Ste 10th Floor
Los Angeles, CA 90017
Tel: 213-443-3615
Email: kristintahler@quinnemanuel.com

**UMHOFER, MITCHELL & KING LLP**
Matthew Donald Umhofer
Anthony King
Jonas Palmer Mann
767 S. Alameda Street, Suite 270
Los Angeles, CA  90021
Tel: 213-394-7979
Fax: 213-529-1027
Email: matthew@umklaw.com
        anthony@umklaw.com
        jonas@umklaw.com

**MEISTER SEELIG & FEIN PLLC**
Mitchell Schuster
Amit Shertzer
Kevin A. Fritz
125 Park Avenue, 7th Floor
New York, NY 10017
212-655-3500
Fax: 212-655-3535
Email: ms@msf-law.com
        as@msf-law.com
        kaf@msf-law.com

*Co-Counsel for Defendants/Counter Claimants Wayfarer Studios LLC, Jennifer Abel, Justin Baldoni, Melissa Nathan*

**AHOURAIAN LAW**
Mitra Ahouraian
2029o Century Park East, 4th Floor
Los Angeles, CA 90067
Tel: 310-376-7878
Email: mitra@ahouraianlaw.com

*Co-Counsel for*
*Defendants/Counter Claimants*
*Wayfarer Studios LLC, Jennifer*
*Abel, Justin Baldoni, Melissa*
*Nathan*