

Margarita K. O'Donnell
PARTNER
Zuckerman Spaeder LLP
modonnell@zuckerman.com
(202) 778-1841

September 26, 2025

**VIA ECF**
The Honorable Lewis J. Liman, U.S.D.J.
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    <u>*Stephanie Jones and Jonesworks v. Jennifer Abel, et al.*, No. 1:25-cv-00779</u>

Dear Judge Liman:

    We write on behalf of non-party Vanzan, Inc. ("Vanzan") in response to the letter motion to compel filed by Defendants (Dkt. 129), which purports to compel a corporate representative for Vanzan to testify as to specific time period in its upcoming Rule 30(b)(6) deposition as to a certain deposition topics. This is a curious request, given that ***Vanzan confirmed, on multiple occasions, that it was producing a corporate designee on September 30 to testify to all topics in the deposition subpoena***. This letter motion is either an effort by Defendants to use the Court's docket to advance an unfounded narrative and generate media coverage around "Vanzan" (a frequent boogeyman of Defendants) or an attempt to manufacture a "dispute" where none exists. Regardless, Defendants' motion does nothing more than waste the time of the Court, the parties, and third-party Vanzan. Unless ordered otherwise, Vanzan plans to produce its corporate designee to be questioned on the subpoena topics on September 30, 2025, and ***told Defendants that in writing on multiple occasions before they filed this baseless motion***. Accordingly, there is nothing for this Court to compel and the motion should be denied as moot.

    With respect to the narrow issue Defendants' motion raises, which is Vanzan's objections regarding the relevant date range of certain topics, they never once raised or conferred with Vanzan on this issue. Nor has Vanzan ever refused to provide testimony on any of the topics set forth in the subpoena. Upon receiving their motion, we asked counsel for Defendants to withdraw their motion to compel because there is no dispute, and therefore nothing to compel. Dkt. 133, Ex. 1. They refused, and instead "demanded" that all objections be waived, including privilege. *Id.* There is no issue for the Court to resolve and no need for Defendants to waste the Court's resources with this motion.

    A review of the relevant events reveals that Defendants' motion is without basis:

- On September 11, 2025, counsel for Vanzan accepted service of a Rule 30(b)(6) subpoena on Vanzan, which contained 11 deposition topics ("Topics") and 12 new document requests. Defendants' sprawling subpoena sought discovery on a wide variety of topics. At no point

THE HONORABLE LEWIS J. LIMAN
PAGE 2

did Defendants ask for a meet and confer in advance of serving the subpoena or following service of the subpoena. *See* Fed. Rule Civ. P. 30(b)(6).

- On September 18, 2025, counsel for Vanzan asked to meet and confer with Defendants. At the meet and confer, counsel for Vanzan informed Defendants that it would produce a designee to testify on the Topics and would serve general objections on September 24.

- On September 24, 2025, Vanzan served objections and responses to the Rule 30(b)(6) deposition subpoena served by Defendants, which contained standard objections and responses, including as to the time period in Defendants' subpoena.[1] Dkt. 133, Ex. 2. At the end of the objections to each of the specific Topics, Vanzan affirmed that it would produce a deponent to testify as to the Topics and listed no specific limitation other than privilege. *Id*. This is in stark contrast to simultaneous objections filed to Defendants' document subpoena, where only objections were listed. Vanzan also offered to meet and confer. *Id*.

- On September 25, at 12:38 a.m. ET, counsel for Defendants sent an email to counsel for Vanzan offering to narrow two topics and asking for the name of the individuals who would attend the deposition in-person. Dkt. 133, Ex. 1. Counsel for Defendants also demanded that Vanzan respond "by noon EST on Thursday, September 25, 2025, if Vanzan withdraws its objections to the Topics. If the objections to the Topics are not withdrawn by such date and time, we will seek appropriate relief from the Court." *Id*.

- On September 25, at 10:28 a.m. ET, counsel for Vanzan responded that we "need to discuss with our client and expect to get back to you later today or tomorrow morning with respect to the specific issues you raise. In the meantime, confirming we are planning on having a deponent testify on Tuesday." *Id*.

