EXHIBIT 2

**Bates, Naomi B.**

| | |
|---|---|
| **From:** | O'Donnell, Margarita K. |
| **Sent:** | Wednesday, September 24, 2025 10:09 PM |
| **To:** | Local MS. Counsel; Local KAF. Counsel; Bryan Freedman; mcooley@lftcllp.com; Theresa Troupson; Summer Benson; Jason Sunshine |
| **Cc:** | Fetterolf, Jon R.; Bates, Naomi B. |
| **Subject:** | Responses & Objections - Subpoena to Vanzan, Inc.  in Jones, et al. v Abel, et. al., 25-cv-00779 (SDNY) |
| **Attachments:** | 2025-09-24 Non-Party Vanzan's Objections and Responses to Subpoena.pdf |

Dear Counsel

Please find enclosed Vanzan, Inc.'s objections and responses to the subpoena served by Defendants. We are available for a meet and confer.

Regards,
Maggie O'Donnell



**Margarita O'Donnell**

**office**  202.778.1841  **mobile**  202.367.6702  **email**  modonnell@zuckerman.com

Zuckerman Spaeder LLP,  2100 L Street NW, Suite 400, Washington, DC 20037-1525

www.zuckerman.com  |  Download vCard

This transmission (including any attachments) from the law firm of Zuckerman Spaeder LLP may contain information that is confidential and/or subject to the attorney-client privilege or the work product doctrine. Use or dissemination of this information by anyone other than the intended recipient is prohibited and may be unlawful.  If you have received this transmission in error, please immediately notify the sender by return email or contact us by telephone at 202.778.1800 and permanently delete all copies.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHANIE JONES, et al., | |
| *Plaintiffs*, | |
| v. | No. 1:25-cv-00779-LJL |
| JENNIFER ABEL, et al., | |
| *Defendants*. | |

### NONPARTY VANZAN, INC.'S OBJECTIONS AND RESPONSES TO DEFENDANTS' SUBPOENA TO PRODUCE DOCUMENTS AND PROVIDE TESTIMONY

Pursuant to Federal Rules of Civil Procedure 26, 30, and 45, Nonparty Vanzan, Inc. ("Vanzan"), by and through its undersigned attorneys, states these objections and responses to the subpoena served on Vanzan in the above-captioned action (the "Action") by Defendants Jennifer Abel, Melissa Nathan, Justin Baldoni, and Wayfarer Studios LLC ("Defendants").

### PRELIMINARY STATEMENT

1.      Vanzan is not a party to the instant Action, nor to any related action, including without limitation the matter styled *Lively v. Wayfarer Studios LLC*, No. 1:24-cv-10049-LJL (S.D.N.Y).

2.      On September 11, 2025, Vanzan accepted service of the instant subpoena ("Subpoena"), which contains 12 requests for production of documents and 11 deposition topics and requests that the deposition be scheduled on September 29, 2025.[1]

---

[1] On September 18, Vanzan and Defendants agreed by email correspondence to hold Vanzan's deposition on September 30, 2025. Defendants subsequently issued a notice of amended subpoena which reflects the September 30 deposition date.

3.      In April 2025, Defendant Abel served on non-party Vanzan a document subpoena with eleven different requests (the "April 21 Subpoena"). Using the original subpoena as a vehicle to deflect from the core issues in this Action and related actions, Defendant Abel sought a variety of information from Vanzan, which ranged from Vanzan's corporate structure to documents received in an earlier New York state proceeding. Throughout May 2025, counsel for Vanzan and Abel corresponded by email and met and conferred on the issues raised by the April 21 Subpoena. Defendant Abel offered to withdraw certain subpoena requests and narrow four of the remaining five requests and produce certain documents. Then, after failing to respond to correspondence from Vanzan's counsel, Defendant Abel filed a motion to compel in this Action, seeking production for certain documents related to Requests Nos. 1, 4, 9, 10, and 11 of the April 21 Subpoena. *See* ECF No. 69. In its opposition, Vanzan indicated that it would produce certain specific documents responsive to Request Nos. 1, 4, 10, and 11: Vanzan's articles of incorporation and written consents of Vanzan's board of directors which reflect its officers and shareholders; a copy of a subpoena issued by Vanzan in the *Doe* litigation; and documents produced in response to that subpoena. *See* ECF No. 73. The Court subsequently denied Defendant Abel's motion as moot for those four requests and granted the motion as to Request No. 9 of the April 21 Subpoena. *See* ECF No. 79.

4.      Consistent with the Court's order and the agreement between non-party Vanzan and Defendant Abel, Vanzan produced thousands of documents in July 2025 and completed its document production that month. Defendant Abel did not raise any issues with the production, identify any deficiencies, or file any motions relating to this production. Notably, the Court-imposed deadline for Defendant Abel to file a motion to compel a third party to produce documents was August 22, 2025. ECF No. 21 & ECF No. 425 (*Lively v. Wayfarer Studios LLC*, No. 1:24-cv-10049-LJL (S.D.N.Y)). Thus, all issues pertaining to document requests to third-party Vanzan were

resolved.

5.      Now, disregarding this history, Defendants issued the instant Subpoena, which contains 12 document requests. The bulk of the Requests seek documents in the Subpoena which cover identical or similar categories of documents as the April 21 Subpoena. The Requests on their face are duplicative of the initial Requests already issued to Vanzan and litigated before the Court. The other Requests seek documents that have already been produced in this Action or documents that are largely protected by various privileges. All the Requests seek information that Defendants could have sought during the open period for third party document discovery.

6.      Defendants are also violating the Court's scheduling order for discovery. On July 15, the Court ordered that the "**date for completion of all document discovery, including production by non-parties pursuant to subpoena** and responses to requests not yet issued, is extended to August 15, 2025." ECF No. 21 & ECF No. 425 (*Lively v. Wayfarer Studios LLC*, No. 1:24-cv-10049-LJL (S.D.N.Y)) (emphasis added). Defendants issued the Subpoena on September 9, 2025, nearly one month after the Court-imposed deadline. The purpose of the Court's scheduling order was to provide a deadline for third party document productions. The Subpoena contravenes and attempts to circumvent that scheduling order. There is no justification or good cause for the delay in issuing these new Requests. Moreover, the untimely service of these Requests, only two weeks from the close of discovery, and only two weeks from the requested deposition date, impose a significant burden on non-party Vanzan.

7.      Vanzan makes the following objections and responses based upon information and documents available to it as of the date hereof and reserves the right to supplement and/or amend these responses when and if necessary. The fact that Vanzan has responded to any part of any Request, or identified or produced any document or part thereof, should not be taken as an

admission that Vanzan accepts or admits the existence of any information set forth or assumed by the Request.

8.      Vanzan makes the following objections and responses based upon documents within Vanzan's possession following a reasonable search.

