# EXHIBIT A

| | |
|---|---|
| **From:** | Kevin A. Fritz |
| **To:** | Jon R. Fetterolf |
| **Cc:** | Margarita K. O"Donnell; Mitch Schuster; Bryan Freedman; mcooley@lftcllp.com; Theresa Troupson; Summer Benson; Jason Sunshine; Kim Zeldin; Amir Kaltgrad; Ellyn Garofalo; Mitra Ahouraian Esq; Naomi B. Bates |
| **Subject:** | Re: Responses & Objections - Subpoena to Vanzan, Inc. in Jones, et al. v Abel, et. al., 25-cv-00779 (SDNY) |
| **Date:** | Friday, September 26, 2025 8:26:04 AM |

Please let me know, today, which witness will be testifying about which topics. You are free to make whatever privileged-based objections you deem appropriate. We reserve all rights in that regard.

I am reiterating my request for you to set forth your good faith basis for Vanzan's objection that no information predating its 9/27/24 lawsuit will be provided.

Sent from my iPhone

> On Sep 26, 2025, at 8:17 AM, Fetterolf, Jon R. <JFetterolf@zuckerman.com> wrote:
>
> CAUTION: This is an external email. DO NOT click links or open attachments unless you can confirm the sender and know the content is safe.
>
>
> Kevin:
>
> We've told you on multiple occasions that we are providing a Vanzan corporate designee to testify about the Topics in Defendants' deposition notice, and imposed no limitation with the exception of privilege. Your request to withdraw all objections, including privilege which you have no right to even request, is not something any parties have done in this litigation and you know full well is made in bad faith. We will file our response with the Court and will make our designee available Tuesday. If you no longer wish to take this deposition, please let us know today by noon so we don't waste futher time and effort on this matter. We accordingly reserve all rights to seek sanctions based on Defendants' conduct here.
>
> Thanks.
>
> Jon
>
> Sent from my iPhone
>
> On Sep 26, 2025, at 7:50 AM, Kevin A. Fritz <kaf@msf-law.com> wrote:
>
> EXTERNAL
>
> Jon:
>
> Vanzan's written objections state that Vanzan will only provide information for each of the Topics "starting from on or about the filing date of" the Vanzan Lawsuit, which is September 27, 2024. Please let me know the good faith basis for that objection.
>
> Upon receiving your written objections, we asked you to withdraw them by September 25 at noon. You failed to do so. We also asked you to meet and confer that same morning. You failed to do so.
>
> If Vanzan is now finally willing to withdraw its objections, please prepare a stipulation to that effect, which can be so-ordered, thereby resolving the motion.
>
> Sent from my iPhone
>
> On Sep 26, 2025, at 12:23 AM, Fetterolf, Jon R. <JFetterolf@zuckerman.com> wrote:
>
> CAUTION: This is an external email. DO NOT click links or open attachments unless you can confirm the sender and know the content is safe.
>
> Kevin:
>
> It seems clear to us that your email from last night was an effort to set up a motion to compel without giving Vanzan any notice of the nature of any disagreement. We find this very disappointing, and completely inconsistent with the spirit of a meet and confer and the need to be efficient with the Court's resources. The chronology and communications speak clearly for themselves.
>
> As you know, if Vanzan had wanted to narrow the scope of the topics based on the time period, we would have had to move for a protective order. Similarly, if Vanzan had wanted to refuse to produce a designee based on relevance, we would have had to move for a protective order. Vanzan did neither. Instead, Vanzan has spent the time since you served your subpoena preparing a designee to address your deposition Topics. We told you on September 18 that we would provide a corporate designee on September 30. And we told you again on September 22 during our meet and confer that we would produce a designee to testify on the Topics, as we had reached out to discuss the Topics in advance as is the practice under the amended federal rules. Then, we followed federal practice and asserted Vanzan's objections and responses on September 24. These ran the gamut – as they always do – and as no doubt your clients have done in this case. For example, we asserted objections based on privilege, work product, relevance, duplicity, burden. And yet we repeatedly told you we would produce a designee for all Topics. And when we listed such objections to your specific deposition topics, we said at the end that regardless of objections, we would produce a corporate designee to testify to that topic and noted no limitation. This stands in stark contrast to our response to your document requests, where we listed objections, and never once stated that documents would be produced.
