

Kevin Fritz
*Partner*
Direct (212) 655-3570
kaf@msf-law.com

September 25, 2025

**VIA ECF**

Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

> The motion to compel is denied for failure to satisfy Rule 4.C of the Court's Individual Practices in Civil Cases. Vanzan, Inc. may move by letter brief for recovery of its expenses including reasonable attorney's fees. *See* Fed. R. Civ. P. 37(a)(5).
>
> SO ORDERED.
>
> LEWIS J. LIMAN
> United States District Judge
>
> September 26, 2025

Re:   *Jones et al. v. Abel et al.*, No. 1:25-cv-779-LJL

Dear Judge Liman:

In connection with a deposition set for September 30, 2025, defendants Jennifer Abel, Melissa Nathan, Justin Baldoni and Wayfarer Studios LLC (collectively, the "Wayfarer Parties") move, pursuant to Rules 1(C) and 4(C) of Your Honor's Individual Practices and Rule 45 of the Federal Rules of Civil Procedure, for an order compelling non-party Vanzan, Inc. ("Vanzan") to designate a witness prepared to testify about the *full* period of its relationship with plaintiffs Stephanie Jones and Jonesworks LLC (collectively, the "Jones Parties"). As set forth herein, Vanzan is attempting to curtail its testimony to omit information the Court has already declared is relevant. (Dkt. 79).

Rule 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," considering, among other things, "the parties' relative access to relevant information," "the importance of the discovery in resolving the issues," and "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Rule 26 further provides that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* "The party seeking discovery bears the initial burden of proving the discovery is relevant." *In re Subpoena to Loeb & Loeb LLP*, 2019 WL 2428704, at *4 (S.D.N.Y. June 11, 2019). Once that party has shown relevance, "it is up to the responding party to justify curtailing discovery." *Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of N.Y.*, 284 F.R.D. 132, 135 (S.D.N.Y. 2012).

Ms. Abel's counterclaims allege that, in August 2024, just prior to her scheduled departure from Jonesworks, the Jones Parties seized her cellular phone, accessed the contents, and downloaded them. (Dkt. 50, ¶¶ 57 – 70). The counterclaims further allege that Stephanie Jones "disclosed at least some of Ms. Abel's private communications to the Lively parties no later than August 21, 2024" (*id.*, ¶ 90), continued to access Ms. Abel's private text messages thereafter (*id.*, ¶¶ 69 –70) and, at some point, transmitted Ms. Abel's stolen communications to Ms. Lively, her husband Ryan Reynolds, and Leslie Sloane (Ms. Lively's publicist) to harm Ms. Abel. (*Id.*, ¶¶ 91 – 94).

<em>Hon. Lewis J. Liman</em><br>
Page 2<br>
<em>September 25, 2025</em>

Ms. Abel also alleges that Ms. Lively conspired with the Jones Parties to obtain Ms. Abel's stolen data under the guise of legal process. On September 27, 2024, Ms. Lively used her company Vanzan to file a lawsuit in the New York State Supreme Court against "Doe" defendants (the "Vanzan Lawsuit"). (*Id.*, ¶¶ 94 – 95). The Complaint in the Vanzan Lawsuit alleges that the Doe defendants, the identities of whom are unknown to Vanzan, breached unspecified obligations via unspecified oral promises and/or unspecified written agreements. (Fritz Decl., Ex. C). Days after the Vanzan Lawsuit was commenced, Vanzan issued a subpoena therein to the Jones Parties demanding the production of documents pertaining to the film *It Ends With Us* (the "Film"), Ms. Lively, Mr. Reynolds, and sexual harassment and retaliation in connection with the production of the Film, none of which are even remotely referred to in the Complaint filed in the Vanzan Lawsuit. (Fritz Decl., Ex. D). The Jones Parties then handed over Ms. Abel's communications to Vanzan. (Dkt. 50, ¶ 100). Subsequently, the Vanzan Lawsuit was discontinued in December 2024. (Fritz Decl., Ex. E). The same month, Ms. Lively included those communications in her pleadings.

In late June 2025, Ms. Abel filed a motion to compel Vanzan to produce certain documents in response to a subpoena. (Dkt. 69). In a Memorandum and Order dated July 7, 2025, the Court properly determined that communications between Vanzan and/or its counsel and the Jones Parties and/or their counsel concerning the Vanzan Lawsuit are relevant. (Dkt. 79, p. 3). Specifically, the Court noted that the statutes under which Ms. Abel brings her claims prohibit both obtaining and disclosing protected information. (*Id.*) (citing Dkt. 50, ¶¶ 105 – 153). The Court correctly stated: "Communications between Vanzan and/or its counsel and Jones and Jonesworks and/or their counsel concerning the *Vanzan* lawsuit are likely to bear on or lead to further information regarding whether and when Jones obtained relevant communications and disclosed them to Vanzan or Lively." (*Id.*).

The Wayfarer Parties' deposition subpoena (as amended, the "Subpoena") commands Vanzan to produce a witness who can testify about enumerated topics (the "Topics"), including the ownership and management of Vanzan, Vanzan's communications with the Jones Parties, the subpoena issued in the Vanzan Lawsuit, communications with Ms. Lively related to that subpoena, and Vanzan's search for relevant documents. (Fritz Decl., Ex. H). To the extent that Topics Nos. 4 and 5 could be construed as overly broad, the Wayfarer Parties have agreed to: (a) narrow Topic No. 4 to Jennifer Abel's counterclaims in this action and the defenses thereto; and (b) narrow Topic No. 5 to Blake Lively's allegation, in paragraph 10 of her Second Amended Complaint, that she obtained the communications cited in her pleadings "in connection with a lawful subpoena…." (Case No. 24-cv-10049, Dkt. 520, ¶ 29 n.10). (Fritz Decl., Ex. J).

