**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

October 7, 2025

The Honorable Lewis J. Liman
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 1620
New York, NY 10007

Re:    *Jones et al. v. Abel et. al.*, No. 1:25-cv-00779-LJL

Dear Judge Liman:

Pursuant to Rules 1.C and 4.C of the Court's Individual Rules and Practices, Stephanie Jones and Jonesworks LLC (the "Jones Parties") respectfully submit this emergency letter motion to compel Wayfarer Studios LLC ("Wayfarer") to produce Jamey Heath as Wayfarer's corporate designee for a Rule 30(b)(6) deposition on Thursday, October 9, 2025, as had been previously agreed.

The Jones Parties initially served a Rule 30(b)(6) notice on Wayfarer on July 25.  Ex. A.[1] The Jones Parties also separately served a deposition subpoena on Mr. Heath personally on July 22, service of which was accepted by the Wayfarer Parties' counsel on Mr. Heath's behalf that same day.  Ex. N. Wayfarer is a named defendant in the Jones Parties' Complaint and has asserted counterclaims against the Jones Parties; Mr. Heath is Wayfarer's CEO.

The parties spent weeks negotiating the deposition schedule in this and the related *Lively* action.  Early in those negotiations, Wayfarer proposed "combining the depositions" of Mr. Heath and Wayfarer due to his "likely designation[] as a Rule 30(b)(6) witness."  *See* Ex. B, T. Troupson Aug. 8 Email.  With this shared understanding that Mr. Heath would be Wayfarer's corporate designee, Wayfarer and the Jones Parties negotiated a combined personal and corporate representative deposition for Mr. Heath.  *E.g.*, Ex. E, T. Troupson Aug. 26 Email ("With respect to Mr. Heath's deposition, which we expect to occur simultaneously with the Rule 30(b)(6) deposition of Wayfarer, Mr. Heath can be available on the following dates: Sept. 10-11, Sept. 17-18.)."; *id.*, M. Anastasio Aug. 20, 2025 Email (proposing dates for "Mr. Heath's/Wayfarer's deposition").  Indeed, once Mr. Heath's availability became settled, the Jones Parties promptly reissued notices of deposition on Mr. Heath and Wayfarer for the same date in accordance with the parties' understanding that he would be Wayfarer's designated Rule 30(b)(6) witness. Exs. F, G.  Wayfarer never objected, never withdrew its designation of Mr. Heath as its Rule 30(b)(6) witness, nor indicated that anyone other than Mr. Heath would testify on its behalf.

That agreed upon date, however, needed to be rescheduled due to the Wayfarer Parties' persistent discovery failures, including producing more than 80,000 pages of documents in the *Lively* matter shortly before Mr. Heath's deposition was to take place.   The Jones Parties

---

[1] Citations to "Ex." are to exhibits attached to the accompanying declaration of Kristin Tahler.

1

therefore requested an extension of the discovery schedule for the depositions of Mr. Heath, Justin Baldoni, and Steve Sarowitz to allow the Jones Parties to meaningfully review and utilize the belatedly produced documents in depositions, which the Court granted on September 17. *See* ECF Nos. 110, 124. The Jones Parties' request, and the Court's resulting order, did not limit Mr. Heath's deposition to his individual capacity. That same day, and consistent with the weeks of representations that Mr. Heath would be Wayfarer's corporate designee, the Jones Parties served amended notices of Deposition for October 9, the day after Mr. Heath's deposition in the *Lively* matter. Exs. I, J. Again, Wayfarer never objected nor indicated it was withdrawing Mr. Heath as its corporate designee.

Now, at 5:27 pm the evening before the start of Mr. Heath's testimony in the *Lively* matter and two days before his testimony in the *Jones* matter, Wayfarer has purported to serve untimely objections to the Rule 30(b)(6) notice to every noticed topic, to withdraw Mr. Heath as its corporate designee, and refuse to designate another witness in his stead.[2] *See* Ex. M. Counsel for the Jones Parties immediately conferred with counsel for Wayfarer who confirmed Wayfarer would refuse to designate a corporate witness on the ground the Jones Parties' notice was "untimely." Given that Mr. Heath is scheduled to testify on Thursday in the *Jones* matter, this emergency motion regretfully follows.

