# EXHIBIT I

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEPHANIE JONES, JONESWORKS LLC, <br><br> Plaintiffs, <br><br> v. <br><br> JENNIFER ABEL, MELISSA NATHAN, JUSTIN BALDONI, WAYFARER STUDIOS LLC, AND JOHN DOES 1-10, <br><br> Defendants. | Case No: 1:25-cv-00779-LJL <br><br><br> **NOTICE OF 30 (b)(6) DEPOSITION** <br><br> WAYFARER STUDIOS LLC |

PLEASE TAKE NOTICE that pursuant to Rules 30(b)(6) and 45(a)(1)(B) of the Federal Rules of Civil Procedure, Plaintiffs in the above-captioned action (the "**Plaintiffs**"), by their attorneys, will take the deposition upon oral examination of Wayfarer Studios LLC ("Wayfarer") regarding the matters set forth in Schedule A to this Notice of Deposition.

Pursuant to Rule 30(b)(6), Wayfarer must designate one or more persons to testify on its behalf with respect to these matters. At least five days prior to the deposition, Wayfarer is requested to designate in writing to the Plaintiffs the name(s) of the person(s) who will testify on its behalf concerning the topics set forth in Schedule A, and for each such written designation, the topic(s) as to which that person will testify.

The deposition will begin at 9:00 a.m. on October 9, 2025, at the offices of Quinn Emanuel, 865 S. Figueroa Street, 10th Floor, Los Angeles, California 90017. The deposition will be conducted under oath before an officer authorized to take such testimony, will be recorded by videotape and stenographic means, and will continue on succeeding business days until completed or adjourned.

1

DATED:  September 17, 2025

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

By :  */s/ Kristin Tahler*

Kristin Tahler
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
(213) 443-3000
kristintahler@quinnemanuel.com

Maaren A. Shah
Morgan L. Anastasio
295 5th Avenue
New York, New York 10016
(212) 849-7000
maarenshah@quinnemanuel.com
morgananastasio@quinnemanuel.com

Nicholas Inns (*pro hac vice*)
1300 I Street NW
Suite 900
Washington, D.C. 20005
(202) 538-8000
nicholasinns@quinnemanuel.com


*Attorneys for Plaintiffs Stephanie Jones and Jonesworks, LLC*

## SCHEDULE A

Notwithstanding any definition below, each word, term, or phrase used in this Notice of Deposition ("Notice") is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York.

## DEFINITIONS

1.      "Action" means any and all proceedings related to the above-captioned litigation.

2.      "Agreement" means the agreement executed by Jonesworks and Wayfarer, dated May 6, 2020.

3.      "Communication" or "Communications" shall be construed to the fullest extent permissible under New York law and shall include the recording, conveyance, or exchange of information of any kind by or with any Person for any purpose by any written, verbal, or electronic means or method, including, without limitation, any letters, discussions, conversations, meetings, conferences, correspondence, memoranda, telephone calls or messages, voicemails, electronic mail or computer transmissions, social media posts, instant messages, chats, text messages, messages, or emails, facsimile transmissions, tweets, or any other form of transmittal of information of any kind, whether authorized or unauthorized, and regardless of whether the foregoing was transmitted through a personal, work, or other device or channel.

4.      "Complaint" refers to the complaint filed in this Action.

5.      "Document" or "Documents" shall be construed to the fullest extent permissible under New York law and mean, without limitation, the original and all copies and translations of any information in any written, recorded, electronic, or graphic form including all memoranda,

3

notes, interoffice and intra-office communications, telegrams, telecopies, letters, reports, stenographic notes, bulletins, notices, emails, text messages or other messaging-application messages, instant messages or other electronic-chat messages, telephonic or personal communications, computer models, spreadsheets, data, accounts, records, calendars, diaries, minutes, contracts or other legal papers, resolutions, written policies or procedures, insurance policies, audio records, photographs, microform, film, and any electronically stored information stored in any medium, including computer backup devices, hard drives, electronic share drives, or any other virtual or physical space.

6.      "Parties" means Plaintiffs and Defendants in the above-captioned action.

7.      "Person" or "Persons" means, without limitation, any natural Person, corporation, business trust, estate, trust, partnership, limited liability company, association, joint venture, public corporation, group, organization or any other legal or commercial entity, including each and all of its current and former parents, owners, subsidiaries, affiliates, divisions, predecessors, successors, employees, managers, officers, directors, shareholders, partners, general partners, limited partners, members, agents, representatives, attorneys, accountants, consultants, independent contractors or any other Person acting, or purporting to act, with or on behalf of any of the foregoing.

8.      "Relating to," when used with respect to any subject, means and includes: analyzing, consisting, constituting, containing, comprising, commenting upon, connected with, concerning, contradicting, dealing with, describing, embodying, establishing, evidencing, identifying, listing, memorializing, pertaining to, purporting, referring to, relating to, regarding, recording, responding to, reflecting, representing, stating, substantiating, showing, supporting, or with respect to, whether in whole or in part or having any logical or factual connection

4

whatsoever with that subject, regardless of whether the factual connection is favorable or adverse to You.

9.      "RWA" means RWA Communications LLC and each and all of its current and former agents, representatives, attorneys, accountants, consultants, independent contractors or any other Person acting, or purporting to act, with or on behalf of any of the foregoing.

10.     "TAG" means The Agency Group PR LLC and each and all of its current and former agents, representatives, attorneys, accountants, consultants, independent contractors or any other Person acting, or purporting to act, with or on behalf of any of the foregoing.

