**LINER FREEDMAN TAITELMAN + COOLEY, LLP**
ATTORNEYS AT LAW

**1801 CENTURY PARK WEST, 5ᵀᴴ FLOOR**
**LOS ANGELES, CALIFORNIA  90067-6007**
TEL: (310) 201-0005
FAX: (310) 201-0045
E-MAIL:  bfreedman@lftcllp.com

BRYAN J. FREEDMAN

October 7, 2025

By ECF
Honorable Lewis J. Liman
United States District Court
Southern District of New York

**Re:**   *Stephanie Jones and Jonesworks v. Jennifer Abel, et. al.*, No. 1:25-cv-00779

Dear Judge Liman:

      Defendant and Counterclaimant Wayfarer Studios LLC ("Wayfarer") respectfully opposes the motion of Plaintiffs and Counterclaim-Defendants Stephanie Jones and Jonesworks LLC (collectively the "Jones Parties") for an order compelling the deposition of Wayfarer pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.

      The Jones Parties moved for a "***limited*** extension of the discovery schedule for the depositions of Mr. Sarowitz, Mr. Heath, and Mr. Baldoni." Dkt. 124 (Order) (emphasis added). They never sought an order to extend the time for the Rule 30(b)(6) deposition of Wayfarer, nor did they meet and confer on such an extension.  They simply assumed that the deposition could still proceed after the close of fact discovery, without leave of the Court.

      "'A party must demonstrate good cause for the modification of a scheduling order.'" *Lively v. Wayfarer Studios LLC*, Case No. 1:24-cv-10049-LJL (Liman, J.) (Dkt. 770) (quoting *Furry Puppet Studio Inc. v. Fall out Boy*, 2020 WL 4978080, at *1 (S.D.N.Y. Feb. 24, 2020)). "Good cause is 'likely to be found when the moving party has generally been diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party.'" *Id.* (quoting *Furry Puppet Studio*, 2020 WL 4978080, at *1).  "'In short, and among other things, the party seeking an extension should demonstrate that it exercised diligence in conduction discovery by describing what discovery it conducted in the time period originally scheduled and that there are circumstances that were not foreseen at the time of the order sought to be modified nor the party's fault that gave rise to the request for the extension.'" *Id.*

      The Jones Parties cannot make that showing here.  They neglected to seek leave of the Court to take the Rule 30(b)(6) deposition of Wayfarer after the close of fact discovery, but served a notice of deposition set for after fact discovery closed.  The fact that they now belatedly realize their omission does not constitute good cause to modify the scheduling order, nor would it be unfair to the Jones Parties, who unilaterally noticed their late-scheduled deposition with no prompting from Wayfarer.  The Jones Parties have not been "generally diligent" in pursuing the deposition of Wayfarer; they never sought nor obtained Wayfarer's consent to take its deposition

Hon. Lewis J. Liman
October 7, 2025
Page 2

out of time.  Their request to be excused from the consequences of their neglect appears instead to result from "carelessness" or "a change in litigation strategy."  *Id.*

For the foregoing reasons, this Court should deny the Jones Parties' motion.

Respectfully submitted,

LINER FREEDMAN TAITELMAN + COOLEY, LLP

*/s/ Bryan J. Freedman*
Bryan J. Freedman (*pro hac vice*)
Ellyn S. Garofalo (*pro hac vice* application pending)
Theresa M Troupson (*pro hac vice*)
Summer Benson (*pro hac vice*)
Jason Sunshine
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
Email: bfreedman@lftcllp.com
egarofalo@lftcllp.com
ttroupson@lftcllp.com
sbenson@lftcllp.com
jsunshine@lftcllp.com


MEISTER SEELIG & FEIN PLLC
Mitchell Schuster
Kevin Fritz
125 Park Avenue, 7th Floor
New York, NY 10017
Tel: (212) 655-3500
Email: ms@msf-law.com
kaf@msf-law.com

cc: all counsel of record (via ECF)