USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/8/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
STEPHANIE JONES, et al.,                                           :
:
                     Plaintiffs,                           :
:         25-cv-779 (LJL)
     -v-                                                          :
:         ORDER
JENNIFER ABEL, et al.,                                             :
:
                     Defendants.                           :
:
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      Stephanie Jones and Jonesworks LLC (the "Jones Parties") filed an emergency letter late last night seeking an order compelling Wayfarer Studios LLC ("Wayfarer") to produce Jamey Heath ("Heath") as its corporate designee for a deposition on October 9, 2025. Dkt. No. 144. Wayfarer filed a letter early this morning opposing the motion. Dkt. No. 146. Wayfarer asserts that neither Heath nor any other designee need testify because fact discovery has closed, and the Jones Parties have not demonstrated good cause for extending the deposition deadline. Dkt. No. 146. Wayfarer's opposition is meritless and the motion to compel is granted.

      On September 17, 2025, the Court granted the Jones Parties' motion to extend the deadline to complete the depositions of Heath, Steve Sarowitz ("Sarowitz"), and Justin Baldoni ("Baldoni") until October 10, 2025. Dkt. No. 124. The order did not specify or limit the capacities in which Heath, Sarowitz, and Baldoni would testify. *See id.* The Court granted the request due to the Wayfarer Parties' deficient and delayed document productions, including their failure to honor Court-ordered deadlines. *See Lively v. Wayfarer Studios LLC*, No. 24-cv-10049, Dkt. No. 770 (S.D.N.Y. Sept. 12, 2025). At that time, the Jones Parties and Wayfarer had already agreed that Heath would be deposed both in his individual capacity and as Rule 30(b)(6)

witness for Wayfarer. In fact, it appears that counsel for Wayfarer were the ones who "propose[d] combining the depositions." *See* Dkt. No. 145-2 at 5. Since then, both parties have operated under the assumption that Heath and Wayfarer's depositions would "occur simultaneously." *See* Dkt. No. 145-5 at 1, 8. Thus, when the application was made to extend the deadline for Heath's deposition, it encompassed his testimony in both a Rule 30(b)(1) and Rule 30(b)(6) capacity. Accordingly, the reissued notice for Wayfarer's deposition was not untimely and complied with the Court's order.

Contrary to Wayfarer's suggestion, the Jones Parties are not guilty of a lack of diligence, "neglect," or some "belated[] realiz[ation]." Dkt. No. 146 at 1. They accommodated Wayfarer's proposal that Heath testify in both a Rule 30(b)(1) and 30(b)(6) capacity, and, upon issuance of the Court's September 17, 2025 order, they promptly served notices requiring his testimony in both capacities. Indeed, the Jones Parties reissued notices later that very day indicating that Heath and Wayfarer's depositions would occur at the same place and at the same time. *See* Dkt. Nos. 145-9, 145-10. Wayfarer did not object until roughly three weeks later on the eve of the scheduled depositions.

Wayfarer is therefore ORDERED to produce Heath as its corporate designee for a deposition on October 9, 2025.

The Clerk of Court is respectfully directed to close Dkt. No. 144.

SO ORDERED.

Dated: October 8, 2025
      New York, New York

_____
LEWIS J. LIMAN
United States District Judge