**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

November 7, 2025

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 1620
New York, NY 10007

Re:    ***Jones v. Abel et al.*, Case No. 1:25-cv-00779-LJL**

Your Honor,

Pursuant to Federal Rule of Civil Procedure 5.2(d), Rules 1(B), 1(C), 2(H)(ii), and Attachment B of Your Honor's Individual Practices, this Court's Standing Order No. 19-mc-00583, and this Court's ECF Rules & Instructions ("ECF Rules"), Plaintiffs Stephanie Jones and Jonesworks, LLC (collectively "Jonesworks") respectfully submit this letter in support of maintaining under seal limited portions of Defendant Jennifer Abel's Amended Counterclaims ("Amended Counterclaims"), filed under seal on October 31, 2025 (ECF No. 158).  Jonesworks requests continued the sealing of the specified portions that contain: (i) (i) references to certain non-parties to the underlying litigation ("Non-Party Material"); and (ii) Jonesworks' competitively sensitive business and financial information ("Competitively Sensitive Material").

**I.    Standard**

To determine whether sealing is appropriate, courts in the Second Circuit apply the three-step test described in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Under this test, the Court must determine: (1) whether the documents subject to a sealing request qualify as "judicial documents"; (2) the weight of the presumption of public access attaching to any judicial document; and (3) if any countervailing factors or higher values outweigh the right of public access. *Id.* at 119–20.  A district court has "considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents filed" on its docket. *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000).

A party's interest in preserving competitively sensitive business operations frequently merits sealing.  *See, e.g.*, *In re. Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) ("Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are 'sources of business information that might harm a litigant's competitive standing.'") (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *Apple Inc. v.*

*Samsung Elecs. Co.*, 727 F.3d 1214, 1225–26 (Fed. Cir. 2013) (holding that the district court abused its discretion by denying request to seal" confidential financial information"). Such is the case here.

## II.    Justification for Continued Sealing

*First*, the proposed redactions are consistent with the Second Circuit's recognition that documents may be sealed if "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120. As detailed herein, the proposed redactions are limited to protecting (i) the identities of individuals and entities not party to the underlying litigation and (ii) competitively sensitive business and financial information of limited public interest and are "narrowly tailored." *Id.*; *see also, e.g.*, *KeyBank Nat'l Ass'n v. Element Transportation LLC*, 2017 WL 384875, at *3 (S.D.N.Y. Jan. 26, 2017) (granting motion to seal where proposed redactions were "narrowly tailored" and "limit[ed] . . . to the portion of the [document] containing the irrelevant nonparty financial information").

*Second*, the public interest in the Non-Party Material and Competitively Sensitive Material is minimal because the information to be sealed is far from central to the litigation and without public ramifications. *See United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("Financial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public."). Indeed, courts routinely permit the redaction of non-party and sensitive competitive information, as is being requested here. *See, e.g.*, *News Corp. v. CB Neptune Holdings, LLC*, 2021 WL 3409663, at *2 (S.D.N.Y. Aug. 4, 2021) ("[D]isclosure of the confidential acquisition terms and related competitively sensitive financial information *provides no specific benefit to the public*, including competitors." (emphasis added)).

*Third*, as to the Non-Party Material, "[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." *Amodeo*, 71 F.3d at 1050 (quotation marks omitted). Information regarding such non-parties "are [subject to] a venerable common law exception to the presumption of access." *Id.* Courts favor protecting non-parties where disclosure risks exposing sensitive personal information to public exploitation or invasion of privacy, rather than serving a legitimate public interest. ("[C]ourts have the power to insure that their records are not 'used to gratify private spite or promote public scandal,' and have 'refused to permit their files to serve as reservoirs of libelous statements for press consumption.'").

*Fourth*, the majority of the Amended Counterclaims will be public, and the unredacted information provides the public with ample information to understand the dispute. *See Dependable Sales & Serv., Inc. v. TrueCar, Inc.*, 311 F. Supp. 3d 653, 666 (S.D.N.Y. 2018) (permitting proposed redactions where a "member of the public reviewing the parties' redacted submissions . . . would have information sufficient to understand the parties' arguments and the Court's adjudication"); *KeyBank Nat'l Ass'n*, 2017 WL 384875, at *3 (S.D.N.Y. Jan. 26, 2017) (permitting proposed redactions where redacted document was "irrelevant" to parties' claims).

### III.    Paragraphs To Be Sealed

Jonesworks seeks to seal limited portions of the Amended Counterclaims, specifically portions of Paragraphs 54, 61, 68, 72, 74, 85, 88, 97, and 98.  As a threshold matter, the deposition testimony and produced documents referenced in these paragraphs have been designated as confidential under the Protective Order, and those designations have not been challenged.

Paragraphs 54, 61, 72, 88, 97, and 98 contain references to the deposition testimony of individuals who are not parties to the underlying litigation, and whose identities are irrelevant to the merits of Abel's claim.  These non-parties include current and former Jonesworks employees, third-party vendors, personal acquaintances, and industry professionals.  These individuals did not voluntarily enter this litigation. Given the significant public interest and media attention surrounding this litigation, disclosure of the substance of their deposition testimony would subject them to unwanted scrutiny and violate their legitimate privacy interests, would be counter to the core protections afforded by the Protective Order in this matter, and would be competitively disadvantageous.  *See Amodeo*, 71 F.3d at 1050.

Paragraphs 68 and 85 contain confidential information regarding Jonesworks' business operations, including vendor relationships, operational procedures, internal business strategy, and service capabilities.  This information is not publicly available, and its disclosure would disadvantage Jonesworks by affording competitors an opportunity to gain an unfair strategic advantage with nonpublic information, while providing no benefit to the public's understanding of the claims before the court.

Jonesworks notes that certain allegations in the sealed portions of the Amended Counterclaims contradict the discovery produced in this case. These factually incorrect assertions and characterizations appear to be intended to attract public attention rather than provide legitimate support for Abel's counterclaims, underscoring that the disclosure is designed to sensationalize without illuminating substantive issues for public understanding.

For these reasons, Jonesworks requests that the limited portions of Paragraphs 54, 61, 68, 72, 74, 85, 88, 97, and 98 of Abel's Amended Counterclaims be maintained under seal to protect non-party privacy interests and Jonesworks' confidential business information.

Respectfully submitted,

Kristin Tahler

Kristin Tahler