**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443 3000 FAX (213) 443 3100

November 13, 2025

The Honorable Lewis J. Liman
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 1620
New York, NY 10007

Re:   *Jones et al. v. Abel et al.*, No. 1:25-cv-00779-LJL

Dear Judge Liman:

Pursuant to Rules 1.C and 4.C of the Court's Individual Rules and Practices and Fed. R. Civ. P. 45, Stephanie Jones and Jonesworks LLC (the "Jones Parties") respectfully request that this Court compel third-party Katie Case to produce relevant, non-privileged materials in response to the subpoena served on her. Case does not object to producing these documents and, in fact, has agreed to produce them. Yet on the agreed-upon date for Case's production, and nearly two weeks after the time to object had passed, the Wayfarer Parties[1] interjected at the eleventh hour with an untimely and baseless objection to Case's production. Case has advised that—while she has no objection to producing these documents and has already prepared a set of responsive documents that are ready to produce, in an abundance of caution, she will refrain from producing the documents until the objection is resolved. The Wayfarer Parties have refused to withdraw their objection. The Jones Parties now move for an order compelling Case to proceed with producing the responsive documents that she has agreed to produce.

*Background.* Case testified under oath in deposition that, at Nathan's direction and ███, ███, she wrote the content for what became the *Stephanie Jones Leaks* website, as well as several tweets for an associated disparaging Twitter account. ECF Nos. 112, 122. Case further testified that, also ███ ███ (Ex A. at 375:22–24) ███ ███. Ex. E. ███ ███ Ex. A at 505:8–21. Case also described ███ ███ Exs. B, D. ███ ███ Ex. C. ███ Exs. B–E. ███

---

[1] The Wayfarer Parties are Justin Baldoni, Wayfarer Studios, Jennifer Abel, and Melissa Nathan.

███████████████████████████████████. Ex. F at 131:20–135:4, 137:3–139:12; Ex. G at 26:10–22, 38:16–40:10, 43:4–45:2, 75:8–76:3, 102:10–104:1. Not only did Nathan and Wallace ████████████████████████████████████████████████████████████████████████████████ Ex. F at 142:15; Ex. K at 52:12–13. Nathan went so far as to ████████████████████ ██████████████████████████████████ Ex. F at 132:14–23, 231:21–233:13, 239:3–8.

Nathan's and Wallace's depositions—which took place at the very end of fact discovery—revealed that the document subpoena that the Jones Parties previously served on Case (and which the Jones Parties had narrowed in a good faith attempt to tailor the scope to their then-present understanding of the facts) was inadequate to capture all relevant materials in Case's possession that bore on ████████████████ Case's, Nathan's, and Wallace's testimony. For example, the Jones Parties did not know that Case had written copy for the *Stephanie Jones Leaks* website and associated Twitter posts or ██████████████████████████████████████████████ █████████████████

Therefore, on October 15, the Jones Parties wrote to Case's counsel, requesting that counsel accept service of a supplemental subpoena; they served that subpoena on October 17, with a copy to the Wayfarer Parties, requesting documents by October 29. Exs. H, J. The Wayfarer Parties did not object or otherwise respond to the subpoena. Case confirmed that she possessed relevant documents that bore on and corroborated her testimony that had not previously been produced and agreed to produce these documents. Counsel for the Jones Parties and Case agreed on search terms and for Case to begin rolling productions on November 11. That day, however, the Wayfarer Parties for the first time interjected to block Case's imminent production based on the purported "propriety and potentially other interests" of Nathan and TAG. Ex. I. Following a meet and confer, the Wayfarer Parties refused to withdraw their objection. Case is nonetheless prepared to produce these documents upon this Court's order.

**The Court Should Compel Compliance.** The Wayfarer Parties have no legitimate basis for objecting to this production; instead, it is apparent that they desperately seek to prevent discovery of ████████████████████████████████████████████████████████████████████████ that they failed to produce. The articulated bases for the objection are: (1) unspecified "propriety and potentially other interests" on the ground that requested information refers to TAG's work; (2) that the subpoena violates a court order;[2] (3) relevance; and (4) purported extortion. All fail. As an initial matter, there is no dispute that the objection is untimely and, therefore, is waived.[3] *In re Rule 45 Subpoena*, 319 F.R.D. 132, 135 (S.D.N.Y. 2016).

Second, the Wayfarer Parties lack standing to challenge the subpoena. "[A] party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought," *Estate of Ungar v. Palestinian Auth.*, 332 F. App'x 643, 645 (2d Cir. 2009), such as "the personal privacy right and privilege with respect to the information contained in [] psychiatric and mental health records, claims of attorney-client privilege, and other privacy interests," *Sky Med. Supply*

---

[2] To the extent the Wayfarer Parties argue that any discovery after the discovery deadline would be automatically violative of a Court order, that position implicates a number of their own productions, which have been made as recently as yesterday.

