**Jackson Walker LLP**

Joel R. Glover
(713) 752-4226 (Direct Dial)
(713) 308-4114 (Direct Fax)
jglover@jw.com

November 20, 2025

**VIA ECF**
The Honorable Lewis J. Liman
Danial Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

> Re: *Jones et al. v. Abel et al.*, Case No. 1:25-cv-00779-LJL; Wallace Non-Parties' Letter Motion for Continued Sealing and Redaction of **Exhibits A, B, C, F, G, H, and J to Jones Parties' Letter Motion to Compel Production by Third-Party Katie Case** (Dkt. 169)

Dear Judge Liman,

We write on behalf of non-parties Jed Wallace ("Wallace") and Street Relations Inc. ("Street") (collectively, the "Wallace Non-Parties")[1] pursuant to Rule 4.b. of Attachment A to the Court's Individual Rules to request that the Court maintain under seal certain portions of Exhibits A, B, C, F, G, H, and J to the Jones Parties' Letter Motion to Compel Production by Third-Party Katie Case, as well as all portions of the Jones Parties' letter motion itself reflecting the material sought to be sealed. Many of the identified exhibits are the subject of the Wallace Non-Parties' previously filed and pending motions for continued sealing in *Lively v. Wayfarer et al.*, No. 1:24-cv-10049-LJL (the "Lively matter") (Dkts. 914 and 916).

***Exhibits A, B, C, F, G, H, J, and the Jones Parties' Letter Motion – Sensitive and Confidential Business Information[2]***

---

[1] By filing this letter motion, the Wallace Non-Parties do not waive their arguments that this Court lacks personal jurisdiction over them—as confirmed in the Court's November 5, 2025 Opinion and Order in Case No. 1:24-cv-10049-LJL. Dkt. 912.

[2] The Wallace Non-Parties submit with this Motion under seal a highlighted copy of Exhibit G—the deposition transcript of Jed Wallace. Because Exhibits A, B, C, F, H, J, and the Jones Parties' letter motion include testimony and documents of other parties and non-parties, the Wallace Non-Parties do not submit redacted copies of these exhibits or the Jones Parties' letter motion, so as not to inadvertently disclose information other parties or non-parties may seek to maintain under seal pursuant to the Court's Individual Rules. To the extent other parties or non-parties do not seek continued sealing of Exhibits A, B, C, F, H, J, and the Jones Parties' letter motion and subject to guidance from the Court, the Wallace Non-Parties are prepared to submit redacted copies of these documents as it relates to the portions of the exhibits and the letter motion the Wallace Non-Parties seek to maintain under seal.

Exhibits A, F, and G are excerpts from the depositions of Katie Case, Melissa Nathan, and Jed Wallace, respectively. With respect to Exhibits A and F, the Wallace Non-Parties previously moved in the Lively matter for continued sealing of portions of the transcripts of Ms. Case and Ms. Nathan (*see* Dkts. 914 and 916). Each exhibit includes sensitive and confidential testimony relating to Street's engagements or prospective engagements for work unrelated to Street's engagement for Wayfarer and otherwise unrelated to the parties or issues in this litigation.

Exhibit B includes a document produced by third-party Katie Case during discovery, which document is the subject of the Wallace Non-Parties' previously filed and pending motion for continued sealing in the Lively matter (Dkt. 916). This document includes highly sensitive and confidential business information relating to communications concerning Street's engagements or prospective engagements wholly unrelated to Street's work for Wayfarer and otherwise unrelated to any parties or issues here.

Exhibit C—a voice memo offered by the Jones Parties without context—similarly concerns sensitive and confidential information relating to Street's business engagements with non-parties. This voice memo is also the subject of the Wallace Non-Parties' previously filed and pending motions for continued sealing in the Lively matter (Dkts. 914 and 916). It is unrelated to Jonesworks, Lively, Wayfarer, or any party to this litigation and implicates the privacy interests of non-parties.

Exhibit H is the document subpoena to third-party Katie Case. The Wallace Non-Parties seek limited continued sealing consistent with the proposal by Jones Parties' counsel—which reflects redaction of and continued sealing of information implicating the privacy interest of third parties, including specifically the identification of various third parties unrelated to the parties or issues in this litigation.

Finally, Exhibit J and the Jones Parties' letter motion cite to and quote from the above-referenced confidential and sensitive information relating to *other, wholly irrelevant* engagements or prospective engagements.

Courts in this Circuit and beyond routinely seal documents to protect both the privacy interests of third parties, as well as sensitive and non-public business information. *See U.S. v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995) (in balancing the considerations against the presumption of public access, "'the privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation.' . . . Such interests, while not always fitting comfortably under the rubric 'privacy,' are a venerable common law exception to the presumption of access.") (quoting *Application of Newsday, Inc.*, 895 F.2d 74, 79–80 (2d Cir. 1990)); *In re B & C KB Holding GmbH*, No. 22-MC-180 (LAK) (VF), 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023) ("[C]ourts in this District routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business and financial information."). Indeed, this Court previously granted the Wallace Non-Parties' request for continued sealing of documents and communications in the Lively matter, like those identified here, containing sensitive and confidential information regarding unrelated work for unrelated clients. *See* Dkt. 736 at 2 (granting motion for continued sealing where the exhibit "contain[ed] nonpublic information regarding business relationships, particularly undisclosed relationships with clients.").

      Disclosure of these materials—wholly unrelated to this litigation—poses privacy risks for both the highly sensitive and non-public business of Street and its clients or prospective clients. Because of the significant weight afforded the privacy interests of third parties and the commensurate interest in protecting confidential business information, the Wallace Non-Parties respectfully request the Court maintain under seal the identified portions of Exhibits A, B, C, F, G, H, J, and the Jones Parties' letter motion citing to and quoting from the same.

                                            Respectfully submitted,

                                         */s/ Joel R. Glover*
                                         Charles L. Babcock
                                         SDNY #5451117
                                         Joel R. Glover
                                         SDNY #5697487
                                         Tori C. Emery (admitted *pro hac vice*)
                                         JACKSON WALKER LLP
                                         1401 McKinney, Suite 1900
                                         Houston, TX 77010
                                         (713) 752-4200
                                         cbabcock@jw.com
                                         jglover@jw.com
                                         temery@jw.com

cc: all counsel of record (via ECF)