

**Parmida Enkeshafi**
Associate

Direct Tel: 212-326-0882
Direct Fax: 212-326-0806
penkeshafi@pryorcashman.com

November 20, 2025

**VIA ECF**

Hon. Lewis J. Liman
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:    *Jones et al. v. Abel et al.*, No. 1:25-cv-00779-LJL
             *Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049-LJL

Dear Judge Liman:

    On behalf of non-party Ms. Katherine Case, we respectfully request that the Court order the sealing and redaction of certain confidential, personal, and nonpublic information contained in three exhibits filed November 13, 2025, with the Jones Parties' Motion to Compel (Dkt. 166) and accompanying declaration (Dkt. 168). Exhibit A (Dkt. 168-1) contains excerpts from Ms. Case's deposition transcript, portions of which include confidential information. Exhibit B (Dkt. 168-2) comprises a chat thread and related materials that Ms. Case produced and designated as confidential during discovery.

    Notably, Exhibit B references an audio file attachment, which is reflected through a slipsheet at Bates No. KCASE-000004957. The audio file itself has been submitted separately as Exhibit C (Dkt. 172, ¶ 5). We respectfully request that the Court seal Exhibit C and withhold it from public access for the same reasons that warrant sealing the written materials in Exhibits A and B.

    The Court has previously granted similar requests to seal comparable materials in these actions (Lively Dkt. 699). Ms. Case seeks commensurate treatment here.

    Courts evaluate sealing applications by weighing the strong presumption of public access against countervailing interests that may warrant limited disclosure. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). Such interests encompass the substantial privacy concerns of individuals or entities whose confidential business information, if disclosed, could



Hon. Lewis J. Liman
November 20, 2025
Page 2

result in competitive or reputational harm.  *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 154–55 (S.D.N.Y. 2015).  Where these considerations outweigh any public benefit attendant to disclosure, sealing is warranted.  *Matter of Upper Brook Cos.*, No. 22-MC-97 (PKC), 2023 WL 172003, at *1 (S.D.N.Y. Jan. 12, 2023).  Courts in this District routinely grant sealing requests for materials designated as confidential in discovery.  *In re Keurig Green Mt. Single-Serve Coffee Antitrust Litig.*, No. 14-mc-2542, 2023 WL 196134, at *12 (S.D.N.Y. Jan. 17, 2023).

      The information at issue relates to Ms. Case's private crisis-management work for non-party clients of The Agency Group PR LLC.  These communications bear no relation to the merits of the pending motions and hold no relevance to the Court's adjudicative function.  By contrast, the privacy and confidentiality interests of the non-party clients are substantial and decisively outweigh any marginal public interest in disclosure.

      Accordingly, we respectfully request that the Court seal the specified portions of Exhibit A (Dkt. 168-1) and Exhibit B (Dkt. 168-2), including the native audio file at Bates No. KCASE-000004957, submitted with the declaration (Dkt. 168) accompanying the Jones Parties' Motion to Compel (Dkt. 166).

      Respectfully submitted,

*Parmida Enkeshafi*

Parmida Enkeshafi