```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
STEPHANIE JONES, et al.,                                         :
                                                                 :
                              Plaintiffs,                        :
                                                                 :          25-cv-779 (LJL)
              -v-                                                :
                                                                 :        MEMORANDUM AND
JENNIFER ABEL, et al.,                                           :             ORDER
                                                                 :
                              Defendants.                        :
                                                                 :
-----------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

Stephanie Jones and Jonesworks LLC (the "Jones Parties") move to compel non-party Katherine Case ("Case") to produce materials in response to a subpoena dated October 17, 2025 (the "Subpoena"). Dkt. No. 166. Although Case initially objected to the Subpoena, she expressed a willingness to confer with counsel for the Jones Parties regarding a supplemental production, and counsel for both parties subsequently agreed to the scope of such a production. Dkt. No. 173. The Wayfarer Parties[1] now seek to intervene and object to the production, arguing that the Subpoena is untimely and that any request for an extension of the discovery deadlines should be denied. Dkt. No. 176. The Court heard argument on the motion on November 24, 2025. The Jones Parties' motion to compel is denied.

The Subpoena seeks documents and communications regarding certain negative websites and social media posts. Dkt. No. 168-5. It was issued on October 17, 2025, almost two months after document discovery for non-parties closed on August 15, 2025. *Id.*; *see* Dkt. No. 425 at 2. The Jones Parties assert that they issued the Subpoena in response to information obtained during

---

[1] The Wayfarer Parties in this action are Jennifer Abel, Melissa Nathan, Justin Baldoni, and Wayfarer Studios LLC.

the depositions of Case on September 5, 2025, Melissa Nathan ("Nathan") on September 30, 2025, and Jed Wallace ("Wallace") on October 10, 2025. *See* Dkt. No. 166 at 3; Dkt. No. 176 at 1–2. They contend that these depositions revealed that their prior subpoena to Case "was inadequate to capture all relevant materials in Case's possession that bore on the disputed subjects of Case's, Nathan's, and Wallace's testimony." Dkt. No. 166 at 2. In particular, "the Jones Parties did not know that Case had written copy for the *Stephanie Jones Leaks* website and associated Twitter posts or for several other similar smear websites, at Nathan's and Wallace's direction, nor that Nathan and Wallace would deny involvement in all such disparaging websites." *Id.* Counsel for the Jones Parties accordingly wrote to Case's counsel on October 15, 2025, requesting that they accept service of a supplemental subpoena, and the Jones Parties served that subpoena two days later. *Id.* Case and the Jones Parties subsequently agreed to the scope of a supplemental production, but on November 11, 2025—the same day production was set to begin—the Wayfarer Parties noted their objection to the Subpoena, citing "proprietary and potentially other interests of our clients TAG and Nathan in the documents." Dkt. No. 168-6. This motion to compel followed. Dkt. No. 166.

As an initial matter, the Jones Parties argue that TAG and Nathan lack standing to object to the Subpoena because "a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought." *Id.* at 2 (quoting *Est. of Ungar v. Palestinian Auth.*, 332 F. App'x 643, 645 (2d Cir. 2009) (summary order)). The Court agrees that the Wayfarer Parties' conclusory assertions regarding "proprietary and potentially other interests" in the documents fail to establish "some personal right or privilege with regard to the documents sought." *Est. of Ungar*, 332 F. App'x at 645. That is especially true given that Nathan and TAG have expressly

2

denied that any work Case did on the websites or social media posts was on their behalf, going so far as to suggest that Case's testimony to the contrary was perjurious. Dkt. No. 168-3 at 137:8–138:9.

Nonetheless, courts have indicated that "the issue of standing is separate and distinct from the timeliness issue, and the fact that the timing of the service of the subpoena violates the scheduling deadlines set by the Court forms an independent basis to grant the request to quash." *Agapito v. AHDS Bagel, LLC*, 2018 WL 3216119, at *2 n.1 (S.D.N.Y. May 17, 2018) (quoting *Ferrer v. Racette*, 2017 WL 1750377, at *2 (N.D.N.Y. May 4, 2017)); *see McKay v. Triborough Bridge & Tunnel Auth.*, 2007 WL 3275918, at *3 (S.D.N.Y. Nov. 5, 2007) (Sullivan, J.) ("Given that the Court has denied Defendants' request to reopen discovery, any arguments pertaining to whether Plaintiff has standing to move to quash the subpoena or whether the third parties are willing to produce the requested documents are moot."); *McNerney v. Archer Daniels Midland Co.*, 164 F.R.D. 584, 588 (W.D.N.Y. 1995) (granting motion to quash on timeliness grounds despite resisting party's failure to substantiate any interest in the documents sought).

