# EXHIBIT 5

**quinn emanuel** trial lawyers | new york

295 5th Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7452**

WRITER'S EMAIL ADDRESS
**maarenshah@quinnemanuel.com**

July 18, 2025

<u>VIA ELECTRONIC MAIL</u>

Bryan Freedman
Liner Freedman Taitelman & Cooley LLP
1801 Century Park West
5th Floor
Los Angeles, CA 90067

Kevin Fritz
Mitchell Schuster
Meister Seelig & Fein PLLC
125 Park Avenue, 7th Floor
New York, NY 10017

Re:     The Wayfarer Parties' Deficient Document Productions

Counsel:

We write on behalf of our clients, Jonesworks LLC and Stephanie Jones (collectively the "Jones Parties"), regarding the discovery responses and document productions of Wayfarer Studios LLC, Justin Baldoni, Melissa Nathan, and Jennifer Abel (collectively the "Wayfarer Parties"). All of the below deficiencies violate the parties' ESI protocol and/or the Wayfarer Parties' discovery obligations and must be remedied promptly.

## I.     <u>Preliminary Issues With The Wayfarer Parties' Productions</u>

*First*, the Wayfarer Parties have failed to produce documents from the relevant time period. As the Wayfarer Parties are well aware, a central issue in this case is the role that Abel and Nathan played in secretly orchestrating a smear campaign against Blake Lively, conspiring to publicly and privately attack Jones, poaching of Jonesworks' clients and employees, inducing Baldoni and Wayfarer into breaching their contracts with Jonesworks, and stealing Jonesworks' proprietary information. The Jones Parties' Complaint contains numerous allegations regarding the role that both Nathan and Abel played in this injurious scheme, which took place from at least May 2024 to August 2024.

**quinn emanuel urquhart & sullivan, llp**
ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

Despite this, the Wayfarer Parties have produced minimal documents or communications from the relevant time period, January 1, 2024, to the present. For example, to date, we have identified *fewer than five documents* in Abel's and Nathan's productions from July 2024. It defies logic that there would be so few responsive and non-privileged communications from the relevant time period, especially when the Jones Parties have produced 12,099 documents to date, including those involving the Wayfarer Parties that were not included in your productions. Additionally, the Jones Parties note that Nathan and Baldoni have produced substantially more documents after the July 1 substantial completion deadline than before it.[1]

The Jones Parties have significant concerns that the Wayfarer Parties collected files from inadequate custodial sources. To date, the Wayfarer Parties have produced *fewer than 10* custodial documents from Tera Hanks, Wayfarer president, and *one* custodial document from Steve Sarowitz, Wayfarer co-founder.

The Wayfarer Parties must produce requested documents in their possession, custody, or control, including any documents that the Wayfarer Parties have the practical or legal ability to obtain. *See, e.g.*, Fed. R. Civ. P. 34(a)(1); *Coventry Cap. US LLC v. EEA Life Settlements Inc.*, 334 F.R.D. 68, 72 (S.D.N.Y. 2020). There can be no meaningful dispute that the Wayfarer Parties have the practical ability to obtain documents from Wayfarer's president and its co-founder. Indeed, as memorialized in the parties' ESI Protocol, ECF No. 68, the Wayfarer Parties agreed to (manually) search and produce Hanks's and Sarowitz's text messages. As principals of Wayfarer, their emails must be searched and produced as well.

*Second*, Wayfarer's production is technically insufficient. For example, Wayfarer produced 870 documents, 40 of which contain a "Document Could Not Be Imaged" slipsheet. Please promptly produce an overlay all documents identified by Bates number in Appendix A or otherwise explain why those documents could not be imaged. If you maintain that the documents cannot be imaged, please produce the documents in native form.

