# EXHIBIT 19

CONFIDENTIAL

Page 1

```
1              UNITED STATES DISTRICT COURT
2          FOR THE SOUTHERN DISTRICT OF NEW YORK
3                       ---oOo---
4
5    BLAKE LIVELY,
6                 Plaintiff,
7       vs.        CASE NO. 24-CV-10049-LJL (LEAD CASE)
                               25-CV-449 (LJL) (MEMBER CASE)
8
     WAYFARER STUDIOS LLC, ET AL.,
9
                  Defendants.
10   _____
     JENNIFER ABEL,
11             Third-party Plaintiff,
        vs.
12   JONESWORKS, LLC,
               Third-party Defendant.
13   _____
     WAYFARER STUDIOS LLC, et al.,
14             Consolidated Plaintiffs,
        vs.
15   BLAKE LIVELY, et al.,
               Consolidated Defendants.
16   _____
17                   **CONFIDENTIAL**
18
19      VIDEO-RECORDED DEPOSITION OF JAMEY HEATH
20               Los Angeles, California
21             Thursday, October 9, 2025
22
23   Stenographically Reported by:  Ashley Soevyn,
24   CALIFORNIA CSR No. 12019
25
```

CONFIDENTIAL

Page 2

```
 1            UNITED STATES DISTRICT COURT
 2         FOR THE SOUTHERN DISTRICT OF NEW YORK
 3                      ---oOo---
 4
 5   BLAKE LIVELY,
 6              Plaintiff,
 7      vs.        CASE NO. 24-CV-10049-LJL (LEAD CASE)
                              25-CV-449 (LJL) (MEMBER CASE)
 8
     WAYFARER STUDIOS LLC, ET AL.,
 9
                Defendants.
10   _____
     JENNIFER ABEL,
11             Third-party Plaintiff,
        vs.
12   JONESWORKS, LLC,
               Third-party Defendant.
13   _____
     WAYFARER STUDIOS LLC, et al.,
14             Consolidated Plaintiffs,
        vs.
15   BLAKE LIVELY, et al.,
               Consolidated Defendants.
16   _____
17                    **CONFIDENTIAL**
18           Video-recorded Deposition of
19   JAMEY HEATH, taken on behalf of the Plaintiff
20   Stephanie Jones and Jonesworks, Pursuant to Notice,
21   at the offices of Manatt Phelps & Phillips, 2049
22   Century Park East, Los Angeles, California beginning
23   at 9:08 a.m.  and ending at 6:39 p.m. on Thursday,
24   October 9, 2025, before me, ASHLEY SOEVYN,
25   California Certified Shorthand Reporter No. 12019.
```

CONFIDENTIAL

Page 3

```
 1   A P P E A R A N C E S:

 2

 3   For the Plaintiffs Stephanie Jones and Jonesworks

 4   LLC:

 5            QUINN EMANUEL URQUHART & SULLIVAN

 6            BY:  LAURENNE BABAYAN

 7            BY:  OLIVIA HOLMES

 8            Attorneys at Law

 9            865 S. Figueroa Street

10            8th Floor

11            Los Angeles, California 90017

12            laurennebabayan@quinnemanuel.com

13            oliviaholmes@quinnemanuel.com

14            (212) 849-7000

15   -AND-

16            QUINN EMANUEL URQUHART & SULLIVAN

17            BY:  MAAREN A. SHAH

18            Attorney at Law

19            51 Madison Avenue

20            22nd Floor

21            New York, New York 10010

22            maarenshah@quinnemanuel.com

23            (212) 849-7000

24

25
```

CONFIDENTIAL

Page 4

```
 1   A P P E A R A N C E S:
 2
 3   For the Plaintiff Blake Lively:
 4            MANATT PHELPS & PHILLIPS LLP
 5            BY:   ESRA HUDSON
 6            BY:   STEPHANIE ROESER
 7            BY:   KATELYN CLIMACO (Via Zoom)
 8            Attorneys at Law
 9            2049 Century Park East
10            Suite 1700
11            Los Angeles, California 90067
12            ehudson@manatt.com
13            sroeser@manatt.com
14            ehudson@manatt.com
15            (310) 312-4207
16   -AND-
17            MANATT PHELPS & PHILLIPS LLP
18            BY:   MATTHEW F. BRUNO (Via Zoom)
19            Attorney at Law
20            Times Square Tower
21            7 Times Square, 23rd Floor
22            New York, New York 10036
23            mbruno@manatt.com
24            (212) 790-4500
25
```

