# Jackson Walker LLP

Joel R. Glover
(713) 752-4226 (Direct Dial)
(713) 308-4114 (Direct Fax)
jglover@jw.com

December 15, 2025

**VIA ECF**
The Honorable Lewis J. Liman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *Jones et al. v. Abel et al.*, Case No. 1:25-cv-00779-LJL; Wallace Non-Parties' Letter Motion for Continued Sealing and Redaction of **Exhibits 13 and 17 to Jones Parties' Motion for Leave to Amend Their Complaint**, as well as references to their content in the **Memorandum of Law** and **Exhibits 1 and 2** (Dkts. 192, 193)

Dear Judge Liman,

We write on behalf of non-parties Jed Wallace ("Wallace") and Street Relations Inc. ("Street") (collectively, the "Wallace Non-Parties")[1] pursuant to Rule 4.b. of Attachment A to the Court's Individual Rules to request that the Court maintain under seal certain portions of Exhibit 17 to the Jones Parties' Motion for Leave to Amend Their Complaint. Exhibit 13 was one subject of previously filed letter motions for continued sealing in *Lively v. Wayfarer Studios LLC*, No. 1:24-cv-10049-LJL (S.D.N.Y.) (Dkts. 692, 918). The Court granted continued sealing of the same pending proposed redactions to be submitted to the Court. *Id.* (Dkt. 1027). Exhibit 17 is the subject of the Wallace Non-Parties' previously filed and pending letter motion for continued sealing in this matter (Dkts. 181 and 182).

Exhibit 13 is a text message thread produced by nonparty Katherine (Katie) Case.[2] This exhibit includes sensitive and confidential information relating to Street's engagements, prospective engagements, or alleged engagements for work unrelated to Street's engagement for Wayfarer and otherwise unrelated to the parties or issues in this litigation. Exhibit 1 (proposed Amended Complaint) and Exhibit 2 (redline comparison) directly refer to and quote from Exhibit 13, as well as a confidential voice note from Wallace originally attached to the text message thread but not filed as part of Exhibit 13, including in at least paragraphs 6–7, 16, and 96–101 of the

---

[1] By filing this letter motion, the Wallace Non-Parties do not waive their arguments that this Court lacks personal jurisdiction over them—as confirmed in the Court's November 5, 2025 Opinion and Order in Case No. 1:24-cv-10049-LJL. Dkt. 912.

[2] Because Exhibit 13 was designated as confidential by Ms. Case, the Wallace Non-Parties do not submit a redacted copy of Exhibit 13 to avoid disclosing any confidential material, but the Wallace Non-Parties are prepared to submit a redacted copy of this document if the Court so orders.

proposed Amended Complaint (Exhibit 1) and Redline (Exhibit 2). Exhibit 13 also is referenced in the Memorandum of Law filed with the Jones Parties' Motion for Leave (Dkt. 192 at 6.)

Exhibit 17 is an excerpt from the deposition of Mr. Wallace.[3] This exhibit includes sensitive and confidential testimony relating to Street's engagements, prospective engagements, or alleged engagements for work unrelated to Street's engagement for Wayfarer and otherwise unrelated to the parties or issues in this litigation. Exhibit 17 is referenced in the Memorandum of Law filed with the Jones Parties' Motion for Leave. (Dkt. 192 at 6.)

The two exhibits and related references in the Memorandum of Law and proposed Amended Complaint and Redline (Exhibits 1 and 2) contain sensitive information related to other non-parties on websites that the Jones Parties (not to mention Ms. Lively) have obsessively and repeatedly tried to link to the Wallace Non-Parties on nothing other than "information and belief" (*see, e.g.*, Dkt 193-1), despite a lack of evidence making the link they seek. So spinning a new yarn that invites public scorn on additional non-parties who are entitled to their privacy will not only flout the Court's prior sealing orders (*see, e.g.*, *Lively v. Wayfarer Studios LLC*, Case No. 1:24-cv-10049-LJL (S.D.N.Y. Nov. 26, 2025) (Dkt. 1027)), but it will also be pointless. After months of discovery, the Jones Parties now know that the story they are trying to tell finds little support in the record.

Courts in this Circuit and beyond routinely seal documents to protect both the privacy interests of third parties, as well as sensitive and non-public business information. *See United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995) (in balancing the considerations against the presumption of public access, "'the privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation.' . . . Such interests, while not always fitting comfortably under the rubric 'privacy,' are a venerable common law exception to the presumption of access." (quoting *Application of Newsday, Inc.*, 895 F.2d 74, 79–80 (2d Cir. 1990))); *In re B & C KB Holding GmbH*, No. 22-MC-180 (LAK) (VF), 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023) ("[C]ourts in this District routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business and financial information.").

Further, this Court recently confirmed in *Lively v. Wayfarer Studios LLC*, Case No. 1:24-cv-10049-LJL (S.D.N.Y. Nov. 26, 2025) that "information revealing the specific identity of clients and prospective clients who have used public-relations services is sufficiently sensitive to warrant continued sealing." (Dkt. 1027 at 5.) That is because "[t]hese individuals are 'innocent third parties'" whose "expectation of privacy in their use of such services is substantial." (*Id.*) Thus, this Court previously ordered that "[i]nformation revealing the identity of the non-party clients and prospective clients may be maintained under seal." (*Id.*)

Consistent with this Court's previous order, and because of the significant weight afforded the privacy interests of third parties and the commensurate interest in protecting confidential business information, the Wallace Non-Parties respectfully request the Court maintain under seal the identified portions of Exhibits 13 and 17, and references to their content in the Memorandum of Law, as well as in Exhibits 1 and 2.

---

[3] The Wallace Non-Parties submit with this Motion under seal a highlighted copy of Exhibit 17—the deposition transcript of Jed Wallace.

                Respectfully submitted,

                */s/ Joel R. Glover*
                Charles L. Babcock
                SDNY #5451117
                Joel R. Glover
                SDNY #5697487
                Tori C. Emery (admitted *pro hac vice*)
                JACKSON WALKER LLP
                1401 McKinney, Suite 1900
                Houston, TX 77010
                (713) 752-4200
                cbabcock@jw.com
                jglover@jw.com
                temery@jw.com

cc: all counsel of record (via ECF)