**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEPHANIE JONES and JONESWORKS LLC,<br><br>Plaintiffs,<br><br>v.<br><br>JENNIFER ABEL, MELISSA NATHAN, JUSTIN BALDONI, WAYFARER STUDIOS LLC, and JOHN DOES 1-10,<br><br>Defendants. | Civ. Action No. 1:25-cv-00779-LJL<br>rel. 1:24-cv-10049-LJL |

# MEMORANDUM OF LAW IN SUPPORT OF THE WAYFARER PARTIES' MOTION TO DISMISS THE EIGHTH CAUSE OF ACTION FOR DEFAMATION AND THE "JOHN DOE" DEFENDANTS

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .......... 6

II. STATEMENT OF FACTS .......... 7

III. THE EIGHTH CAUSE OF ACTION AND THE JOHN DOE DEFENDANTS SHOULD BE DISMISSED .......... 8

A. Dismissal With Prejudice Is Warranted Under Rule 41(b). .......... 9

B. Alternatively, the Court Should Drop the Unidentified Doe Defendants Under Rule 21 and Dismiss the Sole Claim Against Them. .......... 13

C. Dismissal is Also Warranted Under Rule 4(m). .......... 13

IV. CONCLUSION .......... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anwar v. Fairfield Greenwich Ltd.*,
118 F. Supp. 3d 591 (S.D.N.Y. 2015)....13

*Betta Moments v. Corr. Officer Doe*,
No. 25-cv-635, 2026 WL 192312 (N.D.N.Y. Jan. 26, 2026) ....9

*Cabrera v. RLB USA Safety & Hardware Inc.*,
No. 23-CV-5267, 2024 WL 3011194 (E.D.N.Y. June 14, 2024) ....10

*Carter v. Schroeder*,
No. 26-CV-166 (JLS), 2026 WL 2042762 (W.D.N.Y. July 15, 2026)....9

*Caussade v. U.S.*,
293 F.R.D. 625 (S.D.N.Y. 2013) ....11

*Chopen v. Olive Vine, Inc.*,
No. 12-CV-2269 NGG MDG, 2015 WL 1542082 (E.D.N.Y. Mar. 31, 2015)....13

*Cole v. John Wiley & Sons, Inc.*,
No. 11-CV-2090, 2012 WL 3133520 (S.D.N.Y. Aug. 1, 2012)....13

*Coward v. Town & Village of Harrison*,
665 F. Supp. 2d 281 (S.D.N.Y. 2009)....9

*Cox v. Village of Pleasantville*,
271 F. Supp. 3d 591 (S.D.N.Y. 2017)....9

*DiLaura v. Power Auth. of N.Y.*,
982 F.2d 73 (2d Cir. 1992)....12

*United States ex rel. Drake v. Norden Sys., Inc.*,
375 F.3d 248 (2d Cir. 2004)....10

*George v. Professional Disposables International, Inc.*,
221 F. Supp. 3d 428 (S.D.N.Y. 2016)....14

*JJS Transportation & Distribution Co. v. Penske Truck Leasing Co., L.P.*,
No. 22-CV-4619 (MKB) (ARL), 2026 WL 1587291 (E.D.N.Y. June 3, 2026)....10

*Krakowski v. Am. Airlines, Inc. (In re AMR Corp.)*,
567 B.R. 247 (Bankr. S.D.N.Y. 2017) ....12

*Link v. Wabash R.R. Co.*,
370 U.S. 626 (1962) .......... 9

*Lively v. Wayfarer Studios LLC*,
No. 1:24-cv-10049-LJL (S.D.N.Y.), Dkt. No. 58 .......... 7

*Mayer v. Clinton Cnty.*,
No. 17-cv-905, 2020 WL 5536800 (N.D.N.Y. Aug. 7, 2020), *report and recommendation adopted sub nom. Mayer v. Liberty*, 2020 WL 5531543 (N.D.N.Y. Sept. 15, 2020) .......... 10

