# Dkt. No. 176

**LINER FREEDMAN TAITELMAN + COOLEY, LLP**
ATTORNEYS AT LAW

**1801 CENTURY PARK WEST, 5TH FLOOR**
**LOS ANGELES, CALIFORNIA 90067-6007**
TEL: (310) 201-0005
FAX: (310) 201-0045
E-MAIL: egarofalo@lftcllp.com

ELLYN S. GAROFALO

November 17, 2025

*Via ECF*
Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

**Re: *Jones, et al. v Abel, et. al.*, No. 1:25-cv-00779**

Dear Judge Liman:

Wayfarer Studios LLC, Justin Baldoni, Melissa Nathan and Jennifer Abel (collectively, the "Wayfarer Parties") oppose Stephanie Jones and Jonesworks' ("Jones") motion to compel compliance with the untimely discovery subpoena seeking documents from third party Katherine Case (the "Subpoena"). Dkt. 166.

The Subpoena, issued on October 17 and calling for documents on October 29 is untimely under the Court's Rule 16(b) Case Management and Scheduling Order, which set the deadline for non-parties to produce documents as August 15, 2025. Lively Dkt. 425. Tahler Decl. Ex. H.[1] Jones argues that the Wayfarer Parties do not have standing to challenge the Subpoena. While a party generally lacks standing to challenge a subpoena issued to a third party "absent a claim of privilege or proprietary interest" in the subpoenaed matter,[2] "the issue of standing is separate and distinct from the timeliness issue, and the fact that the timing of the service of the subpoena violates the scheduling deadlines set by the Court forms an independent basis to grant the request to quash." *Ferrer v. Racette*, 2017 WL 1750377, at *2 (N.D.N.Y. May 4, 2017) (collecting cases). Accordingly, subpoenas issued after the deadline specified in the scheduling order are unenforceable and courts routinely grant a party's motions to quash third party subpoenas that are untimely. *See, e.g.*, *Joint Stock Co. Channel One Russia Worldwide v.*

[1] Jones mistakenly asserts that "[f]act discovery deadline was October 10." While the Court extended the deadline to October 10, it was for the limited purpose of allowing Jones to take four depositions, and not for all purposes. Dkt. 124; Fed. Civ. P. 16(b)(4). In any event, the September 30 "fact discovery" cut-off is not the relevant deadline for third-party productions. The Scheduling Order provides that the last day for non-parties to produce documents was August 15 and the last day to move to compel was August 22, 2025. Lively Dkt. 425.

[2] *United States v. Nachamie*, 91 F. Supp. 2d 552, 558 (S.D.N.Y. 2000). Nathan has a proprietary interest in at least some of the documents, which involve her clients. In the non-exclusive list of individuals listed in the Subpoena, Rebel Wilson is Nathan's client and she has a proprietary interest in those documents giving her standing to challenge the subpoena. Because, as further discussed, the Subpoena is so broad it may encompass other Nathan clients. Tahler Decl. Ex. H.

*Infomir LLC*, 2018 WL 6712769, at *6 (S.D.N.Y. Nov. 30, 2018) ("Subpoenas may be quashed if they are not timely served within the discovery deadlines set by the court"); *In re: Gen. Motors LLC*, 2016 WL 2766654, at *1 (S.D.N.Y. May 12, 2016) (quashing subpoena "as untimely").

To the extent the Court construes Jones' motion as a request to reopen discovery, it must be denied because Rule 16 scheduling orders may be modified only upon a showing of "good cause," which Jones cannot demonstrate. Fed. R. Civ. P. 16(b)(4); *see, e.g., Holmes v. Grubman*, 568 F.3d 329, 334-35 (2d Cir. 2009); *McKay v. Triborough Bridge & Tunnel Auth.*, 2007 WL 3275918, at *1 (S.D.N.Y. Nov. 5, 2007). Recognizing she cannot meet her burden, Jones argues a showing of "good cause" is not "required" because Case "consented" to the Subpoena. This argument ignores that a "[s]cheduling [o]rder is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Eng-Hatcher v. Sprint Nextel Corp.*, 2008 WL 4104015, at *1 (S.D.N.Y. Aug. 28, 2008) (quotation omitted); *Kassim v. City of Schenectady*, 221 F.R.D. 363, 365 (N.D.N.Y. 2003) ("the importance of compliance with the pretrial scheduling order 'cannot be overstated'"). "The 'good cause' standard is intended not only to ensure fairness to both sides, but also to ensure that district courts can effectively manage their dockets and prevent undue delays in the disposition of cases." *In re: Gen. Motors LLC*, 2016 WL 2766654, at *2. In any event, Case could not have "consented" as the cover letter accompanying the Subpoena threatened to name Case as a defendant in the lawsuit if she failed to cooperate and comply with the untimely Subpoena. Tahler Decl. Ex. J; *see Keawsri v. Ramen-ya Inc.*, 2022 WL 2162981 (S.D.N.Y. May 5, 2022) (Liman, J.) (use of subpoena for extortionate purposes smacks of bad faith).

