# EXHIBIT H

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEPHANIE JONES, JONESWORKS LLC,<br><br>Plaintiffs,<br><br>v.<br><br>JENNIFER ABEL, MELISSA NATHAN, JUSTIN BALDONI, WAYFARER STUDIOS LLC, AND JOHN DOES 1-10,<br><br>Defendants. | Case No: 1:25-cv-00779-UA<br><br>**<u>NOTICE OF SUBPOENA</u>** |

PLEASE TAKE NOTICE that pursuant to Rules 45 and 69(a) of the Federal Rules of Civil Procedure, Plaintiffs in the above-captioned action (the "**Plaintiffs**") are requesting that Katie Case, produce at the offices of Quinn Emanuel Urquhart and Sullivan, LLP, 295 5th Avenue, 9th Floor, New York, NY 10016, Attn. Morgan Anastasio, all documents and things in her custody, possession, or control as specified in **Attachment A** to the accompanying subpoena and within twelve days of service thereof.

DATED: October 17, 2025
New York, New York

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

By : */s/ Kristin Tahler*

Kristin Tahler
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
(213) 443-3000
kristintahler@quinnemanuel.com

Maaren A. Shah
Morgan L. Anastasio
295 5th Avenue
New York, New York 10016
(212) 849-7000
maarenshah@quinnemanuel.com
morgananastasio@quinnemanuel.com

Nicholas Inns (*pro hac vice*)
1300 I Street NW
Suite 900
Washington, D.C. 20005
(202) 538-8000
nicholasinns@quinnemanuel.com

*Attorneys for Plaintiffs Stephanie Jones and Jonesworks, LLC*

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

STEPHANIE JONES et al.
*Plaintiff*
v.
Abel et al.
*Defendant*

Civil Action No. 1:25-cv-00779-UA

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: [redacted]

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

All materials described in Schedule A (Document Requests)

| Place: Quinn Emanuel Urquhart & Sullivan, LLP<br>295 5th Avenue, 9th Floor, New York, NY 10016 or<br>emailed to morgananastasio@quinnemanuel.com | Date and Time:<br>10/29/2025 5:00 pm |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/17/2025

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

/s/ Morgan Anastasio
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Jones et al. , who issues or requests this subpoena, are:

Morgan Anastastio, 295 5th Avenue, New York, NY 10016; morgananastasio@quinnemanuel.com; 212-849-7000

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:25-cv-00779-UA

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________________
______________________________________________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ______________________
______________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**CERTIFICATE OF SERVICE**

I, Kristin Tahler, do hereby certify that I am not less than 18 years of age and on this 17th day of October 2025, I caused a copy of the within ***Notice of Subpoena*** to be served upon the following counsel for the parties via email:

**SEE ATTACHED SERVICE LIST**

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: October 17, 2025

*/s/ Kristin Tahler*
Kristin Tahler

**SERVICE LIST**

**LINER FREEDMAN TAITELMAN + COOLEY**
Bryan J. Freedman
Ellyn S. Garofalo
Theresa M Troupson
Summer Benson
Jason Sunshine
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
(310) 201-0005
bfreedman@lftcllp.com
egarofalo@lftcllp.com
ttroupson@lftcllp.com
sbenson@lftcllp.com
jsunshine@lftcllp.com

**MEISTER SEELIG & FEIN PLLC**
Mitchell Schuster, Esq.
Kevin Fritz, Esq.
Stacey Michelle Ashby, Esq.
125 Park Avenue, 7th Floor
New York, NY 10017
(212) 655-3500
ms@msf-law.com
kaf@msf-law.com
sma@msf-law.com

**AHOURAIAN LAW**
Mitra Ahouraian
2029 Century Park East, 4th Floor
Los Angeles, CA 90076
(310) 376-7878
mitra@ahouraianlaw.com

**SHAPIRO ARATO BACH LLP**
Alexandra A.E. Shapiro
Jonathan Bach
Alice Buttrick
1140 Avenue of the Americas, 17th Fl.
New York, NY 10036
(212) 257-4881
ashapiro@shapiroarato.com
jbach@shapiroarato.com
abuttrick@shapiroarato.com

*Attorneys for Wayfarer Studios LLC, Justin Baldoni, Melissa Nathan, and Jennifer Abel*

**WILLKIE FARR & GALLAGHER LLP**
Michael J. Gottlieb
Kristin E. Bender
1875 K Street NW
Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com
kbender@willkie.com

Aaron Nathan
Willkie Farr & Gallagher LLP
787 7th Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com

**MANATT, PHELPS & PHILLIPS, LLP**
Esra A. Hudson
Stephanie A. Roeser
Sarah Moses
2049 Century Park East, Suite 1700
Los Angeles, California 90067
(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com
smoses@manatt.com

Matthew F. Bruno
Manatt, Phelps & Phillips, LLP
7 Times Sq
New York, NY 10036
(212) 790-4500
mbruno@manatt.com

**HAYNES AND BOONE, LLP**
Laura Lee Prather
Michael Lambert
98 San Jacinto Boulevard, Suite 1500 Austin, TX 78701
(512) 867-8400
laura.prather@haynesboone.com
michael.lambert@haynesboone.com

**DUNN ISAACSON RHEE LLP**
Meryl C. Governski
401 Ninth Street, NW
Washington, DC 20004

(202) 240-2900
mgovernski@dirllp.com

*Attorneys for Blake Lively*

**PRYOR CASHMAN LLP**
Maxwell Breed
Daniel J. Pohlman
Parmida Enkeshafi
7 Times Square, 40th Floor
New York, NY 10036-6569
(212) 421- 4100
mbreed@pryorcashman.com
dpohlman@pryorcashman.com
penkeshafi@pryorcashman.com

*Attorneys for Katie Case*

**JACKSON WALKER LLP**
Charles L. Babcock, IV
Joel Glover
Jackson Walker, LLP, Texas
1401 McKinney St.. Suite 1900
Houston, TX 77010
(713) 752-4210
cbabcock@jw.com
jglover@jw.com

*Attorneys for Jed Wallace and Street Relations*

**SCHEDULE A.**

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All documents and communications with Melissa Nathan, Jed Wallace, Bryan Freedman, Roza Kalantari, or anyone else, regarding or relating to any websites or social media posts concerning or relating to Stephanie Jones, Rebel Wilson, Amanda Ghost, Dwayne "the Rock" Johnson, the Alexander Brothers, Peter Comisar, Christian Lanng, Joe Dunn, Alex Nikolas, Michael Milosh, or relating to any other negative or derogatory website or social media account or post about any other individual or entity between February 1, 2024 and January 31, 2025.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and communications regarding or relating in any way to what ultimately became the Business Insider article *Who's Afraid of Stephanie Jones?* or to any other efforts to encourage or place any articles regarding Stephanie Jones or Jonesworks between February 1, 2024 and January 31, 2025.