# EXHIBIT 4

FILED UNDER SEAL

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEPHANIE JONES, JONESWORKS LLC,<br><br>*Plaintiffs*,<br>v.<br><br>JENNIFER ABEL, MELISSA NATHAN, JUSTIN BALDONI, WAYFARER STUDIOS LLC, AND JOHN DOES 1-10,<br><br>*Defendants*. | Case No. 1:25-cv-00779-LJL |

**PLAINTIFFS' SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANT MELISSA NATHAN**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs Stephanie Jones ("Jones") and Jonesworks LLC ("Jonesworks" and with Jones, "Plaintiffs") hereby request that Defendant Melissa Nathan produce the Documents requested herein on or before August 15, 2025, to Quinn Emanuel Urquhart & Sullivan LPP, 295 Fifth Avenue, New York, NY 10016. The documents requested are to be produced according to the definitions and instructions herein.

**DEFINITIONS**

The following definitions shall be used in construing the meaning of these Document Requests:

1. "Action" means any and all proceedings related to the above-captioned litigation.

2. "Communication" or "Communications" shall be construed to the fullest extent permissible under the Federal Rules of Civil Procedure and shall include the recording, conveyance, or exchange of information of any kind by or with any Person for any purpose by any written, verbal, or electronic means or method, including, without limitation, any letters,



**CONFIDENTIAL**

discussions, conversations, meetings, conferences, correspondence, memoranda, telephone calls or messages, voicemails, electronic mail or computer-assisted electronic messages (including but limited to e-mail, text messaging, WhatsApp messaging, Signal messaging, Telegram messaging, tweets, instant messaging, iMessage, digital calendar invites, VoIP calls, video conferencing, and post on social media platforms or blogs) or any other form of transmittal of information of any kind, whether authorized or unauthorized, and regardless of whether the foregoing was transmitted through a personal, work, or other device or channel.

3. "Complaint" refers to the complaint filed in this Action.

4. "Counterclaims" refers to the counterclaims filed by You in this Action.

5. "Document" or "Documents" shall be construed to the fullest extent permissible under the Federal Rules of Civil Procedure and mean, without limitation, the original and all copies and translations of any information in any written, recorded, electronic, or graphic form including all memoranda, notes, interoffice and intra-office communications, telegrams, telecopies, letters, reports, stenographic notes, bulletins, notices, emails, text messages or other messaging-application messages, instant messages or other electronic-chat messages, telephonic or personal communications, computer models, spreadsheets, data, accounts, records, calendars, diaries, minutes, contracts or other legal papers, resolutions, written policies or procedures, insurance policies, audio records, photographs, microform, film, and any electronically stored information stored in any medium, including computer backup devices, hard drives, electronic share drives, or any other virtual or physical space.

6. "Person" or "Persons" means, without limitation, any natural Person, corporation, business trust, estate, trust, partnership, limited liability company, association, joint venture, public corporation, group, organization or any other legal or commercial entity, including each and all of

its current and former parents, owners, subsidiaries, affiliates, divisions, predecessors, successors, employees, managers, officers, directors, shareholders, partners, general partners, limited partners, members, agents, representatives, attorneys, accountants, consultants, independent contractors or any other Person acting, or purporting to act, with or on behalf of any of the foregoing.

7. "Relating to," when used with respect to any subject, means and includes: analyzing, consisting, constituting, containing, comprising, commenting upon, connected with, concerning, contradicting, dealing with, describing, embodying, establishing, evidencing, identifying, listing, memorializing, pertaining to, purporting, referring to, relating to, regarding, recording, responding to, reflecting, representing, stating, substantiating, showing, supporting, or with respect to, whether in whole or in part or having any logical or factual connection whatsoever with that subject, regardless of whether the factual connection is favorable or adverse to You.

8. "You" and "Your" shall refer to Melissa Nathan and each and all of her current and former agents, representatives, attorneys, accountants, consultants, independent contractors or any other Person acting, or purporting to act, with or on behalf of any of the foregoing.

