# EXHIBIT 16

FILED UNDER SEAL

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
---oOo---

STEPHANIE JONES, JONESWORKS LLC,

Plaintiffs,

vs. CASE NO. 1:25-CV-00779-LJL

JENNIFER ABEL, MELISSA NATHAN, JUSTIN BALDONI, WAYFARER STUDIOS LLC,

Defendants.

---

BLAKE LIVELY,

Plaintiff,

vs. CASE NO. 24-CV-10049-LJL (LEAD CASE)
25-CV-449 (LJL) (MEMBER CASE)

WAYFARER STUDIOS LLC, ET AL.

Defendants.

---

***CONFIDENTIAL***

VIDEO-RECORDED DEPOSITION OF MELISSA NATHAN

Los Angeles, California

Tuesday, September 30, 2025

Stenographically Reported By: Ashley Soevyn, CALIFORNIA CSR No. 12019

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
---oOo---

STEPHANIE JONES, JONESWORKS LLC,

Plaintiffs,

vs. CASE NO. 1:25-CV-00779-LJL

JENNIFER ABEL, MELISSA NATHAN, JUSTIN BALDONI, WAYFARER STUDIOS LLC,

Defendants.

---

BLAKE LIVELY,

Plaintiff,

vs. CASE NO. 24-CV-10049-LJL (LEAD CASE)
25-CV-449 (LJL) (MEMBER CASE)

WAYFARER STUDIOS LLC, ET AL.

Defendants.

---

**CONFIDENTIAL**

Video-recorded Deposition of MELISSA NATHAN, taken on behalf of the Plaintiff Jonesworks, Pursuant to Notice, at the offices of Willkie Farr & Gallagher, 2029 Century Park East, Los Angeles, California beginning at 9:16 a.m. and ending at 8:00 p.m. on Tuesday, September 30, 2025, before me, ASHLEY SOEVYN, California Certified Shorthand Reporter No. 12019.

A P P E A R A N C E S:

For the Plaintiffs Stephanie Jones and Jonesworks LLC:

QUINN EMANUEL URQUHART & SULLIVAN
BY: KRISTIN TAHLER
Attorney at Law
865 S. Figueroa Street
8th Floor
Los Angeles, California 90017
kristintahler@quinnemanuel.com
(212) 849-7000

-AND-

QUINN EMANUEL URQUHART & SULLIVAN
BY: MAAREN A. SHAH
BY: MORGAN ANASTASIO
Attorneys at Law
51 Madison Avenue
22nd Floor
New York, New York 10010
maarenshah@quinnemanuel.com
manastasio@quinnemanuel.com
(212) 849-7000

A P P E A R A N C E S:

For the Plaintiff Blake Lively:


MANATT PHELPS & PHILLIPS LLP (Not present)
BY: STEPHANIE ROESER
BY: KATELYN CLIMACO
Attorneys at Law
2049 Century Park East
Suite 1700
Los Angeles, California 90067
sroeser@manatt.com
kclimaco@manatt.com
(310) 312-4207

A P P E A R A N C E S:

For the Plaintiff Blake Lively:

WILLKIE FARR & GALLAGHER
BY: MICHAEL GOTTLIEB
Attorney at Law
2029 Century Park East
Los Angeles, California 90067
mgottlieb@willkie.com
(310) 855-3000

-AND-

WILLKIE FARR & GALLAGHER
BY: MELISSA TAUSTINE (VIA ZOOM)
BY: KRISTIN BENDER (VIA ZOOM)
Attorneys at Law
1875 K Street
Northwest
Washington, D.C. 20006
mtaustine@willkie.com
kbender@willkie.com
(202) 303-1245

A P P E A R A N C E S:

For the Plaintiff Blake Lively:

WILLKIE FARR & GALLAGHER
BY: AARON E. NATHAN
BY: MICHAELA CONNOLLY
Attorneys at Law
787 Seventh Avenue
New York, New York 10019
anathan@willkie.com
mconnolly@willkie.com
(212) 728-8000

-AND-

SLOANE OFFER WEBER AND DERN
BY: LINDSEY STRASBERG (VIA ZOOM)
Attorney at Law
10100 Santa Monica Blvd., Ste. 750
Los Angeles, California 90067
(310) 248-5100

A P P E A R A N C E S:

For the Defendants Wayfarer Studios LLC, Jennifer Abel, Melissa Nathan and Justin Baldoni, Jamey Heath and Steve Sarowitz:

