**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEPHANIE JONES, JONESWORKS LLC<br><br>Plaintiffs,<br><br>-v-<br><br>JENNIFER ABEL, MELISSA NATHAN, JUSTIN BALDONI, WAYFARER STUDIOS LLC, and JOHN DOES 1-10<br><br>Defendants. | Civil Action No. 1:25-cv-779 (LJL) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' OPPOSITION TO THE WAYFARER PARTIES' MOTION TO DISMISS THE EIGHTH CAUSE OF ACTION FOR DEFAMATION AND THE "JOHN DOE" DEFENDANTS**

Plaintiffs Stephanie Jones and Jonesworks LLC respectfully submit this Memorandum in Opposition to Defendants Wayfarer Studios LLC, Justin Baldoni, Jennifer Abel, and Melissa Nathan's (the "Wayfarer Parties") Motion to Dismiss the John Doe Defendants and Plaintiffs' eighth cause of action for defamation ("Motion").

On December 8, 2025, Plaintiffs filed a Motion for Leave to Amend their Complaint under Federal Rules of Civil Procedure 15 and 16. *See* Dkt. 191. Plaintiffs sought leave to, among other things, substitute Melissa Nathan as a defendant for the John Doe defendants named in Plaintiffs' eighth cause of action for defamation. *See* Dkt. 234 at 3. On March 26, 2026, the Court denied Plaintiffs' motion for leave to amend, concluding that Plaintiffs failed to exercise the requisite diligence to satisfy either the good cause standard under Rule 16 or C.P.L.R. 1024. *See* Dkt. No. 234 at 11-12 (the "Amendment Order").

The Wayfarer Parties now argue that dismissal of Plaintiffs' defamation cause of action is warranted under either Federal Rule of Civil Procedure 41(b), 21, or 4(m). *See* Mot. at 2. The Wayfarer Parties' argument is premised on the Court's Amendment Order, as well as the Wayfarer Parties' request that Plaintiffs voluntarily dismiss the eighth cause of action for defamation in light of the Court's Amendment Order. *Id.*; Mem. of Law at 8. The Wayfarer Parties also suggest that Plaintiffs entered into an agreement to voluntarily dismiss the eighth cause of action for defamation. Plaintiffs will address each argument in turn.

*First*, Plaintiffs believe they must oppose the Motion to Dismiss in order to preserve certain appellate rights. Indeed, despite the Court's Amendment Order, Plaintiffs do not believe they can voluntarily dismiss the eighth cause of action for defamation without potentially prejudicing their right to appeal the Court's Amendment Order. With all due deference to the Court, Plaintiffs respectfully maintain that the Court's Amendment Order was erroneous for several reasons including, but not limited to, the fact that Plaintiffs timely served discovery requests that should have uncovered the author and mastermind behind the defamatory websites well before the deadline to amend pleadings. *See* Plaintiffs' Memorandum of Law in support of their Motion for Leave to Amend (Dkt. 192) and Reply in support of their Motion (Dkt. 225). The Wayfarer Defendants still have not fully or truthfully answered those discovery requests. Plaintiffs believe that, in order to preserve any appellate rights regarding the Amendment Order, they must oppose the Motion for the same reasons as stated in Docket Nos. 192 and 225.

*Second*, Plaintiffs did not sign an agreement to voluntarily dismiss these claims. On or about July 9, 2026, after a meet and confer, Plaintiffs informed Defendants they would work on a draft of a voluntary dismissal. Plaintiffs informed Defendants that Plaintiffs' new counsel was still getting up to speed on these issues and planned to send a draft the following week. However, Plaintiffs' counsel did not ever formally agree to a stipulation or ever enter into a written agreement. Instead, Plaintiffs' counsel reviewed the applicable law and additional facts that came to light and determined that a voluntary dismissal was not appropriate for two reasons: (1) a voluntary dismissal may prejudice Plaintiffs' appellate rights and (2) new facts came to light that Plaintiffs believe may warrant additional motions for relief bearing on these issues.

