**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEPHANIE JONES and JONESWORKS LLC,<br><br>Plaintiffs,<br><br>v.<br><br>JENNIFER ABEL, MELISSA NATHAN, JUSTIN BALDONI, WAYFARER STUDIOS LLC, and JOHN DOES 1-10,<br><br>Defendants. | Civ. Action No. 1:25-cv-00779-LJL<br>rel. 1:24-cv-10049-LJL |

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE WAYFARER PARTIES' MOTION TO DISMISS THE EIGHTH CAUSE OF ACTION FOR DEFAMATION AND THE "JOHN DOE" DEFENDANTS

## I. INTRODUCTION

Plaintiffs' opposition confirms that the eighth cause of action for defamation should be dismissed. Plaintiffs do not, and cannot, dispute that: (1) they have never identified or served any Doe Defendant in over twenty months of litigation; (2) this Court already found the defamation claim time-barred under the one-year statute of limitations, N.Y. C.P.L.R. § 215(3); (3) fact discovery closed on September 30, 2025; (4) the amendment deadline passed on April 18, 2025; and (5) the Court's July 20, 2026 Order (Dkt. No. 254) sets trial for February 8, 2027 pursuant to the parties' stipulation. Rather than confront these facts and dispositive deficiencies or address Federal Rules of Civil Procedure 41(b), 21 or 4(m), Plaintiffs ask the Court to deny the motion or hold the motion in abeyance so that they can bring a later motion for reconsideration of the Court's March 26, 2026 Opinion and Order denying leave to amend (the "Amendment Order," Dkt. No. 234). Plaintiffs cannot use an opposition to a motion to dismiss for failure to prosecute and serve Doe defendants as a vehicle to reopen discovery, revive a time-barred claim, or relitigate the Amendment Order as trial approaches. Therefore, the motion should be granted.

## II. THE EIGHTH CAUSE OF ACTION AND THE DOE DEFENDANTS SHOULD BE DISMISSED

### A. Plaintiffs' Opposition Is a Thinly Disguised Untimely and Meritless Motion for Reconsideration of the Amendment Order.

Plaintiffs title their opposition as a response to the Wayfarer Parties' motion, but its substance is a request that the Court reconsider the factual and legal determinations in the Amendment Order or permit Plaintiffs to file an unspecified motion sometime in the future. A motion for reconsideration, however, would be untimely. A party must make such a motion within a "reasonable time...after the entry of the judgment or order..." Fed. R. Civ. P. 60 (c)(1). Local Civil Rule 6.3 provides that a motion for reconsideration must be "served within fourteen (14) days after the entry of the Court's determination of the original motion." Therefore, a

reasonable time under FRCP 60 in the Southern District of New York is 14 days. *United States v. Buff*, No. 19CIV5549 (GBD), 2022 WL 3448733, at *1 (S.D.N.Y. Aug. 17, 2022) (denying motion for reconsideration filed 23 days after the order was issued as untimely).

A motion for reconsideration would not only be untimely, but it would also be meritless. The standard governing motions for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir.1995). Such a motion is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *Associated Press v. U.S. Dep't of Def.,* 395 F. Supp. 2d 17, 19 (S.D.N.Y.2005); *Goonan v. Fed. Reserve Bank of N.Y.,* No. 12 Civ. 3859 (JPO), 2013 WL 1386933, at *2 (S.D.N.Y. Apr. 5, 2013) ("Simply put, courts do not tolerate such efforts to obtain a second bite at the apple"); *Schansman v. Sberbank of Russia PJSC*, 781 F. Supp. 3d 184, 189 (S.D.N.Y. 2025). A motion for reconsideration "should be granted only when the [party] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted).

Plaintiffs' opposition to the motion to dismiss is just a rehash of old arguments – the same arguments they made to oppose the motion for leave to amend. Indeed, Plaintiffs say "they must oppose the Motion for the same reasons as stated in Docket Nos. 192 [Plaintiffs' Memorandum of Law in support of their Motion for Leave to Amend] and 225 [Reply in support

of their Motion].” Instead of providing new admissible evidence, Plaintiffs argue that the Court’s Amendment Order was “erroneous” because “Plaintiffs timely served discovery requests that should have uncovered the author and mastermind behind the defamatory websites well before the deadline to amend pleadings.” This is factually incorrect. As the Court already found, Plaintiffs served their initial document requests on March 6, 2025, but did not request documents relating to the websites. They did not serve website-related discovery until July 2025, after the defamation limitations period had expired. The Court ruled that the defamation claim was time-barred under N.Y. C.P.L.R. § 215(3), and that Plaintiffs could not satisfy C.P.L.R. § 1024’s due-diligence requirement for relation back. *See* Amendment Order at 9–12 (Dkt. No. 234).

