**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEPHANIE JONES and JONESWORKS LLC,<br><br>Plaintiffs,<br><br>v.<br><br>JENNIFER ABEL, MELISSA NATHAN, JUSTIN BALDONI, WAYFARER STUDIOS LLC, and JOHN DOES 1-10,<br><br>Defendants. | Civ. Action No. 1:25-cv-00779-LJL<br>rel. 1:24-cv-10049-LJL |

**DECLARATION OF JUSTIN BALDONI IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

I, Justin Baldoni, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an actor, director, and co-founder of Wayfarer Studios LLC ("Wayfarer"). I am a defendant in this action. I submit this declaration in support of the motion for summary judgment. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently to them.

2. Jennifer Abel was my publicist while she was employed at Jonesworks LLC ("Jonesworks"). I trusted Ms. Abel and valued her work.

3. At no time before Jonesworks terminated Ms. Abel's employment did I know that she had a written employment agreement with Jonesworks. I never saw an employment agreement between Ms. Abel and Jonesworks, and I did not know the terms of Ms. Abel's employment, including whether she was bound by a non-competition, non-solicitation, or confidentiality provision.

4. I am not in the public relations business, and I have no knowledge of standard terms in agreements between firms such as Jonesworks and their publicist employees.

5. I first learned in late July 2024 that Ms. Abel had resigned from Jonesworks and would be leaving at the end of a transition period. Before Ms. Abel gave notice of her resignation to Jonesworks, I did not know that she intended to resign. At no time did I solicit, encourage, or ask Ms. Abel to resign from Jonesworks or start her own company.

6. In or about late July 2024, Ms. Abel informed me and Jamey Heath that Stephanie Jones had texted her that she could take me as a client, and that she had obtained Ms. Jones' permission to do so.

7. I intended to continue working with Ms. Abel after she left Jonesworks because she was the publicist I trusted and my day-to-day relationship was with her. That was my own decision, and it was not a secret from anyone. No one, including Melissa Nathan, induced or persuaded me to go with Ms. Abel. By the time Ms. Nathan recommended in or about August 2024 that I go with Ms. Abel, I had already decided to do so. I told Ms. Abel that I intended to continue working with her as a publicist after Jonesworks terminated her employment on August 21, 2024.

8. Mr. Heath was the decision-maker for Wayfarer with respect to the engagement of a publicist. He did not make the decision to engage Ms. Abel's new company until after she left Jonesworks on August 21, 2024.

9. Wayfarer terminated its relationship with Jonesworks on or about August 30, 2024. Mr. Heath made that decision. Neither Ms. Abel nor Ms. Nathan suggested to me that Wayfarer terminate Jonesworks. By that time, Ms. Jones had defied Wayfarer's repeated instructions not to engage with the media, had dealt with the opposing side, and had fired Ms. Abel, Wayfarer's day-to-day point person, without warning, leaving Wayfarer "in the wind."

10. I did not ask, encourage, or induce Ms. Abel to breach any obligation she owed to Jonesworks, including any duty of loyalty, non-competition, non-solicitation, or confidentiality obligation.

11. I do not know if Ms. Abel took any Jonesworks documents or solicited any Jonesworks employees. I certainly had no role in Ms. Abel's alleged taking of Jonesworks documents, in any alleged solicitation of Jonesworks employees, or in Ms. Abel's private communications.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 14, 2026
Los Angeles, CA

Signed by:
A039F499DB574E6...
Justin Baldoni