Docusign Envelope ID: 6D02CA68-BB3F-8D44-82DF-F97A052513AB


**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEPHANIE JONES and JONESWORKS LLC,<br><br>Plaintiffs,<br><br>v.<br><br>JENNIFER ABEL, MELISSA NATHAN, JUSTIN BALDONI, WAYFARER STUDIOS LLC, and JOHN DOES 1-10,<br><br>Defendants. | Civ. Action No. 1:25-cv-00779-LJL<br>rel. 1:24-cv-10049-LJL |

**DECLARATION OF MELISSA NATHAN IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

I, Melissa Nathan, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am the founder and principal of The Agency Group PR LLC ("TAG"), a crisis communications firm. I am a defendant in this action. I submit this declaration in support of the motion for summary judgment on the Second and Fourth Causes of Action for tortious interference with contract. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently to them.

2. I have never been employed by Jonesworks LLC ("Jonesworks"), and I have never worked at Jonesworks. Years before the events at issue, Stephanie Jones and I spoke about the possibility of my working at Jonesworks. The discussions did not get very far.

3. Before this lawsuit was filed in December 2024, I did not know that Jennifer Abel had a written employment agreement with Jonesworks. I did not know any of the terms of any such agreement, including whether it contained a non-competition, non-solicitation, or

confidentiality provision. Prior to this litigation I never saw an employment agreement between Ms. Abel and Jonesworks.

4. Based on my years of experience in the public relations and crisis communications industry, there is no "industry standard" employment contract. Employment terms in the industry vary from firm to firm and from employee to employee. I would have no reason to believe or assume that any particular public relations professional is subject to a written employment agreement, or to non-competition, non-solicitation, or confidentiality provisions.

5. I was not a party to the agreement between Jonesworks and Wayfarer Studios LLC ("Wayfarer") (the "Wayfarer Agreement"). I never saw the Wayfarer Agreement before Plaintiffs filed their lawsuit in December 2024. Further, no one explained the terms of the Wayfarer Agreement to me, and I did not know its terms. I never saw contracts between Jonesworks and any of its clients prior to the filing of this lawsuit.

6. I had no role in Ms. Abel's decision to resign from Jonesworks. I did not know that Ms. Abel intended to resign from Jonesworks before she gave notice of her resignation. Ms. Abel first told me that she had given Jonesworks her notice in late July 2024 and that she was leaving Jonesworks in three weeks, at the end of a transition period.

7. Wayfarer first sought crisis advice recommendations from TAG on or about July 24, 2024. Wayfarer did not formally engage TAG until on or about August 8 or 9, 2024. I understood Wayfarer retained TAG for crisis scenario planning, not to replace Jonesworks.

8. At the time, my relationship with Justin Baldoni and Jamey Heath was new. I did not discuss with anyone at Wayfarer the termination of Wayfarer's relationship with Jonesworks, and I never suggested that Wayfarer terminate the Wayfarer Agreement. I did not ask, encourage, or induce Wayfarer or Mr. Baldoni to stop paying Jonesworks, to terminate the Wayfarer

Agreement, or to hire Ms. Abel or me in place of Jonesworks. I also did not encourage Mr. Baldoni to leave Jonesworks.

9. After TAG was engaged, Ms. Jones continued to pursue her own public relations strategy for Wayfarer and Mr. Baldoni. Ms. Jones and the crisis team that I was part of did not work together.

10. My July 29, 2024 text message to Ms. Abel stating that "once you are gone - we will be on accounts together" mentioned in the Complaint was a private message to Ms. Abel. I did not share it with Wayfarer or Mr. Baldoni. The purpose of the text was to encourage her as a friend to start her new business. I did not ask, encourage, or induce Ms. Abel to breach any duty or obligation she owed to Jonesworks, including any duty of loyalty, non-competition, non-solicitation, or confidentiality obligation.

11. On August 21, 2024, Leslie Sloane called me. Ms. Sloane told me that she had learned about the content of certain text messages between Ms. Abel and me about Mr. Baldoni, Wayfarer, Ms. Sloane, and/or Blake Lively. She warned me to expect a lawsuit.

I declare under penalty of perjury that the foregoing is true and correct.

Signed by:
B8EA2FF706104D6...

Dated: October 14, 2026
Los Angeles, CA

Melissa Nathan