NIX PATTERSON, LLP©

Brad Beckworth
Partner
E-mail: bbeckworth@nixlaw.com

October 22, 2026

Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

Re: *Jones et al. v. Abel et al.*, No. 1:25-cv-00779-LJL (rel. No. 1:24-cv-10049-LJL)

Dear Judge Liman:

Pursuant to Paragraph 2(H) and Attachment A, Paragraph 4(b) of Your Honor's Individual Practices in Civil Cases, Plaintiffs Stephanie Jones and Jonesworks LLC (collectively, "Jonesworks" or "Plaintiffs"), respectfully move for the continued sealing of the following exhibits filed in support of Defendants Wayfarer Studios LLC, Justin Baldoni, Melissa Nathan, and Jennifer Abel's (collectively, the "Wayfarer Parties") Motion for Summary Judgment: (1) Exhibits 5, 12, 18–21, 24–29, 32, and 33 to the Declaration of Ellyn S. Garofalo (the "Garofalo Exhibits"); and (2) Exhibit E to the Declaration of Jamey Heath ("Heath Exhibit E," and together with the Garofalo Exhibits, the "Exhibits").

Plaintiffs recognize that the Exhibits were submitted in connection with a motion for summary judgment and that a strong presumption of public access therefore attaches. See *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). Plaintiffs also recognize that a confidentiality designation alone does not overcome that presumption. See *In re Gen. Motors LLC Ignition Switch Litig.*, 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015). Plaintiffs do not seek to shield from public view any fact on which the Wayfarer Parties' motion actually relies. Plaintiffs ask the Court only to protect two narrow categories of information whose disclosure would cause harm to Plaintiffs and to non-parties: (i) Jonesworks' confidential and proprietary business information concerning its client rates and the payments made to it; and (ii) confidential settlement negotiations.

First, the Garofalo Exhibits consist of non-party client agreements (Exs. 25, 26, 28, 29, 32), invoices (Exs. 24, 27, 33), and discovery responses, expert reports, and testimony compiling the same information (Exs. 5, 12, 18–21). Each discloses the rates Jonesworks negotiated with individual clients and the payments those clients made. This is confidential and proprietary business information. Its disclosure would let competitors undercut Jonesworks' pricing and would harm non-party clients who expected their terms to remain private. See *Lively v. Wayfarer Studios LLC*, No. 1:24-cv-10049-LJL, Dkt. 1237 (Jan. 20, 2026), at 49 (sealing information about work performed for a non-party client).

Second, Heath Exhibit E contains confidential settlement negotiations between Wayfarer and Jonesworks. Courts recognize a strong public interest in encouraging parties to engage in candid settlement discussions without fear that their offers will later be made public. The Wayfarer Parties' motion does not rely on the amount or terms of the settlement offer, so the public interest in that information is minimal.

Dated: October 22, 2026 | Austin, Texas

Respectfully submitted,

By: */s/ Brad Beckworth*

Bradley E. Beckworth, *pro hac vice*
New York State Bar No. 5151071
Christina Yarnell, *pro hac vice*
Texas State Bar No. 24071973
NIX PATTERSON, LLP
8701 Bee Cave Road
Seven Oaks East, Suite 500
Austin, Texas 78746
Telephone: (512) 328-5333
Telecopier: (512) 328-5335
bbeckworth@nixlaw.com
cyarnell@nixlaw.com

*Attorneys for Plaintiffs Stephanie Jones and Jonesworks LLC*