Liner Freedman
Taitelman+Cooley LLP

1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
www.lftcllp.com

Ellyn S. Garofalo
Direct: (310) 201-0005
egarofalo@lftcllp.com

October 23, 2026

The Honorable Lewis J. Liman
U.S. District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Stephanie Jones and Jonesworks LLC ("Jonesworks") v. Jennifer Abel, Wayfarer Studios LLC, Justin Baldoni and Melissa Nathan (the "Wayfarer Parties"), Case No. 1:25-cv-00779 (LJL)*

Dear Judge Liman:

The Wayfarer Parties submit this response to Jonesworks' October 22, 2026 letter (ECF No. 311) seeking continued sealing of Exhibits 5, 12, 18–21, 24–29, 32, and 33 to the Declaration of Ellyn S. Garofalo (the "Garofalo Exhibits") and Exhibit E to the Declaration of Jamey Heath ("Heath Exhibit E"), filed in support of the Wayfarer Parties' motion for summary judgment. Jonesworks concedes that a strong presumption of public access attaches to these materials and that a confidentiality designation alone cannot overcome it. ECF No. 311 at 1; *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20, 124 (2d Cir. 2006). Yet it asks the Court to seal sixteen exhibits in their entirety based on two narrow categories of information: client rates and payments, and settlement negotiations. That request is not narrowly tailored, and the Court should deny it.

**Garofalo Exhibits 24–29, 32, and 33 (client agreements and invoices).** Jonesworks asserts these documents reveal the rates it negotiated with non-party clients. ECF No. 311 at 1. But Jonesworks put those very engagements at issue by seeking lost-profit damages for allegedly solicited clients, and the Wayfarer Parties' motion relies on each client's contract term, rate, notice provisions, and reasons for departing to show that Abel caused no loss. Mem. at 18–20. Jonesworks' representation that it does not seek to shield "any fact on which the Wayfarer Parties' motion actually relies" is therefore incorrect. ECF No. 311 at 1. At most, Jonesworks may redact rate and payment figures for non-party clients whose terms are not discussed in the motion (if any); the remaining contractual terms, dates, and client identities should be public.

**Garofalo Exhibits 5, 12, and 18–21 (discovery responses, expert reports, and testimony).** Jonesworks contends these exhibits merely "compile[]" rate and payment information. ECF No. 311 at 1. They do far more. Exhibits 18 and 19, Jonesworks' supplemental interrogatory responses and initial disclosures, identify witnesses, claimed damages, and describe non-privileged communications concerning Abel's departure and the alleged breaches. Exhibits 20 and 21, Plantiffs' expert reports, analyze Jonesworks' claimed reputational harm and assumptions

made for damages calculations. These materials go to the heart of Plaintiffs' damages theories, which the motion addresses directly. Mem. at 20–22, 25. Jonesworks offers no reason why any information beyond specific rate and payment figures warrants sealing, and it does not explain why redactions would be insufficient. Defendants do not object to redactions of Jonesworks' employees' salary or personal information.

**Heath Exhibit E (email chain).** Jonesworks characterizes this exhibit as "confidential settlement negotiations." ECF No. 311 at 2. Most of it is not. The chain consists largely of August 2024 business correspondence concerning Jonesworks' performance, staffing, and the parties' relationship; Ms. Jones' August 29, 2024 statement that the contract contained no termination clause; Wayfarer's August 30, 2024 termination notice; and Ms. Jones' $200,000 demand. Heath Decl. ¶¶ 20, 22–23 & Ex. E, at JONESWORKS_00038544–52. The motion relies on these communications to establish the timeline and grounds for termination and the fees Jonesworks claims. Mem. at 19–20, 30. Jonesworks itself seeks the $200,000 as damages, so that figure cannot be confidential. Any legitimate interest is limited to the specific compromise figures exchanged, which can be redacted.

Accordingly, the Wayfarer Parties respectfully request that the Court deny Jonesworks' request to maintain the Exhibits under seal in their entirety and direct Jonesworks to submit proposed redactions limited to (i) rate and payment figures for non-party clients not addressed in the motion, (ii) former Jonesworks' employees' salary and personal information, and (iii) settlement amounts in Heath Exhibit E, with all remaining portions filed publicly.

Respectfully submitted,

**LINER FREEDMAN TAITELMAN + COOLEY LLP**

By: *<u>/s/ Ellyn S. Garofalo</u>*

Bryan J. Freedman
Ellyn S. Garofalo
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
Email: bfreedman@lftcllp.com
egarofalo@lftcllp.com

**MEISTER SEELIG & SCHUSTER PLLC**
Mitchell Schuster
Kevin Fritz
125 Park Avenue, 7th Floor
New York, NY 10017
Tel: (212) 655-3500
Email: ms@mss-pllc.com
kaf@ mss-pllc.com

*Attorneys for Wayfarer Parties*