NIX PATTERSON, LLP©

Brad Beckworth
Partner
E-mail: bbeckworth@nixlaw.com

October 29, 2026

Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

Re: *Jones, et al. v. Abel, et al.*, No. 1:25-cv-00779-LJL (rel. No. 1:24-cv-10049-LJL)

Dear Judge Liman:

Yesterday, the Court held oral argument on Plaintiffs' Motion for Sanctions Against Melissa Nathan for Discovery Misconduct ("Motion" or "Mot.") (Dkt. 272). During the hearing, the Court raised several questions and gave Plaintiffs Stephanie Jones and Jonesworks LLC ("Plaintiffs") the opportunity to file a letter brief to provide additional confirming information. Plaintiffs file this letter to respond to those questions. Plaintiffs appreciate the Court's willingess to permit them to supplement the record in this manner and will briefly address only the specific issues addressed or requested by the Court.

*First*, the Court requested information about the specific dates on which Defendants responded to Plaintiffs' discovery requests that should have resulted in disclosure of information that would reveal Nathan's involvement in the scheme to defame Plaintiffs. For the Court's convenience, Plaintiffs attach hereto as "Exhibit A" a chart that delineates the relevant requests, the dates those requests were served, Nathan's responses, and the dates Nathan's responses were served.[1] Critically for this Motion, Plaintiffs point the Court to Interrogatory No. 11, which requested that Nathan "[i]dentify all persons [she] communicated with regarding the websites www.stephaniejoneslies.com or www.stephaniejonesleaks.com including the date, manner, and substance of each communication." Plaintiffs served this Interrogatory on March 14, 2025. Nathan first refused to answer the interrogatory. Then, on July 30, 2025, Nathan served her ***verified*** response stating under oath: "[Nathan] has ***no personal knowledge*** of who was behind the websites … [and] had ***no involvement in either to any extent***." *See* Ex. A. The exhibits attached to Plaintiffs' Motion conclusively demonstrate that this sworn interrogatory response was false. Similarly, in response to RFP No. 39, on August 21, 2025, Nathan expressly stated that she had or would produce all documents in Nathan's possession regarding the websites at issue. *See id*. That statement too was false and the documents were never produced.

*Second*, with respect to this written discovery misconduct, the Court asked Plaintiffs for a specific list of the rules, other than the inherent powers doctrine, that would allow the Court to order the remedies Plaintiffs seek. Federal Rule of Civil Procedure 26(e) and 37(b)(2)(A)(i-vi)

[1] Plaintiffs also attach as Exhibits A1-A6 the various discovery requests and responses at issue.

provide a clear roadmap for the Court. Rule 26(e) requires a party "who has reponded to an interrogatory, request for production, or request for admission" to "supplement or correct its … response … in a timely manner if the party learns that in some material respect the … response … is incomplete or incorrect…." Here, Nathan did not merely fail to correct an inaccurate response. Nathan lied in a verified interrogatory answer and intentionally withheld documents. This conduct violates Rule 26. Rule 37(c) states that where "a party fails to provide information … as required by Rule 26(a) or (e), … the court, on motion and after giving an opportunity to be heard … may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)."

Rule 37(b)(2)(A) permits the Court to issue the following nonexclusive list of orders as sanctions for discovery misconduct, one of which is "striking pleadings":

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) ***prohibiting the disobedient party from supporting or opposing designated claims or defenses***, or from introducing designated matters in evidence;
> (iii) ***striking pleadings in whole or in part***;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part; [and]
> (vi) ***rendering a default judgment*** against the disobedient party[.]

Rule 37 thus permits the Court to sanction Nathan by prohibiting Nathan from opposing Plaintiffs' defamation claim (including on the ground that it is untimely), to strike Nathan's pleadings, including her affirmative defenses, or to render judgment against Nathan on Plaintiffs' defamation claim. Accordingly, even if the Court believes Plaintiffs' defamation claim is time barred, Nathan's limitations defense is an affirmative defense that the Court can—and should—strike as a sanction for Nathan's discovery misconduct.

