# Exhibit A-2

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEPHANIE JONES, JONESWORKS LLC,<br><br>Plaintiffs,<br><br>v.<br><br>JENNIFER ABEL, MELISSA NATHAN, JUSTIN BALDONI, WAYFARER STUDIOS LLC, and JOHN DOES 1-10,<br><br>Defendants. | Civ. Action No. 1:25-cv-00779-LJL<br>rel. 1:24-cv-10049-LJL<br>(Consolidated for pretrial purposes with 1:25-cv-00449-LJL) |

**DEFENDANT MELISSA NATHAN'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS STEPHANIE JONES AND JONESWORKS LLC'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Civil Rules of the Court, Defendant Melissa Nathan ("Nathan" or "Responding Party"), by and through her attorneys, hereby objects and responds to Plaintiffs Stephanie Jones ("Jones") and Jonesworks LLC's ("Jonesworks," and together with Jones, "Jones Parties" or "Propounding Party") First Set of Interrogatories.

**I.**

## GENERAL OBJECTIONS

Responding Party makes the following general objections ("General Objections") to Propounding Party's Interrogatories. These General Objections are hereby incorporated into each specific response. The assertion of the same, similar, or additional objections or the provision of partial responses to each of the individual interrogatories does not waive or modify any of Responding Party's General Objections. Responding Party provides the following objections and responses without waiving her right to present evidence at trial of any later-ascertained facts.

1. Responding Party objects to each Interrogatory to the extent that it seeks information that is not relevant to any claim or defense or proportional to the needs of the case.

2. Responding Party objects to each Interrogatory to the extent that it purports to impose on Responding Party obligations broader than, or inconsistent with, those imposed by the Federal Rules of Civil Procedure, the Local Rules of Civil Practice and Procedure of the United States District Court for the Southern District of New York, or by any other applicable law or protocol governing discovery obligations in the above-captioned action.

3. Responding Party objects to each Interrogatory to the extent that it seeks discovery of any confidential information or communication that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or exception. Nothing contained in these responses, or any inadvertent production or identification of documents made in response to these interrogatories, is intended as, or shall in any way be deemed, a waiver of the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege, immunity, or exception.

4. Responding Party objects to each Interrogatory to the extent that it is overbroad or unduly burdensome. Responding Party further objects to the extent that Propounding Party seeks to require Responding Party to provide information other than that which may be obtained through a reasonably diligent search of her own records.

5. Responding Party objects to each Interrogatory to the extent it seeks information that is not in Responding Party's possession, custody or control.

6. Responding Party objects to each Interrogatory to the extent it would require Responding Party to produce information covered by confidentiality agreements or protective

orders with others, or that constitute an unwarranted invasion of the affected persons' constitutional, statutory and/or common-law rights of privacy and confidentiality.

7. Responding Party objects to each Interrogatory to the extent it seeks confidential commercial, financial, and/or proprietary business information, trade secrets, and/or any other non-public information protected from disclosure by law, court order, or agreement respecting confidentiality or non-disclosure or requires the disclosure of confidential or proprietary business information of third parties which Responding Party is obligated to protect.

8. Responding Party objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

9. Responding Party objects to each Interrogatory insofar as it is unreasonably cumulative, duplicative, repetitive, redundant, or overlapping of other interrogatories.

10. Responding Party objects to each Interrogatory to the extent that it, or any word or term used therein, is vague, ambiguous, compound, confusing, unintelligible, unclear, subject to different interpretations, and/or lacking in definition.

11. Responding Party objects to each Interrogatory to the extent that it is unlimited in temporal scope, or contains overly broad time limitations or periods that are not relevant to any claim or defense or proportional to the needs of the case.

12. Responding Party objects to each Interrogatory to the extent that it assumes, relies on, or seeks disputed facts or legal conclusions or opinions. Responding Party denies any such disputed facts or legal conclusions or opinions to the extent assumed, relied on, or sought by each Interrogatory. Any response or objection by Responding Party to any such Interrogatory is without prejudice to this objection.

13. In responding and objecting to each Interrogatory, Responding Party does not concede that any information sought or provided is relevant to the claims of any party, proportional to the needs of this case, or admissible in evidence.

14. Responding Party objects to each Interrogatory to the extent that it exceeds the scope of interrogatories set forth in Local Civil Rule 33.3(a).

15. Nothing herein, or in any responsive document production, shall be construed as an admission by Responding Party regarding the admissibility of any fact, or as an admission as to the truth or accuracy of any information or documents provided in response to these Requests. In providing responses to each Interrogatory, Responding Party does not in any way waive any objections Responding Party may later assert, including but not limited to competency, relevancy, materiality, and admissibility. Responding Party expressly reserves the right to object to the use of any responses below in any subsequent proceedings or any other action. Responding Party further reserves the right to object to additional discovery into the subject matter of the Interrogatory.

