# Exhibit A-4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEPHANIE JONES, JONESWORKS LLC,<br><br>Plaintiffs,<br><br>v.<br><br>JENNIFER ABEL, MELISSA NATHAN, JUSTIN BALDONI, WAYFARER STUDIOS LLC, and JOHN DOES 1-10,<br><br>Defendants. | Civ. Action No. 1:25-cv-00779-LJL<br>rel. 1:24-cv-10049-LJL<br>(Consolidated for pretrial purposes with 1:25-cv-00449-LJL) |

**DEFENDANT MELISSA NATHAN'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Fed. R. Civ. P. 34, Defendant MELISSA NATHAN ("Nathan" or "Responding Party"), by and through her attorneys, hereby objects and responds to the First Set of Requests for Production of Documents served by Plaintiffs/Counter-Defendants Stephanie Jones ("Jones") and Jonesworks LLC ("Jonesworks," and together with Jones, "Jones Parties" or "Propounding Party").

## I.

## GENERAL OBJECTIONS

Responding Party generally objects to Propounding Party's Requests for Production Nos. 1-27 ("Requests"). The assertion of similar or additional objections does not waive any of the following General Objections. Responding Party incorporates by reference the following General Objections into each of her Responses:

1. Responding Party objects to Propounding Party's Requests to the extent that they seek documents or information that is neither relevant to the claims or defenses of any party in the action, nor proportional to the needs of the case. Nothing herein, or in any responsive document production, shall be construed as an admission by Responding Party regarding the admissibility or relevance of any fact, or as an admission as to the truth or accuracy of any information or documents provided in response to these Requests.

2. Responding Party objects to Propounding Party's Definitions and Instructions to the extent that they attempt to impose upon Responding Party any obligations different from or in addition to those imposed by the Federal Rules of Civil Procedure, Local Rules, or any other Order of the Court.

3. Responding Party objects to Propounding Party's Requests to the extent that they seek documents or information outside the possession, custody, or control of Responding Party.

4. Responding Party objects to Propounding Party's Requests to the extent they seek the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege.

5. Responding Party objects to Propounding Party's Requests to the extent that they seek information or documents that Responding Party is under an obligation to any third parties not to disclose.

6. Responding Party objects to this Request to the extent it seeks information an unwarranted invasion of the affected persons' constitutional, statutory, and/or common-law rights of privacy and confidentiality or seeks information protected by United States data privacy and/or confidentiality laws.

7. Responding Party objects to Propounding Party's Requests to the extent that they seek information or documents that are vague, ambiguous, unreasonably cumulative or duplicative, are unduly burdensome, or seek information or documents obtainable from other sources which are more convenient, less expensive, or less burdensome.

8. Responding Party objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

9. Responding Party objects to Propounding Party's Requests to the extent that they seek the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect.

10. Responding Party objects to Propounding Party's Requests to the extent that they rely upon or seek legal conclusions or opinions.

11. Responding Party objects to Propounding Party's Requests as premature to the extent they seek information or documents before their required disclosure under the Federal Rules of Civil Procedure, Local Rules, or other Court Order governing the disclosure of documents and information.

12. Responding Party objects to Propounding Party's Requests as vague and/or ambiguous to the extent that they include terms that Propounding Party has not appropriately defined or limited.

13. Responding Party objects to any Requests which purport to seek "all" documents, communications, or information as irrelevant, overbroad, unduly burdensome, and disproportionate to the needs of the case. Responding Party will provide responsive, non-

privileged documents and information that is sufficient to show any properly requested information or documents in a manner that is proportional with the needs of the case.

14. To the extent Responding Party's produces documents, such a production is not an admission that the documents are relevant to this case or an admission that such documents are admissible.

15. Responding Party's responses herein are based upon present knowledge, information, and belief following her diligent search and reasonable inquiry. Discovery and investigation are ongoing, and Responding Party reserves the right to amend, correct, supplement, or clarify her responses based upon, among other things, further investigation, discovery of additional facts or information, or developments in this action or in related law, particularly in view of Propounding Party's failure to comply with the Local Rules.

