# Exhibit A-6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHANIE JONES, JONESWORKS LLC,<br><br>Plaintiffs,<br><br>v.<br><br>JENNIFER ABEL, MELISSA NATHAN, JUSTIN BALDONI, WAYFARER STUDIOS LLC, and JOHN DOES 1-10,<br><br>Defendants. | Civ. Action No. 1:25-cv-00779-LJL<br>rel. 1:24-cv-10049-LJL<br>(Consolidated for pretrial purposes with 1:25-cv-00449-LJL) |

**DEFENDANT MELISSA NATHAN'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Fed. R. Civ. P. 34, Defendant MELISSA NATHAN ("Nathan" or "Responding Party"), by and through her attorneys, hereby objects and responds to the Second Set of Requests for Production of Documents (Requests for Production Nos. 28-39) served by Plaintiffs/Counter-Defendants Stephanie Jones ("Jones") and Jonesworks LLC ("Jonesworks," and together with Jones, "Jones Parties" or "Propounding Party").

**I.**

**GENERAL OBJECTIONS**

Responding Party generally objects to Propounding Party's Second Set of Requests for Production of Documents (Requests for Production Nos. 28-39) ("Requests"). The assertion of similar or additional objections does not waive any of the following General Objections. Responding Party incorporates by reference the following General Objections into each of her Responses:

1. Responding Party objects to Propounding Party's Requests to the extent that they seek documents or information that is neither relevant to the claims or defenses of any party in the action, nor proportional to the needs of the case. Nothing herein, or in any responsive document production, shall be construed as an admission by Responding Party regarding the admissibility or relevance of any fact, or as an admission as to the truth or accuracy of any information or documents provided in response to these Requests.

2. Responding Party objects to Propounding Party's Definitions and Instructions to the extent that they attempt to impose upon Responding Party any obligations different from or in addition to those imposed by the Federal Rules of Civil Procedure, Local Rules, or any other Order of the Court.

3. Responding Party objects to Propounding Party's Requests to the extent that they seek documents or information outside the possession, custody, or control of Responding Party.

4. Responding Party objects to Propounding Party's Requests to the extent they seek the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege.

5. Responding Party objects to Propounding Party's Requests to the extent that they seek information or documents that Responding Party is under an obligation to any third parties not to disclose.

6. Responding Party objects to this Request to the extent it seeks information constituting an unwarranted invasion of the affected persons' constitutional, statutory, and/or common-law rights of privacy and confidentiality or seeks information protected by United States data privacy and/or confidentiality laws.

7. Responding Party objects to Propounding Party's Requests to the extent that they seek information or documents that are vague, ambiguous, unreasonably cumulative or duplicative, are unduly burdensome, or seek information or documents obtainable from other sources which are more convenient, less expensive, or less burdensome.

8. Responding Party objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

9. Responding Party objects to Propounding Party's Requests to the extent that they seek the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect.

10. Responding Party objects to Propounding Party's Requests to the extent that they rely upon or seek legal conclusions or opinions.

11. Responding Party objects to Propounding Party's Requests as premature to the extent they seek information or documents before their required disclosure under the Federal Rules of Civil Procedure, Local Rules, or other Court Order governing the disclosure of documents and information.

12. Responding Party objects to Propounding Party's Requests as vague and/or ambiguous to the extent that they include terms that Propounding Party has not appropriately defined or limited.

13. Responding Party objects to any Requests which purport to seek "all" documents, communications, or information as irrelevant, overbroad, unduly burdensome, and disproportionate to the needs of the case. Responding Party will provide responsive, non-

privileged documents and information that is sufficient to show any properly requested information or documents in a manner that is proportional with the needs of the case.

14. To the extent Responding Party produces documents, such a production is not an admission that the documents are relevant to this case or an admission that such documents are admissible.

15. Responding Party's responses herein are based upon present knowledge, information, and belief following her diligent search and reasonable inquiry. Discovery and investigation are ongoing, and Responding Party reserves the right to amend, correct, supplement, or clarify her responses based upon, among other things, further investigation, discovery of additional facts or information, or developments in this action or in related law, particularly in view of Propounding Party's failure to comply with the Local Rules.

16. Responding Party provides the following objections and responses without waiving her right to present evidence at trial of any later-ascertained facts. Responding Party provides these objections and responses without admitting any facts or information, and without waiving objections to the materiality, relevance, or admissibility in evidence of the objections and responses.

