Liner Freedman
Taitelman+Cooley LLP

1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
www.lftcllp.com

Ellyn S. Garofalo
Direct: (310) 201-0005
egarofalo@lftcllp.com

October 30, 2026

The Honorable Lewis J. Liman
U.S. District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

Re: ***Jones, et al. v. Abel, et al.*, No. 1:25-cv-00779-LJL (rel. No. 1:24-cv-10049-LJL)**

Dear Judge Liman:

We write in response to the October 29, 2026 letter of Plaintiffs Stephanie Jones and Jonesworks LLC (collectively, "Jones") on Jones' Motion for Sanctions. Dkt. No. 317 (the "Letter"). The Court gave Jones leave to lodge Ms. Nathan's April 18, 2025 responses to Jones' first requests for production, Oct. 28, 2026 Hr'g Tr. ("Tr.") 39:23–40:1, the only conduct Jones identified as "arguably" occurring before the defamation limitations period expired on May 8, 2025. Tr. 24:9–11. As Jones' counsel acknowledged, those responses asserted objections and invited Jones to meet and confer. Tr. 36:14-15. The Court observed that those responses "don't strike me as sanctionable at all." Tr. 36:19–20.

Jones' Letter far exceeds the Court's invitation, rearguing and supplementing the arguments asserted in Plaintiffs' initial motion and presented at oral argument. The Letter seeks to strike an affirmative defense that is not asserted in Nathan's answer to the complaint and reargues the CPLR 1024 diligence question that the Court already decided and revives Plaintiffs' motion to add a tortious interference claim that the Court has already rejected. The Letter leaves no doubt that although styled as a sanctions motion, Plaintiffs are seeking reconsideration of the Court's March 26, 2026 Order denying leave to amend. Dkt. No. 234.

The Court did not invite supplemental briefing by either party. However, if the Court is inclined to consider Jones' post-hearing submission, Ms. Nathan respectfully requests that the Court consider Ms. Nathan's response to new arguments and facts raised in the Letter. As shown below, Jones' latest tilt at reconsideration and requests for sanctions should be denied.

## I. Plaintiffs Do Not Identify Any Discovery Responses Before May 8, 2025 that Concealed Nathan's Identity

Stephaniejonesleaks.com first appeared on May 8, 2024, so the one-year period under CPLR § 215(3) expired on May 8, 2025. Jones identifies no response served before that date that misled her or concealed Ms. Nathan's identity. The May 19, 2025 amended response to Request for Production No. 2 that Jones stressed at argument came after the deadline and stated only that relevant, non-privileged documents would be produced; documents followed on July 1, 2025. Hence, Jones could not have relied upon, or been misled by, Ms. Nathan's supplemental response to Request for Production No. 2.

Nor was Jones ignorant of Ms. Nathan's alleged role. On July 26, 2024, after learning Wayfarer planned to hire Ms. Nathan, Jones wrote: "my cyber security guys found her behind the site." Ex.

A at JONESWORKS_00039747 (Lively Dkt. No. 1233-41). Yet Jones' counsel told the Court that Jones "couldn't name" the Does "because we didn't know who they were." Tr. 5:9–10. Since Jones believed as early as July 26, 2024, that Ms. Nathan was behind the allegedly defamatory website, it is not surprising that Paragraph 92 of Jones' complaint alleges that Ms. Nathan worked with John Does 1-10 to publish the website. Dkt. No. 1-1 ¶ 92. CPLR 1024 helps only a plaintiff "who is ignorant . . . of the name or identity" of the defendant. Dkt. No. 234 at 11. By her own account, Jones was not. Ms. Nathan gained no limitations benefit from any response Jones challenges; the bar exists because of what Jones failed to do before May 8, 2025, as the Court has twice held. *Id.* at 8–12; Dkt. No. 271 at 2.

At argument, Jones also claimed for the first time that an October 2024 website update restarted the period, making Ms. Nathan's July 2025 responses "still within limitations." Tr. 11:6–13, 16:13–14. The Court noted that the period runs "from the first publication" and that it had no "evidence of" any update of the website in the record. Tr. 11:14–15, 18:15–18. The Letter offers none.

## II. Plaintiffs' Request to Strike a Limitations Defense That Ms. Nathan Never Asserted Should Be Denied

Jones asks the Court to strike "Nathan's limitations defense . . . as a sanction." Jones made no such argument in her moving papers or her reply, floating the idea for the first time at argument. Jones points to her Notice of Motion which mentions "striking defenses." A two-word phrase in a notice of motion does not preserve an argument. *Tolbert v. Queens Coll.*, 242 F.3d 58, 75 (2d Cir. 2001) (issues raised "in a perfunctory manner" are "deemed waived"); *Schlosser v. Kwak*, 16 F.4th 1078, 1081 n.1 (2d Cir. 2021). The request also fails on the merits.

First, there is no defense to strike. Ms. Nathan was never a defendant on the defamation claim, now dismissed, and her answer pleads no limitations defense. Dkt. No. 37 ¶¶ 169–96; Dkt. No. 271. Second, the sanction is unrelated to the alleged conduct. Sanctions must be "just" and must "relate to the particular claim to which the discovery order was addressed." *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1366 (2d Cir. 1991). The Court has found that Jones failed to exercise diligence prior to expiration of the statute and Plaintiffs have failed to show that Nathan engaged in sanctionable conduct during the limitations period. Later conduct cannot "revive" a "claim that is time barred." Tr. 8:3–19.

## III. The Court Has Already Decided the CPLR 1024 And Tortious Interference Issues

Despite counsel's assurance that Jones was "not asking for a reconsideration or re-litigation," Tr. 13:17–19, the Letter asks the Court to view her diligence "in a different light" and to allow at least a tortious interference claim. But nothing in the sanctions record bears on the tortious interference claim; as the Court observed, Jones' "whole argument" on this motion "has to do with the website and not with the Business Insider article." Tr. 21:13–15. To the extent the tortious interference claim is based on the websites, it too is time-barred. *Ghatak v. McKinsey & Co.*, 240 A.D.3d 429, 431 (1st Dep't 2025) (tortious interference claim seeking redress for reputational injury from allegedly defamatory publications is subject to the one-year defamation period).

## IV. Conclusion

Ms. Nathan respectfully asks the Court to disregard the Letter to the extent it exceeds the scope of Plaintiffs' motion and the Court's limited invitation, and to deny the Motion for Sanctions.

Respectfully submitted,

**LINER FREEDMAN TAITELMAN + COOLEY LLP**

By: *<u>/s/ Ellyn S. Garofalo</u>*
Bryan J. Freedman (*Pro Hac Vice*)
Ellyn S. Garofalo (*Pro Hac Vice*)
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
Email: bfreedman@lftcllp.com
egarofalo@lftcllp.com

**MEISTER SEELIG & SCHUSTER PLLC**
Mitchell Schuster
Kevin Fritz
125 Park Avenue, 7th Floor
New York, NY 10017
Tel: (212) 655-3500
Email: ms@mss-pllc.com
kaf@ mss-pllc.com

*Attorneys for Melissa Nathan*