November 11, 2026

The Honorable Lewis J. Liman **via ECF**
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Jones, et al. v. Abel, et al.*, No. 1:25-cv-00779-LJL (S.D.N.Y.) — Joint Letter Regarding Next Steps Pursuant to the Court's November 4, 2026 Memorandum and Order (Dkt. 319)

Dear Judge Liman:

Plaintiffs Stephanie Jones and Jonesworks LLC ("Plaintiffs") and Defendant Melissa Nathan ("Ms. Nathan") respectfully submit this joint letter pursuant to the Court's November 4, 2026 Memorandum and Order granting in part Plaintiffs' motion for sanctions (Dkt. 319) (the "Order").

The Order directed the parties to meet and confer and to file, by November 11, 2026, a joint letter proposing next steps concerning (1) the timeline for the additional discovery, including the second deposition of Ms. Nathan; (2) attorneys' fees and costs; and (3) the timing of an amended complaint and any motion practice regarding the anticipated defamation claim. *See* Order at 39.

Counsel met and conferred by videoconference on November 5, 2026, and exchanged further written proposals. The parties have reached agreement on the following and respectfully request that the Court so order them:

1. Ms. Nathan will serve her supplemental response to Interrogatory No. 11 on November 11, 2026.
2. Plaintiffs will serve an additional request for production directed to documents relating to Jones or Jonesworks, the Websites, Jed Wallace, and/or individuals identified in Ms. Nathan's supplemental response to Interrogatory No. 11 on November 12, 2026.
3. The parties will address search terms within two (2) days after Ms. Nathan's receipt of the new request for production.
4. Ms. Nathan will serve responses to, and produce documents responsive to, the new request no later than Tuesday, December 1, 2026. Documents already produced by Ms. Nathan or by any other party or non-party (including Katherine Case) need not be reproduced.
5. Ms. Nathan will appear for her second deposition on December 8, 2026, at the Los Angeles offices of LINER FREEDMAN TAITELMAN + COOLEY LLP.
6. Plaintiffs' application for attorneys' fees and expenses will be due December 15, 2026; Ms. Nathan's opposition will be due December 30, 2026; and there will be



540113.1

no reply. The application and the opposition will each be limited to twenty (20) pages.

7. Ms. Nathan will answer or, alternatively, file a dispositive motion within twenty-one (21) days after service of the amended complaint; Plaintiffs will oppose within twenty-one (21) days thereafter; and Ms. Nathan will reply within fourteen (14) days thereafter. The opening and opposition memoranda will not exceed twenty-five (25) pages each, and the reply will not exceed eighteen (18) pages.

The parties seek the Court's guidance with respect to three (3) topics on which they disagree: (A) the time period governing Ms. Nathan's production in response to the new document request; (B) the deadline for Plaintiffs' oppositions to the pending summary judgment motions; and (C) the deadline for Plaintiffs to file the amended complaint. Each side's position is set out below.

**Plaintiffs' Position**

(A) Plaintiffs propose that Ms. Nathan's production cover January 1, 2024 to the present. This time period is necessary to uncover all communications related to the defamatory scheme Plaintiffs allege. On the front end, documents already produced and included in Plaintiffs' proposed amended complaint demonstrate that the relevant communications began in at least March of 2024. *See* Dkt. 193 at ¶ 9; *see also* Order at 5. On the back end, the record already shows that relevant communications post-date the filing of this action, extending until at least December 27, 2024. *See* Order at 11. Defendants have expressed concern that extending the relevant time period to the present would impose an undue burden on Ms. Nathan by requiring her to log communications with counsel on a privilege log. As Plaintiffs' counsel explained during the parties' meet and confer, Plaintiffs will agree that Ms. Nathan need not log communications with counsel after the date of the filing of the lawsuit to eliminate this burden.

(B) Plaintiffs request that the deadline for their oppositions to the pending summary judgment motions be extended to December 15, 2026, with replies due December 22, 2026. As counsel explained during the hearing on Plaintiffs' sanctions motion, the reopened discovery bears on Plaintiffs' existing tortious interference claims against Ms. Nathan, *see* Oct. 28, 2026 Hr'g Tr. at 21:11-20, and on Plaintiffs' breach of contract claim against Abel. Plaintiffs' existing claims allege that the *Business Insider* article and defamatory websites were all part of the scheme to discredit Plaintiffs and destroy their reputations. *See* Compl., Dkt. 1-1 ¶¶ 92-93. Summary judgment briefing was set to occur after the close of discovery, recognizing the parties' need for a full discovery record for those motions. The Court's Order awarding sanctions against Ms. Nathan makes clear that Plaintiffs should have had the discovery the Court has now permitted Plaintiffs to pursue from Ms. Nathan months ago, while the fact discovery period was still open. Allowing Plaintiffs to oppose summary judgment after the additional discovery has been conducted is the only way to achieve the purpose of the Court's remedy by putting Plaintiffs in the position they would have been in without Ms. Nathan's discovery violations. *See* Order at 32.



540113.1

(C) Plaintiffs propose to file the amended complaint, with a redline against the operative complaint, seven (7) days after Ms. Nathan's second deposition, *i.e.,* no later than December 15, 2026. Allowing Plaintiffs to plead the claim after receiving Ms. Nathan's full interrogatory response, her production, and her deposition testimony would "ensure that the discovery will be effective" and "put Plaintiffs in the position that they would have been in had Nathan not violated Rule 26(e)." *See* Order at 32. The proposed date would permit Plaintiffs to plead the claim once, on a complete record, rather than risk the need for a further amendment.

