November 20, 2026

**VIA ECF**

The Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Jones, et al. v. Abel, et al.*, No. 1:25-cv-00779-LJL (S.D.N.Y.) — Joint Letter Regarding Next Steps Pursuant to the Court's November 4, 2026 Memorandum and Order (Dkt. 319)

Dear Judge Liman:

Plaintiffs Stephanie Jones and Jonesworks LLC ("Plaintiffs") and Defendant Melissa Nathan ("Ms. Nathan") respectfully submit this joint letter requesting clarification of the Court's November 4, 2026 Memorandum and Order (Dkt. 319, the "Sanctions Order") with respect to the appropriate scope of document discovery and the related scope of Ms. Nathan's reopened deposition.

The Sanctions Order reopened discovery to "permit[] Plaintiffs to make an additional document request of Nathan directed to documents in her possession, custody and control relating to Jones, or Jonesworks, the Websites, Jed Wallace, and/or to any individuals identified by Nathan in response to Interrogatory No. 11." Sanctions Order at 39. On November 12, Plaintiffs served the following RFP:

> All Documents and Communications relating to (1) Stephanie Jones, (2) Jonesworks, LLC, (3) Jed Wallace, and/or (4) the websites www.stephaniejonesleaks.com and www.stephaniejoneslies.com (the "Websites"), as well as any related social media accounts (i.e., social media accounts that published content similar to or related to the Websites or other content about Stephanie Jones or Jonesworks, LLC). This Request includes, but is not limited to, all Documents and Communications with the individuals identified in Your Second Supplemental Response to Interrogatory No. 11, all Documents and Communications that refer to, or were sent to or received from any current or former Jonesworks LLC employee, and all Documents and Communications relating to any involvement in the Websites by The Agency Group PR LLC or any of its current or former employees.

The parties agree, consistent with the Court's prior order, that the relevant time period for document discovery is May 1, 2024 through December 24, 2024. The parties also have agreed on search terms but disagree regarding the scope of the RFP. The parties' respective positions are set forth below.

**Plaintiffs' Position**

The Court's stated purpose in permitting additional discovery was to "put Plaintiffs in the position

they would have been in had Nathan not violated Rule 26(e)." Sanctions Order at 32. To that end, the Sanctions Order identified four separate topics about which Plaintiffs may seek documents: (1) Stephanie Jones or Jonesworks; (2) the Websites; (3) Jed Wallace; and (4) any individuals identified by Ms. Nathan in response to Interrogatory No. 11. Plaintiffs' RFP closely tracks the language of the Sanctions Order.

Ms. Nathan has declined to respond to the RFP as written and has instead agreed only to "produc[e] all non-privileged documents and communications ***relating to the Websites***…, including, without limitation, the communications identified in her Second Supplemental Response to Interrogatory No. 11." In other words, of the ***four*** topics the Court identified in the Sanctions Order, Ms. Nathan has agreed to produce documents on only ***one***: the Websites. This reading is inconsistent with the plain text of the Sanctions Order.

Ms. Nathan's position also ignores the scope of the RFPs to which the Court found Ms. Nathan failed to respond fully during the discovery period. Those RFPs sought all documents and communications: (1) "pertaining to Jonesworks" (RFP 2); (2) "relating to or with any current or former employees of Jonesworks" (RFP 32); and (3) "pertaining to the [Websites] including but not limited to [Nathan's] knowledge of or involvement in the creation, operation, or content of the websites or accounts, or any involvement by The Agency Group PR LLC's employees…" (RFP 39). For each of these RFPs, the Court found that "Nathan is subject to sanctions under Rule 37(c)(1) for her failure to amend or supplement her responses to RFP Nos. [2], 32, or 39." Sanctions Order at 22. Limiting Ms. Nathan's production to documents relating to the Websites does not encompass the breadth of the RFPs to which the Court found Ms. Nathan failed to respond fully, and does not put Plaintiffs in the position they would have been in had Ms. Nathan complied with Rule 26(e). *See* Sanctions Order at 32.

The Court's guidance on the intended scope of document discovery will also inform the scope of Ms. Nathan's reopened deposition. Given Ms. Nathan's exceedingly narrow reading of the Sanctions Order for document discovery, Plaintiffs anticipate that Ms. Nathan will seek to restrict questioning during her deposition to *only* questions about statements made on the Websites after July 30, 2024. Plaintiffs do not believe such a narrow reading of the scope of the deposition is supported by the Sanctions Order. While Plaintiffs do not intend to use the reopened deposition to question Ms. Nathan about topics that are unrelated to Plaintiffs' amended defamation claim and/or the topics raised by the belatedly produced documents, Plaintiffs do require latitude to question Ms. Nathan about events preceding July 30, 2024 related to the Websites, the relationship of the Websites to the *Business Insider* article, Ms. Nathan's involvement in other nearly identical schemes to publish defamatory take-down websites, which would be admissible to show her capability, access, and opportunity to do the same as to Plaintiffs, and finally, the involvement of individuals other than Ms. Nathan in producing and publishing the defamatory statements.

Accordingly, Plaintiffs request that the Court require Ms. Nathan to produce documents and communications from May 1, 2024 through December 24, 2024 as requested in Plaintiffs' RFP and permit questioning during Ms. Nathan's deposition on the same topics.