There were no additional emails from Defendants' counsel. No phone calls. Defendants' counsel never raised any "time period" issue. Nor did Defendants' counsel give counsel for Vanzan the courtesy of consulting with her client, as counsel stated she was doing. Defendants' counsel made no effort to apprise counsel for Vanzan of any specific issue relating to the objections. That is in stark contrast to the other *specific* components of Defendants' 12:38 a.m. email, which offered, for example, narrowing of certain Topics and a discussion about relevance. As such, it is difficult to see this motion to compel as anything other than an attempt to manufacture a dispute and drag non-party Vanzan into litigation for show, allowing Defendants to reiterate their misleading narrative about Vanzan for the press. If Defendants had any genuine concerns about

---

[1] The Subpoena contained a time period that began on January 1, 2022. Any mention of Vanzan in the claims in the *Jones* litigation relates to Vanzan's involvement in a New York state lawsuit that was filed in September 2024. Thus, Vanzan objected and stated that the appropriate time period was on or about the filing of that lawsuit. It did not, however, refuse to answer questions prior to that date, or refuse to provide a corporate designee.

the time-period objection, they would have raised it with Vanzan before inconveniencing the Court. That is the purpose of the meet and confer requirements and consistent with principles of professional decorum and professional efficiency.

Yet at 8:56 p.m. ET on September 25, Defendants filed a motion to compel Vanzan, which seeks to compel Vanzan to testify to the original time period in the subpoena.[2] Roughly simultaneous to their filing, at 9:02 p.m. ET, counsel for Vanzan sent an email accepting the proposed narrowing of Topics 4-5, providing the names of the designee and the attendees for the deposition, and confirming again that Vanzan would attend deposition. After reviewing Defendants' motion, counsel sent Defendants emails requesting they withdraw the motion and explaining why. Dkt. 133, Ex. 1. Counsel for Defendants responded and refused. *Id.*

The motion is an effort to manufacture a dispute so Defendants can further burden non-party Vanzan and provide more fodder for an ongoing media campaign. As Defendants know, had Vanzan sought to limit the scope of the Topics, it had to file a motion for a protective order with this Court. *See* Fed. R. Civ. P. 26(c); *see also GMO Gamecenter USA, Inc. v. Whinstone US, Corp.*, No. 22-CV-5974, 2024 WL 5107269, at *1 (S.D.N.Y. Dec. 13, 2024) (describing standards for party filing motion for protective order to limit deposition topics). Instead, Vanzan served objections and responses, met and conferred as appropriate, and confirmed multiple times that its designee would testify on the Topics.[3]

In conclusion, the Court should deny Defendants' motion as moot. There is no dispute between Vanzan and Defendants. As Vanzan has stated to Defendants and consistent with federal practice, Vanzan will produce a designee to testify as to non-privileged information regarding the Topics, without waiving any objections.

---

[2] Defendants characterize this as request to compel testimony about the "*full* period of [Vanzan's] relationship with plaintiffs Stephanie Jones and Jonesworks." Dkt. 129 at 1. Defendants use their motion as a vehicle to reiterate their baseless claims regarding how evidence of their misconduct was obtained from Ms. Abel's phone and their media-friendly theory about the underlying *Doe* litigation in New York court. Defendants suggest, without any evidence, that there was a prior relationship between Vanzan and Ms. Jones or Jonesworks. Vanzan is preparing a deponent to testify about any alleged relationship Vanzan had with Ms. Jones and Jonesworks, as set forth in the relevant Topics.

[3] Defendants may note that their 12:38 a.m. email had a vague, catch all request that Vanzan "withdraw their objections" to the Topics. Given the sprawling nature of the Defendants' subpoena, Vanzan asserted several standard objections to the Topics, including as to relevance, privilege, work product, burden, time period, and overbreadth. It appears that the real reason Defendants made a "catch all" demand was to create the appearance of a dispute and a meet and confer so that they could file a motion to compel on any of the objections. Defendants had multiple opportunities to raise any concerns about the time period objection specifically, but never did, and simply demanding that all objections, including privileged objections, be withdrawn, is not reasonable or made in good faith.

Respectfully submitted,

*/s/ Margarita K. O'Donnell*

ZUCKERMAN SPAEDER LLP
Jon R. Fetterolf
Margarita K. O'Donnell*
2100 L Street NW, Suite 400
Washington, DC 20037
202.778.1800
jfetterolf@zuckerman.com
modonnell@zuckerman.com

*Attorneys for Non-Party Vanzan, Inc.*