9.      Vanzan's responses do not imply any agreement or concession that the documents requested are relevant or admissible in this or any proceeding, and the responses are not to be construed as waiving any objection stated herein or as waiving any objection on any ground to the use of the information within them in this or any other proceeding.

10.     Any inadvertent disclosure by Vanzan of documents or information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, or any other applicable privilege shall not constitute a waiver of that privilege or doctrine. Inadvertent disclosure of any information that is privileged or otherwise immune from discovery shall not constitute a waiver of any other ground for objecting to the discovery with respect to such information or the subject matter thereof during subsequent proceedings. Vanzan reserves the right to demand that Defendants disregard, return, or destroy any information inadvertently disclosed.

11.     A statement that Vanzan will produce nonprivileged documents that are responsive to a particular Request, if any are located after a reasonable search, is not an admission or statement that any such documents or communications exist, but instead reflects the intention of Vanzan, subject to its objections, to conduct a reasonable search for responsive documents.

## GENERAL OBJECTIONS

The following General Objections apply to each of the subpoena requests (the "Requests") and deposition topics (the "Topics") propounded by Defendants and, unless stated otherwise, shall have the same force and effect as if set forth in full in each Specific Objections and Responses

section.

1.      Vanzan objects to each of the Definitions and Instructions in the Subpoena to the extent they purport to impose obligations beyond those established by the Federal Rules of Civil Procedure, Local Civil Rules, Orders of this Court, or any other applicable rule or law (the "Applicable Rules"). Vanzan responds to the Requests and Topics in accordance with the Applicable Rules.

2.      Vanzan objects to the Subpoena and Requests to the extent they seek documents and communications from non-party Vanzan in violation of the Court-imposed August 15, 2025 deadline for document discovery for non-parties. The Requests are an effort to evade the Court's order regarding the discovery period for third party document productions. *See* ECF No. 21 & ECF No. 425 (*Lively v. Wayfarer Studios LLC*, No. 1:24-cv-10049-LJL (S.D.N.Y)). There is no justification or good cause for the delay in issuing these new Requests.

3.      Vanzan objects to the Requests to the extent they seek information previously sought by Defendants and already ruled on by the Court. In the April 21 Subpoena, Defendant Abel sought a wide variety of irrelevant documents related to Vanzan's corporate structure and the *Doe* lawsuit from Vanzan. Vanzan provided responses and objections to those original requests, which it incorporates here. *See* ECF No. 74-2. As described above, Vanzan and Abel met and conferred over the Requests for several weeks, and reached an agreement as to some of the original Requests. Defendant Abel subsequently abandoned or narrowed most of those requests. Eventually, Defendant Abel filed a motion to compel, seeking specific documents pursuant to Requests Nos. 1, 4, 9, 10, and 11 of the April 21 Subpoena. *See* ECF No. 69. Vanzan agreed to produce certain documents responsive to Request Nos. 1, 4, 10, and 11. *See* ECF No. 73. The Court subsequently denied Defendant Abel's motion as moot for those four requests and granted the

motion as to Request No. 9 of the April 21 Subpoena. *See* ECF No. 79. Vanzan completed its document production in July 2025, and produced thousands of documents during that time. Defendant Abel did not raise any issues, identify any deficiencies, or file any motions relating to Vanzan's document production, and the deadline for Defendants to file a motion to compel passed on August 22, 2025. ECF No. 21 & ECF No. 425 (*Lively v. Wayfarer Studios LLC*, No. 1:24-cv-10049-LJL (S.D.N.Y)). Defendants have now issued new Requests which are identical, or overlap, with the Requests that were previously issued and adjudicated by the Court.

4.      Vanzan objects to the Requests and Topics, including the Definitions and Instructions contained therein, to the extent they seek or otherwise risk encountering information or documents protected from discovery by the attorney-client privilege, the common interest doctrine, the work product doctrine, and/or any other lawfully recognized privilege or immunity from disclosure which may be trigged by the Requests or Topics. Nothing contained herein is intended to be a waiver of any such privileges or doctrines, and any responses to the Requests or Topics are not intended to include any information subject to such privileges or doctrines, and shall not constitute a waiver of any applicable privilege or doctrine providing immunity from disclosure.

5.      Vanzan objects to the Requests and Topics to the extent that they seek information that could be obtained in a way that would not require Vanzan's participation. For example, Vanzan objects to the Requests and Topics to the extent they seek information that is in the possession, custody, or control of the parties to the Action or its related actions and thus equally available to Defendants. Defendants can obtain the same discovery from other sources or have already done so.

6.      Vanzan objects to the Requests and Topics to the extent they seek confidential client information, business information, proprietary information, commercially sensitive information,

competitively significant information, protected health information, information subject to confidentiality agreements and/or orders, personal information relating to Vanzan's employees, principals, or clients, and/or trade secrets of Vanzan, its employees, principals, or clients.

7.      Vanzan objects to the extent the Requests and Topics were issued for an improper purpose, such as to annoy, embarrass, oppress, harass, abuse the discovery process, or interfere with Vanzan's protected and confidential attorney-client communications.

8.      Vanzan objects to the Requests and Topics to the extent they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this Action.

9.      Vanzan objects to the extent that any Request or Topic is overbroad, unduly burdensome, or not proportional to the needs of this Action. Vanzan reserves any and all objections to relevance and materiality.

10.     Vanzan objects to the Subpoena and each of the Requests and Topics therein on the ground that Defendants have failed to comply with their obligations under Rule 45, including the obligation to "avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Abel has improperly imposed an undue burden on Vanzan because, to the extent the Subpoena seeks documents that are relevant to the Action at all, it seeks documents already requested and received in Requests for Production and Subpoenas served on parties in this Action and its related actions, including from non-party Vanzan, and thus already in the possession of Defendants.

## SPECIFIC OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS FOR DEPOSITION TOPICS AND REQUESTS FOR PRODUCTION

1.      Vanzan objects to preparing and making available a Rule 30(b)(6) representative when parties to this Action and the related *Lively v. Wayfarer* action have been deposed by

Defendants and Defendants had an opportunity to question them regarding the Topics.

2.      Vanzan objects to all Definitions to the extent they are inconsistent with the definitions of the same terms in the Southern District of New York Local Civil Rule 26.3, which the Subpoena incorporates by reference in Definition 1 of Attachment A and Definition 1 of Attachment B.

3.      Vanzan objects to the Relevant Time Period, defined as January 1, 2022 through the present for the Topics and January 1, 2023 through the present for the Requests, and the production of any documents or information prior to the date of the *Doe* lawsuit on the ground that such documents and information are not relevant to the Action and the request for them is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Vanzan will provide information starting from on or about the filing date of the *Doe* lawsuit.