>
> We want to be very clear, since your motion and email seem entirely focused on the time period. You never raised any concerns about the time period objection with us. Your 12:38 am email purposefully buried the issue in a vague demand that Vanzan withdraw all its objections, including privilege. At the same time, your email outlined multiple specific issues. We spent the day focused on the specific issues you raised so we could get back to you when we said we would and try to reach agreement on those issues. We acted in good faith in trying to address your 12:38 am email, and our subsequent email response shows that.
>
> You had multiple opportunities to ask us about the time period. You did not do so. The first we heard about the time period issue was in your motion to compel, which we were shocked to see. If you had raised the issue, we would have gotten back to you with a response reiterating our same position, and you would not have had to file your motion.
>
> In any case, there is no dispute. As Vanzan has said repeatedly, we are producing a designee to testify about the Topics, consistent with the Topics as they are narrowed by our mutual agreement. We will assert the necessary objections at the deposition to questions, etc., as is our right, but the only limitation instruction we plan to provide our designee is that of privilege, or if the questioning goes beyond the topics you listed.
>
> We reiterate our request that you withdraw your motion. There is no dispute, and it is a waste of the Court's time. You have until 8 a.m. to do so. If you do not, we will file a response, point out your bad faith conduct to the Court, and request fees, costs, and other appropriate sanctions for having to respond to your improper motion.
>
> Thanks.
>
> Jon
>
>
>
> From: Kevin A. Fritz <kaf@msf-law.com>
> Sent: Thursday, September 25, 2025 10:28 PM
> To: Fetterolf, Jon R. <JFetterolf@zuckerman.com>
> Cc: O'Donnell, Margarita K. <modonnell@zuckerman.com>; Mitch Schuster <ms@msf-law.com>; Bryan Freedman <bfreedman@lftcllp.com>; mcooley@lftcllp.com; Theresa Troupson <ttroupson@lftcllp.com>; Summer Benson <sbenson@lftcllp.com>; Jason Sunshine <jsunshine@lftcllp.com>; Kim Zeldin <kzeldin@lftcllp.com>; Amir Kaltgrad <akaltgrad@lftcllp.com>; Ellyn Garofalo <egarofalo@lftcllp.com>; Mitra Ahouraian Esq <mitra@ahouraianlaw.com>; Bates, Naomi B. <NBates@zuckerman.com>
> Subject: Re: Responses & Objections - Subpoena to Vanzan, Inc. in Jones, et al. v Abel, et. al., 25-cv-00779 (SDNY)
>
> EXTERNAL
> Jon:
>
> In my email from early this morning (essentially last night), I demanded that Vanzan withdraw its objections to the Topics. I also told you that if the objections were not withdrawn by noon EST, we would seek relief from the Court. You failed to withdraw the objections, which never should have been lodged in the first place, especially given the Court's prior ruling that Vanzan's communications with Jonesworks are relevant. You attempted to bury, within a host of other objections, the fact that Vanzan's designee would not testify to anything pre-dating the Vanzan lawsuit.
>
> If you are now ready to withdraw the objections, please prepare for my review a formal stipulation to that effect, and we can submit to the Court to be so-ordered.
>
> Sent from my iPhone
>
>
> On Sep 25, 2025, at 10:15 PM, Fetterolf, Jon R. <JFetterolf@zuckerman.com<mailto:JFetterolf@zuckerman.com>> wrote:
>
> CAUTION: This is an external email. DO NOT click links or open attachments unless you can confirm the sender and know the content is safe.
>
> Kevin:

>
> >
> >
> >
> > We've just reviewed your motion to compel, which we quite surprised to receive.
> >
> >
> >
> > As you can see from the below, we accepted your narrowed topics for Topics 4 & 5, and confirmed that Vanzan will produce a corporate designee on Tuesday – as we had told you in response to your email from earlier today. We also told you during our video meet and confer on September 24 that we were producing a corporate designee.
> >
> >
> >
> > While I've only had a chance to undertake a cursory review of your motion considering the hour, it appears that you are raising an issue as to a time-period objection that we listed amongst a host of other objections in papers that were timely served yesterday.  In your email this morning, you did not raise any issue regarding this objection, so we've had no meet and confer or discussion on this topic. If you had a concern about what our objections and responses said about the time period, you have an obligation to raise those with us. Your motion to compel is the first time we are hearing anything about this issue. Regardless, as you know under the federal and local rules, had we wished to impose a limitation on what the corporate designee would testify to (outside of privilege) we would have needed to move for a protective order, which we did not do. We served you with our objections and responses, and our objections and responses stated we would produce a designee for each of the listed topics.