Nonetheless, Vanzan is refusing to provide a witness who can testify at a deposition about such communications and the related Topics. (Fritz Decl., Ex. I). According to its written objects to the Subpoena (the "Objections"), Vanzan will only provide information for each of the Topics "starting from on or about the filing date of" the Vanzan Lawsuit, which is September 27, 2024. (*Id.*, p. 9 – 20). Subject to that (unreasonable) limitation, Vanzan stated that it would designate a Rule 30(b)(6) witness "reasonably prepared to testify about non-privileged information response to [these] Topic[s]." (*Id.*). Stated differently, Vanzan only agrees to produce a witness to testify about what happened *after* the Vanzan Lawsuit was commenced, *but not before* it was filed. Even though the communications between Vanzan and the Jones Parties, or their respective representatives, concerning the contents of Jennifer Abel's electronic data seized by the Jones Parties and subsequently delivered to Blake Lively (through Vanzan) is highly relevant to Ms.

*Hon. Lewis J. Liman*
*Page 3*
*September 25, 2025*

Abel's counterclaims against the Jones Parties, and even though such communications surely occurred *before* the Vanzan Lawsuit was filed on September 27, 2025, Vanzan is refusing to designate a witness prepared to testify about the foregoing.

Vanzan argues that the information sought is obtainable from other sources. (Fritz Decl., Ex. I). However, as the Court stated in its Memorandum and Order, "there is no per se rule that party sources must be exhausted before documents are subpoenaed from third parties." (Dkt. 79, p. 3) (citing *Jam Indus. USA, LLC v. Gibson Brands, Inc.*, 2020 WL 4003280, at *4 (S.D.N.Y. July 15, 2020); *Amphenol Corp. v. Fractus, S.A.*, 2019 WL 2521300, at *11 (S.D.N.Y. June 19, 2019)). Putting aside that no other witness has testified about most of the Topics, even if such cumulative testimony existed, the Wayfarer Parties are entitled to "test what witnesses to the same events have to say and whether they contradict or corroborate each other." *Oakley v. MSG Networks, Inc.*, No. 17-cv-6903, 2025 WL 104399, at *2 (S.D.N.Y. Jan. 15, 2025).

There is no undue burden imposed upon Vanzan. The corporation has known for months, and certainly since June 2025 when Ms. Abel moved to compel its compliance with a document subpoena, that it was in possession of information material and relevant to the claims and defenses herein. Furthermore, given the allegations in the counterclaims (Dkt. 50, ¶¶ 57 – 95), the relevant period is not expansive. Although the Subpoena defines the "Relevant Time Period" as January 1, 2022 to the present (Fritz Decl., Ex. H, p. 3), the Wayfarer Parties agree to limit the Relevant Time Period to July 1, 2024 through December 31, 2024. The Subpoena was initially issued on September 9, 2025, and noticed the deposition for September 29, 2025 (which was later adjourned to September 30, 2025), a period of twenty days for compliance, which is more than the fourteen days that courts in this circuit have found to be presumptively reasonable. *See Angelo, Gordon & Co., L.P. v. MTE Holdings*, LLC, 20-Misc-23, 2020 WL 4700910, at *2 (S.D.N.Y. Aug. 13, 2020).

Therefore, the Wayfarer Parties respectfully request that the Court issue an order compelling Vanzan to designate a witness prepared to testify at deposition about the full extent of the relationship between Vanzan and the Jones Parties, including the period before the Vanzan Lawsuit was filed. In the event the Court grants this application *after* Vanzan's deposition commences on September 30, 2025, the Wayfarer Parties respectfully request that the Court direct Vanzan to designate an appropriate witness to appear for a deposition, consistent with the Court's ruling concerning the Topics, during the first two weeks of October 2025.

Respectfully submitted,

*/s/ Kevin Fritz*
MEISTER SEELIG & FEIN PLLC
Mitchell Schuster
Kevin Fritz
125 Park Avenue, 7th Floor
New York, NY 10017
Tel: (212) 655-3500
Email: ms@msf-law.com
        kaf@msf-law.com

*Hon. Lewis J. Liman*
*Page 4*
*September 25, 2025*

LINER FREEDMAN TAITELMAN + COOLEY, LLP
Bryan J. Freedman (*pro hac vice*)
Ellyn S. Garofalo (*pro hac vice*)
Theresa M Troupson (*pro hac vice*)
Summer Benson (*pro hac vice*)
Jason Sunshine
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
Email: bfreedman@lftcllp.com
       egarofalo@lftcllp.com
       ttroupson@lftcllp.com
       sbenson@lftcllp.com
       jsunshine@lftcllp.com

SHAPIRO ARATO BACH LLP
Alexandra A. E. Shapiro
Jonathan Bach
1140 Avenue of the Americas, 17th Floor
New York, NY 10036
Tel: 212-257-4881
Email: ashapiro@shapiroarato.com
       jbach@shapiroarato.com

cc: all counsel of record (via ECF)