The Jones Parties respectfully request that the Court compel Wayfarer to maintain its designation of Mr. Heath as Wayfarer's corporate designee for the Rule 30(b)(6) deposition on Thursday, October 9, the date Mr. Heath's deposition is scheduled. Wayfarer's eleventh hour about face is nothing more than a bald attempt to avoid producing anyone to testify under oath on its behalf, and is flatly inconsistent with its months of representations to the contrary. Wayfarer's objections are not asserted in good faith, are without basis, and should be rejected. To be sure, there was ample time for Wayfarer to assert any objections, including about the timeliness or propriety of the Rule 30(b)(6) notice. Wayfarer could have raised any purported issue during one of the countless conferrals regarding deposition scheduling that have taken place since the Jones Parties originally served the notice on July 25. It did not. ***Indeed, counsel for the Jones Parties offered to make themselves available to confer on the Rule 30(b)(6) deposition topics specifically on August 15, but Wayfarer never responded***. Ex. B, M. Anastasio Aug. 12 Email. And when solidifying logistics for this deposition, on September 29 and October 3, the Jones Parties again wrote to confirm Mr. Heath's corporate testimony—specifically, "Mr. Heath's deposition (individually and as Wayfarer's 30(b)(6) as previously designated)"—but ***Wayfarer again did not respond***. Ex. K, M. Anastasio Sept. 29 Email; Ex. L. Its purported attempt to withdraw its prior agreements now on the eve of Mr. Heath's testimony should be rejected.

This is especially so given the parties have been in deposition nearly every day for the last three weeks, largely due to the Wayfarer Parties' unavailability (which now appears strategically manufactured so each party can attend each other's depositions), unwillingness to schedule depositions earlier in the schedule, and deficient and untimely voluminous document productions. Just yesterday, Wayfarer without explanation produced thousands of pages of Signal

---

[2] This is in stark contrast to the Rule 30(b)(6) testimony of Jonesworks LLC. The Wayfarer Parties failed to notice Jonesworks' corporate deposition until a week before the scheduled deposition of Stephanie Jones, yet Mr. Jones agreed to testify on Jonesworks' behalf as to each noticed topic.

2

communications it was obligated to produce previously, including from Mr. Baldoni—whose depositions occurred on Monday and is ongoing today—Ms. Abel and Ms. Nathan, who have already been deposed, and Mr. Heath who is scheduled to be deposed beginning tomorrow.

Having never moved to quash the Rule 30(b)(6) notice nor sought a protective order, Wayfarer has no basis to preclude the Jones Parties deposition or limit its testimony. The Court therefore should also order Mr. Heath or any corporate designee to testify as to the notice topics in full. *See* Fed. R. Civ. P. 26(c); *GMO Gamecenter USA, Inc. v. Whinstone US, Corp.*, 2024 WL 5107269, at *1 (S.D.N.Y. Dec. 13, 2024) ("A court may issue a protective order to safeguard a party 'from annoyance, embarrassment, oppression, or undue burden or expense,' 'but the moving party bears the burden of establishing good cause for such a protective order.'") (internal citation omitted).[3]

Respectfully submitted,

*/s/ Kristin Tahler*

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Kristin Tahler
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
(213) 443-3000
kristintahler@quinnemanuel.com

Maaren A. Shah
Morgan L. Anastasio
295 5th Avenue
New York, New York 10016
(212) 849-7000
maarenshah@quinnemanuel.com
morgananastasio@quinnemanuel.com

Nicholas Inns (*pro hac vice*)
1300 I Street NW
Suite 900
Washington, D.C. 20005
(202) 538-8000
nicholasinns@quinnemanuel.com

*Attorneys for Plaintiffs Stephanie Jones and Jonesworks, LLC*

---

[3] In the alternative, and at a minimum, the Court should compel Wayfarer to designate another corporate witness to appear for a Rule 30(b)(6) deposition on October 10, 2025.