11.     "You" and "Your" shall refer to Wayfarer Studios LLC and each and all of its current and former agents, representatives, attorneys, accountants, consultants, independent contractors or any other Person acting, or purporting to act, with or on behalf of any of the foregoing.

**INSTRUCTIONS**

1.      Each topic shall be construed independently and no topic shall limit the scope of any other topic.

2.      Unless otherwise specified, the timeframe of these deposition topics is from January 1, 2024 to the present.

3.      To the extent that You consider any deposition topic objectionable, state with specificity that part of the topic as to which You raise objection and each ground for each such objection.

4.      The words "and" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual construction will serve to

5

bring within the scope of a topic all information that might otherwise be construed to be outside of its scope.

5.      The words "all" means "any and all" and "any" means "any and all." The words "any," "each," and "every" shall be construed to mean individually and collectively wherever such dual construction will serve to bring within the scope of a topic any information that would otherwise not be within its scope.

6.      The singular forms shall be construed to include the plural, and vice versa, whenever such a dual construction will serve to bring within the scope of a topic any information that would otherwise not be within its scope.

7.      The use of a verb in any tense, mood, or voice shall be construed as the use of the verb in all tenses, moods, or voices, as necessary to bring within the scope of a topic all information that might otherwise be construed to be outside of its scope.

8.      Should you find the meaning of any term in the topics to be unclear, you should assume a reasonable meaning, state what that assumed meaning is, and be prepared to respond to the topic on the basis of that assumed meaning.

<u>**TOPICS FOR EXAMINATION**</u>

**TOPIC NO. 1:**

The Parties' claims, allegations, defenses and counterclaims in this Action.

**TOPIC NO. 2:**

The Parties' claims, allegations, defenses and counterclaims in the action *Lively v. Wayfarer Studios LLC et al*, Case No 1:24-cv-10049-LJL.

**TOPIC NO. 3:**

Wayfarer and Justin Baldoni's ("Baldoni") relationship and Communications with Jonesworks and Jones, including but not limited to contractual agreements and termination of those agreements.

**TOPIC NO. 4:**

Wayfarer and Baldoni's relationship and Communications with Melissa Nathan ("Nathan") and TAG, including but not limited to Nathan and TAG's role in providing services for Wayfarer and Baldoni.

**TOPIC NO. 5:**

Wayfarer and Baldoni's relationship and Communications with Jennifer Abel, including but not limited to Abel's role in providing services to Wayfarer and Baldoni.

**TOPIC NO. 6:**

Wayfarer and Baldoni's relationship and Communications with RWA, including but not limited to RWA's role in providing services to Wayfarer and Baldoni.

**TOPIC NO. 7:**

Wayfarer's alleged damages, including those arising from the Agreement and its termination, the basis for any claimed reputational harm, lost business opportunities, and the calculation of monetary damages sought in the counterclaims.

**TOPIC NO. 8:**

The allegations in Your Counterclaims concerning Jones' alleged failure to adhere to professional standards.

**TOPIC NO. 9:**

The allegations in Your Counterclaims concerning Jones' alleged material breach of the Agreement.

**TOPIC NO. 10:**

The allegations in Your Counterclaims concerning Jones' alleged leak of confidential information.

**TOPIC NO. 11**

Wayfarer and Baldoni's understanding of and response to media coverage regarding the *It End With Us*, including but not limited to Wayfarer and Baldoni's communications strategy.

**TOPIC NO. 12:**

Wayfarer's alleged smear campaign against Blake Lively, including Wayfarer, Justin Baldoni, Jamey Heath, Jennifer Abel, Melissa Nathan, TAG, and RWA's roles in such campaign.

**TOPIC NO. 13:**

Wayfarer and Baldoni's alleged misconduct on the *It Ends With Us* set.

**TOPIC NO. 14:**

Jonesworks employees and clients that have departed Jonesworks to work with Jennifer Abel, RWA, Melissa Nathan, and/or TAG.

**TOPIC NO. 15:**

Articles concerning Stephanie Jones, including the Business Insider article "Who's Afraid of Stephanie Jones," and websites concerning Jones, including stephaniejoneslies.com/ and stephaniejonesleaks.com and accompanying social media accounts.

**TOPIC NO. 16:**

Wayfarer's document collection, document search, and document production in this Action.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 17, 2025, a true and correct copy of the foregoing

Notice of Subpoena was served via email on counsel of record, as identified below:


**LINER FREEDMAN TAITELMAN + COOLEY**
Bryan J. Freedman
Ellyn S. Garofalo
Theresa M Troupson
Summer Benson
Jason Sunshine
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
Email: bfreedman@lftcllp.com
egarofalo@lftcllp.com
mcooley@lftcllp.com
ttroupson@lftcllp.com
sbenson@lftcllp.com
jsunshine@lftcllp.com

**MEISTER SEELIG & FEIN PLLC**
Mitchell Schuster, Esq.
Kevin Fritz, Esq.
Armit Shertzer, Esq.
125 Park Avenue, 7th Floor
New York, NY 10017
Tel: (212) 655-3500
Email: ms@msf-law.com
kaf@msf-law.com
as@msf-law.com

*Attorneys for Wayfarer Studios LLC, Justin Baldoni, Melissa Nathan, and Jennifer Abel*

Dated: September 17, 2025

*/s/ Kristin Tahler*
Kristin Tahler

10