[3] It is the Wayfarer Parties' burden to show a ground to quash the subpoena applies, and they cannot. *Malibu Media, LLC v. Doe*, 2016 WL 5478433, at *2 (S.D.N.Y. 2016). To the extent they separately move to quash or raise any objections not previously articulated, the Jones Parties request leave to respond.

*Inc. v. SCS Support Claim Servs.*, 2017 WL 1133349, at *5 (E.D.N.Y. 2017) (cleaned up). There is no suggestion the documents implicate Abel, Baldoni, or Wayfarer's information. And Nathan cannot have it both ways: she testified that ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Ex. F at 137:8–138:9. Regardless, any such concerns can be addressed (as has been practice) with confidentiality and Attorney's Eyes Only designations, as appropriate. The Wayfarer Parties' "general desire to thwart disclosure of [that] information … is [] not an interest sufficient to create standing." *US Bank Nat'l v. PHL Var. Ins. Co.*, 2012 WL 5395249, at *2 (S.D.N.Y. 2012). They must instead demonstrate the subpoenas seek personally sensitive information—which they cannot. *Univers., LLC v. Nova Grp.*, 2013 WL 57892, at *5 (S.D.N.Y. 2013); *US Bank Nat l*, 2012 WL 5395249, at *2 (same).

Third, the documents sought are highly relevant to core issues—namely, parties responsible for attacking and defaming the Jones Parties through the smear websites—and thus bear directly on the merits of the Jones Parties' claims and ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆. *In re Rule 45 Subpoena.*, 319 F.R.D. at 134–35. ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆. No. 1:24-cv-10049, ECF No. 727 at 4–5. ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Moreover, not only have Nathan and Wallace ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Documents that corroborate Case's testimony and ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ are highly probative.[4] Nor is there any burden, and they have identified none. Case, the producing party, does not object to production and has already completed the search and review necessary to enable her to promptly produce.

Fourth, a good cause showing is not required because Case *has consented to production*. Regardless, that standard is met here. Fact discovery closed on October 10, after being extended due to the Wayfarer Parties' repeated discovery failures. ECF No. 147. The Wayfarer Parties continued to produce documents as recently *as yesterday*, and Nathan's and Wallace's depositions were not complete until October 10, making the full scope of relevant communications unknown until then. The Jones Parties promptly served the subpoena thereafter. Thus, "[g]ood cause" exists. Fed. R. Civ. P. 16(b)(4); *Furry Puppet Studio Inc. v. Fall Out Boy*, 2020 WL 4978080, at *1 (S.D.N.Y. 2020); *Scantibodies Lab'y, Inc. v. Church & Dwight Co.*, 2016 WL 11271874, at *39 (S.D.N.Y. 2016); *This LLC v. HolaBelle, Inc.*, 2024 WL 4871688, at *4–5 (D. Conn. 2024).

Finally, the Wayfarer Parties' accusation the subpoena is somehow for an "extortionate purpose" is baseless and offense. The Wayfarer Parties apparently should have produced these documents *themselves* months ago, and the Jones Parties are acting well within their rights to seek them from a cooperative third-party—circumstances far from *Keawsri v. Ramen-ya Inc.*, 2022 WL 2162981 (S.D.N.Y. May 5, 2022), where the defendant issued subpoenas to compel trial testimony of individuals outside the Court's power to compel attendance, that it chose not to depose, who had no relevant knowledge, and who worked minimum wage jobs such that time off to attend trial would present "a large, and perhaps insuperable, economic cost." Importantly, Case herself has made no such suggestion of extortion in any conferrals here.

---

[4] The Wayfarer Parties discovery failures are long documented. *E.g.*, ECF No. 147; *Lively v. Wayfarer*, No. 24-cv-10049, ECF No. 867. The Jones Parties requested Nathan's communications about Jones and pertaining to the websites and social media pages about her, but Nathan has not produced the documents in Case's forthcoming production, which Nathan now claims implicate her.

The Court should reject the Wayfarer Parties' untimely and meritless intervention and compel Case to produce documents as planned and agreed.

Respectfully submitted,

*/s/ Kristin Tahler*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Kristin Tahler
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
(213) 443-3000
kristintahler@quinnemanuel.com

Maaren A. Shah
Morgan L. Anastasio
295 5th Avenue
New York, New York 10016
(212) 849-7000
maarenshah@quinnemanuel.com
morgananastasio@quinnemanuel.com

Nicholas Inns (*pro hac vice*)
1300 I Street NW
Suite 900
Washington, D.C. 20005
(202) 538-8000
nicholasinns@quinnemanuel.com

*Attorneys for Stephanie Jones and Jonesworks, LLC*