"[A] scheduling order is an order just like any other order of the Court" and may not be ignored or disobeyed simply because the parties agree to do so or because one party lacks an interest in the documents sought. *See Furry Puppet Studio Inc. v. Fall Out Boy*, 2020 WL 4978080, at *1 (S.D.N.Y. 2020). If the Wayfarer Parties had issued a slew of pretrial Rule 45 subpoenas for documents and testimony well after the court-ordered deadline for discovery, the Jones Parties would not have been powerless to present that violation to the Court. *See Lively v. Wayfarer Studios LLC*, No. 24-cv-10049 (the "Lively Action"), Dkt. No. 770 (S.D.N.Y. Sept. 12, 2025) (denying request to amend the scheduling order notwithstanding the opposing party's failure to identify any prejudice or proprietary interest in the discovery sought). The same

principle applies when it is the Jones Parties, and not the Wayfarer Parties, who are seeking to enforce a subpoena issued after the period allowed for the issuance of such subpoenas.[2]

"Service of a subpoena after the close of discovery is generally improper: parties may not issue subpoenas as a means to engage in discovery after the discovery deadline has passed." *Agapito*, 2018 WL 3216119, at *1 (internal quotation marks and citation omitted).  A party must show good cause for the issuance of such a subpoena and thus for a motion to compel compliance with that subpoena.  *See McKay*, 2007 WL 3275918, at *1; Fed. R. Civ. P. 16(b)(4); *Furry Puppet Studio*, 2020 WL 4978080, at *1.  "[T]he primary consideration" in determining whether good cause exists "is whether the moving party can demonstrate diligence." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007); *see Furry Puppet Studio*, 2020 WL 4978080, at *1–2.

The Jones Parties have not established good cause.  They argue that their decision to wait until October 17, 2025, to issue the Subpoena should be excused because "the full scope of relevant communications" became known only on October 10, 2025, after the completion of Case, Nathan, and Wallace's depositions.  Dkt. No. 166 at 2.  However, Case was deposed on September 5, 2025, and the Jones Parties would have been aware, at least at that point, that there likely existed relevant documents that had not been produced.  Case testified that she wrote copy for the *Stephanie Jones Leaks* website and other similar "smear websites" at Nathan and

---

[2] The Jones Parties assert that the Wayfarer Parties' objection to the Subpoena is itself untimely, *see* Dkt. No. 166 at 2, but given that the issues raised by the Wayfarer Parties implicate the use of judicial processes (i.e., issuance of court-ordered subpoenas) and the Court's own discovery deadlines, the Court has an interest in reaching the issues, just as it does even where the objecting party lacks "standing." *Cf. McNerney*, 164 F.R.D. at 588 (noting that court-ordered deadlines present "more fundamental problems" than those of standing in discovery disputes).

4

Wallace's direction. At that point, at the latest, the Jones Parties could have issued the Subpoena.

The Jones Parties argue that Nathan and Wallace had not yet testified by September 5, 2025. But that does not excuse the Jones Parties' failure to timely issue a subpoena once they became aware of the existence of the documents. Nathan and Wallace denied any involvement in the creation of the websites. Thus, there is nothing that the Jones Parties would have learned from their depositions about the likely existence of the documents that they did not already know from Case. Even if there *might* have been cause for the Jones Parties to wait until after Case's deposition to serve the Subpoena, the decision to wait an additional six weeks before doing so demonstrates a lack of diligence. *Cf. In re Gen. Motors LLC*, 2016 WL 2766654, at *1 (S.D.N.Y. May 12, 2016) (citing cases in which courts have excused subpoenas served after the close of discovery where the subpoenas were noticed within one to five days after learning the facts that prompted their issuance); *Namin v. Broadridge Fin. Sols., Inc.*, 2023 WL 10802679, at *2 (D. Conn. July 17, 2023) (noting that "[l]eaving [an] issue unresolved until [a] deposition over two months later does not constitute 'good cause' for a scheduling order amendment").