In light of these concerns and what appears to be obvious deficiencies, please promptly confirm the following:

- The Wayfarer Parties' custodians;
- Whether the Wayfarer Parties searched all email inboxes, mobile devices, cellular phones, cell-phone records, tablets, cloud drives, and computers either provided by or associated with Wayfarer or belonging to Wayfarer's custodians, including personal accounts;
- The search-term parameters used to target responsive documents;
- The total number of documents collected from all custodians;

---

[1]  The Wayfarer Parties made an initial production on July 1, 2025 as follows: Abel produced 119 documents, Baldoni produced 97 documents, Nathan produced 144 documents, and Wayfarer produced 870 documents. On July 16, 2025, Nathan and Baldoni made supplemental productions: Nathan produced an additional 328 documents, and Baldoni produced an additional 428 documents.

- Whether the Wayfarer Parties have produced all responsive, nonprivileged documents from the relevant time period;
- That the Wayfarer Parties' have not deleted, destroyed, or otherwise failed to maintain possession of any communications from the relevant time period; and
- Whether the Wayfarer Parties have access to text messages and emails sent by Abel while she was employed by Jonesworks.

Further, the parties agreed during their June 18 meet and confer to employ search terms to aid in the targeting of responsive documents in the event of deficient productions. In light of the Wayfarer Parties' patently deficient productions, and in order to ensure that all responsive documents are targeted, searched, and produced, please apply the search terms contained in Appendix B to the custodial sources included therein and provide a hit report by Wednesday, July 23, 2025.

## II.    Substantive Issues With The Wayfarer Parties' Production

As articulated above, the Wayfarer Parties' productions are overwhelmingly sparse. The Jones Parties find it hard to believe that the Wayfarer Parties complied, in good faith, with *any* of the Jones Parties' requests for production. Indeed, in many instances, only one Wayfarer Party produced a document or communication responsive to requests issued to multiple Wayfarer Parties. These inconsistencies undermine any contention that the Wayfarer Parties complied with their discovery obligations.

In addition to its general objections, the Jones Parties have identified the following specific production deficiencies:

**Baldoni Requests Nos. 1-3**: Baldoni produced no documents pertaining to his contract with Jonesworks or the termination of that contract. The Jones Parties seek all documents relating to Baldoni's contract with Jonesworks and the termination thereof.

**Baldoni Request No. 5**: Baldoni produced only *two* communications between himself and Abel via her RWA Communications LLC ("RWA") email address. Given that Abel assumed representation of Baldoni in August of 2024, it is unimaginable that these two correspondences constitute the entire universe of "Documents relating to RWA Communications" within Baldoni's custody or control. Similarly, whereas Wayfarer produced a services agreement between itself and RWA, Baldoni produced neither a formal nor an informal services agreement.

**Baldoni Request No. 6**: Baldoni produced *one* document involving The Agency Group PR ("TAG"), the firm that was hired in August of 2024 to conduct crisis PR work on his behalf. It is improbable, if not impossible, that no other such documents exist.

**Baldoni Request No. 8**: Baldoni produced only *six* text exchanges with Abel. Given that Abel served as his publicist for several years, including the entirety of the relevant time frame, this number is too low. This is further evidenced by the multitude of text messages between Abel and Baldoni produced in response to the Vanzan subpoena that were not included in Baldoni's

production, and texts between Baldoni and Abel that were excluded from Baldoni's production but included in Abel's production.

**Baldoni Request No. 10**: Baldoni produced *fewer than 30* communications with Melissa Nathan. Given that Nathan, the founder of TAG, was hired in August of 2024 to conduct crisis PR work for Baldoni and Wayfarer, it is improbable that such few communications exist.

**Baldoni Request No. 11**: Baldoni produced no documents related to Abel's solicitation of business. Yet both parties readily admit that Baldoni left Jonesworks to work with Abel when she started RWA Communications. That this transition was made without any documentation is unimaginable.

**Baldoni Requests Nos. 13-14**: Aside from the two aforementioned communications from Abel's RWA email address, Baldoni produced only documents regarding services provided by Abel while she was employed by Jonesworks. Yet the bulk of the Jones Parties' claims center on services provided by Nathan, TAG, and Abel after Abel left Jonesworks. It is highly unlikely that Baldoni has in his possession only one email regarding these services, none of which concern Nathan or TAG.