CONFIDENTIAL

Page 5

```
 1   A P P E A R A N C E S:
 2   For the Plaintiff Blake Lively:
 3           WILLKIE FARR & GALLAGHER
 4           BY:  MICHAEL GOTTLIEB (Not present)
 5           Attorney at Law
 6           2029 Century Park East
 7           Los Angeles, California 90067
 8           mgottlieb@willkie.com
 9           (310) 855-3000
10
11   -AND-
12
13           WILLKIE FARR & GALLAGHER
14           BY:  KRISTIN BENDER   (Via Zoom)
15           Attorneys at Law
16           1875 K Street
17           Northwest
18           Washington, D.C. 20006
19           kbender@willkie.com
20           (202) 303-1245
21
22
23
24
25
```

CONFIDENTIAL

Page 6

1  A P P E A R A N C E S:
2
3  For the Plaintiff Blake Lively:
4          SLOANE OFFER WEBER AND DERN
5          BY:  LINDSEY STRASBERG (VIA ZOOM)
6          Attorney at Law
7          10100 Santa Monica Blvd., Ste. 750
8          Los Angeles, California 90067
9          (310) 248-5100
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

```
 1   A P P E A R A N C E S:
 2   For the Defendants Wayfarer Studios LLC, Jennifer
 3   Abel, Melissa Nathan and Justin Baldoni, Jamey Heath
 4   and Steve Sarowitz:
 5           LINER FREEDMAN TAITELMAN+COOLEY
 6           BY:   BRYAN FREEDMAN
 7           BY:   SUMMER BENSON
 8           BY:   JASON SUNSHINE (VIA ZOOM)
 9           Attorneys at Law
10           1801 Century Park West, 5th Floor
11           Los Angeles, California 90067
12           bfreedman@lftcllp.com
13           sbenson@lftcllp.com
14           jsunshine@lftcllp.com
15           (310) 201-0005
16
17
18
19
20
21
22
23
24
25
```

CONFIDENTIAL

Page 8

```
 1   A P P E A R A N C E S:
 2   For the Defendants Wayfarer Studios LLC, Jennifer
 3   Abel, Melissa Nathan and Justin Baldoni, Jamey Heath
 4   and Steve Sarowitz:
 5           SHAPIRO ARATO BACH
 6           BY: ALEXANDRA SHAPIRO
 7           BY: JONATHAN P. BACH
 8           Attorneys at Law
 9           1140 Avenue of the Americas
10           17th Floor
11           New York, New York 10036
12           ashapiro@shapiroarato.com
13           jbach@shapiroarato.com
14           (212) 257-4880
15
16
17
18
19
20
21
22
23
24
25
```

CONFIDENTIAL

Page 9

```
 1   A P P E A R A N C E S:
 2   For the Defendants Wayfarer Studios LLC, Jennifer
 3   Abel, Melissa Nathan and Justin Baldoni, Jamey Heath
 4   and Steve Sarowitz:
 5
 6           AHOURAIAN LAW
 7           BY: MITRA AHOURAIAN
 8           Attorney at Law
 9           2029 Century Park East
10           Suite 400
11           Los Angeles, California 90067
12           mitra@ahouraianlaw.com
13           (310) 376-7878
14
15   For the Defendants Jed Wallace and Street Relations,
16   Inc.:
17           JACKSON WALKER LLP
18           BY:  JOEL R. GLOVER
19           Attorney at Law
20           1401 McKinney Street
21           Suite 1900
22           Houston, Texas 77010
23           jglover@jw.com
24           (713) 752-4226
25
```

```
 1   A P P E A R A N C E S:
 2
 3   Also Present:
 4   Justin Baldoni
 5   Jennifer Abel
 6   Melissa Nathan (Via Zoom)
 7   Steve Sarowitz (Via Zoom)
 8   Dan Acosta, Veritext Legal Solutions Concierge (Via
 9   Zoom)
10   Jonathan Hernandez, Videographer
```