*McMillan v. Bowers*,
2022 WL 19405935 (N.D.N.Y. Nov. 28, 2022) .......... 11

*Meilleur v. Strong*,
682 F.3d 56 (2d Cir. 2012) .......... 13

*Mississippi Val. Barge Line Co. v. Bulk Carriers, Ltd.*,
249 F. Supp. 743 (S.D.N.Y. 1965) .......... 13

*Murray v. Doe*,
No. 24-cv-5849 (LJL), 2025 WL 623698 (S.D.N.Y. Feb. 26, 2025) .......... 10

*Perez v. City of N.Y.*,
No. 19-CV-2351 (LAK) (OTW), 2022 WL 21781461 (S.D.N.Y. Aug. 10, 2022) .......... 9

*U.S. ex rel. Pervez v. Maimonides Med. Ctr.*,
415 F. App'x 316 (2d Cir. 2011) .......... 10

*Purisima v. Astrue*,
No. 12-CV-3528, 2012 WL 5519295 (S.D.N.Y. Nov. 14, 2012) .......... 13

*Theilmann v. Rutland Hosp., Inc.*,
455 F.2d 853 (2d Cir. 1972) .......... 10

*Valade v. City of New York*,
949 F. Supp. 2d 519 (S.D.N.Y. 2013) .......... 9

*Watkins v. Doe*,
No. 04-CV-0138, 2006 WL 648022 (S.D.N.Y. Mar. 14, 2006) .......... 14

*Zapata v. City of New York*,
502 F.3d 192 (2d Cir. 2007) .......... 14

*Zapata v. Isabella Geriatric Ctr.*,
No. 12-CV-00738 (ALC) (DF), 2013 WL 1762900, at *2 (S.D.N.Y. Apr. 1, 2013), *report and recommendation adopted*, 2013 WL 1762168 (S.D.N.Y. Apr. 24, 2013) .......... 9

**Other Authorities**

N.Y. C.P.L.R. § 215(3) .......... 8

N.Y. C.P.L.R. § 1024 .......... 12

Fed. R. Civ . P. 4(m) .......... *passim*

Fed. R. Civ . P. 15(c)(1)(A) .......... 12

Fed. R. Civ . P. 16(b) .......... 8

Fed. R. Civ . P. 21 .......... *passim*

Fed. R. Civ . P. 41(b) .......... *passim*

## I. INTRODUCTION

Wayfarer Studios LLC, Justin Baldoni, Jennifer Abel, and Melissa Nathan (the "Wayfarer Parties") respectfully submit this memorandum in support of their motion to dismiss the John Doe Defendants and the eighth cause of action for defamation, which is directed solely against "John Does 1-10," pursuant to Rules 41(b), 21, and 4(m) of the Federal Rules of Civil Procedure and the Court's inherent authority to dismiss for failure to prosecute. The John Doe Defendants and the eighth cause of action should be dismissed with prejudice because Plaintiffs Jonesworks LLC and Stephanie Jones (collectively "Plaintiffs") have failed to identify, name, or serve any Doe Defendant, despite more than nineteen months having elapsed since this action commenced, fifteen months since the Court-ordered deadline to amend the Complaint, and nine months since fact discovery closed.

Plaintiffs' sole attempt to cure the deficiency, a motion to amend the Complaint to substitute a named defendant on the eighth cause of action, was denied by this Court's Opinion and Order dated March 26, 2026 (Dkt. No. 234) for lack of diligence, undue delay, prejudice, and futility; the Court found the defamation claim time-barred. After that ruling, Plaintiffs agreed to dismiss the eighth cause of action and the Doe Defendants no later than July 10, 2026. Plaintiffs broke that promise, failing to file the agreed dismissal, and leaving the Wayfarer Parties to seek the relief Plaintiffs promised to provide voluntarily.