In evaluating whether a party has shown good cause for its bid to enforce a late-served subpoena, the "primary consideration" is "whether the moving party can demonstrate diligence." *Kassner v. 2d Ave. Delicatessen, Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). An application to reopen discovery "should be denied where the moving party has not persuaded the[e] Court that it was impossible to complete the discovery by the established deadline." *Ruderman v. Law Office of Yuriy Prakhin, P.C.*, 2021 WL 11690898, *2 (E.D.N.Y. April 16, 2021) (internal quotation marks and citation omitted). Jones contends that the untimely Subpoena was proper because she did not know until October 17 that the substantially similar subpoena she had served on Case on February 17 (as subsequently narrowed) was "inadequate to capture all relevant materials." Dkt. 89, 100. But the documents attached to the Tahler declaration which purportedly demonstrate that the original production was "inadequate" were produced by July 24, 2025. Tahler Decl. Exs. B and C; Zeldin Decl. ¶ 2. These documents should "immediately have raised a red flag" for Jones. *In re: Gen. Motors LLC*, 2016 WL 2766654, at *2. At that time, Jones could have taken any number of additional steps — including the "fairly minimal and obvious steps of following up" with Case or seeking relief from the Court. *In re: Gen. Motors LLC*, 2016 WL 2766654, at *2; *McKay*, 2007 WL 32575918, at *2 ("Because Defendants have not shown why they could not have come to th[e] conclusion [that they were missing certain documents] and sought the subpoena prior to the close of discovery, it cannot be said that Defendants were sufficiently 'diligent'"). Alternatively, Jones could have sought relief from the Court. Jones cannot explain why she took no action before the August 15 deadline for production of third-party documents or why she did not move to compel compliance with the original subpoena by the August 25 deadline. Nor does Jones explain why she did nothing when Case was deposed on September 5. It was on this date that Jones allegedly learned that Case had "written copy for the *Stephanie Jones Leaks* website and 'five or six'

tweets for an associated disparaging Twitter account" and for two websites for other public figures unrelated to this "at Nathan's direction."

Jones claims she could not have expected to take any action until she deposed Nathan and Wallace and they denied involvement with the creation of the websites. But this was not new. Nathan had denied any involvement in the creation of the websites when she filed her answer to Jones' complaint on March 21, 2025. Dkt 37. If Nathan's response to Case's testimony was so critical, Jones presumably would not have waited to take Nathan's deposition until the last day of discovery on September 30. Even after Nathan was deposed, Jones did nothing. The date when third party Wallace was deposed is not relevant as his testimony did not add anything to Jones' claims against Nathan.

Jones cannot show good cause because she does not explain how the information she learned from the depositions justifies the breadth of the Subpoena. Jones claims that she learned information about the *Stephanie Jones Leaks* websites and other similar "smear websites." But the Subpoena is not limited to the creation of websites – it also seeks documents concerning social media accounts and posts. Nor is the Subpoena limited to websites and social media accounts ***about Jones***. The first request in the Subpoena seeks "all documents" and communications with "anyone" relating to any "websites or social media posts" "relating to any negative or derogatory website or social media account or post about any other individual or entity," listing 9 examples. Tahler Decl. Ex. H. There is no logical connection between the information allegedly learned on October 10 and the Subpoena.

In considering whether good cause exists to reopen discovery, another relevant factor a Court may consider is whether the "discovery is likely to lead to relevant evidence." *Nkansah v. United States*, 2024 WL 3518519, at *1 (S.D.N.Y. July 24, 2024). This factor will weigh against the party moving to reopen discovery when, as here, "it is not clear that any information that would be discovered through [the additional discovery] is truly necessary to the prosecution of the claims." *Wang v. New York-New Jersey Section of Ninety-Nines Inc.*, 2020 WL 13561262, at *3 (S.D.N.Y. Dec. 29, 2020). Moreover, although trial is not imminent, Nathan would be prejudiced should discovery on this side issue be reopened because it would "increase litigation costs, and further delay resolution of this litigation." *Saray Dokum ve Madeni Aksam Sanayi Turizm A.S. v. MTS Logistics Inc.*, 335 F.R.D. 50, 52-53 (S.D.N.Y. 2020). As Nathan testified, if Case was involved in these websites, it was not on behalf of Nathan or TAG. Tahler Decl. Ex. F at 137:8-138:9. Permitting compliance with the Subpoena will require Nathan to expend resources beyond those already incurred in defending the pending claims. Nathan will have to spend additional time defending against claims which have no connection to the claim involving the *Stephanie Jones Leaks* websites.

For the foregoing reasons, the Wayfarer Parties respectively request that the Court enter an order denying Jones' motion.

Respectfully submitted,

*/s/ Ellyn S. Garofalo*
LINER FREEDMAN TAITELMAN + COOLEY, LLP
Bryan J. Freedman (*pro hac vice*)
Ellyn S. Garofalo (*pro hac vice*)
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
Email: bfreedman@lftcllp.com
egarofalo@lftcllp.com

MEISTER SEELIG & FEIN PLLC
Mitchell Schuster
Kevin Fritz
125 Park Avenue, 7th Floor
New York, NY 10017
Tel: (212) 655-3500
Email: ms@msf-law.com
kaf@msf-law.com

cc: all counsel of record (via ECF)