## INSTRUCTIONS

1. You are requested to produce all non-privileged Documents and other things described below that are within Your possession, custody or control, or in the possession, custody or control of Your attorneys, directors, officers, agents, employees, representatives, associates, division affiliates, partnerships, parents, or subsidiaries, and Persons under their control.

2. Each Request herein shall be construed independently. No Request shall be construed by reference to any other Request for the purpose of limiting the scope of the answers to such Request.

3. Each Document or other thing requested shall be produced in its entirety along

with all non-identical versions thereof and without abbreviation or redaction. Further, all attachments, enclosures, cover letters, memoranda, and appendices shall also be produced. If a Document or other thing responsive to any Request cannot be produced in full, it shall be produced to the extent possible, with an explanation stating why production of the remainder is not possible. Any alteration of a responsive Document or other thing, including notes, underlining, stamps, drafts, revisions, modifications, and other versions, is a separate Document or other thing and is to be produced as a separate Document or other thing. For all Documents and other things, any family relationship should be captured and reflected in the production.

4. To the extent there is any exact duplication, these Requests do not seek Documents and other things already produced in this Action.

5. A Document with handwritten, typewritten or other recorded notes, editing marks, etc., is not and shall not be deemed to be identical to one without such modifications, additions, or deletions.

6. Documents and other things not otherwise responsive to a Request shall be produced if such materials mention, discuss, refer to, or explain the materials called for by a request, or if such materials are attached to materials called for by a Request (*e.g.*, routing slips, transmittal emails, transmittal memoranda, letters, cover letters, comments, evaluations, or similar materials).

7. Each Request shall be answered on the basis of Your entire knowledge, from all sources, after a reasonable and good faith inquiry has been made and a search has been conducted.

8. The Documents sought by these Requests include those contained in the personal email accounts of Your employees, to the extent You identify and can access such accounts after performing a reasonable search.

9. Documents shall be produced in image format, with searchable text load files that are compatible with Concordance and IPRO. The images shall be single-page, 300 DPI, Group IV .tiff images. The load file shall include for each Document, to the extent practicable, information identifying the custodian file, group shared file, or other source from which the Document was gathered. For each individual Document based on an electronic file, the load file shall, to the extent practicable, contain the corresponding text that is extracted from the electronic file, not generated as an OCR file from the .tiff image(s). In the case of e-mail, the load file shall also include, to the extent practicable, header information including: (1) the individual to whom the communication was directed ("To"); (2) the author of the e-mail communication ("From"); (3) who was copied ("cc") and/or blind copied ("bcc") on such e-mail; (4) the subject line of the email ("Re" or "Subject"); and (5) the date and time sent. For each Document, the load file shall also contain: (1) the beginning Bates number (referring to the first page of the Document); (2) the ending Bates number (referring to the last page of the Document); and in the case of e-mails with attachments, (3) the beginning attachment range number(s) and (4) the ending attachment range number(s), where the "attachment range" records the relationship of e-mails to their attachments. The attachment range should be recorded from the first page of the first Document in the attachment range to the last page of the last Document in the attachment range. In the case of Excel files, the load file should be produced in native format (including all metadata). The right to demand production of any other responsive Documents in their native format (including all metadata) is expressly reserved.

10. Electronic records and computerized information shall be produced in an intelligible format, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible.

11. Selection of Documents from files and other sources and the numbering of such Documents shall be performed in such a manner as to ensure that the source of each Document can be determined.

12. File folders with tabs or labels or directories of files identifying Documents shall be produced intact with such Documents.

13. Documents attached to each other shall not be separated. All Documents that respond, in whole or in part, to any portion of any Request shall be produced in their entirety, including all addenda, appendices, attachments, and enclosures.

14. If there are no Documents or other things responsive to any particular Request, Your response shall state so in writing.

15. In the event that any Document or other thing called for by these Requests is withheld on the basis of a claim of privilege or immunity, that Document or other thing is to be identified. Any purportedly privileged Document or other thing containing non-privileged material must be produced, redacting only the portion purportedly privileged. The parties shall meet and confer in good faith regarding the scope, format, and exchange of privilege logs.