LINER FREEDMAN TAITELMAN+COOLEY
BY: BRYAN FREEDMAN
BY: SUMMER BENSON
BY: JASON SUNSHINE (VIA ZOOM)
Attorneys at Law
1801 Century Park West, 5th Floor
Los Angeles, California 90067
bfreedman@lftcllp.com
sbenson@lftcllp.com
jsunshine@lfcllp.com
(310) 201-0005

A P P E A R A N C E S:

For the Defendants Wayfarer Studios LLC, Jennifer Abel, Melissa Nathan and Justin Baldoni, Jamey Heath and Steve Sarowitz:

AHOURAIAN LAW
BY: MITRA AHOURAIAN (Not present)
Attorney at Law
2029 Century Park East
Suite 400
Los Angeles, California 90067
mitra@ahouraianlaw.com
(310) 376-7878

For the Defendants Jed Wallace and Street Relations, Inc.:

JACKSON WALKER LLP
BY: JOEL R. GLOVER
Attorney at Law
1401 McKinney Street
Suite 1900
Houston, Texas 77010
jglover@jw.com
(713) 752-4226

A P P E A R A N C E S:

Also Present:

Jennifer Abel

Zach Czerenda, Veritext Legal Solutions Concierge

(Via Zoom)

Jacob Florez, Videographer

---000---

CONFIDENTIAL PROCEEDINGS

TUESDAY, SEPTEMBER 30, 2025

---000---

THE VIDEOGRAPHER: This is Jacob Florez, the videographer. I represent Veritext Legal Solutions in Los Angeles, California. I'm a California notary public, number 2523263.

Today's date is September 30th, 2025. The current time on the monitor is 9:16 a.m. We're on record. This deposition is taking place at 2029 Century Park East, number 2900, Los Angeles, California 90067.

This is the deposition of Melissa Nathan in the matter of Blake Lively versus Wayfarer Studios LLC, et al. and joining cases. With lead Case No. 24-cv-10049 LJL.

Would counsel please introduce themselves for the record.

MS. SHAH: Maaren Shah from Quinn Emanuel Urquhart & Sullivan for Stephanie Jones and Jonesworks.

Ms. ANASTASIO: Morgan Anastasio for the same.

MS. TAHLER: Kristin Tahler for the same.

MR. GOTTLEIB: Mike Gottlieb, Willkie Farr & Gallagher, on behalf of Ms. Lively.

MR. NATHAN: Aaron Nathan from Willkie Farr & Gallagher, on behalf of Ms. Lively.

MR. GLOVER: Joel Glover from Jackson Walker for Jed Wallace and Street Relations, Incorporated.

MS. BENSON: Summer Benson of Liner Freedman Taitelman & Cooley on behalf of the Wayfarer defendants.

MR. FREEDMAN: Bryan Freedman, same firm, on behalf of the deponent, Melissa Nathan, the Wayfarer parties, Jen Abel, who is present today, and Steve Sarowitz, Jamey Heath, and Justin Baldoni.

THE VIDEOGRAPHER: Thank you. Any remaining participants will be noted on the transcript.

Will our court reporter please introduce herself and swear in the witness.

THE STENOGRAPHIC REPORTER: Good morning, everybody. Ashley Soevyn, stenographic reporter, license 12019.

Ma'am, can I please have you raise your right hand?

Do you solemnly state that the testimony

you're about to give in this deposition will be the truth, the whole truth, and nothing but the truth?

THE WITNESS: I do.

THE STENOGRAPHIC REPORTER: Great. Thank you.

THE WITNESS: Thank you.

EXAMINATION

BY MS. SHAH:

Q Good morning.

A Good morning.

Q My name is Maaren Shah. You heard I represent Stephanie Jones and Jonesworks in these matters?

A Yes.

Q And you were just sworn in by the court reporter. Again, do you understand that you, as you did yesterday, have a duty today to give true and accurate testimony?

A I do.

Q And you are under oath today with equal force as though you were in a court of law?

A I understand.

Q Is there any reason that you can't give full and complete testimony today?

A None.

BY MS. SHAH:

Q Okay. And you have seen each of these documents in Exhibits 54 through 58 before; isn't that correct?

A I have seen this one.

Q Which one is that?

A This is the Holding Clients Hostage.

Q That's Exhibit 54.

A I have seen 54. Is 55 from 54?

Q Fifty-five is different. It is another website, stephaniejoneslies.com.

A I -- I mean, I don't know if they're the same thing for me. I have not seen this before.

Q Which exhibit is that?

A Fifty-eight. I have not seen 57 before.

Q Okay.

A And I know that I was sent a Twitter, but I really don't know if I have seen the majority of Exhibit 56 before.

Q Okay. Now, you had a role in the creation of the Stephanie Jones Leaks website that documented in Exhibit 54, right?