Indeed, over the course of the last few weeks, Plaintiffs have become aware of new facts that not only confirm that Nathan and others were engaged in a scheme to defame Jones and Jonesworks, but suggest that Nathan may have testified falsely during her deposition under oath when asked about that scheme. For example, when asked under oath in her deposition in this case about whether she was involved in the efforts to publish a smear website about movie director Amanda Ghost, Nathan testified that she was not involved any such efforts:

> Q: Have you ever been involved in a matter where a website was built?
>
> …
>
> A: No, I have not built any websites.
> Q: I'm not asking if you built websites --
> A: Uh-huh.
> Q: -- I'm asking if you've been involved in a matter where a website was built?
> A: No.

Q: Including Rebel Wilson?

…

A: I have not been involved in that.

*See* Ex. 1, Nathan Dep. at 142:16-143:12. However, exhibits to a motion filed in the Los Angeles County Superior Court on August 25, 2026 revealed text messages authored by Nathan in which she clearly advised her client to pay for the creation of a smear site against Ms. Ghost and sought her client's approval to pay $110,000 to create the site:




Ex. 2 at 6-8, Excerpt from *Ghost v. Wilson*, Los Angeles County Superior Court No. 24STCV17314, August 25, 2026 Decl. in Supp. of Mot. to Compel; *see also* Ex. 2 at 9-10; Debra Kamin, *Court Documents Suggest Rebel Wilson Ordered Websites Attacking*

*Producer*, N.Y. Times, https://www.nytimes.com/2026/08/25/nyregion/rebel-wilson-the-deb-producer-amanda-ghost.html; Ex. 2 at 4, ¶¶ 8-9 (requesting additional discovery to test the credibility of witnesses, including Melissa Nathan); Ex. 3 at 1-2, *Wallace v. Lively*, No. 1:25-CV-00163-DAE, W.D. Tex., Dkt. 67 (asserting that recently uncovered text messages and emails suggest Wallace gave false deposition testimony); Ex. 4 at 30-31, *Nikolas v. Freedman*, Los Angeles County Superior Court No. 26SMCV00684, August 12, 2026 Minute Order (describing recently uncovered connections between several cases involving "smear websites," each with similar underlying facts).

Moreover, Plaintiffs have uncovered additional information that suggests that Nathan's testimony in this case regarding her involvement in the origination of the Jones smear sites also may not have been accurate. These sources, and others which Plaintiffs are still investigating, indicate that Nathan not only may have withheld responsive documents from her document productions in this case, preventing Plaintiffs from learning the truth of her involvement in a timely manner, but also may have not testified accurately in her deposition when asked about her involvement in the schemes to defame Jones and Jonesworks, as well as other targets. Plaintiffs are working through these issues, and intend to file a motion in which they will seek relief from the Court, but given the seriousness of the issues raised by the newly discovered evidence, Plaintiffs require additional time before doing so. Plaintiffs respectfully reserve all rights with respect to any relief to which they may be entitled.

Accordingly, Plaintiffs respectfully request that the Court deny the Wayfarer Parties' Motion or, in the alternative, hold any ruling on the Wayfarer Parties' Motion in abeyance until Plaintiffs have an opportunity to brief the Court regarding Nathan's conduct.

Dated: September 1, 2026

Respectfully submitted,

By: *<u>/s/ Brad Beckworth</u>*

Bradley E. Beckworth, *pro hac vice*
New York State Bar No. 5151071
Christina Yarnell, *pro hac vice*
Texas State Bar No. 24071973
NIX PATTERSON, LLP
8701 Bee Cave Road
Seven Oaks East, Suite 500
Austin, Texas 78746
Telephone: (512) 328-5333
Telecopier: (512) 328-5335
bbeckworth@nixlaw.com
cyarnell@nixlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below, the foregoing was filed electronically with the Court and served by operation of the Court's ECF notification system upon all counsel of record.

Austin, Texas
September 1, 2026

*/s/ Brad Beckworth*
Brad Beckworth