Those findings dispose of Plaintiffs’ effort to keep the eighth cause of action alive. The Court found that Plaintiffs did not pursue website-related discovery until after the limitations period expired and did not show diligence before the deadline to amend or before expiration of the limitations period. Nothing has changed in the approximately five months since the Amendment Order: Plaintiffs have shown no additional diligence and have not identified any Doe Defendant. Allegations from collateral proceedings occurring in August 2026 cannot retroactively cure a statute of limitations that expired more than a year earlier. *See Singleton v. City of New York*, 632 F.2d 185, 192 (2d Cir. 1980) (statute of limitations is not tolled by subsequent discovery of additional evidence supporting an already-asserted claim).

In any event, the “new facts” that “Plaintiffs believe may warrant additional motion for relief bearing on these issues” would be insufficient to warrant reconsideration. The so-called “facts” are merely allegations made by other plaintiffs in collateral lawsuits involving websites unrelated to Jones or Jonesworks. They are not, as they must be, admissible evidence that would materially alter the Court’s opinion. *Shaw v. Mcdonald*, No. 14-CV-5856 (NSR), 2016 WL

828131, at *2 (S.D.N.Y. Feb. 22, 2016) (plaintiffs must "proffer newly discovered evidence in admissible form that would materially alter the Court's prior opinion"); *Bahar v. United States*, No. 08CIV.4738(WHP), 2009 WL 2382977, at *1 (S.D.N.Y. Aug. 4, 2009) ("Newly discovered evidence must consist of facts existing at the time of the prior decision that are admissible and would probably change the result of the former ruling"); *Okongwu v. Cnty. of Erie*, No. 21-1025, 2022 WL 6585217, at *2 (2d Cir. Oct. 7, 2022) (affirming denial plaintiff's Rule 60(b) motion where plaintiff did not identify any new evidence, failed to show that the unidentified evidence was "admissible," and did not "establish that he had been justifiably ignorant of the new facts").

Further, the two collateral proceedings Plaintiffs point to, *Ghost v. Wilson* (L.A. County Superior Court No. 24STCV17314) and *Nikolas v. Freedman* (L.A. County Superior Court No. 26SMCV00684), concern different websites targeting different individuals: amandaghostsucks.com concerning Amanda Ghost and alexanikolas.net concerning Alexa Nikolas. None of the allegations identifies who created or published the Jones Websites, www.stephaniejonesleaks.com and www.stephaniejoneslies.com. Unproven allegations about Nathan's conduct in other proceedings cannot establish that she is one of the unidentified and unserved Doe Defendants or otherwise cure Plaintiffs' failure to identify them. Plaintiffs cannot use their opposition to this motion as a vehicle to relitigate the Amendment Order.

Plaintiffs also have no pending motion before this Court. They vaguely state that they "intend to file a motion" concerning Nathan's conduct, but they have not filed one. A possible future motion of unspecified type and scope does not suspend the Court's obligation to decide the fully briefed motion now before it. There is no procedural mechanism for holding a fully briefed motion in abeyance based on a representation that a party may later file another motion. Plaintiffs have had ample time to pursue their theories, and the prospect of a future filing cannot

justify indefinite delay. Speculation about a future motion that has not been filed, and may never be filed, is not a basis for indefinite delay. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982) (courts need not tolerate indefinite delay in the prosecution of a case).

Abeyance would also compound prejudice to the Wayfarer Parties. It would prolong defense of a claim that the Court has already found time-barred and futile, despite the close of discovery and approaching trial. Fact discovery closed on September 30, 2025, nearly a year ago; Plaintiffs have had more than twenty months since commencement to investigate and identify the Doe defendants; and the Court has set trial for February 8, 2027. *See* July 20, 2026 Order, Dkt. No. 254. Plaintiffs cannot use this opposition to reopen a closed record or relitigate the Amendment Order while the case moves toward trial.

Plaintiffs' collateral allegations therefore provide no basis to disturb the Amendment Order, and their request for abeyance is simply another means of delaying resolution of a claim that should no longer be in the case.