Further, contrary to Defendants' argument yesterday, Plaintiffs did expressly seek this relief in their Motion. Indeed, "striking defenses" is listed as the second bullet point in the opening paragraph of Plaintiffs' Notice of Motion. Dkt. 272. And, finally, the relief Plaintiffs seek did not just go to the defamation issue—it goes to the tortious interference claim against Nathan as well as all of the other claims against her set forth in the live complaint.

*Third*, the Court questioned Plaintiffs' counsel about the limitations period applicable to Plaintiffs' defamation claim. At the outset, Plaintiffs remind the Court that Plaintiffs' sought leave to amend their complaint to add two claims against Nathan: defamation and tortious interference with prospective business relationships. *See* Dkt. 192. The Court previously concluded only that Plaintiffs' defamation claim was barred by limitations—not their tortious interference claim. *See* Dkt. 234 at 11-12. To the extent the Court is unwilling to revisit its prior denial of Plaintiffs' motion for leave to amend on the ground that Plaintiffs' defamation claim is barred by limitations, the Court can still—and respectfully, should—permit Plaintiffs to amend their complaint to state a tortious interference with prospective business relationships claim against Nathan based on the newly discovered evidence.

With respect to defamation, the one-year limitations period was addressed during the hearing. However, Plaintiffs discussed that, under New York law, CPLR 1024 permits a plaintiff to commence an action against an unidentified "Doe" defendant and subsequently substitute that defendant's true name *after* the limitations period expires, provided the plaintiff exercised diligence to ascertain the defendant's identity before the limitations period expired and adequately identified the intended defendant in the original pleading. *Hogan v. Fischer*, 738 F.3d 509, 518–19 (2d Cir. 2013); *Bumpus v. New York City Tr. Auth.*, 66 A.D.3d 26, 29–31 (2d Dep't 2009).

Plaintiffs understand that the Court is aware of CPLR 1024 and ruled on this issue previously. However, during the hearing, Plaintiffs argued that their diligence under CPLR should be viewed in a different light now that Plaintiffs have proof, not only of truth, but of the extensive effort Nathan undertook to cover it up. During the hearing, Plaintiffs' counsel attempted to quickly list the dates of the conduct at issue for the Court. For the ease of reference, Plaintiffs list them again here:

- "Stephaniejonesleaks.com" was first published on May 8, 2024;
- Plaintiffs filed a defamation claim against John Doe Defendants on January 27, 2025, less than one year after publication; and
- Plaintiffs propounded relevant discovery requests, including Interrogatory No. 11, to Nathan as nearly as ***March*** of 2025. *See* Ex. A.

As required under CPLR 1024, Plaintiffs exercised due diligence to ascertain the unknown defendant's identity before the applicable limitations period expired. *See Hogan*, 738 F.3d at 519-20 (holding that plaintiff's claims against Doe defendants were not time-barred where plaintiff submitted multiple discovery requests seeking identifying information to which defendants failed to fully respond). A truthful and complete answer to just Interrogatory No. 11 would have revealed Nathan's involvement in the websites' publication during the relevant time period. A truthful answer *still* has not been given.

Dated: October 29, 2026 | Austin, Texas

Respectfully submitted,

By: */s/ Brad Beckworth*

Bradley E. Beckworth, *pro hac vice*
New York State Bar No. 5151071
Christina Yarnell, *pro hac vice*
Texas State Bar No. 24071973
NIX PATTERSON, LLP
8701 Bee Cave Road
Seven Oaks East, Suite 500
Austin, Texas 78746
Telephone: (512) 328-5333
Telecopier: (512) 328-5335
bbeckworth@nixlaw.com
cyarnell@nixlaw.com

*Attorneys for Plaintiffs Stephanie Jones and Jonesworks LLC*

cc: All Counsel of Record (via ECF)