16. Responding Party has responded to each Interrogatory based upon her understanding of each Interrogatory. Responding Party's responses herein are based on her present knowledge, information, and belief following her diligent search and reasonable inquiry. Discovery and investigation are ongoing, and Responding Party reserves the right to amend, correct, supplement, or clarify her responses based upon, among other things, further investigation, discovery of additional facts or information, or developments in this action or in related law, particularly in view of Propounding Party's failure to comply with the Local Rules.

## II.

## OBJECTIONS TO DEFINITIONS

1. Responding Party objects to Propounding Party's definition of "Person" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes any agent, employee, officer, director, attorney, and independent contractor regardless of their relationship to the allegations, claims, or defenses in the Action. Furthermore, Responding Party objects to this definition to the extent the definition includes "attorneys," "accountants," "consultants," and "independent contractor," on the grounds that the definition may seek information which is subject to attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party also objects to the extent the definition may seek the information and/or the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on the privacy rights of third parties. In responding to the Interrogatories, Responding Party will construe the term "Person" to mean the specific individual referenced in the respective request.

2. Responding Party objects to Propounding Party's definition of "You," "Your," and "Yours" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Melissa Nathan but also unidentified persons or entities acting or purporting to act on her behalf and anyone on whose behalf she is acting, regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the terms "You," "Your," and "Yours" to mean Melissa Nathan.

3. Responding Party objects to the Interrogatories as vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case to the extent any Interrogatory references or is related to an undefined person and/or entity.

## III.

## OBJECTIONS TO INSTRUCTIONS

Responding Party objects to Paragraph 2 of Propounding Party's Instructions to the extent it instructs Responding Party to gather information from her "attorneys, agents, representatives, [and] associates" that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege and/or any other applicable privilege or immunity. Responding Party further objects to this instruction to the extent that it requires Responding Party to produce duplicative or cumulative information. Responding Party will only produce information that is in her possession, custody, or control, as required under the Federal Rules of Civil Procedure, the Local Rules of Civil Practice and Procedure of the United States District Court for the Southern District of New York, or by any other applicable law or protocol governing discovery obligations in this action.

## IV.

## RESPONSES TO PROPOUNDING PARTY'S INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all persons with whom You communicated, consulted, or from whom you sought advice regarding Jennifer Abel's employment at Jonesworks LLC, including but not limited to the terms of that employment, all contractual obligations, and the termination of that employment.

**RESPONSE TO INTERROGATORY NO.1:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Interrogatory. Responding Party objects to this Interrogatory to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Interrogatory as overbroad to the extent it seeks the identification of "all persons." Responding Party further objects to this Interrogatory on the grounds that it is vague as to "communicated, consulted, or from whom you sought advice" and "terms of that employment, all contractual obligations, and the termination of that employment." Responding Party further objects to this Interrogatory to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Interrogatory to the extent that it seeks information outside the possession, custody, or control of Responding Party. In light of the foregoing objections, Responding Party will not respond to this Interrogatory at this time. Responding Party states that she is willing to meet and confer with Propounding Party regarding this Interrogatory.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Interrogatory. Responding Party objects that this Interrogatory (1) fails to define the terms "terms of that employment, all contractual obligations, and the termination of that employment" and (2) seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, common interest doctrine, or any other applicable privilege or protection; and (3) seeks information outside the possession, custody, or control of Responding Party.

Subject to and without waiver of the foregoing, Responding Party responds as follows: None apart from Jennifer Abel.

**INTERROGATORY NO. 2:**

Identify all persons who have knowledge of Jennifer Abel's departure from Jonesworks LLC, including but not limited to:

a. The reasons for Ms. Abel's departure;

b. Any discussions regarding Ms. Abel's intention to leave;

c. Any business opportunities Ms. Abel pursued prior to or immediately after her resignation.

d. Any Jonesworks LLC documents improperly accessed and/or taken by Ms. Abel prior to her departure.

**RESPONSE TO INTERROGATORY NO.2:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Interrogatory. Responding Party further objects to this Interrogatory to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Interrogatory as overbroad to the extent it seeks the identification of "all persons." Responding Party further objects to this Interrogatory on the grounds that it is vague as to "knowledge," "departure," "intention to leave," "business opportunities," and "documents." Responding Party further objects to this Interrogatory to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Interrogatory to the extent it seeks Responding Party's proprietary and confidential information. Responding Party further objects to this Interrogatory to the extent it

seeks information in violation of third-party privacy rights. Responding Party further objects to this Interrogatory as unduly burdensome to the extent that it seeks information that is publicly available, equally accessible to Propounding Party, in Propounding Party's exclusive, possession, custody, or control, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Interrogatory to the extent it assumes or alleges any wrongdoing by Responding Party. In light of the foregoing objections, Responding Party will not respond to this Interrogatory at this time. Responding Party states that she is willing to meet and confer with Propounding Party regarding this Interrogatory.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Interrogatory. Responding Party objects that this Interrogatory (1) is overbroad; (2) is unduly burdensome to the extent that it seeks information that is publicly available, equally accessible to Propounding Party or already in Propounding Party's possession, custody, or control; and (3) seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, common interest doctrine, or any other applicable privilege or protection.