16. Responding Party provides the following objections and responses without waiving her right to present evidence at trial of any later-ascertained facts. Responding Party provides these objections and responses without admitting any facts or information, and without waiving objections to the materiality, relevance, or admissibility in evidence of the objections and responses.

17. Responding Party objects to Propounding Party's definition of the term "Communication" as it is broader than the definition of "Communication" set forth in Local Civil Rule 26.3.

18. Responding Party objects to Propounding Party's definition of the term "Person" as it is broader than the definition of "Person" set forth in Local Civil Rule 26.3.

19. Responding Party objects to Propounding Party's definition of the term "Document" as it is broader than the definition of "Document" set forth in Local Civil Rule 26.3.

20. Responding Party objects to Propounding Party's definition of "You," and "Your," and on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Melissa Nathan, but also unidentified "current and former agents, representatives, attorneys, accountants, consultants independent contractors or any other Person acting, or purporting to act, with or on behalf of any of the foregoing" regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Requests, Responding Party will construe the terms "You," "Your," and "Yours" to mean Melissa Nathan.

21. Discovery is ongoing, and Responding Party reserves the right to supplement these responses in accordance with the Federal Rules of Civil Procedure. Responding Party provides the following objections and responses without waiving her right to present evidence at trial of any later-ascertained facts. Responding Party provides these objections and responses without admitting any facts or information, and without waiving objections to the materiality, relevance, or admissibility in evidence of the objections and responses.

## II.

## RESPONSES AND SPECIFIC OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

All Documents and Communications relating to Jennifer Abel's employment at Jonesworks LLC, including but not limited to the terms of that employment, all contractual obligations, and the termination of that employment.

**RESPONSE TO REQUEST NO. 1:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to

describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party objects to this Request as unduly burdensome to the extent that it seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party. Responding Party objects to this Request to the extent that it seeks information that may violate the privacy rights of Responding Party.

In light of the foregoing objections, Responding Party will not search for documents responsive to this Request at this time. Responding Party states that she is willing to meet and confer with Propounding Party regarding this Request.

**AMENDED RESPONSE TO REQUEST NO. 1:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or

proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party objects to this Request as unduly burdensome to the extent that it seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party. Responding Party objects to this Request to the extent that it seeks information that may violate the privacy rights of Responding Party.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in her possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications pertaining to Jonesworks LLC.

**RESPONSE TO REQUEST NO. 2:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in

Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party. Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "All Documents and Communications pertaining to Jonesworks, LLC" without limiting the subject matter to the claims or defenses in this action or the relevant time period. Responding Party objects to this Request to the extent that it seeks information that may violate the privacy rights of Responding Party.

In light of the foregoing objections, Responding Party will not search for documents responsive to this Request at this time. Responding Party states that she is willing to meet and confer with Propounding Party regarding this Request.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this

Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party. Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "All Documents and Communications pertaining to Jonesworks, LLC" without limiting the subject matter to the claims or defenses in this action or the relevant time period. Responding Party objects to this Request to the extent that it seeks information that may violate the privacy rights of Responding Party.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in her possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents and Communications related to RWA Communications.

**RESPONSE TO REQUEST NO. 3:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in

Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party. Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "All Documents and Communications related to RWA communications" without limiting the subject matter to the claims or defenses in this action or the relevant time period. Responding Party objects to this Request to the extent that it seeks information that may violate the privacy rights of Responding Party.

In light of the foregoing objections, Responding Party will not search for documents responsive to this Request at this time. Responding Party states that she is willing to meet and confer with Propounding Party regarding this Request.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this

Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party. Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "All Documents and Communications related to RWA communications" without limiting the subject matter to the claims or defenses in this action or the relevant time period. Responding Party objects to this Request to the extent that it seeks information that may violate the privacy rights of Responding Party.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in her possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Communications relating to any effort by You or any person acting under your direction or control to obtain the business of any current or former client of Jonesworks LLC.