17. Responding Party objects to Propounding Party's definition of the term "Communication" as it is broader than the definition of "Communication" set forth in Local Civil Rule 26.3.

18. Responding Party objects to Propounding Party's definition of the term "Person" as it is broader than the definition of "Person" set forth in Local Civil Rule 26.3.

19. Responding Party objects to Propounding Party's definition of the term "Document" as it is broader than the definition of "Document" set forth in Local Civil Rule 26.3.

20. Responding Party objects to Propounding Party's definition of "You," and "Your," and on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Melissa Nathan, but also unidentified "current and former agents, representatives, attorneys, accountants, consultants independent contractors or any other Person acting, or purporting to act, with or on behalf of any of the foregoing" regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Requests, Responding Party will construe the terms "You," "Your," and "Yours" to mean Melissa Nathan.

## II.

## RESPONSES AND SPECIFIC OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 28:**

All Documents and Communications with current or former employees of Jonesworks, including but not limited to Jennifer Abel and Matthew Mitchell, regarding their actual or potential termination of their relationship with Jonesworks.

**RESPONSE TO REQUEST NO. 28:**

Responding Party incorporates by reference her general objections as if set forth fully in response to this Request. Responding Party objects that this Request (1) fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A); (2) is overbroad; (3) is unduly burdensome to the extent that it seeks documents that are equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control; (4) is vague as to "regarding"; and (5) seeks information in violation of third-party privacy rights.

Subject to and without waiver of the foregoing, Responding Party will produce responsive, non-privileged documents in her possession, custody or control located in response to the agreed-upon search terms except that Responding Party will not make a separate production of documents already produced in *Lively v. Wayfarer Studios LLC et al.*, Civ. Action No. 1:24-cv-10049-LJL (the "Lively Action") which are therefore in Propounding Party's possession, custody or control. See Joint Stipulation on the Use of Discovery in the Jones and Lively Related Actions (Dkt. 498).

**AMENDED RESPONSE TO REQUEST NO. 28:**

Responding Party incorporates by reference her general objections as if set forth fully in response to this Request. Responding Party objects that this Request (1) fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A); (2) is overbroad; (3) is unduly burdensome to the extent that it seeks documents that are equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control; (4) is vague as to "regarding"; and (5) seeks information in violation of third-party privacy rights.

Subject to and without waiver of the foregoing, Responding Party will produce responsive, non-privileged documents in her possession, custody or control located in response to the agreed-upon search terms, if any, except that Responding Party will not make a separate production of documents already produced in *Lively v. Wayfarer Studios LLC et al.*, Civ. Action No. 1:24-cv-10049-LJL (the "Lively Action") which are therefore in Propounding Party's possession, custody or control. See Joint Stipulation on the Use of Discovery in the Jones and Lively Related Actions (Dkt. 498).

**REQUEST FOR PRODUCTION NO. 29:**

All Documents and Communications relating to Your work for and contractual obligations to Wayfarer Studios LLC and Justin Baldoni ("Baldoni"), including but not limited to the circumstances of Your hiring.

**RESPONSE TO REQUEST NO. 29:**

Responding Party incorporates by reference her general objections as if set forth fully in response to this Request. Responding Party objects that this Request (1) fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A); (2) is overbroad; (3) is unduly burdensome to the extent that it seeks documents that are equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control; (4) is vague as to "relating to"; (5) seeks trade secret, proprietary, and/or confidential information; and (6) seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

**AMENDED RESPONSE TO REQUEST NO. 29:**

Responding Party incorporates by reference her general objections as if set forth fully in response to this Request. Responding Party objects that this Request (1) fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A); (2) is overbroad; (3) is unduly burdensome to the extent that it seeks documents that are equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control; (4) is vague as to "relating to"; (5) seeks trade secret, proprietary, and/or confidential information; and (6) seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Subject to and without waiver of the foregoing, Responding Party will produce responsive, non-privileged documents in her possession, custody or control located in response to the agreed-upon search terms, if any, except that Responding Party will not make a separate production of documents already produced in *Lively v. Wayfarer Studios LLC et al.*, Civ. Action No. 1:24-cv-10049-LJL (the "Lively Action") which are therefore in Propounding Party's possession, custody or control. See Joint Stipulation on the Use of Discovery in the Jones and Lively Related Actions (Dkt. 498).

**REQUEST FOR PRODUCTION NO. 30:**

All Communications with any reporter, journalist, correspondent, author, documentary filmmaker, freelance journalist, social media commentator, influencer, content creator, or member of the press or media regarding Baldoni, Blake Lively, It Ends With Us, or Plaintiffs.