**Defendant's Position**

(A) Plaintiffs provide no justification for extending discovery to the present–nearly two years into the litigation. Ms. Nathan's production should be limited to May 1, 2024 through December 24, 2024. The Websites were posted during that period and in June 2025 Plaintiffs, through prior counsel, agreed to limit document discovery to that same period, which ends on the date Plaintiffs filed their complaint. Plaintiffs allege no conduct by Ms. Nathan after that date. The party seeking discovery "must articulate a concrete linkage between the discovery sought and the claims or defenses asserted in the case." *Johnson v. United States*, 832 F. Supp. 3d 290, 296 (S.D.N.Y. 2026). The Court reopened discovery "for the limited purpose" of one additional document request (Order at 32, 39) and limited any new defamation claim to statements on the Websites published "on or after July 30, 2024" (*id.*). Plaintiffs have identified the September 5, 2024 and October 21, 2024 updates or revisions to the Websites as the basis for their new defamation claim. Both dates fall squarely within the agreed period. The March 2024 communications Plaintiffs cite concern the *Business Insider* article, not the Websites, and the article is not the subject of the new defamation claim the Court permitted. The December 27, 2024 conversation Plaintiffs cite is already in the record through Ms. Case's affidavit and provides no basis for two additional years of discovery. *See* Order at 11. There is no legitimate basis for discovery spanning nearly two years after the allegedly defamatory statements and after Plaintiffs commenced this action. The request would serve only to intrude into the defense camp, or at a minimum, impose a substantial burden on Ms. Nathan, who could be required to log nearly two years of communications with, and work product of, her counsel. Plaintiffs' offer to excuse logging of communications with counsel does not cure the problem. The offer addresses only one aspect of the burden; Ms. Nathan would still have to collect and review nearly two years of post-filing communications. More fundamentally, the offer does nothing to supply the missing link between post-filing documents and any claim in the case. A concession on privilege logging cannot make irrelevant documents relevant.

(B) The current deadlines set by the Court's November 9, 2026 Order should stand: oppositions due November 23, 2026, and replies due December 10, 2026. Ms. Nathan has already agreed to a short extension. Pretrial filings are due January 8, 2027, and trial begins February 8, 2027. Any further extension would push summary judgment briefing into the pretrial period and jeopardize the trial date. Plaintiffs need no further discovery to oppose the pending summary judgment

motions, which do not address the defamation claim because it was not in the operative pleading when the motions were filed. As noted, the revived claim is limited to the September 5 and October 21, 2024 revisions to the Websites. To the extent Plaintiffs argue that the Websites are relevant to their interference claims, the Court has already denied leave to add a Websites-based tortious interference claim and held that "[t]he belated production of Case's documents does not bear on why the Court decided to deny leave to amend as to the tortious interference claim." Order at 34. The Court also observed that "[t]he tortious interference as pled in the operative complaint is tortious interference that relates to the *Business Insider* article," not the Websites. Oct. 28, 2026 Hr'g Tr. at 21:11–15. That is the very passage Plaintiffs now cite for the opposite proposition. Plaintiffs' reliance on paragraphs 92 and 93 of the original complaint fares no better. Those paragraphs underpin the defamation claim against the John Doe defendants, not the interference claims, which concern Ms. Nathan's alleged interference with specific contracts. Nor does the Order suggest that Plaintiffs' summary judgment oppositions should await the new discovery. The Court tailored its remedy to the defamation claim—a second deposition, a supplemental interrogatory response, one additional document request, and leave to amend—and expressly declined to revive any interference theory based on the Websites. Order at 32–34, 38–39. Delaying summary judgment briefing on claims the new discovery does not touch would expand that remedy beyond what the Court ordered.

(C) Plaintiffs should file and serve the amended complaint, with a redline against the operative complaint, no later than November 13, 2026. Plaintiffs need no discovery to plead a claim the Court has already authorized. Indeed, complaints are routinely filed before discovery begins. Ms. Nathan is entitled to know the allegations against her before she sits for a second deposition and responds to new document requests. Prompt filing will also allow motion practice on the defamation claim to proceed without endangering the February 8, 2027 trial date.

The parties thank the Court for its attention to this matter.

Respectfully submitted,

By: /s/ Brad Beckworth

Bradley E. Beckworth, *pro hac vice*
Christina Yarnell, *pro hac vice*
NIX PATTERSON, LLP
8701 Bee Cave Road
Seven Oaks East, Suite 500
Austin, Texas 78746
Telephone: (512) 328-5333
Telecopier: (512) 328-5335
bbeckworth@nixlaw.com
cyarnell@nixlaw.com

*Attorneys for Plaintiffs Stephanie Jones and Jonesworks LLC*

LINER FREEDMAN TAITELMAN +
COOLEY, LLP
Bryan J. Freedman
Ellyn S. Garofalo
Kim Zeldin
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
bfreedman@lftcllp.com
egarofalo@lftcllp.com

MEISTER SEELIG & SCHUSTER PLLC
Mitchell Schuster
Kevin Fritz
125 Park Avenue, 7th Floor
New York, NY 10017
Tel: (212) 655-3500
ms@mss-pllc.com
kaf@mss-pllc.com

*Attorneys for Defendants Jennifer Abel, Wayfarer Studios LLC, Justin Baldoni, and Melissa Nathan*

The deadlines and procedures agreed to by the parties as set forth in ¶¶ 1–7 are hereby so ordered. With respect to the three areas of disagreement between the parties, the Court orders as follows: (A) Nathan's production is limited to the period from May 1, 2024, through December 24, 2024; (B) the deadline for filing memoranda of law in opposition to the pending summary judgment motions is extended to December 15, 2026, with replies due on December 22, 2026; and (C) Plaintiffs are directed to file and serve an amended complaint, with a redline against the operative complaint, no later than November 17, 2026.
Date: November 12, 2026

SO ORDERED.

LEWIS J. LIMAN
United States District Judge