**Defendant's Position**

On November 4, 2026, the Court granted Plaintiffs leave to file an amended complaint "with the amendment limited to the addition of a defamation claim against Nathan with respect to statements published on the Websites on or after July 30, 2024." Dkt. No. 319 (the "Order") at 39. The

Websites, stephaniejonesleaks and stephaniejoneslies, were published in May 2024. The Order confirms the Court's prior ruling that Plaintiffs cannot assert a defamation claim "with respect to any material first published prior to July 30, 2024." *Id*. at 30. Plaintiffs have accordingly identified the September 5, 2024 and October 21, 2024 updates or revisions to the Websites as the basis for their new defamation claim. See Dkt. No. 325 at 3. In this context, the Order reopens discovery "for the limited purpose" of a single additional document request directed to documents "relating to Jones or Jonesworks, the Websites, Jed Wallace, and/or to any individuals identified by Nathan in response to Interrogatory No. 11," Order at 32, 39, and a second deposition of Ms. Nathan "wherein she may be asked about the belatedly produced documents," *id*. at 31, 38. On November 12, 2026, Plaintiffs served an exceedingly broad document request.

The request sweeps in reams of information that is irrelevant to Plaintiffs' claims. Plaintiffs represent that the request "tracks" the Order. It does not; it is far broader than even the most expansive reading of the Order. For instance, Plaintiffs seek documents relating to "related social media accounts (*i.e.*, social media accounts that published content similar to or related to the Websites or other content about Stephanie Jones or Jonesworks, LLC)." Plaintiffs' Amended Complaint ties these purportedly "similar" websites and accounts to a laundry list of third parties, including Amanda Ghost, the Alexander brothers, Alexis Nikolas, Michael Milosh, Joe Dunn, Christian Lanng, Min Hee-jin, Tamara Rubin, Jessica Serfaty, Paige Jimenez, and a universe of unnamed "female adversaries." Websites or posts concerning unrelated third parties are not relevant to Plaintiffs' claims, and evidence of them would likely be inadmissible under Federal Rule of Evidence 404(b). The Order nowhere authorizes discovery into them.

Even with respect to Jones, Jonesworks, Wallace, and the individuals referenced in the Order, the request must be read in context. The Court tailored each sanction to the defamation claim it permitted, explaining that sanctions "must be specifically related to the particular 'claim' [that] was at issue." Order at 30 (quoting *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982)). The document request therefore should be limited to documents relating to that claim, which, in turn, is limited to statements on the Websites. Plaintiffs instead seek **all** documents relating to Jones, Jonesworks, Jed Wallace, and every individual identified in Ms. Nathan's supplemental response to Interrogatory No. 11, without regard to subject matter. That request would net thousands of documents having nothing to do with the Websites. Ms. Nathan communicates with many of these business associates on a range of matters unrelated to Plaintiffs or their claims, and Plaintiffs should not be permitted to trample through Ms. Nathan's business and personal communications that have no bearing on the matters before the Court. One example highlights the problem: Sara Nathan, who is identified in Ms. Nathan's response to Interrogatory No. 11, is Ms. Nathan's sister. Plaintiffs' request, as written, would reach every communication between Ms. Nathan and her sister, without limitation as to subject matter. Nor does Plaintiffs' reliance on RFP Nos. 2, 32, and 39 support a broader request. The Court did not order Ms. Nathan to re-respond to those requests; it authorized one additional request for a "limited purpose." Order at 32, 39.

Plaintiffs also state that they intend to examine Ms. Nathan at her second deposition on a similarly broad range of subjects, including events preceding July 30, 2024, the *Business Insider* article, and "other nearly identical schemes" involving third parties named in the Amended Complaint. The Order permits a second deposition "wherein [Ms. Nathan] may be asked about the belatedly produced documents." Order at 31, 38. The deposition should be limited accordingly: to those documents, Ms. Nathan's alleged involvement with the Websites, and her knowledge of who was

involved in creating the Websites or their content, which are the subjects that gave rise to the Order. Discovery is otherwise closed, and the second deposition should not become a vehicle for Plaintiffs to belatedly adduce evidence they failed to seek before the close of discovery.

Ms. Nathan respectfully requests that the Court limit the scope of Nathan's document production to "All non-privileged documents and communications in Nathan's possession, custody, or control relating to the websites stephaniejonesleaks.com and stephaniejoneslies.com for the period May 1, 2024 through December 24, 2024, including the documents and communications identified in her Second Supplemental Response to Interrogatory No. 11 and documents and communications relating to any involvement in the Websites by The Agency Group PR LLC or any of its current or former employees."

The parties thank the Court for its attention to this matter.

Respectfully submitted,

By: *Bradley E. Beckworth*

Bradley E. Beckworth, *pro hac vice*
Christina Yarnell, *pro hac vice*
NIX PATTERSON, LLP
8701 Bee Cave Road
Seven Oaks East, Suite 500
Austin, Texas 78746
Telephone: (512) 328-5333
Telecopier: (512) 328-5335
bbeckworth@nixlaw.com
cyarnell@nixlaw.com

*Attorneys for Plaintiffs Stephanie Jones and Jonesworks LLC*

By: *Ellyn S. Garofalo*

LINER FREEDMAN TAITELMAN + COOLEY, LLP
Bryan J. Freedman
Ellyn S. Garofalo
Kim Zeldin
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
bfreedman@lftcllp.com
egarofalo@lftcllp.com

MEISTER SEELIG & SCHUSTER PLLC
Mitchell Schuster
Kevin Fritz
125 Park Avenue, 7th Floor
New York, NY 10017
Tel: (212) 655-3500
ms@mss-pllc.com
kaf@mss-pllc.com

*Attorneys for Defendants Jennifer Abel, Wayfarer Studios LLC, Justin Baldoni, and Melissa Nathan*