4.      Vanzan objects to the definition of "Lively" in the Requests and Topics, which is overbroad because it includes unnamed and unknown individuals who presently act on Blake Lively's behalf. Vanzan interprets the term "Lively" in the Requests and Topics so as to make the Requests and Topics reasonably intelligible, meaning the physical person Blake Lively.

5.      Vanzan objects to the definition of "Vanzan," "You," and "Your" in the Requests and Topics, which are overbroad because they include present parents, subsidiaries, officers, directors, employees, agents, representatives, administrators, and any other person acting or purporting to act on Vanzan's behalf. Vanzan interprets the terms "Vanzan," "You," and "Your" in the Requests and Topics so as to make the Requests and Topics reasonably intelligible.

6.      Vanzan objects to the definition of "Jonesworks" in the Requests and Topics, which is overbroad because it includes present parents, subsidiaries, officers, directors, employees,

agents, representatives, administrators, and any other person acting or purporting to act on Jonesworks's behalf. Vanzan interprets the term "Jonesworks" in the Requests and Topics so as to make the Requests and Topics reasonably intelligible.

7.      Vanzan objects to Instruction 3 of Attachment B of the Requests for Production to the extent it purports to dictate the manner in which privilege or other protections from disclosure are asserted.

**SPECIFIC OBJECTIONS TO DEPOSITION TOPICS**

**TOPIC NO. 1**

Lively's direct or indirect ownership interest in You.

**OBJECTIONS AND RESPONSE TO TOPIC NO. 1**

Vanzan hereby incorporates all its General Objections and Specific Objections to the Definitions. Vanzan objects to this Topic as irrelevant, not proportional to the needs of the case, overly broad, vague, ambiguous, and duplicative. Vanzan is a non-party to this Action and has no involvement in the underlying claims, defenses, or facts or circumstances related to this Action. Moreover, the specific corporate information sought by this Request, to the extent any such information exists, has no relevance to the underlying claims, defenses, or facts or circumstances related to this Action. Vanzan objects to the Relevant Time Period of January 1, 2022 through the present for this Topic as seeking information not relevant to this Action, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Vanzan will provide information for this Topic starting from on or about the filing date of the *Doe* lawsuit. Vanzan objects to this Topic on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence. Vanzan further objects to this Topic on the ground that it is overly broad in that it does not contain

sufficient limitations and seeks unlimited information and is also unintelligible given that it requests information about "Lively's direct or indirect ownership interest," without defining "direct," "indirect," or "ownership interest." Vanzan further objects to this Topic as vague and ambiguous in its entirety. In addition, Vanzan objects to this Topic as duplicative of discovery already sought in this Action. Finally, Vanzan objects because Defendants already had an opportunity to seek deposition testimony on this subject, including from Ms. Lively in the *Lively v. Wayfarer* action. Subject to and without waiver of the foregoing objections, and reserving the right to assert additional objections, Vanzan will designate a Fed. R. Civ. P. 30(b)(6) witness reasonably prepared to testify about non-privileged information responsive to this Topic.

**TOPIC NO. 2**

      Ownership interests in You.

**OBJECTIONS TO TOPIC NO. 2**

      Vanzan hereby incorporates all its General Objections and Specific Objections to the Definitions. Vanzan objects to this Topic as irrelevant, not proportional to the needs of the case, overly broad, vague, ambiguous, and duplicative. Vanzan is a non-party to this Action and has no involvement in the underlying claims, defenses, or facts or circumstances related to this Action. Moreover, the specific corporate information sought by this Request, to the extent any such information exists, has no relevance to the underlying claims, defenses, or facts or circumstances related to this Action. Vanzan objects to the Relevant Time Period of January 1, 2022 through the present for this Topic as seeking information not relevant to this Action, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Vanzan will provide information for this Topic starting from on or about the filing date of the *Doe* lawsuit. Vanzan objects to this Topic on the ground that it seeks information not relevant to the claims or

defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence. Vanzan further objects to this Topic on the ground that it is overly broad in that it does not contain sufficient limitations and seeks unlimited information and is also unintelligible given that it requests information about any "[o]wnership interests in [Vanzan]," without defining "ownership interest." Vanzan further objects to this Topic as vague and ambiguous in its entirety. Finally, Vanzan objects to this Topic as duplicative of discovery already sought in this Action, including Topic No. 1. Subject to and without waiver of the foregoing objections, and reserving the right to assert additional objections, Vanzan will designate a Fed. R. Civ. P. 30(b)(6) witness reasonably prepared to testify about non-privileged information responsive to this Topic.

**TOPIC NO. 3**

Your managerial structure.

**OBJECTIONS TO TOPIC NO. 3**

Vanzan hereby incorporates all its General Objections and Specific Objections to the Definitions. Vanzan objects to this Topic as irrelevant, not proportional to the needs of the case, overly broad, vague, ambiguous, duplicative, and because the Topic seeks confidential information, proprietary information, business information, personal information, or information that is otherwise protected. Vanzan is a non-party to this Action and has no involvement in the underlying claims, defenses, or facts or circumstances related to this Action. Moreover, the specific corporate information sought by this Request, to the extent any such information exists, has no relevance to the underlying claims, defenses, or facts or circumstances related to this Action. Vanzan objects to the Relevant Time Period of January 1, 2022 through the present for this Topic as seeking information not relevant to this Action, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Vanzan will provide

information for this Topic starting from on or about the filing date of the *Doe* lawsuit. Vanzan objects to this Topic on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence. Vanzan further objects to this Topic on the ground that it is overly broad in that it does not contain sufficient limitations and seeks unlimited information and is also unintelligible given that it requests information about Vanzan's "managerial structure," without defining "managerial structure." Vanzan further objects to this Topic as vague and ambiguous in its entirety. In addition, Vanzan objects to this Topic as duplicative of discovery already sought in this Action. Finally, Vanzan objects to the Topic to the extent the Topic seeks information that is confidential, business information, proprietary information or commercially sensitive information, information subject to confidentiality agreements, or personal information relating to Vanzan's employees or principals. Subject to and without waiver of the foregoing objections, and reserving the right to assert additional objections, Vanzan will designate a Fed. R. Civ. P. 30(b)(6) witness reasonably prepared to testify about non-privileged information responsive to this Topic.

**TOPIC NO. 4**

The Parties' claims, allegations, defenses, and counterclaims in this Action.