> >
> >
> >
> > So at this point, you've filed a motion to compel a Vanzan corporate designee to testify on a topic for which we already told they would appear and testify about.  Maggie's email below as well as her email from this morning made it crystal clear that we were producing a Vanzan corporate designee, and she told you earlier today that we would respond to your email either today or tomorrow morning regarding your suggestion regarding narrowing Topics 4 & 5.  As such, there is no dispute between the parties, and no need to waste the Court's time addressing non-existent issues. As such, please withdraw your motion by 11 pm ET.
> >
> >
> >
> > If not, we will file a response which makes your course of conduct clear, and sets forth your bad faith conduct in not only raising an issue that was never raised with Vanzan, but also raising a "dispute" when you knew no dispute existed.  If your motion is not withdrawn within the hour, and we need to file a response, we will seek, costs, fees and any other sanctions for such conduct.
> >
> >
> >
> > Thanks.
> >
> >
> >
> > Jon
> >
> >
> > From: O'Donnell, Margarita K. <modonnell@zuckerman.com<mailto:modonnell@zuckerman.com>>
> > Sent: Thursday, September 25, 2025 9:02 PM
> > To: Kevin A. Fritz <kaf@msf-law.com<mailto:kaf@msf-law.com>>; Mitch Schuster <ms@msf-law.com<mailto:ms@msf-law.com>>; Bryan Freedman <bfreedman@lftcllp.com<mailto:bfreedman@lftcllp.com>>; mcooley@lftcllp.com<mailto:mcooley@lftcllp.com>; Theresa Troupson <ttroupson@lftcllp.com<mailto:ttroupson@lftcllp.com>>; Summer Benson <sbenson@lftcllp.com<mailto:sbenson@lftcllp.com>>; Jason Sunshine <jsunshine@lftcllp.com<mailto:jsunshine@lftcllp.com>>; Kim Zeldin <kzeldin@lftcllp.com<mailto:kzeldin@lftcllp.com>>; Amir Kaltgrad <akaltgrad@lftcllp.com<mailto:akaltgrad@lftcllp.com>>; Ellyn Garofalo <egarofalo@lftcllp.com<mailto:egarofalo@lftcllp.com>>; Mitra Ahouraian Esq <mitra@ahouraianlaw.com<mailto:mitra@ahouraianlaw.com>>
> > Cc: Fetterolf, Jon R. <JFetterolf@zuckerman.com<mailto:JFetterolf@zuckerman.com>>; Bates, Naomi B. <NBates@zuckerman.com<mailto:NBates@zuckerman.com>>
> > Subject: RE: Responses & Objections - Subpoena to Vanzan, Inc. in Jones, et al. v Abel, et. al., 25-cv-00779 (SDNY)
> >
> > Dear Kevin
> >
> > Thanks for your email. We accept your proposal to narrow Topics 4 and 5 for the Vanzan Rule 30(b)(6) deposition. We understand the narrowed topics to constitute the following:
> >
> > Original Topic 4: The Parties' claims, allegations, defenses, and counterclaims in this Action.
> >
> > Defendants' narrowed proposal: Jennifer Abel's counterclaims in this Action and the defenses thereto.
> >
> > Original Topic 5: The Parties' claims, allegations, defenses, and counterclaims in the action Lively v. Wayfarer.
> >
> >
> >
> > Defendants' narrowed proposal: Blake Lively's allegation in ¶ 29 of her Second Amended Complaint, that she obtained the communications cited in her pleadings "in connection with a lawful subpoena…."
> >
> > We will produce a Rule 30(b)(6) deponent to testify on Topics 1-3, 6-11, and Topics 4-5 as narrowed, subject to the usual deposition objections, such as attorney-client privilege, etc.
> >
> > The following individuals will participate in-person: Margarita O'Donnell, Naomi Bates, and Justine Harris. Jon Fetterolf will participate via videoconference. We ask that you provide us with the instructions for the video deposition platform and other sign in details as soon as possible, since we to not have that information. Please let us know if there is anything further. See you then.
> >
> > Thanks, Maggie
> >
> >
> > From: O'Donnell, Margarita K.