The Jones Parties' additional arguments fail to overcome this flaw in their good-cause showing. They argue that the Wayfarer Parties will not be prejudiced by an amendment to the scheduling order because the Court has not yet set a deadline for summary judgment motions or trial. But that does not mean that the parties are free to continue to issue pretrial fact subpoenas up to the moment of summary judgment. The absence of prejudice alone is insufficient to show the presence of good cause. *See Shemendera v. First Niagara Bank N.A.*, 288 F.R.D. 251, 253 (W.D.N.Y. 2012) ("The existence or degree of prejudice to the party opposing modification may supply an additional reason to deny a motion to modify a scheduling order, but it is irrelevant to

the moving party's exercise of diligence and does not show good cause." (quoting 3 Moore's Federal Practice § 16.14[1][b] (3d ed.))). Scheduling orders exist to protect systemic interests in "the just, speedy, and inexpensive determination of every action and proceeding." *Furry Puppet Studio*, 2020 WL 4978080, at *1 (quoting Fed. R. Civ. P. 1). The Court itself has an independent interest in compliance with its orders. It thus is not enough that the adverse party is unable to show prejudice.

The Jones Parties also contend that the Wayfarer Parties' delayed and deficient disclosures throughout the course of discovery provide a basis for finding good cause, especially given that the Jones Parties have also raised concerns regarding alleged spoliation committed by the Wayfarer Parties. *See* Dkt. No. 166 at 2.[3] That argument also does not answer the concerns of the Wayfarer Parties and of the Court. If the Wayfarer Parties failed to produce documents they should have produced, then the Jones Parties should have filed a motion to compel against them. And if, in fact, the Wayfarer Parties have spoliated evidence, the remedy is spoliation sanctions. The Jones Parties have failed to show that any discovery violations by the Wayfarer Parties provide good cause for their failure to serve the Subpoena earlier.

Next, the Jones Parties argue that they do not need to demonstrate good cause because Case consents to the current production. *Id.* at 3. It is true that parties and non-parties need not seek the extension of court-ordered discovery deadlines to exchange documents or to engage in informal discovery. A party may ask a witness for information and documents after the close of discovery. But that is not what the Jones Parties are seeking here. The Jones Parties issued a formal subpoena for the documents, and Case agreed to produce the materials so as not "to

---

[3] The Jones Parties have raised these concerns in a motion for spoliation sanctions in the Lively Action, which, although related, is a separate case involving separate issues. *See* Lively Action, Dkt. No. 867.

6

violate . . . any directive of this Court." Dkt. No. 173 at 1. The Jones Parties are now moving to compel the production of the documents. Thus, although there is nothing that would prohibit the Jones Parties from asking Case to voluntarily share the documents at issue, what the Jones Parties cannot do is issue an untimely subpoena without Court permission and then ask the Court to enforce that subpoena without a demonstration of good cause.

Finally, the Jones Parties argue that the documents bear directly on Nathan and Wallace's credibility: Case says she prepared the website and social media materials at Nathan and Wallace's direction, while they assert the exact opposite. Dkt. No. 166 at 3. A party may under certain circumstances issue a trial subpoena after the close of discovery when it "intends to use the documents it has requested . . . for cross-examination and impeachment only." *Agapito*, 2018 WL 3216119, at *1 (quoting *Joseph P. Carroll Ltd. v. Baker*, 2012 WL 1232957, at *2 (S.D.N.Y. Apr. 12, 2012)); *see also Marsh USA, Inc. v. Millett*, 2023 WL 5390436, at *1 (S.D.N.Y. Aug. 22, 2023). The Jones Parties have not framed the Subpoena as a "trial subpoena," nor have they indicated that it is for cross-examination and impeachment purposes only. The Court therefore does not address that issue.

The motion to compel is DENIED.

The Clerk of Court is respectfully directed to close Dkt. Nos. 166 and 169.

SO ORDERED.

Dated: November 26, 2025
New York, New York

_____
LEWIS J. LIMAN
United States District Judge