**Baldoni Request No. 15**: Baldoni produced *fewer than 20* communications between himself and Jones. This does not comport with the Jones Parties' production, which includes several communications between Jones and Baldoni that are responsive to this request.

**Abel Requests Nos. 1-4**: Abel did not produce any documentation of her employment with Jonesworks, including her employment agreement. At minimum, this employment agreement would be necessary to support Abel's claim that she is entitled to statutory or common law indemnification. Further, it is implausible that no other documentation of Abel's employment with Jonesworks exists or is in Abel's possession.

**Abel Request Nos. 7, 23-24**: Abel did not produce any documents related to RWA aside from two emails, which were sent from her RWA email account. Given that Abel founded, incorporated, and organized RWA, it is unlikely that no responsive documents exist.

**Abel Request Nos. 12-13**: These requests seek communications and documents pertaining to Baldoni and Wayfarer. The nature and quality of Abel's services to these clients are at the heart of Abel's claims against the Jones Parties and Lively's claims for which Abel now seeks indemnification. By her own admission, Abel was the primary point of contact for this account for many years. She communicated with Baldoni and Wayfarer on a daily basis. Given the nature of this relationship, it is highly unlikely that all documents and communications responsive to these requests are encompassed within Abel's meager document production.

**Abel Request Nos. 21-22**: These requests seek documents or communications concerning any business venture Abel contemplated while employed by Jonesworks and the formation of RWA Communications, including but not limited to correspondence to and from

███████████████████████████ and the Articles of Organization for RWA dated July 19, 2024.  Abel produced *none*.

**Nathan Request Nos. 7-12**: These requests seek communications and documents pertaining to Baldoni and Wayfarer.  Jones has reason to believe Nathan communicated with Baldoni and Wayfarer on a near-daily basis during the height of the Film's marketing.  Given the nature of this relationship, it is highly unlikely that all documents and communications responsive to these requests are encompassed within Nathan's sparse production.

**Nathan Request No. 15-16**:  These requests seek communications between Abel and Nathan relating to Jonesworks, Jones, Wayfarer, or Baldoni.  Nathan produced fewer than 40 communications between herself and Abel, and *none dated before August 1, 2024*. This does not comport with the Jones Parties' production, which includes several communications between Nathan and Abel that are responsive to these requests.

**Nathan Request No. 17-18 and Wayfarer Request Nos. 16-17**: These requests seek documents or communications involving Jed Wallace or Street Relations.  Nathan has produced *none*.  And Wayfarer has produced *none*.  The Jones Parties have reason to believe such documents do exist, as Street Relations produced communications involving Nathan in the related case *Lively v. Wayfarer Studios LLC et al.*, Case No. 1:24-cv-10049-LJL (consolidated with Case No. 1:25-cv-00449-LJL).

## III.    The Wayfarer Parties' First Interrogatory Responses and Objections

The Wayfarer Parties' responses and objections to the Jones Parties' First Set of Requests for Production and Interrogatories are similarly improper and deficient, for all the reasons explained in the Jones Parties' April 30 letter. We require an immediate conferral and fulsome supplementation of these responses.  Please provide a date you are available to meet and confer within 48 business hours concerning the Wayfarer Parties' responses and objections to these interrogatories.

*                               *                               *

No later than Wednesday July 23, please provide a written response to this letter, as well as compliant supplemental productions, compliant interrogatory responses, and a hit report as requested above.  Please also let us know your availability for a conferral on these issues within 48 business hours.  If the Wayfarer Parties do not have documents responding to any Request, they must identify each Request for which that party does not have responsive documents in their written response to this letter.

This letter is not intended to address all of the deficiencies in the Wayfarer Parties' productions or interrogatory responses.  The Jones Parties do not intend, nor should you construe, this letter or its contents as a waiver or relinquishment of any right, defense, or remedy that the Jones Parties may have in this matter.  The Jones Parties reserve all rights.

Regards,

*/s/ Maaren A. Shah*
Maaren A. Shah

Copy to:        All Counsel of Record