CONFIDENTIAL

Page 15

1                    ---oOo---
2          CONFIDENTIAL DEPOSITION PROCEEDINGS
3             THURSDAY, OCTOBER 9, 2025
4                    ---oOo---
5              THE VIDEOGRAPHER: Good morning. We're
6    on the record. The time is 9:08 a.m. Pacific
7    Daylight Time. Today is October 9th, 2025.
8              My name is Jonathan Hernandez. I'm a
9    video technician with Veritext Legal Solutions
10   located in Los Angeles, California. We are
11   recording these proceedings at 2049 Century Park
12   East, Los Angeles, California.
13             This is the video deposition of
14   Jamey Heath in the action entitled Blake Lively v.
15   Wayfarer Studios LLC, et al. This deposition is
16   being taken on behalf of the plaintiff. The Case
17   No. is 24-CV-10049.
18             Now, would you all please identify
19   yourselves and who you represent, starting with the
20   noticing attorney.
21             MS. SHAH: Maaren Shah from Quinn Emanuel
22   Urquhart & Sullivan for Stephanie Jones and
23   Jonesworks.
24             MS. HOLMES: Olivia Holmes from Quinn
25   Emanuel for Stephanie Jones and Jonesworks.

1            MS. BABAYAN:  Laurenne Babayan from Quinn
2    Emanuel for Stephanie Jones and Jonesworks.
3            MS. HUDSON:  Esra Hudson of Manatt,
4    Phelps & Phillips for Plaintiff, Blake Lively.
5            MS. ROESER:  Stephanie Roeser of Manatt,
6    Phelps & Phillips, also for Plaintiff, Blake Lively.
7            MR. GLOVER:  Joel Glover of Jackson
8    Walker for Jed Wallace and Street Relations, Inc.
9            MR. FREEDMAN:  Bryan Freedman for the
10   Wayfarer-related parties.
11           MS. BENSON:  Summer Benson of
12   Liner Freedman Taitelman & Cooley on behalf of the
13   Wayfarer parties.
14           MS. AHOURAIAN:  Mitra Ahouraian on behalf
15   of the Wayfarer parties.
16           MR. BACH:  Jonathan Bach, Shapiro Arato
17   Bach, Wayfarer parties.
18           MS. SHAPIRO:  Alexandra Shapiro of
19   Shapiro Arato Bach for Mr. Heath and the Wayfarer
20   parties.
21           THE VIDEOGRAPHER:  Thank you.
22           Will the court reporter please swear in
23   the witness.
24           THE STENOGRAPHIC REPORTER:  Do you
25   solemnly state that the testimony you're about to

Page 17

1  give in this deposition will be the truth, the whole
2  truth, and nothing but the truth?
3             THE WITNESS:  I do, indeed.
4             THE STENOGRAPHIC REPORTER:  Great.  Thank
5  you.
6             MS. SHAPIRO:  Before we start, Mr. Heath
7  wanted to clarify one of his answers from yesterday.
8             MS. SHAH:  Okay.  Please go ahead.
9             THE WITNESS:  Thanks.
10            I just want to make a point regarding the
11  17-point list.  I was in bed all night, I was
12  reflecting, and realizing that everything that I
13  said yesterday, while I was, indeed, true about how
14  I saw it, I kind of tripped myself up, and I was not
15  able to see clearly that, indeed, at that time, I
16  also saw that it may have insinuated some of past
17  feelings.  And I just want to be clear about that so
18  that my testimony today can reflect that.
19            MS. SHAH:  Okay.  Thank you.
20                    EXAMINATION
21  BY MS. SHAH:
22      Q    Now, you said in your last answer that
23  you came to this realization by reflecting
24  overnight; is that correct?
25      A    Indeed.

1  through Josh Greenstein that Stephanie had been
2  engaging with someone.  I didn't know the extent of
3  it at the time because it was all new information.
4  I didn't know all the backstory, but when I called
5  to talk to her about it, her behavior and her
6  ability to be present as someone who was working for
7  Wayfarer versus her own, God bless her, personal
8  stuff, and her own was conflicting for me and, I
9  felt, unprofessional.
10             And as I was having the conversation with
11 her and trying to separate those things, she did not
12 have the ability, in my estimation, to separate
13 them.  And this went on for a while.  And I needed
14 her to hear my instruction to not contact anybody.
15 Even though, again, I understand she was worried
16 about a reputation.  And I feel for her.  But we had
17 a big fire going on we were trying to manage, and
18 she was one of our firefighters, and she was
19 concerned about her own fire.  No judgment, but I
20 needed a firefighter in ours.  And I did not feel I
21 was getting that.  And it gave me great concern
22 moving forward how to work with that.
23      Q    Do you recall where you were when that
24 phone call took place?
25      A    I was in Chicago, I believe.