The eighth cause of action is now a legal nullity: it asserts a time-barred defamation claim against unnamed and unserved parties whom Plaintiffs have failed to identify despite the Court-ordered amendment deadline, the close of fact discovery, and the agreed dismissal date. Allowing the claim to remain on the docket serves no legitimate adjudicative purpose and imposes concrete prejudice on the Wayfarer Parties by preserving the prospect of renewed

discovery and continued defense of a claim that the Court has already found futile. Accordingly, the Court should dismiss the eighth cause of action with prejudice under Rule 41(b) and its inherent authority, drop the Doe Defendants under Rule 21, or dismiss the claim and the Doe Defendants without prejudice under Rule 4(m).

## II. STATEMENT OF FACTS

Plaintiffs Stephanie Jones and Jonesworks LLC commenced this action in New York Supreme Court, New York County, on December 24, 2024. Compl., Dkt. No. 1-1. The Complaint names as defendants Jennifer Abel, Melissa Nathan, Justin Baldoni, Wayfarer Studios LLC, and "John Does 1-10." *Id.* ¶¶ 1–15. The action was removed to this Court on January 27, 2025. Dkt. No. 1.

The eighth cause of action, titled "Defamation (Against Defendants John Doe 1-10)," alleges that unknown individuals created and published two websites that allegedly contain false and defamatory statements about the Jones Parties (www.stephaniejonesleaks.com and www.stephaniejoneslies.com ) (the "Jones Websites"), as well as subsequent disparaging social media accounts. Compl. ¶¶ 156-166. The defamation claim is stated solely against "John Doe 1-10," and no named defendant is alleged to be liable for the eighth cause of action.

This Court's initial Case Management Plan and Scheduling Order set April 18, 2025 as the deadline to move to amend or join additional parties. Dkt. No. 21 and *Lively v. Wayfarer Studios LLC*, No. 1:24-cv-10049-LJL (S.D.N.Y.), Dkt. No. 58. Fact discovery proceeded and closed on September 30, 2025 (except for certain depositions pursuant to stipulation and order) without Plaintiffs identifying or serving any John Doe Defendant. Dkt. Nos. 82, 124, 137. Subpoenas were issued but failed to yield the identity of any Doe Defendant.

On December 8, 2025, nearly eight months after the amendment deadline, Plaintiffs moved for leave to amend the Complaint to, among other things, substitute a single defendant, Melissa Nathan, for the Doe Defendants in the eighth cause of action. Dkt. No. 191. By Opinion and Order dated March 26, 2026, this Court denied the motion in its entirety. Dkt. No. 234 (the "Amendment Order"). The Court found that Plaintiffs failed to demonstrate good cause under Rule 16(b) for the untimely amendment, exhibited undue delay and a lack of diligence in pursuing the identities of the Doe Defendants. It further found that the amendment would cause undue prejudice; and that the proposed defamation claim would be futile because it was time-barred under the one-year statute of limitations applicable to defamation claims under N.Y. C.P.L.R. § 215(3). Amendment Order at 10-20. Notably, the Court found that Plaintiffs did not request documents relating to the allegedly defamatory websites in their initial document requests served on March 6, 2025, and did not propound website-related discovery until July 2025, which was after the one-year limitations period had already expired. *Id*. at 15-16.

On April 14, 2026, the Wayfarer Parties asked Plaintiffs to dismiss their eighth cause of action given the Court's Amendment Order and Plaintiffs' failure to serve any Doe Defendant. Garofalo Decl. Ex. A. On June 29, 2026 Plaintiffs finally agreed to dismiss the eighth cause of action for defamation and the Doe Defendants by no later than July 10, 2026. Garofalo Decl. Ex. B. Although the agreement was confirmed in writing, Plaintiffs reneged on their commitment and have not filed the promised dismissal, requiring the Wayfarer Parties to file this motion.

## III. <u>THE EIGHTH CAUSE OF ACTION AND THE JOHN DOE DEFENDANTS SHOULD BE DISMISSED</u>

Rule 41(b) supplies authority to dismiss the eighth cause of action with prejudice for failure to prosecute, Rule 21 provides an independent procedural mechanism to drop the Doe Defendants, and Rule 4(m) requires dismissal without prejudice when a defendant has not been

timely served absent good cause or a justified extension. The Court also has inherent authority to dismiss for failure to prosecute. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). Because the Doe Defendants have never been identified or served and the eighth cause of action is the only claim asserted against them, these authorities permit the Court to dismiss the eighth cause of action.