16. In the event that any Document or other thing responsive to these Requests has been lost, discarded, or destroyed, that Document or other thing is to be identified by stating as completely as possible: (a) the authors or creators of the material, (b) all Persons who received copies of the material, including any indicated and blind copy recipients, (c) the present custodian of the material, (d) the date of the material, (e) the material's date of destruction or discard, manner of destruction or discard, and the reason for destruction or discard, and (f) the Persons authorizing and carrying out such destruction or discard.

17. If You have any good faith objections to any Request or any part thereof, the

specific nature of the objection and whether it applies to the entire Request or to a part of the Request shall be stated. If there is an objection to any part of a Request, then the part objected to should be identified and Documents and other things responsive to the remaining unobjectionable part should be timely produced. Further, if You object to part of a Request, You must state the basis of Your objection.

18. These Requests shall be deemed continuing Requests so as to require supplemental responses if You obtain or discover additional Documents or other things between the time of initial production and the time of the trial. Such supplemental production must be made promptly upon discovery. Plaintiffs specifically reserve the right to seek supplementary responses and production before trial, to the fullest extent provided for by the applicable rules.

19. Each production shall be submitted with a transmittal letter or email that includes the case caption, production volume name, encryption method/software used, and passwords for any password-protected files.

20. The Relevant Time Period is January 1, 2024, through the present, or such other time period as may be agreed to by the parties or ordered by the Court.

**REQUESTS FOR PRODUCTION**

28. All Documents and Communications with current or former employees of Jonesworks, including but not limited to Jennifer Abel and Matthew Mitchell, regarding their actual or potential termination of their relationship with Jonesworks.

29. All Documents and Communications relating to Your work for and contractual obligations to Wayfarer Studios LLC and Justin Baldoni ("Baldoni"), including but not limited to the circumstances of Your hiring.

30. All Communications with any reporter, journalist, correspondent, author, documentary filmmaker, freelance journalist, social media commentator, influencer, content

creator, or member of the press or media regarding Baldoni, Blake Lively, *It Ends With Us*, or Plaintiffs.

31. All Documents and Communications relating to or with Michael Goldberg, Elizabeth Keller, Matthew Mitchell, Diana Dasrath, and Sara Nathan.

32. All Documents and Communications relating to or with any current or former employees of Jonesworks.

33. All Documents and Communications relating to or with Katie Warren and Jack Newsham.

34. All Documents and Communications relating to or with any employee or affiliate of Puck, including but not limited to Matthew Belloni and Eric Gardener.

35. All Documents and Communications relating to or with James Vituscka, Lillian Gissen, Ruth Styles, Alison Boshoff.

36. All Documents and Communications relating to or with Tatiana Siegel.

37. All Documents and Communications relating to or with Eileen Reslen.

38. All Documents and Communications pertaining to the August 14, 2024 Business Insider article titled "Who's afraid of Stephanie Jones?" including but not limited to Your knowledge of or involvement in the article, or any involvement by The Agency Group PR LLC's employees including but not limited to Katherine Case and Breanna Butler Koslow.

39. All Documents and Communications pertaining to the websites www.stephaniejonesleaks.com and www.stephaniejoneslies.com, as well as any related social media accounts, including but not limited to Your knowledge of or involvement in the creation, operation, or content of the websites or accounts, or any involvement by The Agency Group PR LLC's employees including but not limited to Katherine Case and Breanna Butler Koslow.

DATED: July 16, 2025
New York, New York

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

By : <u>*/s/ Kristin Tahler*</u>

Kristin Tahler
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
(213) 443-3000
kristintahler@quinnemanuel.com

Maaren A. Shah
Danielle Lazarus
295 5th Avenue
New York, New York 10016
(212) 849-7000
maarenshah@quinnemanuel.com
daniellelazarus@quinnemanuel.com

Nicholas Inns (*pro hac vice*)
1300 I Street NW
Suite 900
Washington, D.C. 20005
(202) 538-8000
nicholasinns@quinnemanuel.com

*Attorneys for Plaintiffs Stephanie Jones and Jonesworks, LLC*