MR. FREEDMAN: Objection.

THE WITNESS: No.

BY MS. SHAH:
Q You asked Katie Case to write copy for that website; isn't that true?
A That is not true.
Q And you also had a role in the creation of publication of Exhibit 56, the X account, right?
A No.
Q You asked Katie Case to write copy for at least five or six tweets that were posted on that X account in Exhibit 56, right?
MR. FREEDMAN: Objection.
THE WITNESS: No.
BY MS. SHAH:
Q Is it your under-oath testimony that you had no involvement whatsoever in any shape or form in anything having to do with the website in Exhibit 54 and the X account in Exhibit 56?
MR. FREEDMAN: Objection.
THE WITNESS: It is, yes.
BY MS. SHAH:
Q And if Katie Case testified to the contrary, would she be lying?
A Yes.
Q Are you aware that Katie Case testified that you asked her to write copy for the website in

Exhibit 54?

MR. FREEDMAN: Objection.

THE WITNESS: I was told that she did testify. I did not listen to her deposition. I was on a plane.

BY MS. SHAH:

Q Who told you that?

A I can't remember exactly who told me. It would have been one of my lawyers.

MR. FREEDMAN: So no information from your lawyers you should be disclosing.

THE WITNESS: Got you.

BY MS. SHAH:

Q Have you since read a transcript of her testimony?

A I have.

Q You have?

A Yes.

Q And so you have read what she testified about in this respect?

A I have.

Q Okay. So you're aware that she testified that you communicated to her to write copy for the website in Exhibit 54, including specific language that Stephanie holds clients hostage, that she leaks

clients' secrets, and that she treats her employees poorly, amongst others; are you aware that she testified that?

MR. FREEDMAN: Objection.

THE WITNESS: I read her testimony.

BY MS. SHAH:

Q And are you aware, then, that she testified that you communicated to her that she should write copy for the website in Exhibit 54, including specific language that Stephanie Jones holds clients hostage, that she leaks client secrets, and that she treats her employees poorly?

MR. FREEDMAN: Objection.

THE WITNESS: I'm aware of what she testified in her deposition, yes.

BY MS. SHAH:

Q And is it your under-oath testimony that when she testified that you communicated to her to write copy for the website in Exhibit 54, she was giving false testimony under oath?

A It is, yes.

Q Okay. And is it your under-oath testimony that when she testified in her deposition that you gave her specific language to write for this website, including that Stephanie Jones holds

clients hostage, that she leaks clients' secrets, and that she treats her employees poorly, that she was giving false under-oath testimony?

A Yes.

MR. FREEDMAN: Objection.

BY MS. SHAH:

Q Okay. Are you aware that Katie Case testified that she received a call from you in early May and communicated to her that a website that became the website in Exhibit 54 had been requested?

MR. FREEDMAN: Objection.

THE WITNESS: Am I aware that she testified that?

BY MS. SHAH:

Q Uh-huh.

A I don't actually recall that bit, but if it's in her testimony, then yes.

MS. SHAH: Okay. We're going to need to go on AEO.

MR. FREEDMAN: Okay.

BY MS. SHAH:

Q Have you read the entirety of Katie Case's deposition transcript?

MR. FREEDMAN: Objection.

THE WITNESS: I think so.

Q Okay. At Lede?
A Yes.
Q If Katie Case testified that you asked her to draft the tweets about Stephanie Jones that appeared in Exhibit 56, the outlying Steph Jones X account --
A Uh-huh.
Q -- is it your under-oath testimony that Katie Case was giving false under-oath testimony?
A About me, yes, absolutely.
Q Okay. Do you have any personal knowledge about whether or not Katie Case did write the copy for the website in Exhibit 54?
A Now or then?
Q Personal knowledge.
A No, but when, time period?
Q Before.
A No.
Q Now?
A Given what she said that she wrote it, then yes.
Q Okay. Do you have any personal knowledge about whether or not Katie Case wrote five or six tweets that appeared on Exhibit 56, the X account?
A No.

Q Okay. So you're saying you didn't ask her to do it, but you don't know whether or not she actually did it?

A I mean, she testified that she did it, correct?

Q Yes.

A So based on that and the conversations that I'm not allowed to -- then, yes. But before that, no, I did not. No.

Q Okay. And you are also aware that Jed Wallace had involvement in building or creating or publishing the website in Exhibit 54, right?

MR. GLOVER: Objection. Form.

MR. FREEDMAN: Objection.

THE WITNESS: No.

BY MS. SHAH:

Q If Katie Case testified that he did, is it your testimony that she would be giving false under-oath testimony?