**B. Plaintiffs' Agreement to Dismiss the Eighth Cause of Action Reflects Their Understanding that Dismissal Is Appropriate.**

Plaintiffs characterize their agreement to file a motion to dismiss the eight cause of action as merely an informal "meet and confer" discussion. The contemporaneous email exchanges say otherwise. On April 14, 2026, the Wayfarer Parties asked Plaintiffs to dismiss their eighth cause of action. Garofalo Decl. Ex. A. On June 29, 2026, after the parties' discussion, Kim Zeldin confirmed the agreed deadline in writing. The June 29 email (Garofalo Decl. Ex. B) states: "Jones and Jonesworks will by no later than July 10th dismiss the 8th Claim and all Doe Defendants." The email begins, "This will confirm our conversation today." It is a written confirmation of a specific commitment by identified parties, covering identified claims and defendants, by a date certain and not an invitation to continue discussing whether dismissal was

appropriate. Plaintiffs' counsel did not write back to dispute the agreement. Nor did Plaintiffs' counsel reserve the right not to be bound until a written agreement was executed. Instead, Plaintiffs' counsel confirmed the commitment in a return email. In an email to Zeldin dated July 9, 2026, Christina Yarnell wrote: **"Unfortunately, we will not have the dismissal ready for 8th claim tomorrow. I know we promised tomorrow but with the holiday schedules, we are behind. We will have this to you next week."** Declaration of Kim S. Zeldin, Ex. 1. This is not "new" co-counsel merely 'getting up to speed' to evaluate whether the claim should be dismissed; it is not an informal discussion about a possible future position. It is Plaintiffs' counsel acknowledging a commitment and requesting an extension of its deadline. Plaintiffs' later unilateral change of mind announced for the first time in their opposition does not retroactively negate their commitment.

Ultimately, however, whether Plaintiffs agreed to dismiss is beside the point. The Wayfarer Parties are not asking the Court to enforce a stipulation as the sole basis for relief. They seek dismissal under Federal Rules of Civil Procedure 41(b), 21, and 4(m), each of which provides an independent ground for dismissing the eighth cause of action and the unserved Doe Defendants. The agreement therefore reinforces, rather than supplies, the merits of the motion: Plaintiffs' own conduct shows they understood that the eighth cause of action and Doe Defendants should be dismissed, while the Rules independently authorize that result.

### C. Plaintiffs' "Appellate Preservation" Argument Is Meritless.

Seeking to excuse their failure to voluntarily dismiss the eighth cause of action and Doe Defendants as they agreed, Plaintiffs say they did not do so because they "do not believe they can voluntarily dismiss the eighth cause of action without potentially prejudicing their right to appeal the Court's Amendment Order." They use the same "appellate preservation" argument to

explain why they filed an opposition to the motion, saying they "believe they must oppose the Motion to Dismiss in order to preserve certain appellate rights." Plaintiffs improperly group the two issues as one and cite no authority for either proposition; the law is to the contrary. A voluntary dismissal does not waive the right to challenge an interlocutory order on appeal from final judgment. *Chappelle v. Beacon Commc'ns Corp.*, 84 F.3d 652, 653–54 (2d Cir. 1996); *Atlanta Shipping Corp. v. Chemical Bank*, 818 F.2d 240, 246 (2d Cir. 1987). Even if Plaintiffs' concern applied to a voluntary dismissal, which is what they agreed to, it does not apply to the Court's own decision to grant the Wayfarer Parties' motion.

In sum, a party preserves appellate rights by obtaining a final judgment and timely filing a notice of appeal, not by perpetuating meritless claims. Plaintiffs' argument is a manufactured justification for opposing a motion they have no substantive basis to resist.

## III. CONCLUSION

For the foregoing reasons and those in the Wayfarer Parties' opening memorandum (Dkt. No. 261), the Court should grant the motion and dismiss the eighth cause of action and the Doe Defendants with prejudice under Federal Rule of Civil Procedure 41, or alternatively without prejudice under Federal Rule of Civil Procedure 4(m).

Dated: September 8, 2026
Los Angeles, CA

**LINER FREEDMAN TAITELMAN + COOLEY**

By: */s/ Kim S. Zeldin*
Bryan J. Freedman (admitted *pro hac vice*)
Ellyn S. Garofalo (admitted *pro hac vice*)
Kim S. Zeldin (admitted *pro hac vice*) 1801
Century Park West, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
Email: bfreedman@lftcllp.com
egarofalo@lftcllp.com
kzeldin@lftcllp.com

MEISTER SEELIG & SCHUSTER PLLC
Mitchell Schuster
Kevin Fritz
125 Park Avenue, 7th Floor
New York, NY 10017
Tel: (212) 655-3500
Email: ms@mss-pllc.com
kaf@mss-pllc.com