Subject to and without waiver of the foregoing, Responding Party responds as follows: Responding Party is not required to guess as to the knowledge of third parties or draw legal conclusions from facts not in evidence. This interrogatory is appropriately directed to Jennifer Abel, not Responding Party. However, the facts and circumstances surrounding Ms. Abel's departure from Jonesworks are the subject of highly publicized litigation and extensive media coverage. Many individuals, therefore, have such knowledge.

**INTERROGATORY NO. 3:**

Identify all persons with knowledge of any efforts, discussions, or attempts by You to solicit business from any current or former client of Jonesworks LLC.

**RESPONSE TO INTERROGATORY NO.3:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Interrogatory. Responding Party objects to this Interrogatory to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Interrogatory as overbroad to the extent it seeks the identification of "all persons." Responding Party further objects to this Interrogatory on the grounds that it is vague as to "knowledge," "efforts," "discussions," "attempts," and "solicit." Responding Party further objects to this Interrogatory to the extent it seeks Responding Party's proprietary and confidential information. Responding Party further objects to this Interrogatory to the extent it seeks information in violation of third-party privacy rights. Responding Party further objects to this Interrogatory to the extent it assumes or alleges any wrongdoing by Responding Party. Responding Party further objects to this Interrogatory to the extent that it exceeds the scope of Local Civil Rule 33.3. In light of the foregoing objections, Responding Party will not respond to this Interrogatory at this time. Responding Party states that she is willing to meet and confer with Propounding Party regarding this Interrogatory.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Interrogatory. Responding Party objects that this Interrogatory (1) is overbroad; (2) is unduly burdensome to the extent that it seeks information that is publicly available, equally accessible to Propounding Party or already in Propounding Party's possession, custody, or control;

(3) seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, common interest doctrine, or any other applicable privilege or protection; and (4) is vague as to "knowledge," "efforts," "discussions," "attempts," and "solicit." Responding Party is not required to draw legal conclusions from facts not in evidence or guess as to the knowledge of third parties.

Subject to and without waiver of the foregoing, Responding Party responds as follows: There are none.

**INTERROGATORY NO. 4:**

Identify all current or former clients of Jonesworks LLC for whom you have performed any work, either individually or through any company, including but not limited to The Agency Group PR LLC, and the timeframe of such work.

**RESPONSE TO INTERROGATORY NO.4:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Interrogatory. Responding Party objects to this Interrogatory to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Interrogatory as overbroad to the extent it seeks the identification of "all current or former clients of Jonesworks LLC." Responding Party further objects to this Interrogatory on the grounds that it is vague as to "performed any work." Responding Party further objects to this Interrogatory to the extent it seeks Responding Party's proprietary and confidential information. Responding Party further objects to this Interrogatory to the extent it seeks information in violation of third-party privacy rights. In light of the foregoing objections, Responding Party will not respond to this Interrogatory at this time. Responding Party states that she is willing to meet and confer with Propounding Party regarding this Interrogatory.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this interrogatory. Responding Party objects that this Interrogatory (1) is overbroad; (2) is unduly burdensome to the extent that it seeks information that is publicly available, equally accessible to Propounding Party or already in Propounding Party's possession, custody, or control; (3) seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, common interest doctrine, or any other applicable privilege or protection; and (4) is vague as to "performed any work." Responding Party is not required to guess who may or may not have been a Jonesworks client.

Subject to and without waiver of the foregoing, Responding Party responds as follows: Responding Party was engaged by Wayfarer Studios LLC and Justin Baldoni through her company, The Agency Group PR, to provide crisis public relations services during a discrete period in August 2024.

**INTERROGATORY NO. 5:**

Identify all current or former clients of Jonesworks LLC with whom You have communicated regarding the actual or potential termination of their relationship with Jonesworks LLC, including the date, manner, and substance of each communication.

**RESPONSE TO INTERROGATORY NO.5:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Interrogatory. Responding Party objects to this Interrogatory to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Interrogatory as overbroad to the extent it seeks the identification of "all current or former clients." Responding Party further objects to this Interrogatory on the

grounds that it is vague as to "communicated" and "actual or potential termination of their relationship with Jonesworks LLC." Responding Party further objects to this Interrogatory to the extent it assumes or alleges any wrongdoing by Responding Party. Responding Party further objects to this Interrogatory to the extent that it exceeds the scope of Local Civil Rule 33.3. In light of the foregoing objections, Responding Party will not respond to this Interrogatory at this time. Responding Party states that she is willing to meet and confer with Propounding Party regarding this Interrogatory.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Interrogatory. Responding Party objects that this Interrogatory (1) is overbroad; (2) is unduly burdensome to the extent that it seeks information that is publicly available, equally accessible to Propounding Party or already in Propounding Party's possession, custody, or control; and (3) seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, common interest doctrine, or any other applicable privilege or protection. Responding Party is not required to guess who may or may not have been a Jonesworks client.