**RESPONSE TO REQUEST NO. 4:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third

parties. Responding Party objects to this request as the term "current or former client of Jonesworks, LLC" is vague and ambiguous, and therefore burdensome. Responding Party objects to this Request to the extent that it seeks information that may violate the privacy rights of Responding Party. Responding Party objects to this Request to the extent that it seeks information that may violate the privacy rights of Responding Party.

In light of the foregoing objections, Responding Party will not search for documents responsive to this Request at this time. Responding Party states that she is willing to meet and confer with Propounding Party regarding this Request.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party objects to this request as the term "current or former client of Jonesworks, LLC" is vague and ambiguous, and therefore burdensome. Responding Party objects to this Request to the extent that it seeks information that may violate the privacy rights of Responding Party. Responding Party objects to this Request to the extent that it seeks information that may violate the privacy rights of Responding Party.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in her possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications relating to any effort by You or any person acting under your direction or control to hire or contract with any current or former employee of Jonesworks LLC.

**RESPONSE TO REQUEST NO. 5:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party objects to this request as the term "current or former client of Jonesworks, LLC" is vague and ambiguous, and therefore burdensome. Responding Party objects to this Request to the extent that it seeks information that may violate the privacy rights of Responding Party.

In light of the foregoing objections, Responding Party will not search for documents responsive to this Request at this time. Responding Party states that she is willing to meet and confer with Propounding Party regarding this Request.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party objects to this request as the term "current or former client of Jonesworks, LLC" is vague and ambiguous, and therefore burdensome. Responding Party objects to this Request to the extent that it seeks information that may violate the privacy rights of Responding Party.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in her possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents and Communications relating to any current or former client of The Agency Group PR LLC who was, at any time, a client of Jonesworks LLC.

**RESPONSE TO REQUEST NO. 6:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation

of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party objects to this Request insofar as the term "obtain the business" is vague and ambiguous, and therefore unintelligible. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party objects to this Request to the extent that it seeks information that may violate the privacy rights of Responding Party.

In light of the foregoing objections, Responding Party will not search for documents responsive to this Request at this time. Responding Party states that she is willing to meet and confer with Propounding Party regarding this Request.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party objects to this Request insofar as the term "obtain the business" is vague and ambiguous, and therefore unintelligible. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party objects to this

Request to the extent that it seeks information that may violate the privacy rights of Responding Party.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in her possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 7:**

All Communications relating to any Jonesworks LLC client, including regarding actually or potentially terminating their relationship with Jonesworks LLC.

**RESPONSE TO REQUEST NO. 7:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party objects to this Request insofar as the term "potentially terminating" is vague and ambiguous, and therefore unintelligible. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party objects to this Request to the extent that it seeks information that may violate the privacy rights of Responding Party.

In light of the foregoing objections, Responding Party will not search for documents responsive to this Request at this time. Responding Party states that she is willing to meet and confer with Propounding Party regarding this Request.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party objects to this Request insofar as the term "potentially terminating" is vague and ambiguous, and therefore unintelligible. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party objects to this Request to the extent that it seeks information that may violate the privacy rights of Responding Party.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in her possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 8:**

All Communications between You and Justin Baldoni, Jamey Heath, Tera Hanks, Mitz Toskovic or any other officer, employee or agent of Wayfarer Studios LLC from April 1, 2024 to the Present.

**RESPONSE TO REQUEST NO. 8:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party. Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in this Request seeks documents without limiting the subject matter to the claims or defenses in this action or the relevant time period. Responding Party objects to this Request to the extent that it seeks information that may violate the privacy rights of Responding Party.

In light of the foregoing objections, Responding Party will not search for documents responsive to this Request at this time. Responding Party states that she is willing to meet and confer with Propounding Party regarding this Request.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party. Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in this Request seeks documents without limiting the subject matter to the claims or defenses in this action or the relevant time period. Responding Party objects to this Request to the extent that it seeks information that may violate the privacy rights of Responding Party.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in her possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents and Communications relating to Justin Baldoni, including representation of him, from April 1, 2024 to the Present.