**RESPONSE TO REQUEST NO. 30:**

Responding Party incorporates by reference her general objections as if set forth fully in response to this Request. Responding Party objects that this Request (1) fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A); (2) is overbroad; (3) is unduly burdensome to the extent that it seeks documents that are equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control; (4) is vague as to "regarding"; (5) seeks trade secret, proprietary, and/or confidential information; and (6) seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

**AMENDED RESPONSE TO REQUEST NO. 30:**

Responding Party incorporates by reference her general objections as if set forth fully in response to this Request. Responding Party objects that this Request (1) fails to describe with

reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A); (2) is overbroad; (3) is unduly burdensome to the extent that it seeks documents that are equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control; (4) is vague as to "regarding"; (5) seeks trade secret, proprietary, and/or confidential information; and (6) seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Subject to and without waiver of the foregoing, Responding Party will produce responsive, non-privileged documents in her possession, custody or control located in response to the agreed-upon search terms, if any, except that Responding Party will not make a separate production of documents already produced in *Lively v. Wayfarer Studios LLC et al.*, Civ. Action No. 1:24-cv-10049-LJL (the "Lively Action") which are therefore in Propounding Party's possession, custody or control. See Joint Stipulation on the Use of Discovery in the Jones and Lively Related Actions (Dkt. 498).

**REQUEST FOR PRODUCTION NO. 31:**

All Documents and Communications relating to or with Michael Goldberg, Elizabeth Keller, Matthew Mitchell, Diana Dasrath, and Sara Nathan.

**RESPONSE TO REQUEST NO. 31:**

Responding Party incorporates by reference her general objections as if set forth fully in response to this Request. Responding Party objects that this Request (1) fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A); (2) is overbroad; (3) is unduly burdensome to the extent that it seeks documents that are equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control; (4) is vague as to "relating to"; (5) seeks trade secret, proprietary, and/or

confidential information; and (6) seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

**AMENDED RESPONSE TO REQUEST NO. 31:**

Responding Party incorporates by reference her general objections as if set forth fully in response to this Request. Responding Party objects that this Request (1) fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A); (2) is overbroad; (3) is unduly burdensome to the extent that it seeks documents that are equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control; (4) is vague as to "relating to"; (5) seeks trade secret, proprietary, and/or confidential information; and (6) seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Subject to and without waiver of the foregoing, Responding Party will produce responsive, non-privileged documents in her possession, custody or control located in response to the agreed-upon search terms, if any, except that Responding Party will not make a separate production of documents already produced in *Lively v. Wayfarer Studios LLC et al.*, Civ. Action No. 1:24-cv-10049-LJL (the "Lively Action") which are therefore in Propounding Party's possession, custody or control. See Joint Stipulation on the Use of Discovery in the Jones and Lively Related Actions (Dkt. 498).

**REQUEST FOR PRODUCTION NO. 32:**

All Documents and Communications relating to or with any current or former employees of Jonesworks.

**RESPONSE TO REQUEST NO. 32:**

Responding Party incorporates by reference her general objections as if set forth fully in response to this Request. Responding Party objects that this Request (1) fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A); (2) is overbroad; (3) is unduly burdensome to the extent that it seeks documents that are equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control; (4) is vague as to "relating to"; (5) seeks trade secret, proprietary, and/or confidential information; and (6) seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

**AMENDED RESPONSE TO REQUEST NO. 32:**

Responding Party incorporates by reference her general objections as if set forth fully in response to this Request. Responding Party objects that this Request (1) fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A); (2) is overbroad; (3) is unduly burdensome to the extent that it seeks documents that are equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control; (4) is vague as to "relating to"; (5) seeks trade secret, proprietary, and/or confidential information; and (6) seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Subject to and without waiver of the foregoing, Responding Party will produce responsive, non-privileged documents in her possession, custody or control located in response to the agreed-upon search terms, if any, except that Responding Party will not make a separate production of documents already produced in *Lively v. Wayfarer Studios LLC et al.*, Civ. Action No. 1:24-cv-10049-LJL (the "Lively Action") which are therefore in Propounding Party's possession, custody

or control. See Joint Stipulation on the Use of Discovery in the Jones and Lively Related Actions (Dkt. 498).

**REQUEST FOR PRODUCTION NO. 33:**

All Documents and Communications relating to or with Katie Warren and Jack Newsham.