**OBJECTIONS TO TOPIC NO. 4**

Vanzan hereby incorporates all its General Objections and Specific Objections to the Definitions. Vanzan objects to this Topic as irrelevant, not proportional to the needs of the case, unduly burdensome, seeks information subject to the attorney-client privilege and other legal protections, and duplicative. Vanzan is a non-party to this Action and has no involvement in the underlying claims, defenses, or facts or circumstances related to this Action. Vanzan objects to the Relevant Time Period of January 1, 2022 through the present for this Topic as seeking information

not relevant to this Action, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Vanzan will provide information for this Topic starting from on or about the filing date of the *Doe* lawsuit. Vanzan objects to this Topic on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence. Vanzan further objects to this Topic as unduly burdensome because the information that Defendants seek is already in Defendants' own possession. Vanzan objects to this Topic in that it seeks information protected by the attorney-client privilege, the common interest privilege, the work product doctrine, and other applicable legal privilege and protections. In addition, Vanzan objects to this Topic as duplicative of discovery already sought in this Action. Finally, Vanzan objects because Defendants already had an opportunity to seek deposition testimony on this subject, including from various parties in this case, including Plaintiffs Stephanie Jones and Jonesworks. Subject to and without waiver of the foregoing objections, and reserving the right to assert additional objections, Vanzan will designate a Fed. R. Civ. P. 30(b)(6) witness reasonably prepared to testify about non-privileged information responsive to this Topic.

**TOPIC NO. 5**

The Parties' claims, allegations, defenses, and counterclaims in the action *Lively v. Wayfarer Studios LLC et al.*, Case No. 1:24-cv-10049-LJL.

**OBJECTIONS TO TOPIC NO. 5**

Vanzan hereby incorporates all its General Objections and Specific Objections to the Definitions. Vanzan objects to this Topic as irrelevant, not proportional to the needs of the case, unduly burdensome, seeks information subject to the attorney-client privilege and other legal protections, and duplicative. Vanzan is a non-party to this Action and the *Lively v. Wayfarer* action

and has no involvement in the underlying claims, defenses, or facts or circumstances related to either action. Vanzan objects to the Relevant Time Period of January 1, 2022 through the present for this Topic as seeking information not relevant to this Action, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Vanzan will provide information for this Topic starting from on or about the filing date of the *Doe* lawsuit. Vanzan objects to this Topic on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence. Vanzan further objects to this Topic as unduly burdensome because the information that Defendants seek is already in Defendants' own possession. Vanzan objects to this Topic in that it seeks information protected by the attorney-client privilege, the common interest privilege, the work product doctrine, and other applicable legal privilege and protections. In addition, Vanzan objects to this Topic as duplicative of discovery already sought in this Action. Finally, Vanzan objects because Defendants already had an opportunity to seek deposition testimony on this subject, including from various parties in this case, including Plaintiffs Stephanie Jones and Jonesworks. Subject to and without waiver of the foregoing objections, and reserving the right to assert additional objections, Vanzan will designate a Fed. R. Civ. P. 30(b)(6) witness reasonably prepared to testify about non-privileged information responsive to this Topic.

**TOPIC NO. 6**

Your relationship and Communications with Jones.

**OBJECTIONS TO TOPIC NO. 6**

Vanzan hereby incorporates all its General Objections and Specific Objections to the Definitions. Vanzan objects to this Topic as irrelevant, not proportional to the needs of the case, overly broad, vague, ambiguous, and duplicative. Vanzan is a non-party to this Action and has no

involvement in the underlying claims, defenses, or facts or circumstances related to this Action. Vanzan objects to the Relevant Time Period of January 1, 2022 through the present for this Topic as seeking information not relevant to this Action, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Vanzan will provide information for this Topic starting from on or about the filing date of the *Doe* lawsuit. Vanzan objects to this Topic on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence. Vanzan further objects to this Topic on the ground that it is overly broad in that it does not contain sufficient limitations and seeks unlimited information and is also unintelligible given that it requests information about Vanzan's "relationship and communications with Jones," without defining "relationship." Vanzan further objects to this Topic as vague and ambiguous in its entirety. In addition, Vanzan objects to this Topic as duplicative of discovery already sought in this Action. Finally, Vanzan objects because Defendants already had an opportunity to seek deposition testimony on this subject, including from various parties in this case, including Plaintiffs Stephanie Jones and Jonesworks. Subject to and without waiver of the foregoing objections, and reserving the right to assert additional objections, Vanzan will designate a Fed. R. Civ. P. 30(b)(6) witness reasonably prepared to testify about non-privileged information responsive to this Topic.

**TOPIC NO. 7**

Your relationship and Communications with Jonesworks.

**OBJECTIONS TO TOPIC NO. 7**

Vanzan hereby incorporates all its General Objections and Specific Objections to the Definitions. Vanzan objects to this Topic as irrelevant, not proportional to the needs of the case, overly broad, vague, ambiguous, and duplicative. Vanzan is a non-party to this Action and has no

involvement in the underlying claims, defenses, or facts or circumstances related to this Action. Vanzan objects to the Relevant Time Period of January 1, 2022 through the present for this Topic as seeking information not relevant to this Action, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Vanzan will provide information for this Topic starting from on or about the filing date of the *Doe* lawsuit. Vanzan objects to this Topic on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence. Vanzan further objects to this Topic on the ground that it is overly broad in that it does not contain sufficient limitations and seeks unlimited information and is also unintelligible given that it requests information about Vanzan's "relationship and communications with Jonesworks," without defining "relationship." Vanzan further objects to this Topic as vague and ambiguous in its entirety. In addition, Vanzan objects to this Topic as duplicative of discovery already sought in this Action, including Topic 6. Finally, Vanzan objects because Defendants already had an opportunity to seek deposition testimony on this subject, including from various parties in this case, including Plaintiffs Stephanie Jones and Jonesworks. Subject to and without waiver of the foregoing objections, and reserving the right to assert additional objections, Vanzan will designate a Fed. R. Civ. P. 30(b)(6) witness reasonably prepared to testify about non-privileged information responsive to this Topic.

**TOPIC NO. 8**

The issuance of, and Communications Relating To, the Subpoena.

**OBJECTIONS TO TOPIC NO. 8**

Vanzan hereby incorporates all its General Objections and Specific Objections to the Definitions. Vanzan objects to this Topic as irrelevant, not proportional to the needs of the case,

overly broad, unduly burdensome, duplicative, and seeks information subject to the attorney-client privilege and other legal protections. Vanzan is a non-party to this Action and has no involvement in the underlying claims, defenses, or facts or circumstances related to this Action. Vanzan objects to the Relevant Time Period of January 1, 2022 through the present for this Topic as seeking information not relevant to this Action, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Vanzan will provide information for this Topic starting from on or about the filing date of the *Doe* lawsuit. Vanzan objects to this Topic on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence. Vanzan further objects to this Topic on the ground that it is overly broad in that it does not contain sufficient limitations and seeks unlimited information and is also unintelligible given that it requests information about the "issuance of . . . the Subpoena," without defining "issuance." Vanzan further objects to this Topic as unduly burdensome to the extent that the information that Defendants seek regarding the "issuance of, and communications relating to, the Subpoena" is already in Defendants' possession. Vanzan objects to this Topic as duplicative of discovery already sought in this Action, including Topic Nos. 6, 7, 9, and 10. Finally, Vanzan objects to this Topic in that it seeks information protected by the attorney-client privilege, the common interest privilege, the work product doctrine, and other applicable legal privilege and protections. Subject to and without waiver of the foregoing objections, and reserving the right to assert additional objections, Vanzan will designate a Fed. R. Civ. P. 30(b)(6) witness reasonably prepared to testify about non-privileged information responsive to this Topic.