> > Sent: Thursday, September 25, 2025 10:28 AM
> > To: Kevin A. Fritz <kaf@msf-law.com<mailto:kaf@msf-law.com>>; Mitch Schuster <ms@msf-law.com<mailto:ms@msf-law.com>>; Bryan Freedman <bfreedman@lftcllp.com<mailto:bfreedman@lftcllp.com>>; mcooley@lftcllp.com<mailto:mcooley@lftcllp.com>; Theresa Troupson <ttroupson@lftcllp.com<mailto:ttroupson@lftcllp.com>>; Summer Benson <sbenson@lftcllp.com<mailto:sbenson@lftcllp.com>>; Jason Sunshine <jsunshine@lftcllp.com<mailto:jsunshine@lftcllp.com>>; Kim Zeldin <kzeldin@lftcllp.com<mailto:kzeldin@lftcllp.com>>; Amir Kaltgrad <akaltgrad@lftcllp.com<mailto:akaltgrad@lftcllp.com>>; Ellyn Garofalo <egarofalo@lftcllp.com<mailto:egarofalo@lftcllp.com>>; Mitra Ahouraian Esq <mitra@ahouraianlaw.com<mailto:mitra@ahouraianlaw.com>>
> > Cc: Fetterolf, Jon R. <JFetterolf@zuckerman.com<mailto:JFetterolf@zuckerman.com>>; Bates, Naomi B. <NBates@zuckerman.com<mailto:NBates@zuckerman.com>>
> > Subject: RE: Responses & Objections - Subpoena to Vanzan, Inc. in Jones, et al. v Abel, et. al., 25-cv-00779 (SDNY)
> >
> > Dear Kevin
> >
> > We received your email from 12:38am ET. We need to discuss with our client and expect to get back to you later today or tomorrow morning with respect to the specific issues you raise. In the meantime, confirming we are planning on having a deponent testify on Tuesday.
> >
> > Thanks, Maggie
> >
> > From: Kevin A. Fritz <kaf@msf-law.com<mailto:kaf@msf-law.com>>
> > Sent: Thursday, September 25, 2025 12:38 AM
> > To: O'Donnell, Margarita K. <modonnell@zuckerman.com<mailto:modonnell@zuckerman.com>>; Mitch Schuster <ms@msf-law.com<mailto:ms@msf-law.com>>; Bryan Freedman <bfreedman@lftcllp.com<mailto:bfreedman@lftcllp.com>>; mcooley@lftcllp.com<mailto:mcooley@lftcllp.com>; Theresa Troupson <ttroupson@lftcllp.com<mailto:ttroupson@lftcllp.com>>; Summer Benson <sbenson@lftcllp.com<mailto:sbenson@lftcllp.com>>; Jason Sunshine <jsunshine@lftcllp.com<mailto:jsunshine@lftcllp.com>>; Kim Zeldin <kzeldin@lftcllp.com<mailto:kzeldin@lftcllp.com>>; Amir Kaltgrad <akaltgrad@lftcllp.com<mailto:akaltgrad@lftcllp.com>>; Ellyn Garofalo <egarofalo@lftcllp.com<mailto:egarofalo@lftcllp.com>>; Mitra Ahouraian Esq <mitra@ahouraianlaw.com<mailto:mitra@ahouraianlaw.com>>
> > Cc: Fetterolf, Jon R. <JFetterolf@zuckerman.com<mailto:JFetterolf@zuckerman.com>>; Bates, Naomi B. <NBates@zuckerman.com<mailto:NBates@zuckerman.com>>
> > Subject: RE: Responses & Objections - Subpoena to Vanzan, Inc. in Jones, et al. v Abel, et. al., 25-cv-00779 (SDNY)
> >
> > EXTERNAL
> > Maggie:
> >
> > We are willing to narrow Topic 4 to Jennifer Abel's counterclaims in this action and the defenses thereto.  We are willing to narrow Topic 5 to Blake Lively's allegation, in her Second Amended Complaint, that she obtained the communications cited in her pleadings "in connection with a lawful subpoena…."
> >
> > As you are aware, in its Order dated July 7, 2025, the Court already determined that discovery from Vanzan was relevant to Jennifer Abel's counterclaims against Stephanie Jones and Jonesworks. (Dkt. 79).
> >
> > Please let me know, by noon EST on Thursday, September 25, 2025, if Vanzan withdraws its objections to the Topics.  If the objections to the Topics are not withdrawn by such date and time, we will seek appropriate relief from the Court. In addition to the meet and confer concerning the Subpoena that we participated in via Zoom earlier this week, we are available to further meet and confer on September 25, 2025, from 9am – noon EST.