CONFIDENTIAL

Page 106

1  record.  The time is 11:28 a.m.
2  BY MS. SHAH:
3      Q    Coming back to something that you
4  testified about earlier, I just want to make sure
5  the record is clear.
6           I asked you about the recording that you
7  made of your call with Stephanie Jones on
8  August 7th or 8th of 2024.
9      A    Yeah.
10     Q    And I believe you said that you did not
11 inform her that you were recording that call; is
12 that correct?
13     A    That's correct.
14     Q    Meaning, you did not inform her that you
15 were recording that call?
16     A    I did not inform her.
17     Q    Thank you.
18          And did I hear you correctly that you
19 believe you listened to that call shortly before you
20 provided it to your attorneys in early September of
21 2024?
22          MS. SHAPIRO:  Objection.
23          THE WITNESS:  I don't believe I said
24 that.
25

Page 107

1  BY MS. SHAH:
2       Q    Okay.  What do you recall?  Or --
3       A    I don't recall exactly when I listened to
4  it.  I think that I testified that I would -- well,
5  forget what I testified to.
6       Q    Sure.  Tell me what your recollection is.
7       A    I believe I listened to it at the time
8  that I had turned everything over to the attorneys.
9       Q    Okay.
10      A    That's -- that's my recollection.
11      Q    Okay.  And when you say turned everything
12 over to your attorneys, did you turn -- did you give
13 them your entire physical phone?
14      A    Yes.
15      Q    Okay.  Do you have an understanding of
16 whether or not they made a forensic image of your
17 phone?
18      A    They did.
19      Q    Okay.
20      A    Not my attorneys, but whatever the party
21 is.  I mean --
22      Q    Sure.
23      A    -- whatever their method is.
24      Q    Yes.  Was it your attorneys who were in
25 charge of deciding what materials from your phone

```
                                                    Page 108
 1   would be produced in this litigation and when?
 2        A    I imagine so.  My job was to give them
 3   everything and then they follow the rules of
 4   engagement.
 5        Q    You did not make the individual decisions
 6   about what from your phone was going to be provided
 7   in this litigation and when?
 8        A    I did not.
 9        Q    Okay.  When you -- when did you turn your
10   phone over to your attorneys?
11        A    Sometime during discovery, whenever it
12   was requested.  So we're in -- what are we in?
13        Q    October.
14        A    We're in October.  I don't know.
15        Q    Was it before this summer?
16             MS. SHAPIRO:  Objection.
17             THE WITNESS:  Summer is July?
18             MS. SHAPIRO:  What year?
19   BY MS. SHAH:
20        Q    This year.
21        A    I -- I don't recall.
22        Q    Okay.  It was certainly before the first
23   production of documents and materials from your
24   phone was made in this case, right?
25             MS. SHAPIRO:  Objection.
```

```
                                                         Page 109
 1    BY MS. SHAH:
 2         Q    Like, you had to have given your phone to
 3    your attorneys before they provided materials to us
 4    in this case, right?
 5         A    I imagine so.
 6         Q    Okay.
 7         A    I'm only just being careful, not for any
 8    other reason.
 9         Q    Sure.
10         A    I just don't -- as soon as I was informed
11    that we had to -- they needed information, we gave
12    all that stuff over.
13         Q    Okay.
14         A    So I don't know when that was.
15         Q    You gave your phone over to your
16    attorneys before October 1st, right?
17         A    Yes.
18         Q    Yes.  Before September 1st, right?
19         A    I imagine so.
20         Q    Okay.
21         A    That makes sense.
22         Q    Were the four recordings that you
23    recalled to me that you had made of calls involving
24    Stephanie Jones, Patrick Whitesell, Danny Greenberg,
25    and the Sony marketing people, contained on your
```

CONFIDENTIAL

Page 348

```
 1                REPORTER'S CERTIFICATE
 2            I, ASHLEY SOEVYN, a Certified Shorthand
 3    Reporter of the State of California, do hereby
 4    certify:
 5            That the foregoing proceedings were taken
 6    before me at the time and place herein set forth;
 7    at which time the witness was put under oath by me;
 8            That the testimony of the witness, the
 9    questions propounded, and all objections and
10    statements made at the time of the examination were
11    recorded stenographically by me and were thereafter
12    transcribed;
13            That a review of the transcript by the
14    deponent was/ was not requested;
15            That the foregoing is a true and correct
16    transcript of my shorthand notes so taken.
17            I further certify that I am not a relative
18    or employee of any attorney of the parties, nor
19    financially interested in the action.
20            I declare under penalty of perjury under
21    the laws of California that the foregoing is true
22    and correct.  Dated this 10th day of October 2025.
23    [signature]
24    _____
      ASHLEY SOEVYN
25    CSR No. 12019
```