**A. Dismissal With Prejudice Is Warranted Under Rule 41(b).**

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action or claim based on a plaintiff's failure to prosecute or comply with the Federal Rules or a court order. Fed. R. Civ. P. 41(b); *Betta Moments v. Corr. Officer Doe*, No. 25-cv-635, 2026 WL 192312, at *2 (N.D.N.Y. Jan. 26, 2026); *Perez v. City of N.Y.*, No. 19-CV-2351 (LAK) (OTW), 2022 WL 21781461, at *1 (S.D.N.Y. Aug. 10, 2022) (plaintiffs have the ultimate obligation of moving the case to trial, and "[d]ismissal is warranted where there is a lack of due diligence in the prosecution of the lawsuit by [the] plaintiff," quoting *West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990)); *Zapata v. Isabella Geriatric Ctr.*, No. 12-CV-00738 (ALC) (DF), 2013 WL 1762900, at *2 (S.D.N.Y. Apr. 1, 2013), *report and recommendation adopted*, 2013 WL 1762168 (S.D.N.Y. Apr. 24, 2013) ("a plaintiff has a general obligation to prosecute his case diligently, and, if he fails to do so, the Court may dismiss the action under Rule 41(b) for failure to prosecute."). Courts routinely dismiss claims asserted against Doe defendants for failure to prosecute pursuant to Rule 41(b). *See, e.g.*, *Carter v. Schroeder*, No. 26-CV-166 (JLS), 2026 WL 2042762, at *5 (W.D.N.Y. July 15, 2026); *Cox v. Village of Pleasantville*, 271 F. Supp. 3d 591, 618 (S.D.N.Y. 2017); *Valade v. City of New York*, 949 F. Supp. 2d 519, 531-32 (S.D.N.Y. 2013); *Coward v. Town & Village of Harrison*, 665 F. Supp. 2d 281, 300-02 (S.D.N.Y. 2009).

In considering whether dismissal of a claim for failure to prosecute with prejudice is warranted, a district court considers the following nonexclusive factors, none of which is dispositive: (1) the duration of the plaintiff's failure to comply with the court order; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay; (4) the balance between the court's interest in managing its docket and the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the court has adequately considered a sanction less drastic than dismissal. *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (citations omitted); *U.S. ex rel. Pervez v. Maimonides Med. Ctr.*, 415 F. App'x 316, 317-18 (2d Cir. 2011) (affirming dismissal with prejudice pursuant to Rule 41(b)); *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972) (same); *JJS Transportation & Distribution Co. v. Penske Truck Leasing Co., L.P.*, No. 22-CV-4619 (MKB) (ARL), 2026 WL 1587291, at *2 (E.D.N.Y. June 3, 2026) (same). These factors strongly support dismissal of Plaintiffs' eighth cause of action with prejudice.

Plaintiffs failed to prosecute the eighth cause of action for more than nineteen months, *i.e.*, from the commencement of this action on December 24, 2024 through the filing of this motion on August 13. They neither identified nor served any Doe Defendant during that period. District courts in the Second Circuit have found delays of six to ten months sufficient to support dismissal. *See, e.g.*, *Murray v. Doe*, No. 24-cv-5849 (LJL), 2025 WL 623698, at *2 (S.D.N.Y. Feb. 26, 2025) (seven months); *Cabrera v. RLB USA Safety & Hardware Inc.*, No. 23-CV-5267, 2024 WL 3011194, at *4 (E.D.N.Y. June 14, 2024) (ten months); *Mayer v. Clinton Cnty.*, No. 17-cv-905, 2020 WL 5536800, at *5 (N.D.N.Y. Aug. 7, 2020) (six months), *report and*

*recommendation adopted sub nom. Mayer v. Liberty*, 2020 WL 5531543 (N.D.N.Y. Sept. 15, 2020).