A I can only talk to myself as to what I know about my own personal test -- you know, I can't speak to anyone else. But I have no knowledge of that.

Q Okay. And you just don't know one way or another if Jed Wallace had involvement in the

website in Exhibit 54?

MR. FREEDMAN: Objection.

MR. GLOVER: Objection.

THE WITNESS: Correct. I don't know.

BY MS. SHAH:

Q And if Katie Case said she spoke to him about it, you don't have any basis to deny that?

MR. GLOVER: Objection. Form.

MR. FREEDMAN: Objection.

THE WITNESS: If I was not on any telephone calls between those two, if it did or did not happen, I was not on them.

BY MS. SHAH:

Q Okay.

You're aware that part of what Jed Wallace does for clients is to build websites, right?

MR. GLOVER: Objection. Form.

MR. FREEDMAN: Objection.

THE WITNESS: That is not to my knowledge, he builds websites.

BY MS. SHAH:

Q Say it in the language that you would prefer.

MR. FREEDMAN: Objection.

connection with building websites?
A Yes.
MR. FREEDMAN: Objection.
BY MS. SHAH:
Q Okay.
Do you have any knowledge as to who was involved in any respect in the website about Stephanie Jones in Exhibit 54?
MR. FREEDMAN: Objection.
THE WITNESS: I do now.
BY MS. SHAH:
Q What is that knowledge?
A From Katie's testimony that she wrote it.
Q Anything else?
A No, I do not build websites. So no.
Q Have you ever been involved in a matter where a website was built?
MR. FREEDMAN: Objection.
THE WITNESS: Just now, yes. And my own.
BY MS. SHAH:
Q What is your own?
A The one that you have, The Agency Group.
Q Okay. And when you say "just now," you mean the website that was built in connection with the -- the Lively litigations?

MR. FREEDMAN: Objection.
THE WITNESS: No. I was also working on two other matters for Bryan at 9:40 a.m. that same day.
BY MS. SHAH:
Q Was Jed involved in any of the other two matters you were working on for Bryan at that time?
A I can't recall.
Q Okay. Do you believe that they were asking you for copy on another matter?
MR. FREEDMAN: Objection.
THE WITNESS: I could have background report something. Could be.
BY MS. SHAH:
Q Does copy typically mean background report?
A Yes, it can.
Q Really?
A Yes, it can.
Q Okay.
So if Katie Case testified that this was another website that she created at your request --
A Uh-huh.
Q -- in conjunction with Bryan Freedman and Jed Wallace, that would be false under-oath

testimony?

MR. GLOVER: Objection. Form.

THE WITNESS: Yes.

BY MS. SHAH:

Q Okay.

Do you know who the Alexander Brothers are?

A Yes.

Q Who are they?

A They're brothers who got accused of, I think, rape.

Q Tal Alexander and Oren Alexander; is that right?

A Yes.

Q Were they ever your clients?

A They -- at the beginning of the crisis -- their crisis situation, they reached out to hire us. We had one conversation with them, and said okay, before we knew more. And I have to -- I'm not sure of the time period. When we found out, I would say a couple of days, a day, two days, we declined to work with them.

Q Okay. So you ultimately declined to bring them on as clients of TAG; is that right?

A Correct.

Q Okay. But notwithstanding that they were never clients of TAG, you did work with Katie Case to create a website in connection with their litigation, didn't you?
A I did not.
MR. FREEDMAN: Objection.
BY MS. SHAH:
Q And if Katie Case testified that you did, that would be false under-oath testimony; is that your testimony?
A Completely false.
Q Okay. Is Katie Case a huge liar?
A Apparently so, yes.
Q Okay. What reason does she have to lie about you?
MR. FREEDMAN: Objection.
THE WITNESS: I don't know how she is lying about me, apart from her being scared of Stephanie Jones. I don't know any other lies so far unless you tell me them.
BY MS. SHAH:
Q Okay. How long have you known Katie Case?
A Roughly, nine years -- I don't know. Something like that.

REPORTER'S CERTIFICATE

I, ASHLEY SOEVYN, a Certified Shorthand Reporter of the State of California, do hereby certify:

That the foregoing proceedings were taken before me at the time and place herein set forth; at which time the witness was put under oath by me;

That the testimony of the witness, the questions propounded, and all objections and statements made at the time of the examination were recorded stenographically by me and were thereafter transcribed;

That a review of the transcript by the deponent was/ was not requested;

That the foregoing is a true and correct transcript of my shorthand notes so taken.

I further certify that I am not a relative or employee of any attorney of the parties, nor financially interested in the action.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct. Dated this 1st day of October, 2025.

ASHLEY SOEVYN

CSR No. 12019