Subject to and without waiver of the foregoing, Responding Party responds as follows: None.

**INTERROGATORY NO. 6:**

Identify all current, former or prospective clients of Jonesworks LLC to whom You have communicated any disparaging remark, comment or information regarding Jonesworks LLC or Stephanie Jones, including the date, manner, and substance of each communication.

**RESPONSE TO INTERROGATORY NO.6:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Interrogatory. Responding Party objects to this Interrogatory to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Interrogatory as overbroad to the extent it seeks the identification of "all current, former or prospective clients." Responding Party further objects to this Interrogatory on the grounds that it is vague as to "communicated," and "disparaging remark, comment or information." Responding Party further objects to this Interrogatory to the extent it calls for a legal conclusion. Responding Party further objects to this Interrogatory to the extent it assumes or alleges any wrongdoing by Responding Party. Responding Party further objects to this Interrogatory to the extent it exceeds the scope of Local Civil Rule 33.3. In light of the foregoing objections, Responding Party will not respond to this Interrogatory at this time. Responding Party states that she is willing to meet and confer with Propounding Party regarding this Interrogatory.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:**

Responding Party Responding Party objects that this Interrogatory (1) is overbroad; (2) is unduly burdensome to the extent that it seeks information that is publicly available, equally accessible to Propounding Party or already in Propounding Party's possession, custody, or control; (3) seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, common interest doctrine, or any other applicable privilege or protection; and (4) requires Responding Party to guess as to who may have been a "prospective" Jonesworks client.

Subject to and without waiver of the foregoing, Responding Party responds as follows: Responding Party construes this interrogatory as limited to the time period ending with the filing of this action on December 24, 2024. There are none.

**INTERROGATORY NO. 7:**

Identify all individuals who were present for, aware of, or otherwise had knowledge of any communications between You and any current or former Jonesworks LLC clients where the possibility of terminating or altering their business relationship with Jonesworks LLC was discussed or during which you disparaged Jonesworks LLC or Stephanie Jones.

**RESPONSE TO INTERROGATORY NO.7:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Interrogatory. Responding Party objects to this Interrogatory to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Interrogatory on the grounds that it is overbroad to the extent it seeks the identification of "all individuals." Responding Party further objects to this Interrogatory on the grounds that it is vague as to "knowledge," "communications," and "possibility of terminating or altering their business relationship." Responding Party further objects to this Interrogatory on the grounds that it seeks information more appropriately sought from third parties. Responding Party further objects to this Interrogatory to the extent it assumes or alleges any wrongdoing by Responding Party. Responding Party further objects to this Interrogatory to the extent that it exceeds the scope of Local Civil Rule 33.3. In light of the foregoing objections, Responding Party will not respond to this Interrogatory at this time. Responding Party states that she is willing to meet and confer with Propounding Party regarding this Interrogatory.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Interrogatory. Responding Party objects that this Interrogatory (1) is overbroad; (2) is unduly burdensome to the extent that it seeks information that is publicly available, equally accessible to Propounding Party or already in Propounding Party's possession, custody, or control; and (3) seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, common interest doctrine, or any other applicable privilege or protection. Responding Party is not required to guess as to third parties' knowledge or draw legal conclusions based on facts not in evidence.

Subject to and without waiver of the foregoing, none.

**INTERROGATORY NO. 8:**

Identify all persons who communicated with Katie Warren, Jack Newsham or any other reporter, employee or agent of Business Insider in connection with the preparation of the article "Who's afraid of Stephanie Jones," published on or around August 15, 2024.

**RESPONSE TO INTERROGATORY NO.8:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Interrogatory. Responding Party objects to this Interrogatory to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Interrogatory on the grounds that it is overbroad to the extent it seeks the identification of "all persons." Responding Party further objects to this Interrogatory on the grounds that it is vague as to "communicated," "reporter, employee or agent," and "in preparation for." Responding Party further objects on the grounds that the Interrogatory seeks information more appropriately sought from third parties. Responding Party further objects to this Interrogatory

to the extent it seeks information in violation of third-party privacy rights. Responding Party further objects to this Interrogatory to the extent it assumes or alleges any wrongdoing by Responding Party. Responding Party further objects to this Interrogatory to the extent that it exceeds the scope of Local Civil Rule 33.3(a). In light of the foregoing objections, Responding Party will not respond to this Interrogatory at this time. Responding Party states that she is willing to meet and confer with Propounding Party regarding this Interrogatory.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Interrogatory. Responding Party objects that this Interrogatory (1) is overbroad; (2) is unduly burdensome to the extent that it seeks information that is publicly available, equally accessible to Propounding Party or already in Propounding Party's possession, custody, or control; and (3) seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, common interest doctrine, or any other applicable privilege or protection. Responding Party is not required to guess as to the actions of third parties.