**RESPONSE TO REQUEST NO. 9:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party. Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce all documents without limiting the subject matter to the claims or defenses in this action or the relevant time period. Responding Party objects to this Request to the extent that it seeks information that may violate the privacy rights of Responding Party.

In light of the foregoing objections, Responding Party will not search for documents responsive to this Request at this time. Responding Party states that she is willing to meet and confer with Propounding Party regarding this Request.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party. Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce all documents without limiting the subject matter to the claims or defenses in this action or the relevant time period. Responding Party objects to this Request to the extent that it seeks information that may violate the privacy rights of Responding Party.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in her possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 10:**

All Communications and Documents concerning Jonesworks LLC and Wayfarer Studios LLC and/or Mr. Baldoni, including all Communications between You, Jonesworks, Mr. Baldoni, and Wayfarer Studios LLC regarding the scope of work, payment obligations, or the termination of any contract between Jonesworks LLC and Wayfarer Studios LLC and/or Mr. Baldoni.

**RESPONSE TO REQUEST NO. 10:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party. Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce all

documents without limiting the subject matter to the claims or defenses in this action or the relevant time period. Responding Party objects to this Request to the extent that it seeks information that may violate the privacy rights of Responding Party.

In light of the foregoing objections, Responding Party will not search for documents responsive to this Request at this time. Responding Party states that she is willing to meet and confer with Propounding Party regarding this Request.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party. Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce all documents without limiting the subject matter to the claims or defenses in this action or the relevant

time period. Responding Party objects to this Request to the extent that it seeks information that may violate the privacy rights of Responding Party.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in her possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 11:**

All Communications and Documents related to monies owed to Jonesworks LLC, including concerning Mr. Baldoni's and Wayfarer Studios's outstanding amounts due, regardless of whether those amounts due are or were in dispute.

**RESPONSE TO REQUEST NO. 11:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party. Responding Party further objects to this Request on the grounds that

it is overly broad and unduly burdensome in that it requires Responding Party to produce all documents without limiting the subject matter to the claims or defenses in this action or the relevant time period. Responding Party objects to this Request to the extent that it seeks information that may violate the privacy rights of Responding Party.

In light of the foregoing objections, Responding Party will not search for documents responsive to this Request at this time. Responding Party states that she is willing to meet and confer with Propounding Party regarding this Request.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party. Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce all documents without limiting the subject matter to the claims or defenses in this action or the relevant

time period. Responding Party objects to this Request to the extent that it seeks information that may violate the privacy rights of Responding Party.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in her possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents and Communications regarding any services to be provided to Mr. Baldoni and Wayfarer Studios, including related to contracts, agreements, or understandings between You and/or The Agency Group PR LLC on the one hand and Mr. Baldoni and/or Wayfarer Studios LLC.

**RESPONSE TO REQUEST NO. 12:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or

control of Responding Party. Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce all documents without limiting the subject matter to the claims or defenses in this action or the relevant time period. Responding Party objects to this Request to the extent that it seeks information that may violate the privacy rights of Responding Party.

In light of the foregoing objections, Responding Party will not search for documents responsive to this Request at this time. Responding Party states that she is willing to meet and confer with Propounding Party regarding this Request.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party. Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce all

documents without limiting the subject matter to the claims or defenses in this action or the relevant time period. Responding Party objects to this Request to the extent that it seeks information that may violate the privacy rights of Responding Party.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in her possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents and Communications between January 1, 2022 and the Present related to any actual or potential business relationship between You and Jonesworks LLC, including but not limited to your prospective employment by or contract with Jonesworks LLC.