**RESPONSE TO REQUEST NO. 33:**

Responding Party incorporates by reference her general objections as if set forth fully in response to this Request. Responding Party objects that this Request (1) fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A); (2) is overbroad; (3) is unduly burdensome to the extent that it seeks documents that are equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control; (4) is vague as to "relating to"; (5) seeks trade secret, proprietary, and/or confidential information; and (6) seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

**AMENDED RESPONSE TO REQUEST NO. 33:**

Responding Party incorporates by reference her general objections as if set forth fully in response to this Request. Responding Party objects that this Request (1) fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A); (2) is overbroad; (3) is unduly burdensome to the extent that it seeks documents that are equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control; (4) is vague as to "relating to"; (5) seeks trade secret, proprietary, and/or confidential information; and (6) seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Subject to and without waiver of the foregoing, Responding Party will produce responsive, non-privileged documents in her possession, custody or control located in response to the agreed-upon search terms, if any, except that Responding Party will not make a separate production of documents already produced in *Lively v. Wayfarer Studios LLC et al.*, Civ. Action No. 1:24-cv-10049-LJL (the "Lively Action") which are therefore in Propounding Party's possession, custody or control. See Joint Stipulation on the Use of Discovery in the Jones and Lively Related Actions (Dkt. 498).

**REQUEST FOR PRODUCTION NO. 34:**

All Documents and Communications relating to or with any employee or affiliate of Puck, including but not limited to Matthew Belloni and Eric Gardener.

**RESPONSE TO REQUEST NO. 34:**

Responding Party incorporates by reference her general objections as if set forth fully in response to this Request. Responding Party objects that this Request (1) fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A); (2) is overbroad; (3) is unduly burdensome to the extent that it seeks documents that are equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control; (4) is vague as to "relating to"; (5) seeks trade secret, proprietary, and/or confidential information; and (6) seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

**AMENDED RESPONSE TO REQUEST NO. 34:**

Responding Party incorporates by reference her general objections as if set forth fully in response to this Request. Responding Party objects that this Request (1) fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ.

Proc. 34(b)(1)(A); (2) is overbroad; (3) is unduly burdensome to the extent that it seeks documents that are equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control; (4) is vague as to "relating to"; (5) seeks trade secret, proprietary, and/or confidential information; and (6) seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Subject to and without waiver of the foregoing, Responding Party will produce responsive, non-privileged documents in her possession, custody or control located in response to the agreed-upon search terms, if any, except that Responding Party will not make a separate production of documents already produced in *Lively v. Wayfarer Studios LLC et al.*, Civ. Action No. 1:24-cv-10049-LJL (the "Lively Action") which are therefore in Propounding Party's possession, custody or control. See Joint Stipulation on the Use of Discovery in the Jones and Lively Related Actions (Dkt. 498).

**REQUEST FOR PRODUCTION NO. 35:**

All Documents and Communications relating to or with James Vituscka, Lillian Gissen, Ruth Styles, Alison Boshoff.

**RESPONSE TO REQUEST NO. 35:**

Responding Party incorporates by reference her general objections as if set forth fully in response to this Request. Responding Party objects that this Request (1) fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A); (2) is overbroad; (3) is unduly burdensome to the extent that it seeks documents that are equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control; (4) is vague as to "relating to"; (5) seeks trade secret, proprietary, and/or

confidential information; and (6) seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

**AMENDED RESPONSE TO REQUEST NO. 35:**

Responding Party incorporates by reference her general objections as if set forth fully in response to this Request. Responding Party objects that this Request (1) fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A); (2) is overbroad; (3) is unduly burdensome to the extent that it seeks documents that are equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control; (4) is vague as to "relating to"; (5) seeks trade secret, proprietary, and/or confidential information; and (6) seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Subject to and without waiver of the foregoing, Responding Party will produce responsive, non-privileged documents in her possession, custody or control located in response to the agreed-upon search terms, if any, except that Responding Party will not make a separate production of documents already produced in *Lively v. Wayfarer Studios LLC et al.*, Civ. Action No. 1:24-cv-10049-LJL (the "Lively Action") which are therefore in Propounding Party's possession, custody or control. See Joint Stipulation on the Use of Discovery in the Jones and Lively Related Actions (Dkt. 498).

**REQUEST FOR PRODUCTION NO. 36:**

All Documents and Communications relating to or with Tatiana Siegel.