**TOPIC NO. 9**

Your claims and allegations in *Vanzan, Inc. v. Does 1-10, inclusive*, Index No. 655130/2024

(N.Y. Sup. Ct.).

**OBJECTIONS TO TOPIC NO. 9**

Vanzan hereby incorporates all its General Objections and Specific Objections to the Definitions. Vanzan objects to this Topic as irrelevant, not proportional to the needs of the case, overly broad, unduly burdensome, duplicative, and seeks information subject to the attorney-client privilege and other legal protections. Vanzan is a non-party to this Action and has no involvement in the underlying claims, defenses, or facts or circumstances related to this Action. Vanzan objects to the Relevant Time Period of January 1, 2022 through the present for this Topic as seeking information not relevant to this Action, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Vanzan will provide information for this Topic starting from on or about the filing date of the *Doe* lawsuit. Vanzan objects to this Topic on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence. Vanzan further objects to this Topic on the ground that it is overly broad in that it does not contain sufficient limitations and seeks unlimited information. Vanzan further objects to this Topic as unduly burdensome to the extent that the information that Defendants seek regarding the "claims and allegations" in the *Doe* litigation is already in Defendants' own possession. Vanzan objects to this Topic as duplicative of discovery already sought in this Action, including Topic No. 8. Finally, Vanzan objects to this Topic in that it seeks information protected by the attorney-client privilege, the common interest privilege, the work product doctrine, and other applicable legal privilege and protections. Subject to and without waiver of the foregoing objections, and reserving the right to assert additional objections, Vanzan will designate a Fed. R. Civ. P. 30(b)(6) witness reasonably prepared to testify about non-privileged information responsive to this Topic.

**TOPIC NO. 10**

Your Communications with Lively Relating To the Subpoena.

**OBJECTIONS TO TOPIC NO. 10**

Vanzan hereby incorporates all its General Objections and Specific Objections to the Definitions. Vanzan objects to this Topic as irrelevant, not proportional to the needs of the case, vague, ambiguous, and duplicative. Vanzan is a non-party to this Action and has no involvement in the underlying claims, defenses, or facts or circumstances related to this Action. Vanzan objects to the Relevant Time Period of January 1, 2022 through the present for this Topic as seeking information not relevant to this Action, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Vanzan will provide information for this Topic starting from on or about the filing date of the *Doe* lawsuit. Vanzan objects to this Topic on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence. Vanzan further objects to this Topic as vague and ambiguous in its entirety. Finally, Vanzan objects to this Topic as duplicative of discovery already sought in this Action. Vanzan objects because Defendants already had an opportunity to seek deposition testimony on this subject, including from Ms. Lively in the *Lively v. Wayfarer* action. Subject to and without waiver of the foregoing objections, and reserving the right to assert additional objections, Vanzan will designate a Fed. R. Civ. P. 30(b)(6) witness reasonably prepared to testify about non-privileged information responsive to this Topic.

**TOPIC NO. 11**

Your document collection, document search, and document production in this Action.

**OBJECTIONS TO TOPIC NO. 11**

Vanzan hereby incorporates all its General Objections and Specific Objections to the

Definitions. Vanzan objects to this Topic insofar as it suggests Vanzan had any independent obligation to preserve, collect, search for, and produce documents in this Action prior to Defendants' service of a subpoena on a non-party. Vanzan objects to the Relevant Time Period of January 1, 2022 through the present for this Topic as seeking information not relevant to this Action, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Vanzan will provide information for this Topic starting from on or about the filing date of the *Doe* lawsuit. Vanzan further objects to this Topic in that it seeks information protected by the attorney-client privilege, the common interest privilege, the work product doctrine, and other applicable legal privilege and protections. Subject to and without waiver of the foregoing objections, and reserving the right to assert additional objections, Vanzan will designate a Fed. R. Civ. P. 30(b)(6) witness reasonably prepared to testify about non-privileged information responsive to this Topic.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1**

All Documents reflecting Lively's direct ownership interest in You.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 1**

Vanzan hereby incorporates its General Objections and Specific Objections to the Definitions and Instructions. Vanzan objects to this Request as irrelevant, duplicative of Request No. 3, duplicative of Request Nos. 4 and 7 of the April 21 Subpoena, overly broad, not proportional to the needs of the case, vague, ambiguous, unduly burdensome, and because there are less burdensome alternatives for the information sought. Vanzan is a non-party to this Action and has no involvement in the underlying claims, defenses, or facts or circumstances related to this Action. Moreover, the specific corporate information sought by this Request, to the extent any such

information exists, has no relevance to the underlying claims, defenses, or facts or circumstances related to this Action. Vanzan objects to this Request as cumulative with Request No. 3, which seeks all documents concerning "any ownership interests" in Vanzan, not just those concerning Ms. Lively. Vanzan further objects to this Request as cumulative with Request Nos. 4 and 7 of the April 21 Subpoena, which sought all documents concerning Vanzan's shareholders, including their ownership percentages or number of shares held, and filings with government entities showing Vanzan's structure, governance, or ownership. The Court already denied a motion to compel documents responsive to Request No. 4 as moot and Vanzan produced documents responsive to Request No. 4 of the April 21 Subpoena. Defendant Abel agreed not to pursue Request No. 7 of the April 21 Subpoena and failed to seek documents responsive to this request. Vanzan further objects to this Request on the ground that it is overly broad in that it does not contain sufficient limitations and seeks unlimited documents and information and is also unintelligible given that it requests information about "Lively's direct ownership interest," without defining "direct" or "ownership interest." Vanzan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence. Vanzan objects to this Request as vague, ambiguous, and unduly burdensome in that it purports to request "all documents reflecting Lively's direct ownership interest in [Vanzan]," with no apparent limitation to the parties to the requested communications, the substance of the documents, or the nature of the documents. Finally, Vanzan objects to this Request as unnecessary and unduly burdensome as it asks Vanzan to produce documents already in the possession of parties to this Action or equally available to Defendants, as Vanzan already produced documents in response to Request No. 4 of the April 21 Subpoena.