> >
> > Lastly, for security purposes, please provide me, by the close of business on September 25, 2025, with the names of all persons who are attending the deposition of Vanzan's representative on September 30, 2025 at 10:00 a.m. at my office.
> >
> > <image001.png>
> > Kevin A. Fritz

> Partner
> 125 Park Avenue  |  7th Floor  |  New York, NY  |  10017
> Direct (212) 655-3570  |  Firm (212) 655-3500  |  Fax (646) 564-4819  |  kaf@msf-law.com<mailto:kaf@msf-law.com>
> New York<https://urldefense.com/v3/__http://www.meisterseelig.com/contact-us__;!!H5a-iwIg4hw!kBawr32CKc5YzEiYcj0aTFEpLX3xsq-z5RjC-NCT_gdF6rYThy_djL7N6z9WuhYWYdA_Zz3Fi-BBh8A$>   |   New Jersey<https://urldefense.com/v3/__http://www.meisterseelig.com/contact-us__;!!H5a-iwIg4hw!kBawr32CKc5YzEiYcj0aTFEpLX3xsq-z5RjC-NCT_gdF6rYThy_djL7N6z9WuhYWYdA_Zz3Fi-BBh8A$>   |
> Connecticut<https://urldefense.com/v3/__http://www.meisterseelig.com/contact-us__;!!H5a-iwIg4hw!kBawr32CKc5YzEiYcj0aTFEpLX3xsq-z5RjC-NCT_gdF6rYThy_djL7N6z9WuhYWYdA_Zz3Fi-BBh8A$>   |
> California<https://urldefense.com/v3/__http://www.meisterseelig.com/contact-us__;!!H5a-iwIg4hw!kBawr32CKc5YzEiYcj0aTFEpLX3xsq-z5RjC-NCT_gdF6rYThy_djL7N6z9WuhYWYdA_Zz3Fi-BBh8A$>   |
> Website<https://urldefense.com/v3/__http://www.meisterseelig.com/__;!!H5a-iwIg4hw!kBawr32CKc5YzEiYcj0aTFEpLX3xsq-z5RjC-NCT_gdF6rYThy_djL7N6z9WuhYWYdA_Zz3FgbyQGKw$>
>
> IMPORTANT NOTICES: NOTICE UNDER E-SIGN ACT: Unless specifically set forth herein, the transmission of this communication is not intended to be a legally binding electronic signature, and no offer, commitment or assent on behalf of the sender or its client is expressed or implied by the sending of this facsimile, or any attachments hereto.
> NOTICE OF ATTORNEY'S CONFIDENTIALITY: The material submitted herewith contains, and is intended to be a confidential transmission of information or documents from MEISTER SEELIG & FEIN PLLC  which is legally privileged. The materials or information enclosed are intended only for the use of the individual or entity named in this transmission sheet. If you are not the intended recipient, any disclosure, copying, distribution or the taking of any action in reliance on the contents of this transmission is strictly prohibited. If you have received this telecopy transmission in error, please notify us by telephone immediately, so that we can arrange for the return of the original documents to us at our cost.
> IRS CIRCULAR 230 DISCLOSURE: As required by U.S. Treasury Regulations governing tax practice, you are hereby advised that any written tax advice contained herein was not written or intended to be used (and cannot be used) by any taxpayer for the purpose of avoiding penalties that may be imposed under the U.S. Internal Revenue Code.
>
> From: O'Donnell, Margarita K. <modonnell@zuckerman.com<mailto:modonnell@zuckerman.com>>
> Sent: Wednesday, September 24, 2025 10:09 PM
> To: Mitch Schuster <ms@msf-law.com<mailto:ms@msf-law.com>>; Kevin A. Fritz <kaf@msf-law.com<mailto:kaf@msf-law.com>>; Bryan Freedman <bfreedman@lftcllp.com<mailto:bfreedman@lftcllp.com>>; mcooley@lftcllp.com<mailto:mcooley@lftcllp.com>; Theresa Troupson <ttroupson@lftcllp.com<mailto:ttroupson@lftcllp.com>>; Summer Benson <sbenson@lftcllp.com<mailto:sbenson@lftcllp.com>>; Jason Sunshine <jsunshine@lftcllp.com<mailto:jsunshine@lftcllp.com>>
> Cc: Fetterolf, Jon R. <JFetterolf@zuckerman.com<mailto:JFetterolf@zuckerman.com>>; Bates, Naomi B. <NBates@zuckerman.com<mailto:NBates@zuckerman.com>>
> Subject: Responses & Objections - Subpoena to Vanzan, Inc. in Jones, et al. v Abel, et. al., 25-cv-00779 (SDNY)
>
> CAUTION: This is an external email. DO NOT click links or open attachments unless you can confirm the sender and know the content is safe.