A delay of more than nineteen months far exceeds delays that courts have found sufficient for dismissal and supports a presumption of prejudice. *See Caussade v. U.S.*, 293 F.R.D. 625, 630-31 (S.D.N.Y. 2013) (presuming prejudice based on seven-month delay); *McMillan v. Bowers*, 2022 WL 19405935, at *4 (N.D.N.Y. Nov. 28, 2022) (presuming prejudice after an approximately ten-month delay). Moreover, the prejudice is concrete: the Wayfarer Parties have litigated through the close of fact discovery and face the continuing burden, expense, and uncertainty of defending a claim that Plaintiffs have not pursued and that the Court has already found futile. Keeping the claim alive would also risk renewed discovery and further delay despite the expired limitations period. Significantly, Plaintiffs refuse to withdraw their expert Brian Horton, whose sole purpose is to testify regarding the alleged creator(s) of the Jones Websites, which are relevant only to the eighth cause of action. Further, Plaintiffs refuse to withdraw their damages experts' opinions and testimony arising from alleged harm caused by the alleged defamation asserted in the eighth cause of action, including alleged defamation based on the Jones Websites.

Plaintiffs had actual and repeated notice that their failure to identify and serve the Doe Defendants, comply with the amendment deadline, and resolve the eighth cause of action could result in dismissal. The Court's Case Management Plan and Scheduling Order required any motion to amend or join additional parties by April 18, 2025. The Wayfarer Parties warned Plaintiffs that the eighth cause of action and Doe Defendants would be subject to a dismissal motion. Plaintiffs then agreed on June 29, 2026 to dismiss the claim and Doe Defendants by

July 10, 2026. That commitment gave Plaintiffs actual notice of the precise relief at issue and defeats any claim of surprise; Plaintiffs nevertheless failed to file the agreed dismissal.

Under the fourth factor, Plaintiffs' interest in a fair chance to be heard no longer warrants preserving this claim; under the fifth factor no lesser sanction would cure this defect or achieve a just result. The Court has already found that Plaintiffs "did not demonstrate diligence before the April 18, 2025 amendment deadline to identify Doe defendants." Amendment Order at 14. Plaintiffs did not request documents relating to the allegedly defamatory websites in their initial document requests served on March 6, 2025, and did not propound website-related discovery until July 2025, after the limitations period had already expired. *Id*. at 15-16. Significantly, the Court has already found that the eighth cause of action is time-barred and that any further attempt to amend the pleading to identify Doe Defendants would be futile. That finding is the law of the case. *See DiLaura v. Power Auth. of N.Y.*, 982 F.2d 73, 76 (2d Cir. 1992) ("The law of the case doctrine 'posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" (citations omitted)); *Krakowski v. Am. Airlines, Inc. (In re AMR Corp.)*, 567 B.R. 247, 254 (Bankr. S.D.N.Y. 2017) ("Claims dismissed in a prior court decision are barred by the law of the case doctrine."). Rule 15(c)(1)(A) permits relation back only if the applicable state-law standard permits it; N.Y. C.P.L.R. § 1024 requires diligence in attempting to identify a John Doe defendant. Plaintiffs cannot use relation back to evade the Court's finding that they did not exercise that diligence and that the proposed amendment was futile. Dismissal with prejudice therefore is warranted as it deprives Plaintiffs of nothing.

Because (i) the statute of limitations on the eighth cause of action expired, (ii) Plaintiffs cannot satisfy the diligence requirement for relation back under N.Y. C.P.L.R. § 1024 or Rule

15(c)(1)(A), and (iii) this Court has already made those findings, the eighth cause of action is futile as a matter of law and should be dismissed with prejudice.

### B. Alternatively, the Court Should Drop the Unidentified Doe Defendants Under Rule 21 and Dismiss the Sole Claim Against Them.