Subject to and without waiver of the foregoing, Responding Party responds as follows: Responding Party did not author the Business Insider article, and the information sought in this interrogatory is more appropriately sought by way of subpoena to Business Insider or the authors of the article

**INTERROGATORY NO. 9:**

Identify all persons at any media outlet, including but not limited to *The Daily Mail*, *Page Six*, or *Business Insider*, with whom you communicated concerning Stephanie Jones or Jonesworks LLC.

**RESPONSE TO INTERROGATORY NO.9:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Interrogatory. Responding Party objects to this Interrogatory to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Interrogatory on the grounds that it is overbroad to the extent it seeks the identification of "all persons." Responding Party further objects to this Interrogatory on the grounds that it is vague as to "communicated," and "media outlet." Responding Party further objects to this Interrogatory as unduly burdensome to the extent that it seeks information that is publicly available, equally accessible to Propounding Party, in Propounding Party's exclusive, possession, custody, or control, or already in Propounding Party's possession, custody, or control. Responding Party further objects on the grounds that the Interrogatory seeks information more appropriately sought from third parties. Responding Party further objects to this Interrogatory to the extent it seeks information in violation of third-party privacy rights. Responding Party further objects to this Interrogatory to the extent it assumes or alleges any wrongdoing by Responding Party. Responding Party further objects to this Interrogatory to the extent that it exceeds the scope of Local Civil Rule 33.3(a). In light of the foregoing objections, Responding Party will not respond to this Interrogatory at this time. Responding Party states that she is willing to meet and confer with Propounding Party regarding this Interrogatory.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Interrogatory. Responding Party objects that this Interrogatory (1) is overbroad; (2) is unduly burdensome to the extent that it seeks information that is publicly available, equally accessible to Propounding Party or already in Propounding Party's possession, custody, or control;

and (3) seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, common interest doctrine, or any other applicable privilege or protection.

Subject to and without waiver of the foregoing, Responding Party responds as follows: Responding Party has been deluged with requests for comment on behalf of Wayfarer Studios LLC and Justin Baldoni and cannot reasonably identify every such outlet.

**INTERROGATORY NO. 10:**

Identify all persons who communicated with any media outlet, including but not limited to *The Daily Mail*, *Page Six*, *Business Insider*, *Puck*, *Radar*, or *Life & Style*, regarding Stephanie Jones or Jonesworks LLC.

**RESPONSE TO INTERROGATORY NO.10:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Interrogatory. Responding Party objects to this Interrogatory to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Interrogatory on the grounds that it is overbroad to the extent it seeks the identification of "all persons." Responding Party further objects to this Interrogatory on the grounds that it is vague as to "communicated," and "media outlet." Responding Party further objects to this Interrogatory as unduly burdensome to the extent that it seeks information that is publicly available, equally accessible to Propounding Party, in Propounding Party's exclusive, possession, custody, or control, or already in Propounding Party's possession, custody, or control. Responding Party further objects on the grounds that the Interrogatory seeks information more appropriately sought from third parties. Responding Party further objects to this Interrogatory to the extent it seeks information in violation of third-party privacy rights. Responding Party further objects to this Interrogatory to the extent it assumes or alleges any wrongdoing by Responding

Party. Responding Party further objects to this Interrogatory to the extent that it exceeds the scope of Local Civil Rule 33.3(a). In light of the foregoing objections, Responding Party will not respond to this Interrogatory at this time. Responding Party states that she is willing to meet and confer with Propounding Party regarding this Interrogatory.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Interrogatory. Responding Party objects that this Interrogatory (1) is overbroad; (2) is unduly burdensome to the extent that it seeks information that is publicly available, equally accessible to Propounding Party or already in Propounding Party's possession, custody, or control; and (3) seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, common interest doctrine, or any other applicable privilege or protection. Responding Party is not required to guess as to the actions of third parties. Responding Party is not required to guess as to the actions of third parties.

Subject to and without waiver of the foregoing, Responding Party responds as follows: Stephanie Jones and Jonesworks are involved in widely publicized litigation that has been the subject of extensive media coverage. The information requested is incredibly broad and well outside the scope of Responding Party's personal knowledge.

**INTERROGATORY NO. 11:**

Identify all persons You communicated with regarding the websites www.stephaniejoneslies.com or www.stephaniejonesleaks.com including the date, manner and substance of each communication.