**RESPONSE TO REQUEST NO. 13:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or

control of Responding Party. Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce all documents without limiting the subject matter to the claims or defenses in this action or the relevant time period. Responding Party objects to this Request to the extent that it seeks information that may violate the privacy rights of Responding Party.

In light of the foregoing objections, Responding Party will not search for documents responsive to this Request at this time. Responding Party states that she is willing to meet and confer with Propounding Party regarding this Request.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party. Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce all

documents without limiting the subject matter to the claims or defenses in this action or the relevant time period. Responding Party objects to this Request to the extent that it seeks information that may violate the privacy rights of Responding Party.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in her possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents and Communications regarding RWA Communications LLC, including the formation of that company.

**RESPONSE TO REQUEST NO. 14:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party. Responding Party further objects to this Request on the grounds that

it is overly broad and unduly burdensome in that it requires Responding Party to produce all documents without limiting the subject matter to the claims or defenses in this action or the relevant time period. Responding Party objects to this Request to the extent that it seeks information that may violate the privacy rights of Responding Party.

In light of the foregoing objections, Responding Party will not search for documents responsive to this Request at this time. Responding Party states that she is willing to meet and confer with Propounding Party regarding this Request.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party. Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce all documents without limiting the subject matter to the claims or defenses in this action or the relevant

time period. Responding Party objects to this Request to the extent that it seeks information that may violate the privacy rights of Responding Party.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in her possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 15:**

All Communications between You and Jennifer Abel relating to Jonesworks LLC or Stephanie Jones.

**RESPONSE TO REQUEST NO. 15:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party. Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce all

documents without limiting the subject matter to the claims or defenses in this action or the relevant time period. Responding Party objects to this Request to the extent that it seeks information that may violate the privacy rights of Responding Party.

In light of the foregoing objections, Responding Party will not search for documents responsive to this Request at this time. Responding Party states that she is willing to meet and confer with Propounding Party regarding this Request.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party. Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce all documents without limiting the subject matter to the claims or defenses in this action or the relevant

time period. Responding Party objects to this Request to the extent that it seeks information that may violate the privacy rights of Responding Party.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in her possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 16:**

All Communications between You and Jennifer Abel relating to Wayfarer Studios LLC or Justin Baldoni.

**RESPONSE TO REQUEST NO. 16:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party. Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce all

documents without limiting the subject matter to the claims or defenses in this action or the relevant time period. Responding Party objects to this Request to the extent that it seeks information that may violate the privacy rights of Responding Party.

In light of the foregoing objections, Responding Party will not search for documents responsive to this Request at this time. Responding Party states that she is willing to meet and confer with Propounding Party regarding this Request.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party. Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce all documents without limiting the subject matter to the claims or defenses in this action or the relevant

time period. Responding Party objects to this Request to the extent that it seeks information that may violate the privacy rights of Responding Party.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in her possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 17:**

All Communications between You and Jed Wallace or Street Relations LLC relating to Jonesworks LLC, Stephanie Jones, Wayfarer Studios LLC, Justin Baldoni, Blake Lively, or *It Ends With Us*.

**RESPONSE TO REQUEST NO. 17:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party. Responding Party further objects to this Request on the grounds that

it is overly broad and unduly burdensome in that it requires Responding Party to produce all documents without limiting the subject matter to the claims or defenses in this action or the relevant time period. Responding Party objects to this Request to the extent that it seeks information that may violate the privacy rights of Responding Party.

In light of the foregoing objections, Responding Party will not search for documents responsive to this Request at this time. Responding Party states that she is willing to meet and confer with Propounding Party regarding this Request.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party. Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce all documents without limiting the subject matter to the claims or defenses in this action or the relevant

time period. Responding Party objects to this Request to the extent that it seeks information that may violate the privacy rights of Responding Party.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in her possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents relating to any work done by Jed Wallace or Street Relations LLC concerning Stephanie Jones, Jonesworks LLC, Wayfarer Studios LLC, Justin Baldoni, Blake Lively, or *It Ends With Us*, including but not limited to contracts, invoices, payment records, scope of work, work product, or reports.