**RESPONSE TO REQUEST NO. 36:**

Responding Party incorporates by reference her general objections as if set forth fully in response to this Request. Responding Party objects that this Request (1) fails to describe with

reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A); (2) is overbroad; (3) is unduly burdensome to the extent that it seeks documents that are equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control; (4) is vague as to "relating to"; (5) seeks trade secret, proprietary, and/or confidential information; and (6) seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

**AMENDED RESPONSE TO REQUEST NO. 36:**

Responding Party incorporates by reference her general objections as if set forth fully in response to this Request. Responding Party objects that this Request (1) fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A); (2) is overbroad; (3) is unduly burdensome to the extent that it seeks documents that are equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control; (4) is vague as to "relating to"; (5) seeks trade secret, proprietary, and/or confidential information; and (6) seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Subject to and without waiver of the foregoing, Responding Party will produce responsive, non-privileged documents in her possession, custody or control located in response to the agreed-upon search terms, if any, except that Responding Party will not make a separate production of documents already produced in *Lively v. Wayfarer Studios LLC et al.*, Civ. Action No. 1:24-cv-10049-LJL (the "Lively Action") which are therefore in Propounding Party's possession, custody or control. See Joint Stipulation on the Use of Discovery in the Jones and Lively Related Actions (Dkt. 498).

**REQUEST FOR PRODUCTION NO. 37:**

All Documents and Communications relating to or with Eileen Reslen.

**RESPONSE TO REQUEST NO. 37:**

Responding Party incorporates by reference her general objections as if set forth fully in response to this Request. Responding Party objects that this Request (1) fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A); (2) is overbroad; (3) is unduly burdensome to the extent that it seeks documents that are equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control; (4) is vague as to "relating to"; (5) seeks trade secret, proprietary, and/or confidential information; and (6) seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

**AMENDED RESPONSE TO REQUEST NO. 37:**

Responding Party incorporates by reference her general objections as if set forth fully in response to this Request. Responding Party objects that this Request (1) fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A); (2) is overbroad; (3) is unduly burdensome to the extent that it seeks documents that are equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control; (4) is vague as to "relating to"; (5) seeks trade secret, proprietary, and/or confidential information; and (6) seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Subject to and without waiver of the foregoing, Responding Party will produce responsive, non-privileged documents in her possession, custody or control located in response to the agreed-upon search terms, if any, except that Responding Party will not make a separate production of

documents already produced in *Lively v. Wayfarer Studios LLC et al.*, Civ. Action No. 1:24-cv-10049-LJL (the "Lively Action") which are therefore in Propounding Party's possession, custody or control. See Joint Stipulation on the Use of Discovery in the Jones and Lively Related Actions (Dkt. 498).

**REQUEST FOR PRODUCTION NO. 38:**

All Documents and Communications pertaining to the August 14, 2024 Business Insider article titled "Who's afraid of Stephanie Jones?" including but not limited to Your knowledge of or involvement in the article, or any involvement by The Agency Group PR LLC's employees including but not limited to Katherine Case and Breanna Butler Koslow.

**RESPONSE TO REQUEST NO. 38:**

Responding Party incorporates by reference her general objections as if set forth fully in response to this Request. Responding Party objects that this Request (1) fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A); (2) is overbroad; (3) is unduly burdensome to the extent that it seeks documents that are equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control; (4) is vague as to "pertaining to"; and (5) seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

**AMENDED RESPONSE TO REQUEST NO. 38:**

Responding Party incorporates by reference her general objections as if set forth fully in response to this Request. Responding Party objects that this Request (1) fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A); (2) is overbroad; (3) is unduly burdensome to the extent that it seeks documents that are equally accessible to Propounding Party, or already in Propounding Party's possession,

custody, or control; (4) is vague as to "pertaining to"; and (5) seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Subject to and without waiver of the foregoing, Responding Party will produce responsive, non-privileged documents in her possession, custody or control located in response to the agreed-upon search terms, if any, except that Responding Party will not make a separate production of documents already produced in *Lively v. Wayfarer Studios LLC et al.*, Civ. Action No. 1:24-cv-10049-LJL (the "Lively Action") which are therefore in Propounding Party's possession, custody or control. See Joint Stipulation on the Use of Discovery in the Jones and Lively Related Actions (Dkt. 498).

**REQUEST FOR PRODUCTION NO. 39:**

All Documents and Communications pertaining to the websites www.stephaniejonesleaks.com and www.stephaniejoneslies.com, as well as any related social media accounts, including but not limited to Your knowledge of or involvement in the creation, operation, or content of the websites or accounts, or any involvement by The Agency Group PR LLC's employees including but not limited to Katherine Case and Breanna Butler Koslow.