**REQUEST NO. 2**

All Documents reflecting Lively's indirect ownership interest in You.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 2**

Vanzan hereby incorporates its General Objections and Specific Objections to the Definitions and Instructions. Vanzan objects to this Request as irrelevant, duplicative of Request No. 3, duplicative of Request Nos. 4 and 7 of the April 21 Subpoena, overly broad, not proportional to the needs of the case, vague, ambiguous, unduly burdensome, and because there are less burdensome alternatives for the information sought. Vanzan is a non-party to this Action and has no involvement in the underlying claims, defenses, or facts or circumstances related to this Action. Moreover, the specific corporate information sought by this Request, to the extent any such information exists, has no relevance to the underlying claims, defenses, or facts or circumstances related to this Action. Vanzan objects to this Request as cumulative with Request No. 3, which seeks all documents concerning "any ownership interests" in Vanzan, not just those concerning Ms. Lively. Vanzan further objects to this Request as cumulative with Request Nos. 4 and 7 of the April 21 Subpoena, which sought all documents concerning Vanzan's shareholders, including their ownership percentages or number of shares held, and filings with government entities showing Vanzan's structure, governance, or ownership. The Court already denied a motion to compel documents responsive to Request No. 4 as moot and Vanzan produced documents responsive to Request No. 4 of the April 21 Subpoena. Defendant Abel agreed not to pursue Request No. 7 of the April 21 Subpoena and failed to seek documents responsive to this request. Vanzan further objects to this Request on the ground that it is overly broad in that it does not contain sufficient limitations and seeks unlimited documents and information and is also unintelligible given that it requests information about "Lively's indirect ownership interest," without defining "indirect" or "ownership interest." Vanzan objects to this Request on the ground that it seeks information not

relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence. Vanzan objects to this Request as vague, ambiguous, and unduly burdensome in that it purports to request "all documents reflecting Lively's indirect ownership interest in [Vanzan]," with no apparent limitation to the parties to the requested communications, the substance of the documents, or the nature of the documents. Finally, Vanzan objects to this Request as unnecessary and unduly burdensome as it asks Vanzan to produce documents already in the possession of parties to this Action or equally available to Defendants, as Vanzan already produced documents in response to Request No. 4 of the April 21 Subpoena.

**REQUEST NO. 3**

All Documents reflecting any ownership interests in You.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 3**

Vanzan hereby incorporates its General Objections and Specific Objections to the Definitions and Instructions. Vanzan objects to this Request as irrelevant, duplicative of Request Nos. 4 and 7 of the April 21 Subpoena, overly broad, not proportional to the needs of the case, vague, ambiguous, unduly burdensome, and because there are less burdensome alternatives for the information sought. Vanzan is a non-party to this Action and has no involvement in the underlying claims, defenses, or facts or circumstances related to this Action. Moreover, the specific corporate information sought by this Request, to the extent any such information exists, has no relevance to the underlying claims, defenses, or facts or circumstances related to this Action. Vanzan further objects to this Request as cumulative with Request Nos. 4 and 7 of the April 21 Subpoena, which sought all documents concerning Vanzan's shareholders, including their ownership percentages or number of shares held, and filings with government entities showing Vanzan's structure, governance, or ownership. The Court already denied a motion to compel documents responsive to

Request No. 4 as moot and Vanzan produced documents responsive to Request No. 4 of the April 21 Subpoena. Defendant Abel agreed not to pursue Request No. 7 of the April 21 Subpoena and failed to seek documents responsive to this request. Vanzan further objects to this Request on the ground that it is overly broad in that it does not contain sufficient limitations and seeks unlimited documents and information and is also unintelligible given that it requests information about "any ownership interests in [Vanzan]," without defining "ownership interest." Vanzan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence. Vanzan objects to this Request as vague, ambiguous, and unduly burdensome in that it purports to request "all documents reflecting any direct ownership interest in [Vanzan]," with no apparent limitation to the parties to the requested communications, the substance of the documents, or the nature of the documents. Finally, Vanzan objects to this Request as unnecessary and unduly burdensome as it asks Vanzan to produce documents already in the possession of parties to this Action or equally available to Defendants, as Vanzan already produced documents in response to Request No. 4 of the April 21 Subpoena.

**REQUEST NO. 4**

All Documents Relating To Your managerial structure.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 4**

Vanzan hereby incorporates its General Objections and Specific Objections to the Definitions and Instructions. Vanzan objects to this Request as irrelevant, duplicative of Request Nos. 1 and 7 of the April 21 Subpoena, overly broad, not proportional to the needs of the case, vague, ambiguous, unduly burdensome, because there are less burdensome alternatives for the information sought, and because the Request seeks confidential information, proprietary

information, business information, personal information, or information that is otherwise protected. Vanzan is a non-party to this Action and has no involvement in the underlying claims, defenses, or facts or circumstances related to this Action. Moreover, the specific corporate information sought by this Request, to the extent any such information exists, has no relevance to the underlying claims, defenses, or facts or circumstances related to this Action. Vanzan further objects to this Request as cumulative with Request Nos. 1 and 7 of the April 21 Subpoena, which sought all documents concerning Vanzan's organizational structure and filings with government entities showing Vanzan's structure, governance, or ownership. The Court already denied a motion to compel documents responsive to Request No. 1 as moot and Vanzan produced documents responsive to Request No. 1 of the April 21 Subpoena. Defendant Abel agreed not to pursue Request No. 7 of the April 21 Subpoena and failed to seek documents responsive to this request. Vanzan further objects to this Request on the ground that it is overly broad in that it does not contain sufficient limitations and seeks unlimited documents and information and is also unintelligible given that it requests information about "all documents relating to your managerial structure," without defining "managerial structure." Vanzan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence. Vanzan objects to this Request as vague, ambiguous, and unduly burdensome in that it purports to request "all documents relating to [Vanzan's] managerial structure," with no apparent limitation to the parties to the requested communications, the substance of the documents, or the nature of the documents. Vanzan objects to this Request as unnecessary and unduly burdensome as it asks Vanzan to produce documents already in the possession of parties to this Action or equally available to Defendants, as Vanzan already produced documents in response to Request No. 1 of the April 21 Subpoena. Finally,

Vanzan objects to the Request to the extent the request seeks information that is confidential, business information, proprietary information or commercially sensitive information, information subject to confidentiality agreements, or personal information relating to Vanzan's employees or principals.