>
> Dear Counsel
>
> Please find enclosed Vanzan, Inc.'s objections and responses to the subpoena served by Defendants. We are available for a meet and confer.
>
> Regards,
> Maggie O'Donnell
>
> <image002.png>
> Margarita
>
> O'Donnell
>
> office  202.778.1841<tel:202.778.1841>
>
> mobile  202.367.6702<tel:202.367.6702>
>
> email  modonnell@zuckerman.com<mailto:modonnell@zuckerman.com>
> Zuckerman Spaeder LLP
> ,
> 2100 L Street NW, Suite 400
> ,
> Washington
> ,
> DC
>
> 20037-1525
> www.zuckerman.com<https://urldefense.com/v3/__https://us.content.exclaimer.net?url=http*3A*2F*2Fwww.zuckerman.com*2F&tenantid=JAYw75hyEe6-oAAiSCOEEg&templateid=deeaa01f9182f011b483000d3a8f2d3d&excomponentid=WT75dLmMK7cBcUA-cU-lAr9ot9zqFrBsFUjJ3H6iL00&excomponenttype=Link&signature=p73ZDGCpMifKfnPrpCNE_7poeBlAhclxdn9ZPqsZunN96amhdMfWfMxCPWVeSQYyW-HtYddJnCw-XHcBAwWBBoXUpMpPYfFxbOFyWshsytqllKbzxnqNpS8kOZgDgaLWvYTW-f8ekOfzqq7WED_8tIinxczR-lxeZjYqUXgR0wL2uDuByYPTLizvybQIEHhbroCbtqk9DU5Sh_4yYMERektkUyukmSgIIo9rURIAfNNffPl2RKHLRhkamA2R92rCM5Yk6Tj4k9U_y6INVonMdldr7V6EGiZ-rCPz-_ecW76gDuWHxZmgAmH93oj6kMzr1lJP5Saqv28MZGiQzhLZ1A&v=1__;JSUlJQ!!H5a-iwIg4hw!kBawr32CKc5YzEiYcj0aTFEpLX3xsq-z5RjC-NCT_gdF6rYThy_djL7N6z9WuhYWYdA_Zz3FAeWFkcs$>
> |
> Download vCard<https://urldefense.com/v3/__https://us.content.exclaimer.net?url=https*3A*2F*2Fwww.zuckerman.com*2Fwp-content*2Fuploads*2Fvcards*2Fmodonnell.vcf&tenantid=JAYw75hyEe6-oAAiSCOEEg&templateid=deeaa01f9182f011b483000d3a8f2d3d&excomponentid=uymdcfjbtVn8uqKCZOOZjyFW1k7Ie3wpxyEuPDbMEo0&excomponenttype=Link&signature=FentFFcbMjas3B4YLti5tNL3678Gf4AwaX20-qlaRc2xiggSBO8xEdpQCAQx2mYasc6vX85hUUMd023bLe9PKD_E_1Xxww2Szr2Odqaz_INL7Ur_l2csWMs-cMWnphszc1dsqZ7YbQdboEKnbVOq_qa-Buu5SBUmHwMORYyux4l0C_vZ8vv8OPYi9qaZinBUMKA-46RYuEmhkbymH2Kcbn6u7CKFcmUD7emtC2S1Psm3242SBhdLOAmYa1Ty3_CzBjE9GitNQdwsYC5-pqhZZ2bHgTth1UcOUIBWJZVDwk3c-8xK7N300l9VpFAj-Lz8U9wZt-DxBsB6JNO8-Bc6Ag&v=1__;JSUlJSUlJQ!!H5a-iwIg4hw!kBawr32CKc5YzEiYcj0aTFEpLX3xsq-z5RjC-NCT_gdF6rYThy_djL7N6z9WuhYWYdA_Zz3F0-C0kSA$>
> This transmission (including any attachments) from the law firm of Zuckerman Spaeder LLP may contain information that is confidential and/or subject to the attorney-client privilege or the work product doctrine. Use or dissemination of this information by anyone other than the intended recipient is prohibited and may be unlawful.  If you have received this transmission in error, please immediately notify the sender by return email or contact us by telephone at 202.778.1800 and permanently delete all copies.
>
>