Rule 21 provides that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Although titled "Misjoinder and Nonjoinder of Parties," Rule 21 is not confined to correcting technical joinder defects. Rather, it affords courts broad discretion to shape litigation in the interests of efficiency and justice, guided by "principles of fundamental fairness and judicial efficiency." *Anwar v. Fairfield Greenwich Ltd.*, 118 F. Supp. 3d 591, 618 (S.D.N.Y. 2015). Once Plaintiffs have had an opportunity through discovery to learn the identities of unknown "Doe" Defendants but fail to identify or serve them, dismissal under Rule 21 is appropriate. *See, e.g.*, *Chopen v. Olive Vine, Inc.*, No. 12-CV-2269 NGG MDG, 2015 WL 1542082, at *1 & n.1 (E.D.N.Y. Mar. 31, 2015); *Mississippi Val. Barge Line Co. v. Bulk Carriers, Ltd.*, 249 F. Supp. 743, 746 (S.D.N.Y. 1965).

### C. Dismissal is Also Warranted Under Rule 4(m).

Federal Rule of Civil Procedure 4(m) provides that, if a defendant is not served within 90 days after the complaint is filed, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Rule 4(m) applies to John Doe defendants. *See, e.g.*, *Purisima v. Astrue*, No. 12-CV-3528, 2012 WL 5519295, at *4 n. 5 (S.D.N.Y. Nov. 14, 2012); *Cole v. John Wiley & Sons, Inc.*, No. 11-CV-2090, 2012 WL 3133520, at *17-18 (S.D.N.Y. Aug. 1, 2012).

A court may extend the time for service, but dismissal is warranted when the plaintiff cannot show good cause or otherwise justify an extension. *See Meilleur v. Strong*, 682 F.3d 56,

63 (2d Cir. 2012) (affirming dismissal under Rule 4(m) where the plaintiff failed to serve defendants, did not seek an extension, and offered no explanation for the delay); *Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007); *George v. Professional Disposables International, Inc.*, 221 F. Supp. 3d 428, 432-33 (S.D.N.Y. 2016); *Watkins v. Doe*, No. 04-CV-0138, 2006 WL 648022, at *3 (S.D.N.Y. Mar. 14, 2006).

Plaintiffs cannot show good cause or justify an extension. They had more than nineteen months to identify and serve the Doe Defendants; missed the April 18, 2025 amendment deadline; pursued website-related discovery only after the limitations period expired; completed fact discovery without identifying a Doe Defendant; and agreed in writing to dismiss the claim and Doe Defendants by July 10, 2026 but did not do so. Dismissal without prejudice under Rule 21 or Rule 4(m) is therefore warranted as an alternative to dismissal with prejudice under Rule 41(b).

## IV. CONCLUSION

For the foregoing reasons, the Wayfarer Parties respectfully request that the Court enter an order: (1) dismissing Plaintiffs' eighth cause of action for defamation against John Does 1-10 with prejudice under Federal Rule of Civil Procedure 41(b); (2) dropping the Doe Defendants from the action under Rule 21; (3) dismissing the eighth cause of action pursuant to the Court's inherent authority; or, alternatively, (4) dismissing the eighth cause of action and the John Doe Defendants without prejudice under Rule 4(m).

Dated: August 18, 2026
Los Angeles, CA

LINER FREEDMAN TAITELMAN
+ COOLEY LLP

By: /s/ *Ellyn S. Garofalo*

Bryan J. Freedman (admitted *pro hac vice*)
Ellyn S. Garofalo (admitted *pro hac vice*)
Kim S. Zeldin (admitted *pro hac vice*)
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
Email: bfreedman@lftcllp.com
egarofalo@lftcllp.com
kzeldin@lftcllp.com

MEISTER SEELIG & SCHUSTER PLLC
Mitchell Schuster
Kevin Fritz
125 Park Avenue, 7th Floor
New York, NY 10017
Tel: (212) 655-3500
Email: ms@mss-pllc.com
kaf@mss-pllc.com