**RESPONSE TO INTERROGATORY NO.11:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Interrogatory. Responding Party objects to this Interrogatory to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Interrogatory on the grounds that it is overbroad to the extent it seeks the identification of "all persons." Responding Party further objects to this Interrogatory on the grounds that it is vague as to "knowledge," and "communicated." Responding Party further objects to this Interrogatory as unduly burdensome to the extent that it seeks information that is publicly available, equally accessible to Propounding Party, in Propounding Party's exclusive, possession, custody, or control, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Interrogatory to the extent it assumes or alleges any wrongdoing by Responding Party. Responding Party further objects to this Interrogatory to the extent that it exceeds the scope of Local Civil Rule 33.3(a). In light of the foregoing objections, Responding Party will not respond to this Interrogatory at this time. Responding Party states that she is willing to meet and confer with Propounding Party regarding this Interrogatory.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO.11:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Interrogatory. Responding Party objects that this Interrogatory (1) is overbroad; (2) is unduly burdensome to the extent that it seeks information that is publicly available, equally accessible to Propounding Party or already in Propounding Party's possession, custody, or control; and (3) seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, common interest doctrine, or any other applicable privilege or protection.

Subject to and without waiver of the foregoing, Responding Party responds as follows: Responding Party has no personal knowledge of who was behind the websites www.stephaniejoneslies.com or www.stephaniejonesleaks.com. She had no involvement in either to any extent. However, once they went live, the websites were widely circulated in public relations circles, which includes Responding Party.

**INTERROGATORY NO. 12:**

Identify all officers, directors, or employees of Hybe with whom you have communicated regarding Stephanie Jones, Jonesworks LLC, or the Action.

**RESPONSE TO INTERROGATORY NO.12:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Interrogatory. Responding Party objects to this Interrogatory to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Interrogatory on the grounds that it is overbroad to the extent it seeks the identification of "all officers, directors, or employees of Hybe with whom you have communicated." Responding Party further objects to this Interrogatory on the grounds that it is vague as to "communicated." Responding Party further objects to this Interrogatory as unduly burdensome to the extent that it seeks information that is publicly available, equally accessible to Propounding Party, in Propounding Party's exclusive, possession, custody, or control, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Interrogatory to the extent that it exceeds the scope of Local Civil Rule 33.3(a). In light of the foregoing objections, Responding Party will not respond to this Interrogatory at this time. Responding Party states that she is willing to meet and confer with Propounding Party regarding this Interrogatory.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Interrogatory. Responding Party objects that this Interrogatory (1) is overbroad; (2) is unduly burdensome to the extent that it seeks information that is publicly available, equally accessible to Propounding Party or already in Propounding Party's possession, custody, or control; and (3) seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, common interest doctrine, or any other applicable privilege or protection.

Subject to and without waiver of the foregoing, Responding Party responds as follows: Responding Party's company, which Hybe owns, is being sued by Jonesworks and Jones. Its senior figures, including Scooter Braun, David Bolno, and Andrew Sahn, are aware of the litigation.

**INTERROGATORY NO. 13:**

Identify all current or former employees of Jonesworks LLC with whom you discussed the possibility of those employees taking employment or entering into any contractual agreement with RWA Communications LLC or The Agency Group PR.

**RESPONSE TO INTERROGATORY NO.13:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Interrogatory. Responding Party objects to this Interrogatory to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Interrogatory on the grounds that it is overbroad to the extent it seeks the identification of "all current or former employees of Jonesworks LLC." Responding Party further objects to this Interrogatory on the grounds that it is vague as to "discussed" and possibility of those employees taking employment or entering into any contractual agreement with any other employer." Responding Party further objects to this Interrogatory as unduly burdensome to the

extent that it seeks information that is publicly available, equally accessible to Propounding Party, in Propounding Party's exclusive, possession, custody, or control, or already in Propounding Party's possession, custody, or control. Responding Party further objects on the grounds that the Interrogatory seeks information more appropriately sought from third parties. Responding Party further objects to this Interrogatory to the extent it seeks Responding Party's proprietary and confidential information. Responding Party further objects to this Interrogatory to the extent it seeks information in violation of third-party privacy rights. Responding Party further objects to this Interrogatory to the extent it assumes or alleges any wrongdoing by Responding Party. Responding Party further objects to this Interrogatory to the extent that it exceeds the scope of Local Civil Rule 33.3(a). In light of the foregoing objections, Responding Party will not respond to this Interrogatory at this time. Responding Party states that she is willing to meet and confer with Propounding Party regarding this Interrogatory.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO.13:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Interrogatory. Responding Party objects that this Interrogatory (1) is overbroad; (2) is unduly burdensome to the extent that it seeks information that is publicly available, equally accessible to Propounding Party or already in Propounding Party's possession, custody, or control; (3) seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, common interest doctrine, or any other applicable privilege or protection; and (4) seeks Responding Party's proprietary and confidential information.

Subject to and without waiver of the foregoing, Responding Party responds as follows: Matthew Mitchell inquired about a possible role with The Agency Group PR, but the discussions did not result in a position.

**INTERROGATORY NO. 14:**

Identify all current or former clients of RWA Communications LLC The Agency Group PR LLC who were, at any time, clients of Jonesworks LLC.