**RESPONSE TO REQUEST NO. 18:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or

control of Responding Party. Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce all documents without limiting the subject matter to the claims or defenses in this action or the relevant time period. Responding Party objects to this Request to the extent that it seeks information that may violate the privacy rights of Responding Party.

In light of the foregoing objections, Responding Party will not search for documents responsive to this Request at this time. Responding Party states that she is willing to meet and confer with Propounding Party regarding this Request.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party. Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce all

documents without limiting the subject matter to the claims or defenses in this action or the relevant time period. Responding Party objects to this Request to the extent that it seeks information that may violate the privacy rights of Responding Party.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in her possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 19:**

All Communications with Scooter Braun, HYBE Entertainment, or HYBE America relating to Jonesworks LLC, Stephanie Jones, Wayfarer Studios, Justin Baldoni, or the Action.

**RESPONSE TO REQUEST NO. 19:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party. Responding Party further objects to this Request on the grounds that

it is overly broad and unduly burdensome in that it requires Responding Party to produce all documents without limiting the subject matter to the claims or defenses in this action or the relevant time period. Responding Party objects to this Request to the extent that it seeks information that may violate the privacy rights of Responding Party.

In light of the foregoing objections, Responding Party will not search for documents responsive to this Request at this time. Responding Party states that she is willing to meet and confer with Propounding Party regarding this Request.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party. Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce all documents without limiting the subject matter to the claims or defenses in this action or the relevant

time period. Responding Party objects to this Request to the extent that it seeks information that may violate the privacy rights of Responding Party.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in her possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 20:**

All Communications with Courtney Engel.

**RESPONSE TO REQUEST NO. 20:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party. Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce all documents without limiting the subject matter to the claims or defenses in this action or the relevant

time period. Responding Party objects to this Request to the extent that it seeks information that may violate the privacy rights of Responding Party.

In light of the foregoing objections, Responding Party will not search for documents responsive to this Request at this time. Responding Party states that she is willing to meet and confer with Propounding Party regarding this Request.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party. Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce all documents without limiting the subject matter to the claims or defenses in this action or the relevant time period. Responding Party objects to this Request to the extent that it seeks information that may violate the privacy rights of Responding Party.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in her possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 22:**

All Communications with Matthew Mitchell.

**RESPONSE TO REQUEST NO. 22:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party. Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce all documents without limiting the subject matter to the claims or defenses in this action or the relevant time period. Responding Party objects to this Request to the extent that it seeks information that may violate the privacy rights of Responding Party.

In light of the foregoing objections, Responding Party will not search for documents responsive to this Request at this time. Responding Party states that she is willing to meet and confer with Propounding Party regarding this Request.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party. Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce all documents without limiting the subject matter to the claims or defenses in this action or the relevant time period. Responding Party objects to this Request to the extent that it seeks information that may violate the privacy rights of Responding Party.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in her possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 23:**

All Communications with Katie Warren.

**RESPONSE TO REQUEST NO. 23:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party. Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce all documents without limiting the subject matter to the claims or defenses in this action or the relevant time period. Responding Party objects to this Request to the extent that it seeks information that may violate the privacy rights of Responding Party.

In light of the foregoing objections, Responding Party will not search for documents responsive to this Request at this time. Responding Party states that she is willing to meet and confer with Propounding Party regarding this Request.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party. Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce all documents without limiting the subject matter to the claims or defenses in this action or the relevant time period. Responding Party objects to this Request to the extent that it seeks information that may violate the privacy rights of Responding Party.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in her possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 24:**

All Communications with Sara Nathan relating to Jonesworks LLC, Stephanie Jones, Wayfarer Studios, Justin Baldoni, or the Action.

**RESPONSE TO REQUEST NO. 24:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party. Responding Party objects to this Request to the extent that it seeks information that may violate the privacy rights of Responding Party.