**RESPONSE TO REQUEST NO. 39:**

Responding Party incorporates by reference her general objections as if set forth fully in response to this Request. Responding Party objects that this Request (1) fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A); (2) is overbroad; (3) is unduly burdensome to the extent that it seeks documents that are equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control; (4) is vague as to "pertaining to"; and (5) seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

**AMENDED RESPONSE TO REQUEST NO. 39:**

Responding Party incorporates by reference her general objections as if set forth fully in response to this Request. Responding Party objects that this Request (1) fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A); (2) is overbroad; (3) is unduly burdensome to the extent that it seeks documents that are equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control; (4) is vague as to "pertaining to"; and (5) seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

Subject to and without waiver of the foregoing, Responding Party will produce responsive, non-privileged documents in her possession, custody or control located in response to the agreed-upon search terms, if any, except that Responding Party will not make a separate production of documents already produced in *Lively v. Wayfarer Studios LLC et al.*, Civ. Action No. 1:24-cv-10049-LJL (the "Lively Action") which are therefore in Propounding Party's possession, custody or control. See Joint Stipulation on the Use of Discovery in the Jones and Lively Related Actions (Dkt. 498).

Dated: August 22, 2025
New York, NY

**MEISTER SEELIG & FEIN PLLC**

By: */s/ Mitchell Schuster*
Mitchell Schuster
Kevin Fritz

125 Park Avenue, 7th Floor
New York, NY 10017
Tel: (212) 655-3500
Email: ms@msf-law.com
kaf@msf-law.com

Dated: August 22, 2025
Los Angeles, CA

**LINER FREEDMAN TAITELMAN + COOLEY**

By: ____/s/ Bryan Freedman________

Bryan J. Freedman (*pro hac vice*)
Ellyn S. Garofalo (*pro hac vice*)
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
Email: bfreedman@lftcllp.com
egarofalo@lftcllp.com

**CERTIFICATE OF SERVICE**

I, Cortni' A. Davis, do hereby certify that I am not less than 18 years of age and that on this 22nd day of August 2025, I caused a copy of the foregoing **DEFENDANT MELISSA NATHAN'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** to be served on all counsel of record via email.

Dated: August 22, 2025
Los Angeles, CA

Cortni' Davis
Cortni' A. Davis

**SERVICE LIST**
**Jones et al. v. Abel et al. (1:25-cv-00779-LJL**

**QUINN EMANUEL URQUHART & SULLIVAN LLP**
Nicholas Inns
1300 I St NW
Suite 900
Washington, DC 20005
Tel: 202-774-6147
Email: nicholasinns@quinnemanuel.com

*Attorneys for Plaintiffs/Counter Defendants Stephanie Jones and Jonesworks LLC*

**QUINN EMANUEL URQUHART & SULLIVAN LLP**
Maaren Alia Shah
295 5th Avenue
New York, NY 10016
Tel: 212-849-7452
Email: maarenchoksi@quinnemanuel.com

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Kristin Tahler
865 S. Figueroa Street
Ste 10th Floor
Los Angeles, CA 90017
Tel: 213-443-3615
Email: kristintahler@quinnemanuel.com

**UMHOFER, MITCHELL & KING LLP**
Matthew Donald Umhofer
Anthony King
Jonas Palmer Mann
767 S. Alameda Street, Suite 270
Los Angeles, CA 90021
Tel: 213-394-7979
Fax: 213-529-1027
Email: matthew@umklaw.com
anthony@umklaw.com
jonas@umklaw.com

**MEISTER SEELIG & FEIN PLLC**
Mitchell Schuster
Amit Shertzer
Kevin A. Fritz
125 Park Avenue, 7th Floor
New York, NY 10017
212-655-3500
Fax: 212-655-3535
Email: ms@msf-law.com
as@msf-law.com
kaf@msf-law.com

*Co-Counsel for Defendants/Counter Claimants Wayfarer Studios LLC, Jennifer Abel, Justin Baldoni, Melissa Nathan*

**AHOURAIAN LAW**
Mitra Ahouraian
2029o Century Park East, 4th Floor
Los Angeles, CA 90067
Tel: 310-376-7878
Email: mitra@ahouraianlaw.com

*Co-Counsel for Defendants/Counter Claimants Wayfarer Studios LLC, Jennifer Abel, Justin Baldoni, Melissa Nathan*