**REQUEST NO. 5**

All Documents Relating To The Parties' claims, allegations, defenses, and counterclaims in this Action.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 5**

Vanzan hereby incorporates its General Objections and Specific Objections to the Definitions and Instructions. Vanzan objects to this Request as irrelevant, not proportional to the needs of the case, vague, ambiguous, unduly burdensome, duplicative, seeking information subject to the attorney-client privilege and other legal protections, and because there are less burdensome alternatives for the information sought. Vanzan is a non-party to this Action and has no involvement in the underlying claims, defenses, or facts or circumstances related to this Action. Vanzan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence. Vanzan objects to this Request as vague, ambiguous, and unduly burdensome in that it purports to request "all documents relating to the Parties' claims, allegations, defenses, and counterclaims" with no apparent limitation to the parties to the requested communications, the substance of the documents, or the nature of the documents. Vanzan further objects to this Request as cumulative and duplicative of more specific Requests. Vanzan objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, the common interest privilege, the work product doctrine, and other applicable legal privilege and protections. Finally,

Vanzan objects to this Request as unnecessary and unduly burdensome as it asks Vanzan to produce documents already in the possession of parties to this Action, including from Plaintiffs Stephanie Jones and Jonesworks, or equally available to Defendants, as Vanzan already produced documents, such as the subpoena from the *Doe* litigation, documents produced to Vanzan in response to that subpoena, documents and communications concerning the *Doe* litigation, and certain corporate materials in response to several requests from the April 21 subpoena.

**REQUEST NO. 6**

All Documents Relating To The Parties' claims, allegations, defenses, and counterclaims in the action *Lively v. Wayfarer Studios LLC et al.*, Case No. 1:24-cv-10049-LJL.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 6**

Vanzan hereby incorporates its General Objections and Specific Objections to the Definitions and Instructions. Vanzan objects to this Request as irrelevant, not proportional to the needs of the case, vague, ambiguous, unduly burdensome, duplicative, seeking information subject to the attorney-client privilege and other legal protections, and because there are less burdensome alternatives for the information sought. Vanzan is a non-party to this Action and the *Lively v. Wayfarer* action and has no involvement in the underlying claims, defenses, or facts or circumstances related to either action. Vanzan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence. Vanzan objects to this Request as vague, ambiguous, and unduly burdensome in that it purports to request "all documents relating to the Parties' claims, allegations, defenses, and counterclaims" with no apparent limitation to the parties to the requested communications, the substance of the documents, or the nature of the documents. Vanzan further objects to this Request as cumulative and duplicative of more specific Requests. Vanzan objects to

this Request to the extent that it seeks documents protected by the attorney-client privilege, the common interest privilege, the work product doctrine, and other applicable legal privilege and protections. Finally, Vanzan objects to this Request as unnecessary and unduly burdensome as it asks Vanzan to produce documents already in the possession of parties to this Action and the *Lively* action, including from Ms. Lively, Plaintiff Stephanie Jones, and Plaintiff Jonesworks,  or equally available to Defendants, as Vanzan already produced documents, such as the subpoena from the *Doe* litigation, documents produced to Vanzan in response to that subpoena, documents and communications concerning the *Doe* litigation, and certain corporate materials in response to several requests from the April 21 Subpoena.

**REQUEST NO. 7**

All Documents Relating To Your relationship and Communications with Jones.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 7**

Vanzan hereby incorporates its General Objections and Specific Objections to the Definitions and Instructions. Vanzan objects to this Request as irrelevant, duplicative of Request Nos. 9 and 11 of the April 21 Subpoena, overly broad, not proportional to the needs of the case, vague, ambiguous, unduly burdensome, and because there are less burdensome alternatives for the information sought. Vanzan is a non-party to this Action and has no involvement in the underlying claims, defenses, or facts or circumstances related to this Action. Vanzan further objects to this Request as cumulative with Request Nos. 9 and 11 of the April 21 Subpoena, which sought all documents and communications concerning the *Doe* lawsuit, including communications exchanged between Vanzan and Stephanie Jones, and all documents produced in the *Doe* lawsuit by third parties pursuant to any subpoena. Vanzan already produced documents responsive to these requests in accordance with the Court's July 15 order in this Action and correspondence between

Vanzan and Defendant Abel. Vanzan further objects to this Request on the ground that it is overly broad in that it does not contain sufficient limitations and seeks unlimited documents and information and is also unintelligible given that it requests information about "all documents relating to your relationship and communications with Jones," without defining "relationship." Vanzan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence. Vanzan objects to this Request as vague, ambiguous, and unduly burdensome in that it purports to request "all documents relating to [Vanzan's] relationship and communications with Jones," with no apparent limitation to the parties to the requested communications, the substance of the documents, or the nature of the documents. Finally, Vanzan objects to this Request as unnecessary and unduly burdensome as it asks Vanzan to produce documents already in the possession of parties to this Action, such as Plaintiffs Stephanie Jones and Jonesworks, or equally available to Defendants, as Vanzan already produced documents in response to Request Nos. 9 and 11 of the April 21 Subpoena.

**REQUEST NO. 8**

All Documents Relating To Your relationship and Communications with Jonesworks.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 8**

Vanzan hereby incorporates its General Objections and Specific Objections to the Definitions and Instructions. Vanzan objects to this Request as irrelevant, duplicative of Request Nos. 9 and 11 of the April 21 Subpoena, overly broad, not proportional to the needs of the case, vague, ambiguous, unduly burdensome, and because there are less burdensome alternatives for the information sought. Vanzan is a non-party to this Action and has no involvement in the underlying claims, defenses, or facts or circumstances related to this Action. Vanzan further objects to this

Request as cumulative with Request Nos. 9 and 11 of the April 21 Subpoena, which sought all documents and communications concerning the *Doe* lawsuit, including communications exchanged between Vanzan and Stephanie Jones, and all documents produced in the *Doe* lawsuit by third parties pursuant to any subpoena. Vanzan already produced documents responsive to these requests in accordance with the Court's July 15 order in this Action and correspondence between Vanzan and Defendant Abel. Vanzan further objects to this Request on the ground that it is overly broad in that it does not contain sufficient limitations and seeks unlimited documents and information and is also unintelligible given that it requests information about "all documents relating to your relationship and communications with Jonesworks," without defining "relationship." Vanzan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence. Vanzan objects to this Request as vague, ambiguous, and unduly burdensome in that it purports to request "all documents relating to [Vanzan's] relationship and communications with Jonesworks," with no apparent limitation to the parties to the requested communications, the substance of the documents, or the nature of the documents. Finally, Vanzan objects to this Request as unnecessary and unduly burdensome as it asks Vanzan to produce documents already in the possession of parties to this Action, such as Plaintiffs Stephanie Jones and Jonesworks, or equally available to Defendants, as Vanzan already produced documents in response to Request Nos. 9 and 11 of the April 21 Subpoena.