**RESPONSE TO INTERROGATORY NO.14:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Interrogatory. Responding Party objects to this Interrogatory to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Interrogatory as overbroad to the extent it seeks the identification of "all current or former client of RWA Communications LLC." Responding Party further objects to this Interrogatory on the grounds that it is vague as to "client or prospective clients." Responding Party further objects to this Interrogatory as unduly burdensome to the extent that it seeks information that is publicly available, equally accessible to Propounding Party, in Propounding Party's exclusive, possession, custody, or control, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Interrogatory to the extent it seeks Responding Party's proprietary and confidential information. Responding Party further objects to this Interrogatory to the extent it seeks information in violation of third-party privacy rights. Responding Party further objects to this Interrogatory to the extent it assumes or alleges any wrongdoing by Responding Party. Responding Party further objects to this Interrogatory to the extent that it exceeds the scope of Local Civil Rule 33.3(a). In light of the foregoing objections, Responding Party will not respond to this Interrogatory at this time. Responding Party states that she is willing to meet and confer with Propounding Party regarding this Interrogatory.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Interrogatory. Responding Party objects that this Interrogatory (1) is overbroad; (2) is unduly burdensome to the extent that it seeks information that is publicly available, equally accessible to Propounding Party or already in Propounding Party's possession, custody, or control; (3) seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, common interest doctrine, or any other applicable privilege or protection; and (4) seeks Responding Party's proprietary and confidential information.

Subject to and without waiver of the foregoing, Responding Party responds as follows: As for The Agency Group PR, they are Justin Baldoni and Wayfarer Studios LLC. To the extent the Interrogatory seeks information regarding RWA Communications, such information is outside of Responding Party's personal knowledge, and Responding Party is not required to guess.

**INTERROGATORY NO. 15:**

Identify all current or former employees of Jonesworks LLC you have spoken to regarding the Action, *Lively v. Wayfarer Studios et al.*, No. 1:24-cv-10049-LJL (S.D.N.Y.), *Wayfarer Studios LLC et al. v. Lively et al.*, No. 1:25-cv-00449-LJL (S.D.N.Y.), or *Wallace et al. v. Lively*, No. 1:25-cv-00163 (W.D. Tex.) including the date, manner, and substance of each communication.

**RESPONSE TO INTERROGATORY NO.15:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Interrogatory. Responding Party objects to this Interrogatory to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Interrogatory on the grounds that it is overbroad to the extent it seeks the identification of "all current or former employees of Jonesworks LLC." Responding Party

further objects to this Interrogatory on the grounds that it is vague as to "spoken." Responding Party further objects to this Interrogatory to the extent it seeks information in violation of third-party privacy rights. Responding Party further objects to this Interrogatory to the extent that it exceeds the scope of Local Civil Rule 33.3(a). In light of the foregoing objections, Responding Party will not respond to this Interrogatory at this time. Responding Party states that she is willing to meet and confer with Propounding Party regarding this Interrogatory.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Interrogatory. Responding Party objects that this Interrogatory (1) is overbroad; (2) is unduly burdensome to the extent that it seeks information that is publicly available, equally accessible to Propounding Party or already in Propounding Party's possession, custody, or control; and (3) seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, common interest doctrine, or any other applicable privilege or protection.

Subject to and without waiver of the foregoing, Jennifer Abel, Matthew Mitchell, Michael Goldberg.

**INTERROGATORY NO. 16:**

Identify all current or former clients of Jonesworks LLC you have spoken to regarding the Action, Lively v. Wayfarer Studios et al., No. 1:24-cv-10049-LJL (S.D.N.Y.), Wayfarer Studios LLC et al. v. Lively et al., No. 1:25-cv-00449-LJL (S.D.N.Y.), or Wallace et al. v. Lively, No. 1:25-cv-00163 (W.D. Tex.) including the date, manner, and substance of each communication.

**RESPONSE TO INTERROGATORY NO.16:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Interrogatory. Responding Party objects to this Interrogatory to the extent it is not

proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Interrogatory on the grounds that it is overbroad to the extent it seeks the identification of "all current or former employees of Jonesworks LLC." Responding Party further objects to this Interrogatory on the grounds that it is vague as to "spoken." Responding Party further objects to this Interrogatory to the extent it seeks information in violation of third-party privacy rights. Responding Party further objects to this Interrogatory to the extent that it exceeds the scope of Local Civil Rule 33.3(a). Responding Party further objects to this Interrogatory on the grounds that it is duplicative of Interrogatory No. 15.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO.16:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Interrogatory. Responding Party objects that this Interrogatory (1) is overbroad; (2) is unduly burdensome to the extent that it seeks information that is publicly available, equally accessible to Propounding Party or already in Propounding Party's possession, custody, or control; and (3) seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, common interest doctrine, or any other applicable privilege or protection. Responding Party is not required to guess as to who may have been a former client of Joensworks.

Subject to and without waiver of the foregoing, Justin Baldoni and Wayfarer Studios LLC.