In light of the foregoing objections, Responding Party will not search for documents responsive to this Request at this time. Responding Party states that she is willing to meet and confer with Propounding Party regarding this Request.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party. Responding Party objects to this Request to the extent that it seeks information that may violate the privacy rights of Responding Party.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in her possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 25:**

All Communications with any reporter, journalist, correspondent, author, documentary filmmaker, or member of the press or media regarding Stephanie Jones or Jonesworks LLC.

**RESPONSE TO REQUEST NO. 25:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party. Responding Party objects to this Request to the extent that it seeks information that may violate the privacy rights of Responding Party.

In light of the foregoing objections, Responding Party will not search for documents responsive to this Request at this time. Responding Party states that she is willing to meet and confer with Propounding Party regarding this Request.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Responding Party incorporates by reference her general objections as if fully set forth in

response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party. Responding Party objects to this Request to the extent that it seeks information that may violate the privacy rights of Responding Party.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in her possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 26:**

All Communications with Raquel Harris, Audrey Hixon, Matthew Gibson, Ande Bowser, James Knobloch, Kaeleah Isaac, Madisyn Moore, Johnny Gines, Serena Zuniga, Jaclyn Reilly, Kirsti Yess, Josephine Sanchez, Emily Mara, or Kirby Allison.

**RESPONSE TO REQUEST NO. 26:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to

describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party. Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce all documents without limiting the subject matter to the claims or defenses in this action or the relevant time period. Responding Party objects to this Request to the extent that it seeks information that may violate the privacy rights of Responding Party.

In light of the foregoing objections, Responding Party will not search for documents responsive to this Request at this time. Responding Party states that she is willing to meet and confer with Propounding Party regarding this Request.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request to the extent it

seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party. Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce all documents without limiting the subject matter to the claims or defenses in this action or the relevant time period. Responding Party objects to this Request to the extent that it seeks information that may violate the privacy rights of Responding Party.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in her possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents and Communications, or other materials received by You in response to a subpoena issued and served by You in the above-captioned action, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

**RESPONSE TO REQUEST NO. 27:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to

describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party. Responding Party objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party objects to this request to the extent that it is not limited in scope, and therefore is not limited to the subject matter to the claims or defenses in this action of the relevant time period, and therefore overbroad, burdensome, and harassing. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party objects to this Request to the extent that it seeks information that may violate the privacy rights of Responding Party.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in her possession, custody, or control.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to

describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party. Responding Party objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party objects to this request to the extent that it is not limited in scope, and therefore is not limited to the subject matter to the claims or defenses in this action of the relevant time period, and therefore overbroad, burdensome, and harassing. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party objects to this Request to the extent that it seeks information that may violate the privacy rights of Responding Party.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in her possession, custody, or control.

Dated: May 19, 2025
New York, NY

**MEISTER SEELIG & FEIN PLLC**

By: */s/ Mitchell Schuster*

Mitchell Schuster
Kevin Fritz
125 Park Avenue, 7th Floor
New York, NY 10017
Tel: (212) 655-3500
Email: ms@msf-law.com
kaf@msf-law.com

Dated: May 19, 2025
Los Angeles, CA

**LINER FREEDMAN TAITELMAN + COOLEY**

By: */s/ Bryan Freedman*

Bryan J. Freedman (*pro hac vice*)
Miles M. Cooley (*pro hac vice*)
Theresa M Troupson (*pro hac vice*)
Summer Benson (*pro hac vice*)
Jason Sunshine
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
Email: bfreedman@lftcllp.com
mcooley@lftcllp.com
ttroupson@lftcllp.com
sbenson@lftcllp.com
jsunshine@lftcllp.com

**CERTIFICATE OF SERVICE**

I, Summer E. Benson, do hereby certify that I am not less than 18 years of age and that on this 19th day of May 2025, I caused a copy of the foregoing to be served on all counsel of record via email.

Dated: May 19, 2025
Los Angeles, CA

*/s/ Summer E. Benson*
Summer E. Benson