**REQUEST NO. 9**

All Documents Relating To the issuance of, and Communications Relating To, the Subpoena.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 9**

Vanzan hereby incorporates its General Objections and Specific Objections to the Definitions and Instructions. Vanzan objects to this Request as irrelevant, duplicative of Request Nos. 8, 9, 10, and 11 of the April 21 Subpoena, not proportional to the needs of the case, vague, ambiguous, unduly burdensome, and because there are less burdensome alternatives for the information sought. Vanzan is a non-party to this Action and has no involvement in the underlying claims, defenses, or facts or circumstances related to this Action. Vanzan further objects to this Request as cumulative with Request Nos. 8, 9, 10, and 11 of the April 21 Subpoena, which sought documents sufficient to identify the *Doe* defendants in the *Doe* lawsuit, all documents and communications concerning the *Doe* lawsuit, copies of all subpoenas served by Vanzan in the *Doe* lawsuit, and all documents produced in the *Doe* lawsuit by third parties pursuant to any subpoena. Vanzan already produced documents responsive to Request Nos. 9, 10, and 11 of the April 21 Subpoena, in accordance with the Court's July 15 order in this Action and the correspondence between Vanzan and Defendant Abel, and Defendant Abel agreed not to pursue Request No. 8 and failed to seek documents responsive to this request. Vanzan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence. Vanzan objects to this Request as vague, ambiguous, and unduly burdensome in that it purports to request "all documents relating to the issuance of, and communications relating to, the subpoena," with no apparent limitation to the parties to the requested communications, the substance of the documents, or the nature of the documents. Finally, Vanzan objects to this Request as unnecessary and unduly burdensome as it asks Vanzan to produce documents already in the possession of parties to this Action or equally available to Defendants, as Vanzan already produced documents in response to Request Nos. 9, 10, and 11 of the April 21 Subpoena.

**REQUEST NO. 10**

All Documents Relating To Your claims and allegations in *Vanzan, Inc. v. Does 1-10, inclusive*, Index No. 655130/2024 (N.Y. Sup. Ct.).

**OBJECTIONS AND RESPONSE TO REQUEST NO. 10**

Vanzan hereby incorporates its General Objections and Specific Objections to the Definitions and Instructions. Vanzan objects to this Request as irrelevant, duplicative of Request Nos. 8, 9, 10, and 11 of the April 21 Subpoena, not proportional to the needs of the case, vague, ambiguous, unduly burdensome, seeking information subject to the attorney-client privilege and other legal protections, and because there are less burdensome alternatives for the information sought. Vanzan is a non-party to this Action and has no involvement in the underlying claims, defenses, or facts or circumstances related to this Action. Vanzan further objects to this Request as cumulative with Request Nos. 8, 9, 10, and 11 of the April 21 Subpoena, which sought documents sufficient to identify the *Doe* defendants in the *Doe* lawsuit, all documents and communications concerning the *Doe* lawsuit, copies of all subpoenas served by Vanzan in the *Doe* lawsuit, and all documents produced in the *Doe* lawsuit by third parties pursuant to any subpoena. Vanzan already produced documents responsive to Request Nos. 9, 10, and 11 of the April 21 Subpoena, in accordance with the Court's July 15 order in this Action and the correspondence between Vanzan and Defendant Abel, and Defendant Abel agreed not to pursue Request No. 8 and failed to seek documents responsive to this request. Vanzan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence. Vanzan objects to this Request as vague, ambiguous, and unduly burdensome in that it purports to request "all documents relating to [Vanzan's] claims and allegations," with no apparent limitation to the parties to the requested communications, the

substance of the documents, or the nature of the documents. Vanzan objects to this Request in that it seeks documents protected by the attorney-client privilege, the common interest privilege, the work product doctrine, and other applicable legal privilege and protections. Finally, Vanzan objects to this Request as unnecessary and unduly burdensome as it asks Vanzan to produce documents already in the possession of parties to this Action or equally available to Defendants, as Vanzan already produced documents in response to Request Nos. 9, 10, and 11 of the April 21 Subpoena.

**REQUEST NO. 11**

All Documents Relating To Your communications with Lively Relating To the Subpoena.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 11**

Vanzan hereby incorporates its General Objections and Specific Objections to the Definitions and Instructions. Vanzan objects to this Request as irrelevant, duplicative of Request No. 9 of the April 21 Subpoena, not proportional to the needs of the case, unduly burdensome, and because there are less burdensome alternatives for the information sought. Vanzan is a non-party to this Action and has no involvement in the underlying claims, defenses, or facts or circumstances related to this Action. Vanzan further objects to this Request as cumulative with Request No. 9 of the April 21 Subpoena, which sought all documents and communications concerning the *Doe* lawsuit. Vanzan already produced documents responsive to this request in accordance with the Court's July 15 order in this Action. Vanzan objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence. Finally, Vanzan objects to this Request as unnecessary and unduly burdensome as it asks Vanzan to produce documents already in the possession of parties to this Action or equally available to Defendants, including from parties to the related action *Lively v. Wayfarer*.

**REQUEST NO. 12**

Your document collection, document search, and document production in this Action.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 12**

Vanzan hereby incorporates its General Objections and Specific Objections to the Definitions and Instructions. Vanzan hereby incorporates all its General Objections and Specific Objections to the Definitions. Vanzan objects to this Request insofar as it suggests Vanzan had any independent obligation to preserve, collect, search for, and produce documents in this Action prior to Defendants' service of a subpoena on a non-party. Vanzan further objects to this Request in that it seeks information protected by the attorney-client privilege, the common interest privilege, the work product doctrine, and other applicable legal privilege and protections.

DATED: September 24, 2025

*/s/ Margarita K. O'Donnell*

ZUCKERMAN SPAEDER LLP
Margarita K. O'Donnell
Jon R. Fetterolf
2100 L Street NW, Suite 400
Washington, DC 20037
202.778.1800
modonnell@zuckerman.com
jfetterolf@zuckerman.com

*Attorneys for Vanzan, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 24, 2025, I served a true and correct copy of the foregoing via electronic mail upon the following parties:

Meister Seelig & Fein PLLC

Mitchell Schuster
Kevin Fritz
ms@msf-law.com
kaf@msf-law.com

*Counsel for Jennifer Abel, Melissa Nathan, Justin Baldoni, and Wayfarer Studios LLC*

Liner Freedman Taitelman + Cooley, LLP

Bryan J. Freedman
Miles M. Cooley
Theresa M Troupson
Summer Benson
Jason Sunshine
bfreedman@lftcllp.com
mcooley@lftcllp.com
ttroupson@lftcllp.com
sbenson@lftcllp.com
jsunshine@lftcllp.com

*Counsel for Jennifer Abel, Melissa Nathan, Justin Baldoni, and Wayfarer Studios LLC*

<u>/s/ Margarita K. O'Donnell</u>

ZUCKERMAN SPAEDER LLP
Margarita K. O'Donnell
2100 L Street NW, Suite 400
Washington, DC 20037
202.778.1800
modonnell@zuckerman.com

*Counsel for Vanzan, Inc.*