Dated: July 30, 2025
New York, NY

**MEISTER SEELIG & FEIN PLLC**

By: *__/s/ Mitchell Schuster__*
Mitchell Schuster
Kevin Fritz
125 Park Avenue, 7th Floor
New York, NY 10017
Telephone: (212) 655-3500
Email: ms@msf-law.com
kaf@msf-law.com

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

Dated: July 30, 2025
Los Angeles, CA

**LINER FREEDMAN TAITELMAN + COOLEY, LLP**

By: *<u>/s/ Bryan Freedman</u>*

Bryan J. Freedman (*pro hac vice*)
Ellyn S. Garofalo (*pro hac vice*)
Theresa M Troupson (*pro hac vice*)
Summer Benson (*pro hac vice*)
Jason Sunshine
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Telephone: (310) 201-0005
Email: bfreedman@lftcllp.com
mcooley@lftcllp.com
ttroupson@lftcllp.com
sbenson@lftcllp.com
jsunshine@lftcllp.com

Dated: July 30, 2025
Los Angeles, CA

**AHOURAIAN LAW**

By: *<u>/s/ Mitra Ahouraian</u>*

Mitra Ahouraian (*pro hac vice*)
2029 Century Park East, 4th Floor
Los Angeles, CA 90067
Telephone: (310) 376-7878
Email: mitra@ahouraianlaw.com

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

## VERIFICATION

I, Melissa Nathan, declare as follows:

I have read the foregoing **DEFENDANT MELISSA NATHAN'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS STEPHANIE JONES AND JONESWORKS LLC'S FIRST SET OF INTERROGATORIES** and know its contents. I am a party to this action, and I make this verification on my behalf. The matters stated in the foregoing document are true to my own knowledge except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the United States, the State of New York, and the State of California that the foregoing is true and correct.

Executed on July 30, 2025, at Los Angeles, California.

Signed by:
B8EA2FF706104D6
Melissa Nathan



438946.3

## CERTIFICATE OF SERVICE

I, Vaneta D. Birtha, do hereby certify that I am not less than 18 years of age and that on this 30th day of July 2025, I caused a copy of the foregoing to be served on all counsel of record via email.

Dated: July 30, 2025
Los Angeles, CA

*/s/ Vaneta D. Birtha*
Vaneta D. Birtha

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

**SERVICE LIST**

**Jones et al. v. Abel et al. (1:25-cv-00779-LJL**

| | |
|---|---|
| **QUINN EMANUEL URQUHART & SULLIVAN LLP**<br>Nicholas Inns<br>1300 I St NW<br>Suite 900<br>Washington, DC 20005<br>Tel: 202-774-6147<br>Email: nicholasinns@quinnemanuel.com | *Attorneys for Plaintiffs/Counter Defendants Stephanie Jones and Jonesworks LLC* |
| **QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Danielle Lazarus<br>51 Madison Avenue<br>22nd Floor<br>New York, NY 10010<br>Tel: 212-849-7464<br>Email: daniellelazarus@quinnemanuel.com | *Attorneys for Plaintiffs/Counter Defendants Stephanie Jones and Jonesworks LLC* |
| **QUINN EMANUEL URQUHART & SULLIVAN LLP**<br>Maaren Alia Shah<br>295 5th Avenue<br>New York, NY 10016<br>Tel: 212-849-7452<br>Email: maarenchoksi@quinnemanuel.com | *Attorneys for Plaintiffs/Counter Defendants Stephanie Jones and Jonesworks LLC* |
| **QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Kristin Tahler<br>865 S. Figueroa Street<br>Ste 10th Floor<br>Los Angeles, CA 90017<br>Tel: 213-443-3615<br>Email: kristintahler@quinnemanuel.com | *Attorneys for Plaintiffs/Counter Defendants Stephanie Jones and Jonesworks LLC* |

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

**UMHOFER, MITCHELL & KING LLP**
Matthew Donald Umhofer
Anthony King
Jonas Palmer Mann
767 S. Alameda Street, Suite 270
Los Angeles, CA 90021
Tel: 213-394-7979
Fax: 213-529-1027
Email: matthew@umklaw.com
anthony@umklaw.com
jonas@umklaw.com

*Attorneys for Plaintiffs/Counter Defendants Stephanie Jones and Jonesworks LLC*

**MEISTER SEELIG & FEIN PLLC**
Mitchell Schuster
Amit Shertzer
Kevin A. Fritz
125 Park Avenue, 7th Floor
New York, NY 10017
212-655-3500
Fax: 212-655-3535
Email: ms@msf-law.com
as@msf-law.com
kaf@msf-law.com

*Co-Counsel for Defendants/Counter Claimants Wayfarer Studios LLC, Jennifer Abel, Justin Baldoni, Melissa Nathan*

**AHOURAIAN LAW**
Mitra Ahouraian
2029o Century Park East, 4th Floor
Los Angeles, CA 90067
Tel: 310-376-7878
Email: mitra@ahouraianlaw.com

*Co-Counsel for Defendants/Counter Claimants Wayfarer Studios LLC, Jennifer Abel, Justin Baldoni, Melissa Nathan*